United States District Court
Southern District of Texas
FILED

SEP 03 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VERONICA RAMIREZ, Individually, and as Next Friend of JEREMIAH S. RAMIREZ, a minor, | § § § § | Civil Action No. **B-03-155** |
| *Plaintiff,* | § § | JURY DEMAND |
| VS. | § § | |
| AMERICAN HOME PRODUCTS CORPORATION d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETHER LEDERLE, WYETHER LEDERLE VACCINES and LEDERLE LABORATORIES; ABBOTT LABORATORIES, INC.; AMERICAN INTERNATIONAL CHEMICAL, INC.; AVENTIS PASTEUR, INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO CONNAUGHT LABORATORIES, INC., PASTEUR MERIEUX AND PASTEUR MERIEUX CONNAUGHT; B.F. ASCHER & COMPANY, INC.; EVANS MEDICAL LIMITED; MERCK AND COMPANY, INC.; RPK PHARMACEUTICALS, INC.; DOLDER; ELI LILLY AND COMPANY; SMITHKLINE BEECHAM CORPORATION; ORALIA T. WELLS, M.D.; ELOISA T. GONZALEZ, M.D.; and JOHN DOES #1-200, WHO ARE INDIVIDUALS, PROPRIETORSHIPS, CORPORATIONS OR OTHER ENTITIES WHOSE NAMES AND IDENTITIES ARE OTHERWISE UNKNOWN TO PLAINTIFF, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | **DEFENDANT MERCK & CO., INC.'S NOTICE OF REMOVAL**<br><br><br><br><br><br><br><br><br><br><br>Cameron County District Court 107th Judicial District Cause No. 2003-06-3291-A |
| *Defendants.* | § § | |

HOU02 949591.1

## MERCK & CO., INC.'S NOTICE OF REMOVAL

Defendant Merck & Co., Inc. ("Merck"), joined by, or with the consent of, the other Defendants properly joined and served with process, hereby removes the above-captioned action from the District Court for the 107th Judicial District of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division.

### The State Court Action

1.      On or about June 27, 2003, a civil action was commenced in the District Court for the 107th Judicial District of Cameron County, Texas, by the filing of an Original Petition (hereinafter "Petition") bearing the caption *Veronica Ramirez, Individually, and as Next Friend of Jeremiah S. Ramirez, a minor, Plaintiff, v. American Home Products Corporation, et al.,* Cause No. 2003-06-3291-A (hereinafter the "State Court Action").

2.      On or about August 18, 2003, Merck's registered agent, CT Corporation System, was served with copies of the Petition and Citation in Dallas, Texas.

3.      Pursuant to S. D. Tex. Local Rule 81 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

(a)     All executed process in the case (Exhibit "A");

(b)     Pleadings asserting causes of action, *e.g.*, petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings in the State Court Action (Exhibit "B");

(c)     All orders signed by the state judge (Exhibit "C");

(d)     The docket sheet (Exhibit "D")

(e)     A list of counsel of record, including addresses, telephone numbers, and parties represented (Exhibit "E"); and

(f)     An index of matters being filed (Exhibit "F").

4.    The Petition asserts claims over which this Court has original jurisdiction under 28 U.S.C. § 1332, because the dispute involves citizens of different states and the amount in controversy exceeds $75,000.

### Diversity of Citizenship

5.    The Petition alleges that the Plaintiff and her minor child reside in the State of Texas. [Petition, ¶ 3.01 of Section III ("Parties")]. Thus, for purposes of diversity jurisdiction under 28 U.S.C. § 1332, all Plaintiffs are citizens of the State of Texas.

6.    At all times material to the matters herein, Plaintiffs and Defendants are and were citizens of different states, except for defendants Dr. Oralia T. Wells, M.D., and Dr. Eloisa T. Gonzalez, M.D. (hereinafter the "Healthcare Defendants"), both of whom are citizens of the State of Texas. No other Defendant is a citizen of the State of Texas.

7.    The Texas citizenship of the Healthcare Defendants should be disregarded for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) on the ground that they are fraudulently joined defendants and that there is no reasonable possibility that plaintiffs will be able to establish liability against them. *See Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000) ("[T]here must at least be arguably a *reasonable* basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder."). Where a plaintiff has fraudulently joined non-diverse defendants to defeat diversity, "[a] [district] court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties." *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992).

8.    The Petition fails to adequately allege any cognizable cause of action against either of the Healthcare Defendants.  Moreover, the Petition is completely devoid of any factual allegations which could form the basis of a cognizable claim against the Healthcare Defendants.

9.    Moreover, under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-1 *et seq.* ("Vaccine Act" or "Act"), the Plaintiffs can have no cause of action against the Healthcare Defendants for a vaccine-related injury until they have first filed a petition for compensation under the Act.  The Act provides as follows:

> *No person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount against a vaccine administrator or manufacturer* in a State or Federal court for damages arising from a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988, and no such court may award damages in an amount greater than $1,000 in a civil action for damages for such a vaccine-related injury or death, *unless a petition has been filed, in accordance with section 300aa-16 of this title, for compensation under the Program for such injury or death and —*
>
> > *(i)(I) the United States Court of Federal Claims has issued a judgment under section 300aa-12 of this title on such petition, and*
> >
> > *(II) such person elects under section 300aa-21(a) of this title to file such an action,*[1] *or*
> >
> > *(ii) such person elects to withdraw such petition under section 300aa-21(b) of this title or such petition is considered withdrawn under such section.*[2]

---

[1]    Section 300aa-21(a) allows a claimant to either accept the compensation award of the Vaccine Court or reject the award and file an civil action in state or federal court.  *See* 42 U.S.C. § 300aa-21(a)(1)-(2).  The claimant file a formal election under § 300aa-21(a) within 90 days of the Vaccine Court's final judgment.  *See id.*

[2]    Section 300aa-21(b) allows a claimant to withdraw his or her petition from the Vaccine Court proceedings if the Vaccine Court fails to render a decision on the petition within 240 days of the filing of the petition.  *See* 42 U.S.C. § 300aa-21(b)(1).  A claimant intending to withdraw from the Vaccine Court proceedings can do so only after receiving notice from the Vaccine Court that the claimant may withdraw his or her petition.  *See id.*

42 U.S.C. § 300aa-11(a)(2)(A) (emphasis added). The Healthcare Defendants are "vaccine administrators" under the Act.[3]

10.    Where a claimant has filed the required petition for compensation but has not filed an election under § 300aa-21(a) or § 300aa-21(b), the Act requires that the claimant's civil action for vaccine-related injuries be dismissed:

> If a civil action which is barred under subparagraph (A) is filed in a State or Federal court, *the court shall dismiss the action*.

*See* 42 U.S.C. § 300aa-11(a)(2)(B) (emphasis added).

11.    These two provisions—§§ 300aa-11(a)(2)(A) and (B)—mean that any civil action filed before the plaintiff files an election under § 300aa-21(a) or § 300aa-21(b) is void *ab initio*. Because neither the named Plaintiff nor her minor child has filed such an election with the Vaccine Court, Plaintiff cannot proceed against the Healthcare Defendants in this civil action. Thus, the Vaccine Act requires the threshold dismissal of Plaintiffs' claims against the Healthcare Defendants, and they should be deemed "fraudulently joined" and ignored for purposes of determining diversity jurisdiction. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 217-18 (5th Cir. 1995).[4]

12.    The citizenship of the fictitious "John Doe" defendants named in Plaintiff's Petition also must be disregarded for purposes of determining removal jurisdiction. *See* 28 U.S.C. § 1441(a); *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001).

---

[3]    The legislative history of the Vaccine Act indicates that Congress clearly intended for the term "administrator" to apply "to *pediatricians* who administered a vaccine as well as to the manufacturer who made it." *Amendola v. Secretary of Dep't of Health & Human Servs.*, 989 F.2d 1180, 1186 (Fed. Cir. 1993) (discussing legislative history of amendments adding "administrator" to the Act) (emphasis added).

[4]    The Act also requires dismissal of this action as against the vaccine manufacturers. However, the fact that *all* the defendants may be "sham" defendants does not alter the fact that plaintiffs' "failure to state that cause of action against [Healthcare Defendants] demonstrates beyond peradventure that they were sham defendants for the purposes of removal." *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998).

13.    The Petition alleges that the Defendant Wyeth (f/k/a American Home Products Corporation) is a foreign corporation. [Petition at ¶ 3.02]. Defendant Wyeth is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas.

14.    The Petition alleges that the Defendant Abbott Laboratories (incorrectly named as "Abbott Laboratories, Inc.") is a foreign corporation. [Petition at ¶ 3.03]. Defendant Abbott Laboratories is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas.

15.    The Petition alleges that the Defendant American International Chemical, Inc. is a foreign corporation. [Petition at ¶ 3.04]. Defendant American International Chemical, Inc. is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas.

16.    The Petition alleges that the Defendant Aventis Pasteur Inc. is a foreign corporation. [Petition at ¶ 3.05]. Defendant Aventis Pasteur Inc. is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas.

17.    The Petition alleges that the Defendant B.F. Ascher & Company, Inc. is a foreign corporation. [Petition at ¶ 3.06]. Defendant B.F. Ascher & Company, Inc. is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas.

18.    The Petition alleges that the Defendant Evans Medical Limited is a foreign corporation. [Petition at ¶ 3.07]. Defendant Evans Medical Limited is not, and was not at any

relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas.

19.    The Petition alleges that the Defendant Merck & Company, Inc. is a foreign corporation. [Petition at ¶ 3.08].  Defendant Merck & Company, Inc. is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas.

20.    The Petition alleges that the Defendant RPK Pharmaceuticals, Inc. is a foreign corporation. [Petition at ¶ 3.09].  Defendant RPK Pharmaceuticals, Inc. is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas.

21.    The Petition alleges that the Defendant Dolder is a foreign corporation. [Petition at ¶ 3.10].  Defendant Dolder is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas.

22.    The Petition alleges that the Defendant Eli Lilly and Company is a foreign corporation. [Petition at ¶ 3.11].  Defendant Eli Lilly and Company is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas.

23.    The Petition alleges that the Defendant SmithKline Beecham Corporation is a foreign corporation. [Petition at ¶ 3.12].  Defendant SmithKline Beecham Corporation is not, and was not at any relevant time, incorporated in the State of Texas, and did not at any relevant time maintain its principal place of business in the State of Texas.

24.    Thus, all of the Plaintiffs, and none of the properly joined Defendants, are citizens of the State of Texas, and complete diversity of citizenship exists under 28 U.S.C. § 1332. Removal of the State Court Action is therefore proper under 28 U.S.C. § 1441(b).

### Amount in Controversy

25.    The Petition seeks damages on behalf of Plaintiff's minor child who has allegedly suffered "severe bodily injury" [Petition at ¶ 4.06] including "severe and permanent physical injuries and other damages." [Petition at ¶ 7.04]  The Petition also seeks money damages for both the named Plaintiff and her minor child for "medical expenses" (past and future), "mental anguish" (past and future), "physical impairment," "disfigurement," "loss of consortium," "loss of companionship and society" (past and future), and "loss of earning capacity" (past and future). [Petition at ¶ 12.01(a)-(b)]   The Plaintiffs also request "Exemplary and Additional Penalty Damages." [Petition at ¶¶ 13.01-13.06].

26.    The allegations in the Petition place the amount in controversy in excess of $75,000, individually and collectively, for both Plaintiff's individual claims and those claims brought on behalf of her minor child.  Consequently, the allegations of the Petition satisfy the amount in controversy requirement of 28 U.S.C. § 1332.  *See, e.g., St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [$75,000].").

27.    Because complete diversity exists and the amount in controversy exceeds $75,000, jurisdiction exists in federal district court under 28 U.S.C. § 1332, and the State Court Action may be removed to this Court based under the provisions of 28 U.S.C. §§ 1441 and 1446.

### Timing and State Court Proceedings

28.     Merck is informed and believes that all properly joined and served Defendants were served with copies of the Petition and Citation on or after August 18, 2003.

29.     Consequently, this notice is filed before the expiration of 30 days after the date any Defendant was served with a copy of the Petition and Citation, in accordance with 28 U.S.C. § 1446(b). *See Murphy Brothers, Inc. v. Michette Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

30.     Copies of separate written acknowledgements of consent and/or joinder are attached as Exhibit "G." *See Brown v. Demco,* Inc., 792 F.2d 478, 481 (5th Cir. 1986).  Such acknowledgements are not required of Defendants that are not properly joined and served. *See Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1261 n.9 (1988).[5]

31.     The State Court Action is pending within this district and division. *See* 28 U.S.C. 1441(a).

32.     The time by which Defendants have to file an answer or other responsive pleading under F. R. Civ. P. 81 (c) has not expired.

33.     No hearings have been scheduled and no orders have been entered in the State Court Action.

34.     Simultaneously with the filing of this Notice of Removal, notice will be given to Plaintiff's counsel, and copies of this Notice of Removal will be filed with the clerk of the District Court of Cameron County, Texas. *See* 28 U.S.C. § 1446(d).

---

[5]     Defendant Evans Medical Ltd., has provided its consent to and/or joinder in this Notice of Removal even though it does not believe that it has been served with process and does not by joining in this removal submit to the jurisdiction of this Court or that of the court from which this action was removed.  Neither does Defendant Evans Medical Ltd. waive any objection to either the absence of service or the sufficiency of any service which Plaintiff might contend has occurred and does not hereby waive any defense to this action, including any jurisdictional defense herein.

## JURY DEMAND

Merck & Co., Inc. hereby demands a Jury.

WHEREFORE, Merck & Co., Inc. requests that the District Court of Cameron County, Texas, proceed no further with Cause No. 2003-06-3291-A, and that this action be removed from the 107th Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division.

Respectfully submitted,

BAKER BOTTS L.L.P.

By _Richard L. Josephson_ *w/ permission*
*M Costall's*
Richard L. Josephson    *TX 04631400*
Attorney-in-Charge      *SDN 3983*
State Bar No. 11031500
One Shell Plaza
910 Louisiana
Houston, TX 77002
(713) 229-1460
(713) 229-1522 (fax)
richard.josephson@bakerbotts.com

COUNSEL FOR DEFENDANT MERCK & CO., INC.

OF COUNSEL:

BAKER BOTTS L.L.P.

Paul R. Elliott
State Bar No. 06547500
Douglas B. Roberson
State Bar No. 24013409
One Shell Plaza
910 Louisiana
Houston, TX 77002
(713) 229-1460
(713) 229-1522 (fax)

## Certificate of Service

I certify that on this 3rd day of September 2003, I served the above pleading on all counsel of record by facsimile and First Class U.S. Mail.

_Richard L. Josephson_
Richard L. Josephson    w/ permission
McCartosell

EXHIBIT "A"


CT System

**Service of Process Transmittal Form**

Dallas, Texas

08/18/2003

Via Federal Express (2nd Day)

TO: Debra A Bollwage Assistant Secretary
Merck & Co., Inc.
One Merck Drive
Whitehouse Station, NJ 08889-0100

Phone: (908) 423-1888 ex:
FAX: (908) 735-1224
EMAIL: DEBRA_BOLLWAGE@MERCK.COM



RECEIVED
AUG 1 9 2003
OFFICE OF THE SECRETARY

RE: **PROCESS SERVED IN TEXAS**

FOR    Merck & Co., Inc. Domestic State: NJ

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Veronica Ramirez et al vs American Home Products Corporation dba Wyeth, et al Merck & Co. Inc. |
| 2. DOCUMENT(S) SERVED: | Citation, Plaintiffs Original petition |
| 3. COURT: | 107th JDC of Cameron County, Texas<br>Case Number 2003060D3291A |
| 4. NATURE OF ACTION: | Alleging failure to adequately warn the public of the dangers of the drug Thimerosal |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Dallas, Texas |
| 6. DATE AND HOUR OF SERVICE: | By Certified mail on 08/18/2003 with Postmarked Date 08/14/2003 |
| 7. APPEARANCE OR ANSWER DUE: | 10:00 a.m. Monday next after expiration of 20 days |
| 8. ATTORNEY(S): | Law Offices of Ben C. Martin<br>2100 McKinney Ave. Suite 1975<br>Dallas, Texas 75201 |
| 9. REMARKS: | |

|  |  |
|---|---|
| SIGNED | CT Corporation System |
| PER<br>ADDRESS | Angela L. Kraft - Mays /MG<br>350 North St. Paul Street<br>Dallas, TX 75201<br>SOP WS 0005624777 |

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.5...

No. 2003-06-003291-A                    **COPY**

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: MERCK & CO., INC.
SERVING REGISTERED AGENT
CT CORPORATION SYSTEM
350 NORTH ST. PAUL
DALLAS, TEXAS 75201

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on __ JUNE 27, 2003 __. A copy of same accompanies this citation.

The file number of said suit being No. 2003-06-003291-A.

The style of the case is:

VERONICA RAMIREZ ET.AL,
VS.
AMERICAN HOME PRODUCTS CORPORATION ET. AL,

Said petition was filed in said court by _____ WILLIAM F. BLANKENSHIP, III _____
(Attorney for _____ PLAINTIFF _____), whose address is
2100 MCKINNEY AVENUE, STE 1975 DALLAS, TEXAS 75201 _____.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 1st day of __ JULY __, A.D. 2003.

_____ AURORA DE LA GARZA _____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: _Ray Lopez Jr._ _____, Deputy

## R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, _____, at _____ o'clock ___.M., and

executed (not executed) on the _____ day of _____, _____, by delivering to

_____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____.

Cause of failure to execute this citation is: _____

_____

FEES serving 1 copy

Total....... $_____       Sheriff/constable _____ County,

Fees paid by:_____        8/1/0? By _____ _____ Deputy

By Certified mail

EXHIBIT "B"

CAUSE NO. _2003-06-3291-A_

| | | |
|---|---|---|
| VERONICA RAMIREZ,<br>INDIVIDUALLY and AS NEXT FRIEND OF<br>JEREMIAH S. RAMIREZ, a minor,<br><br>    *Plaintiff,*<br><br>v.<br><br>AMERICAN HOME PRODUCTS<br>CORPORATION d/b/a WYETH, WYETH<br>LABORATORIES; WYETH-AYERST, WYETH-<br>AYERST LABORATORIES, WYETH LEDERLE,<br>WYETHER LEDERLE VACCINES AND<br>LEDERLE LABORATORIES; ABBOTT<br>LABORATORIES, INC.; AMERICAN<br>INTERNATIONAL CHEMICAL, INC.;<br>AVENTIS PASTEUR, INC., INDIVIDUALLY<br>and AS SUCCESSOR IN INTEREST TO<br>CONNAUGHT LABORATORIES, INC.,<br>PASTEUR MERIEUX AND PASTEUR<br>MERIEUX CONNAUGHT; B.F. ASCHER &<br>COMPANY, INC.; EVANS MEDICAL LIMITED;<br>MERCK AND CO., INC.; RPK<br>PHARMACEUTICALS, INC.; DOLDER; ELI<br>LILLY AND COMPANY; SMITHKLINE<br>BEECHAM CORPORATION; ORALIA T.<br>WELLS, M.D.; ELOISA T. GONZALEZ, M.D.;<br>and JOHN DOES #1-200, WHO ARE<br>INDIVIDUALS, PROPRIETORSHIPS,<br>CORPORATIONS OR OTHER ENTITIES<br>WHOSE NAMES AND IDENTITIES ARE<br>OTHERWISE UNKNOWN TO PLAINTIFF,<br><br>    *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br><br>CAMERON COUNTY, TEXAS<br><br><br><br><br>FILED _11:40_ O'CLOCK _A_ M<br>AURORA DE LA GARZA DIST. CLERK<br><br>JUN 27 2003<br><br>DISTRICT COURT OF CAMERON COUNTY, TEXAS<br>_Ray Lopez Jr._ DEPUTY<br><br><br><br><br><br>_107th_ JUDICIAL DISTRICT |

-1-

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW VERONICA RAMIREZ, INDIVIDUALLY and AS NEXT FRIEND OF

JEREMIAH S. RAMIREZ, a minor, Plaintiff, by and through her Attorneys and files this her

Original Petition against the above-named Defendants and would show unto the Court the following:

### I.
### Discovery

1.01    Plaintiff alleges that discovery herein is intended to be conducted under Level 2 of

Rule 190 of the Texas Rules of Civil Procedure.

### II.
### Jurisdiction and Venue

2.01    This Court has subject matter jurisdiction over Plaintiff's claims since there is no

claim for personal injuries arising from or associated with the administration of a vaccine as defined

under the *National Vaccine Injury Compensation Program* (42 U.S.C. § 300aa-1 et seq.), and thus

no jurisdiction over this claim by the Office of Special Master of the United States Court of Federal

Claims.

2.02    Alternatively, the minor Plaintiff's claims have been submitted pursuant to the

*National Vaccine Injury Compensation Program* (42 U.S.C. § 300aa-1 et seq.) and all administrative

remedies thereunder have been exhausted.

2.03    Further, this Court has subject matter jurisdiction over Plaintiff's claims because this

is a combination contract, tort, and statutory action brought under the laws of the State of Texas,

which is based entirely upon the common laws and statutory laws of the State of Texas and the

-2-

Plaintiff herein does not rely upon any federal statute, does not assert any federal question, and does not seek relief under any federal statute or law.

2.04    To the extent that the Defendants will contend that the Plaintiff is seeking relief under federal laws or federal questions in this suit, the Plaintiff expressly denies said contentions and the Plaintiff expressly waives any relief under any federal laws or any federal question concerning the allegations contained herein, whether said allegations are pled or not.

2.05    Venue is proper in this matter because all or a substantial part of the events giving rise to Plaintiff's claims occurred in Cameron County, Texas, since while residing in Cameron County, Plaintiff sustained serious permanent and irreparable bodily injuries and other damages as the proximate result of the conduct of Defendants made the subject of this cause. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

2.06    Venue is also proper in this matter because Defendant **ORALIA T. WELLS, M.D.** is an individual who resided in Cameron County, Texas at the time Plaintiff's causes of action accrued. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

2.07    Venue is also proper in this matter because Defendant **ELOISA T. GONZALEZ, M.D.** is an individual who resided in Cameron County, Texas at the time Plaintiff's causes of action accrued. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

2.08    Venue is also proper in this matter because Defendant **ORALIA T. WELLS, M.D.** is a physician with her principal place of business in Cameron County, Texas. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3).

2.09    Venue is also proper in this matter because Defendant **ELOISA T. GONZALEZ,**
**M.D.** is a physician with her principal place of business in Cameron County, Texas. *See* TEX. CIV.
PRAC. & REM. CODE § 15.002(a)(3).

2.10    Venue is also proper in this matter because Plaintiff's causes of action against
Defendants include causes of action for breach of warranty by a manufacturer of consumer goods.
*See* TEX. CIV. PRAC. & REM. CODE § 15.033.

2.11    Venue is also proper in this matter because Plaintiff's causes of action against
Defendants include causes of action arising out of transactions solicited in Cameron County, Texas,
by Defendants, or their authorized agents. *See* TEX. BUS. & COM. CODE § 17.56.

## III.
## Parties

3.01    Plaintiff, **VERONICA RAMIREZ,** is the parent of **JEREMIAH S. RAMIREZ**
and resides in Cameron County, Texas. As used herein, the term "Plaintiff" shall refer to both
the parent and minor child.

3.02    Defendant, **AMERICAN HOME PRODUCTS CORPORATION,** doing
business as **WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST**
**LABORATORIES, WYETH LEDERLE, WYETHER LEDERLE, WYETHER**
**LEDERLE VACCINES AND LEDERLE LABORATORIES** is a foreign corporation who
may be served with process through its registered agent, Prentice Hall Corporation System, at
800 Brazos, Austin, Texas 78701. At all times relevant hereto, **AMERICAN HOME**
**PRODUCTS CORPORATION,** doing business as **WYETH, WYETH LABORATORIES,**
**WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE,**

-4-

WYETHER LEDERLE, WYETHER LEDERLE VACCINES AND LEDERLE

LABORATORIES was engaged in the business of manufacturing and/or marketing vaccines

and/or products that contain Thimerosal. On information and belief, said entity does business in

the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or

sold the aforementioned vaccines and/or products.

     3.03    Defendant, **ABBOTT LABORATORIES, INC.** is a foreign corporation who

may be served with process through its registered agent, CT Corporation System, at 350 North

St. Paul, Dallas, Texas 75201. At all times relevant hereto, **ABBOTT LABORATORIES,**

**INC.** was engaged in the business of manufacturing and/or marketing vaccines and/or products

that contain Thimerosal. On information and belief, said entity does business in the State of

Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the

aforementioned vaccines and/or products.

     3.04    Defendant, **AMERICAN INTERNATIONAL CHEMICAL, INC.** is a foreign

corporation who may be served with process through its registered agent, J. Kemper Morse, at

3622 Broken Elm, Spring, Texas 77388. At all times relevant hereto, **AMERICAN**

**INTERNATIONAL CHEMICAL, INC.** was engaged in the business of manufacturing and/or

marketing vaccines and/or products that contain Thimerosal. On information and belief, said

entity does business in the State of Texas, and at all times relevant hereto, it developed,

manufactured, marketed, and/or sold the aforementioned vaccines and/or products.

     3.05    Defendant, **AVENTIS PASTEUR, INC., INDIVIDUALLY and AS**

**SUCCESSOR IN INTEREST TO CONNAUGHT LABORATORIES, INC., PASTEUR**

**MERIEUX and PASTEUR MERIEUX CONNAUGHT** is a foreign corporation who may be

served with process through its registered agent, CT Corporation System, at 350 North St. Paul,

Dallas, Texas 75201. At all times relevant hereto, **AVENTIS PASTEUR, INC.,**

**INDIVIDUALLY and AS SUCCESSOR IN INTEREST TO CONNAUGHT**

**LABORATORIES, INC., PASTEUR MERIEUX and PASTEUR MERIEUX**

**CONNAUGHT** was engaged in the business of manufacturing and/or marketing vaccines and/or

products that contain Thimerosal. On information and belief, said entity does business in the

State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or

sold the aforementioned vaccines and/or products.

      3.06    Defendant, **B.F. ASCHER & COMPANY, INC.** is a foreign corporation who

may be served with process through its President and Chief Executive Officer, James Ascher, Sr.,

at 15501 West 109th Street, Lenexa, Kansas 66219. At all times relevant hereto, **B.F. ASCHER**

**& COMPANY, INC.** was engaged in the business of manufacturing and/or marketing vaccines

and/or products that contain Thimerosal. On information and belief, said entity does business in

the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or

sold the aforementioned vaccines and/or products.

      3.07    Defendant, **EVANS MEDICAL LIMITED,** is a foreign corporation who may be

served with process through Evans House Regent, Kingston Road, Letherhead KT227PQ, Surrey,

United Kingdom. At all times relevant hereto **EVANS MEDICAL LIMITED** was engaged in

the business of manufacturing and/or marketing vaccines and/or products that contain

Thimerosal. On information and belief, said entity does business in the State of Texas, and at all

times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned

vaccines and/or products.

3.08    Defendant, **MERCK & CO., INC.** is a foreign corporation who may be served

with process through its registered agent, CT Corporation System, at 350 North St. Paul, Dallas,

Texas 75201.  At all times relevant hereto, **MERCK & CO., INC.** was engaged in the business

of manufacturing and/or marketing vaccines and/or products that contain Thimerosal.  On

information and belief, said entity does business in the State of Texas, and at all times relevant

hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or

products.

3.09 .  Defendant, **RPK PHARMACEUTICALS, INC.** , is a foreign corporation who

has been served with process through its registered agent, Peter J. Furni, at 3513 Breakwater

Avenue, Hayward, California 94545.  At all times relevant hereto, **RPK**

**PHARMACEUTICALS, INC.** was engaged in the business of manufacturing and/or marketing

vaccines and/or products that contain Thimerosal.  On information and belief, said entity does

business in the State of Texas, and at all times relevant hereto, it developed, manufactured,

marketed, and/or sold the aforementioned vaccines and/or products.

3.10    Defendant, **DOLDER**, is a foreign corporation who may be served with process at

Immengasse 9, 4004 Basel, Switzerland.  At all times relevant hereto, **DOLDER** was engaged in

the business of manufacturing and/or marketing vaccines and/or products that contain

Thimerosal.  On information and belief, said entity does business in the State of Texas, and at all

times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned

vaccines and/or products. vaccines and/or products.

3.11    Defendant, **ELI LILLY AND COMPANY**, is a foreign corporation who may be

served with process through its registered agent, National Registered Agents, Inc., at 1614 Sidney

Baker Street, Kerrville, Texas 78028.  At all times relevant hereto **ELI LILLY AND**

**COMPANY** was engaged in the business of manufacturing and/or marketing vaccines and/or

products that contain Thimerosal.  On information and belief, said entity does business in the

-7-

State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products.

3.12    Defendant, **SMITHKLINE BEECHAM CORPORATION** is a foreign corporation who may be served with process through its registered agent, Corporation Service Company, at 800 Brazos, Austin, Texas 78701. At all times relevant hereto, **SMITHKLINE BEECHAM CORPORATION** was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal. On information and belief, said entity does business in the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products. As used herein, the term "Manufacturer Defendants" shall refer collectively to all Defendants set out in paragraphs in 3.02 through 3.12.

3.13    Defendant, **ORALIA T. WELLS, M.D.** is an individual physician who may be served with process at her principal place of business, 825 Lakeside Drive, Brownsville, Texas 78520. At all times relevant hereto, **ORALIA T. WELLS, M.D.** was engaged in the business of marketing, distributing and/or selling vaccines and/or products containing Thimerosal to the Plaintiff herein. On information and belief, said doctor does business in the State of Texas, and at all times relevant hereto, marketed, distributed and/or sold the aforementioned vaccines and/or products.

3.14    Defendant, **ELOISA T. GONZALEZ, M.D.** is an individual physician who may be served with process at her principal place of business, 825 Lakeside Drive, Brownsville, Texas 78520. At all times relevant hereto, **ELOISA T. GONZALEZ, M.D.** was engaged in the business of marketing, distributing and/or selling vaccines and/or products containing Thimerosal to the Plaintiff herein. On information and belief, said doctor does business in the State of Texas, and at all times relevant hereto, marketed, distributed and/or sold the

-8-

aforementioned vaccines and/or products. As used herein, the term "Healthcare Defendants" shall refer collectively to all Defendants set out in paragraphs in 3.13 through 3.14.

3.15    Defendants, **JOHN DOES #1-200**, are individuals, proprietorships, corporations, or other entities whose names and identities are otherwise unknown to Plaintiff at this time, but who manufactured, tested, designed, distributed, marketed, sold and/or delivered Thimerosal-containing products in the State of Texas. As used herein, the term "Defendants" shall refer collectively to all Defendants specifically named as well as **JOHN DOES #1-200**.

## IV.
### Facts

4.01    Thimerosal is a compound that is 49.6% ethyl-mercury. Thimerosal is not itself a vaccine. It is completely unnecessary as a component of vaccines for their effective use. The toxic neurological effects of mercury exposure have been known for over 100 years. Children, especially infants, are more susceptible to the effects of mercury as it interferes with the development of the nervous system. Ethyl-mercury is an organic derivative of mercury and in the human body acts as a more potent and efficient neurotoxin, due to its organic qualities.

4.02    Many over-the-counter products contain or contained Thimerosal. Most vaccines routinely administered to children contained Thimerosal. These vaccines were designed, developed, and manufactured, with Thimerosal and/or distributed by the Defendants.

4.03    During the first 18 months of life, the average American infant is exposed to 237.5 mcg (micrograms) of mercury from Thimerosal in Defendants' manufactured products. This total body burden exceeds the federal exposure guidelines by a factor of up to 70 plus times the permissible limit for an adult. There are no guidelines suggesting a safe level of mercury for infants and children. Thimerosal also contains a form of aluminum which acts to contribute to and potentiate the adverse effects of ethyl mercury.

4.04    In June of 1999, the Food and Drug Administration confirmed that "infants who receive Thimerosal-containing vaccines at several visits may be exposed to more mercury than recommended by federal safety guidelines for total adult mercury exposure."

4.05    At all relevant times, the Manufacturer Defendants, themselves or by use of others, did manufacture, create, design, label, sterilize, package, supply, market, sell, advertise or otherwise distribute products that contained Thimerosal. These products were marketed and/or sold by the Defendants without adequate testing and/or without any adequate warnings. These products were promoted by the Defendants at all relevant times without any reference to the toxic hazards and potential public health ramifications resulting from such products.

4.06    All of the Manufacturer Defendants deliberately or negligently misrepresented to the public the efficacy and safety of these products that contained Thimerosal. Because of their failure, in all instances, to advise doctors or consumers that the usage of Thimerosal containing products could result in mercury poisoning, the result is that the Plaintiff's child has experienced severe bodily injury.

4.07    The Manufacturer Defendants purposely downplayed and understated the health hazards and risks associated with Thimerosal. The Manufacturer Defendants through promotional literature, deceived potential users of these products by relaying positive information and manipulating statistics to suggest widespread safety, while downplaying the known adverse and serious health effects of ethyl mercury. The Manufacturer Defendants falsely and fraudulently kept relevant information from potential users and minimized user concern regarding the safety of the products that contained Thimerosal.

4.08    The Manufacturer Defendants falsely and fraudulently misrepresented a number of facts regarding these products including, but not limited to, the presence of adequate testing of Thimerosal and the presence of adequate testing of any combination of Thimerosal-containing products.

4.09    The Plaintiff is a victim of the Defendants' decision to manufacture, market, promote, design, distribute and/or sell these unreasonably dangerous and defective Thimerosal-containing products. As a proximate contributing cause of being injected with mercury, the Plaintiff has suffered harm, injuries, and other damages set forth in more detail below.

## CAUSES OF ACTION

### V.
### Strict Liability - Design Defects

5.01    Defendants sold Thimerosal© in the regular course of their business. Thimerosal© was then in a defective condition and unreasonably dangerous when put to a reasonably anticipated use. It was known to these Defendants that this compound could cause severe damage to children. Thimerosal© was used in a manner reasonably anticipated and the minor Plaintiff was damaged as a direct result of such defective condition existing at the time Thimerosal© was sold. All of these events occurred despite safer alternatives being economically and technologically feasible that would have significantly reduced the risk posed to the minor Plaintiff in connection with his childhood vaccinations.

5.02    Such defective condition existed when Thimerosal© was sold by the Defendants and was a producing cause of Plaintiff's severe and permanent physical injuries and other damages set forth in more detail below. The aforesaid acts and omissions of Defendants constitute conduct involving malice entitling Plaintiff to exemplary damages pursuant to Texas law.

11

# VI.

## Strict Liability - Marketing Defects

6.01   Defendants designed, manufactured, produced, labeled, advertised, marketed, tested, inspected, shipped, distributed, and/or sold the compound Thimerosal© in the regular course of their business.  Thimerosal© was in a defective condition and unreasonably dangerous when put to its reasonably anticipated use in that Defendants failed to warn or properly and adequately notify, inform, or warn prescribers and consumers of its dangers and defects, in each of the following respects, among others:

a.   Thimerosal© caused an unreasonably high risk of the development of Autism in children of which Defendants failed to warn or adequately warn prescribers;

b.   Thimerosal© can cause serious injury or death to individuals not within any identified risk category;

c.   Defendant failed to provide proper warnings and/or instruction relative to Thimerosal© ;

d.   There was a failure on the part of Defendants to provide adequate labeling, package inserts, and consumer information regarding  Thimerosal© and its dangers;

e.   The Defendants failed to warn or adequately warn in their advertisements or other public displays to members of the public of the dangers of the drug Thimerosal©;

f.   The Defendants did not give warning or adequate warning to healthcare providers regarding the dangers of Thimerosal©; and

g.   Thimerosal© was used in connection with the vaccination of the minor Plaintiff in a manner reasonably anticipated by the Defendants.

12

6.02    Such defective conditions and the lack of warnings or adequate warnings as existed when Thimerosal© was sold by the Defendants were a producing cause of Plaintiff's severe and permanent physical injuries and other damages set forth in more detail below. The aforesaid acts and omissions by Defendants constitute conduct involving malice thereby entitling Plaintiff to exemplary damages pursuant to Texas law.

## VII.
## Breach of Common Law Implied Warranties

7.01    Defendants designed, manufactured, produced, labeled, advertised, tested, inspected, shipped, distributed, and/or sold Thimerosal© in the regular course of their business for human consumption.

7.02    The minor Plaintiff was administered such compound in his childhood vaccinations.

7.03    Thimerosal©, when sold by Defendants, was not fit for human consumption due to the risks and dangers it presented. In particular, Defendants breached the implied warranty of fitness for a particular purpose and the implied warranty of merchantability.

7.04    As a proximate result thereof, Plaintiff has sustained severe and permanent physical injuries and other damages set forth in more detail below.

## VIII.
## Negligence

8.01    Defendants had a legal responsibility and duty to conform to pharmaceutical industry standards, to possess the knowledge of an expert in the industry, and to foresee risks inherent with their products under the same or similar circumstances as other members of the industry. Defendants breached this duty, as aforementioned, and were negligent or failed to use ordinary care in the particulars set forth herein.

13

8.02    As a direct and proximate result of Defendants aforementioned actions and omissions, specifically Defendants' failure to use ordinary care, Plaintiff has sustained severe and permanent physical injuries and other damages set forth in more detail below.

## IX.
## Violations of the Texas Deceptive Trade Practices — Consumer Protection Act

9.01    Defendants designed, manufactured, produced, labeled, advertised, tested, inspected, shipped, distributed, and/or sold Thimerosal© in the regular course of their business for human consumption. The minor Plaintiff was administered such compound in his childhood vaccinations.

9.02    Defendants engaged in conduct which violated TEX. BUS. & COM. CODE §§ 17.46(a), 17.46(b)(5), 17.46(b)(7), & 17.46(b)(23), and which were a producing cause of Plaintiff's damages. Moreover, such conduct was committed by Defendants knowingly, within the meaning of TEX. BUS. & COM. CODE § 17.45(9), and such conduct was committed by Defendants intentionally, within the meaning of TEX. BUS. & COM. CODE § 17.45(13).

9.03    Defendants also engaged in conduct which was unconscionable, within the meaning of TEX. BUS. & COM. CODE § 17.45(5) and which was a producing cause of Plaintiff's damages. Moreover, such conduct was committed by Defendants knowingly, within the meaning of TEX. BUS. & COM. CODE § 17.45(9), and such conduct was committed by Defendants intentionally, within the meaning of TEX. BUS. & COM. CODE § 17.45(13).

9.04    As a direct and proximate result of Defendants aforementioned actions, Plaintiff has sustained severe and permanent physical injuries and other damages set forth in more detail below.

14

# X.
## Assault

10.01  Defendants  intentionally and/or knowingly caused serious bodily injuries to the minor Plaintiff within the meaning of TEX. PEN. CODE §§ 22.01 and 22.02(a)(1) through the sale, distribution, and other conduct relating to Thimerosal® described in more detail above.

10.02  Further, Defendants intentionally and/or knowingly caused serious bodily injuries, serious mental deficiencies, impairment, and/or bodily injuries to the minor Plaintiff within the meaning of TEX. PEN. CODE § 22.04(a) through the sale, distribution, and other conduct relating to Thimerosal® as described in more detail above.

10.03  As a direct and proximate result of Defendants aforementioned actions, Plaintiff has sustained severe and permanent physical injuries and other damages set forth in more detail below.

# XI.
## Liability of Healthcare Defendants

11.01  All of the allegations set forth above are adopted for purposes of this paragraph.

11.02  The Healthcare Defendants are liable for their own distinct tortious conduct, separate and apart from the conduct of the Manufacturer Defendants, although they acted in concert with them.

11.03  The conduct of the Healthcare Defendants forms an independent basis for imposing liability on them for commission of the acts referenced above.

# XII.
## Compensatory Damages

12.01  As a direct and proximate result of Defendants' design, manufacture, sale, shipment and/or distribution of Thimerosal® in an unreasonably dangerous and defective condition, and/or as

15

a result of Defendants' tortious conduct in connection with the advertising. promotion, testing, labeling and inspection of Thimerosal®, and/or as a result of Defendants' breach of the implied warranty of fitness for a particular purpose and the implied warranty of merchantability, and/or as a result of the negligence of Defendants, the Plaintiff seeks the following damages:

a. **VERONICA RAMIREZ, INDIVIDUALLY:**

    1.   medical expenses in the past and future;

    2.   loss of earning capacity in the past and future;

    3.   loss of companionship and society in the past and future;

    4.   loss of consortium in the past and future;

    5.   mental anguish in the past and future;

    6.   prejudgment and postjudgment interest;

    7.   costs of suit; and

    8.   all other relief, in law and in equity, to which Plaintiff may be entitled.

b. **VERONICA RAMIREZ, AS NEXT FRIEND OF JEREMIAH S. RAMIREZ, a minor:**

    1.   medical expenses in the future;

    2.   loss of earning capacity in the future;

    3.   loss of companionship and society in the past and future;

    4.   loss of consortium in the past and future;

    5.   pain, suffering and mental anguish in the past and future;

    6.   physical impairment;

    7.   disfigurement;

    8.   prejudgment and postjudgment interest;

    9.   costs of suit; and

    10.  all other relief, in law and in equity, to which Plaintiff may be entitled.

16

## XIII.

### Exemplary and Additional Penalty Damages

13.01   Defendants showed complete indifference to and/or a conscious disregard for the safety of others by distributing Thimerosal©, which Defendants knew to possess an extreme degree of risk, and without adequately labeling the product, warning, and/or advising prescribers and potential users of Thimerosal© of the dangerous properties and potential for permanent injury.

13.02   Defendants engaged in advertising, media, and public relations campaigns to convince members of the public and the medical community that Thimerosal© was a "safe" drug, when they had actual knowledge that it will cause severe injury or even death to an unreasonably high number of its users.

13.03   Defendants sold and marketed Thimerosal© in a deceptive manner without disclosing the true risks and proper usage of the drug, in order to collect substantially higher profits than they would have received by fully and timely disclosing the known risks and dangers of the compound.

13.04   Therefore, Plaintiff is entitled to exemplary damages of and from Defendants due to their conduct which amounts to fraud within the meaning of TEX. CIV. PRAC. & REM. CODE § 41.001(6); due to their conduct which amounts to gross neglect within the meaning of TEX. CIV. PRAC. & REM. CODE § 41.001(7)(B); and due to their conduct which amounts to malice within the meaning of TEX. CIV. PRAC. & REM. CODE § 41.991(7)(A) and/or §41.001(7)(B).

13.05   Plaintiff is further entitled to an additional award of penalty damages of up to three (3) times actual damages pursuant to TEX. BUS. & COM. CODE § 17.50.

13.06   Finally, Plaintiff specifically invokes the provisions of TEX. CIV. PRAC. & REM. CODE § 41.008(4) and §41.008(7) and state that exemplary damages in this case should be found by the jury through the guidance provided by TEX. CIV. PRAC. & REM. CODE § 41.011 and

17

should be limited in amount only by the jury's collective wisdom and good judgment and sensibilities.

## XIV.
### Tolling

14.01   The expiration of periods, within which Plaintiff's causes of action herein must be commenced under applicable statutes of limitations, has been tolled due to fraudulent concealment by Defendants.

14.02   The expiration of periods, within which Plaintiff's causes of action herein must be commenced under applicable statutes of limitations, has been tolled due to Plaintiff not having had knowledge of such facts as would cause reasonably prudent persons to make inquiry leading to discovery of Plaintiff's causes of action against Defendants.

14.03   The expiration of periods, within which Plaintiff's causes of action herein must be commenced under applicable statutes of limitations, has been tolled due to pendency of related class action cases.

## XV.
### Intent to Use Defendants' Documents

15.01   Any document produced by Defendants in response to written discovery will be used by Plaintiff at any pretrial proceeding or trial.

## XVI.
### Jury Demand

16.01   Plaintiff hereby requests that a jury be convened to determine the factual issues in this Cause, and Plaintiff has already tendered to the Clerk of this Court the statutory jury application fee of $30.00. *See* TEX. R. CIV. P. 216.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon final trial hereof she recover judgment against the Defendants for compensatory damages, statutory penalty damages and exemplary damages in amounts in excess of the jurisdictional minimum of this Court, pre-judgment interest and post-judgment interest on all such sums at the maximum lawful rates, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully Submitted,

**LAW OFFICES OF BEN C. MARTIN**

Ben C. Martin
Texas Bar No. 13052400
Edward W. Sampson
Texas Bar No. 90001985
William F. Blankenship, III
Texas Bar No. 90001483
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201
(214) 761-6614  Telephone
(214) 744-7590  Facsimile


**CAPSHAW, GOSS & BOWERS**
Tim Goss
Texas Bar No. 08222660
3031 Allen Street, Suite 200
Dallas, Texas 75204
(214) 761-6610  Telephone
(214) 744-6611  Facsimile


**ATTORNEYS FOR PLAINTIFF**

20

# EXHIBIT "C"

**No Such Orders.**

# EXHIBIT "D"



[ All ] | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

**Check out our new affordable subscription plans at**

# iDocket.com

[ View Case Track™ ]———————————  ———————————[ Start Case Track™ ]

Civil Docket; Case 2003-06-003291-A; Civil
VERONICA RAMIREZ ET.AL, vs AMERICAN HOME PRODUCTS CORPORATION ET.
Filed 06/27/2003 - Disposition:
107th District Court, District Clerk, Cameron County, Texas

[ Help ]

| Date | Description/Comments | Reference | Typ | Amount | Order Copies |
|---|---|---|---|---|---|
| 06/27/2003 | ORIGINAL PETITION FILED | | TXT | .00 | |
| | CLERK'S FILING FEE | | A+ | 45.00 | |
| | STATE COMPTROLLER'S FEE | | " | 40.00 | |
| | STENOGRAPHER'S FEE | | " | 15.00 | |
| | SECURITY FEE | | " | 5.00 | |
| | RECORDS MANAGEMENT FEE | | " | 5.00 | |
| | COPY FEE | | " | 10.00 | |
| | INDIGENT LEGAL SERV. FEE | | " | 10.00 | |
| | AJSF FEE | | " | 5.00 | |
| | COUNTY LAW LIBRARY | | " | 35.00 | |
| | JURY FEE: Pd. by WILLIAM F. BLANKENSHI | | TXT | .00 | |
| | P, III | | " | | |
| 06/30/2003 | DEPOSIT | 20030049 | A- | -309.00 | |
| 07/01/2003 | CITATION: AMERICAN HOME PRODUCTS CORPO | | TXT | .00 | |
| | RATION | | " | | |
| | SERVED: | | " | .00 | |
| | CITATION: ABBOTT LABRATORIES, INC. | | " | .00 | |
| | SERVED: 08/13/03 FILED: 08/25/0 | | " | .00 | |

Court Center Docket Review  Case History Header.                                    9/3/03 1 54 PM

| | | | |
|---|---|---|---|
| 3 | | " | |
| CITATION: AMERICAN INTERNATIONAL CHEMI | | " | .00 |
| CAL, INC. | | " | |
| SERVED: | | " | .00 |
| CITATION: AVENTIS PASTEUR, INC. | | " | .00 |
| SERVED: 08/18/03 FILED: 08/22/0 | | " | .00 |
| 3 | | " | |
| CITATION: B.F. ASCHER & COMPANY, INC. | | " | .00 |
| SERVED: 08/18/03 FILED: 08/22/0 | | " | .00 |
| 3 | | " | |
| CITATION: EVANS MEDICAL LIMITED | | " | .00 |
| SERVED: | | " | .00 |
| CITATION: MERCK & CO., INC. | | " | .00 |
| SERVED: 08/18/03 FILED: 08/22/0 | | " | .00 |
| 3 | | " | |
| CITATION: RPK PHARMACEUTICALS, INC. | | " | .00 |
| SERVED: | | " | .00 |
| CITATION: DOLDER | | " | .00 |
| SERVED: | | " | .00 |
| CITATION: ELI LILLY AND COMPANY | | " | .00 |
| SERVED: 08/18/03 FILED: 08/22/0 | | " | .00 |
| 3 | | " | |
| CITATION: SMITHKLINE BEECHAM CORPORATI | | " | .00 |
| ON | | " | |
| SERVED: | | " | .00 |
| CITATION: ORALIA T. WELLS, M.D. | | " | .00 |
| SERVED: | | " | .00 |
| CITATION: ELOISA T. GONZALEZ, M.D. | | " | .00 |
| SERVED: 08/13/03 FILED: 08/13/0 | | " | .00 |
| 3 | | " | |
| 08/13/2003 | CITATION | A+ | 8.00 |
| | CITATION | " | 8.00 |
| 08/18/2003 | CITATION | " | 8.00 |
| | CITATION | " | 58.00 |
| | CITATION | " | 58.00 |
| | CITATION | " | 58.00 |

EXHIBIT "E"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

VERONICA RAMIREZ,                         §
Individually, and as Next Friend of       §
JEREMIAH S. RAMIREZ, a minor,             §        Civil Action No. **B-03-155**
                                          §
          *Plaintiff*,                    §        JURY DEMAND
                                          §
VS.                                       §
                                          §
AMERICAN HOME PRODUCTS                    §
CORPORATION d/b/a WYETH, WYETH            §
LABORATORIES, WYETH-AYERST,               §
WYETH-AYERST LABORATORIES,                §
WYETH LEDERLE, WYETHER LEDERLE,           §
WYETHER LEDERLE VACCINES and              §
LEDERLE LABORATORIES; ABBOTT              §
LABORATORIES, INC.; AMERICAN              §
INTERNATIONAL CHEMICAL, INC.;             §
AVENTIS PASTEUR, INC.,                    §
INDIVIDUALLY AND AS SUCCESSOR IN          §
INTEREST TO CONNAUGHT                     §
LABORATORIES, INC., PASTEUR               §
MERIEUX AND PASTEUR MERIEUX               §
CONNAUGHT; B.F. ASCHER &                  §
COMPANY, INC.; EVANS MEDICAL              §
LIMITED; MERCK AND COMPANY, INC.;         §
RPK PHARMACEUTICALS, INC.; DOLDER;        §
ELI LILLY AND COMPANY; SMITHKLINE         §
BEECHAM CORPORATION; ORALIA T.            §
WELLS, M.D.; ELOISA T. GONZALEZ, M.D.;    §
and JOHN DOES #1-200, WHO ARE             §
INDIVIDUALS, PROPRIETORSHIPS,             §
CORPORATIONS OR OTHER ENTITIES            §
WHOSE NAMES AND IDENTITIES ARE            §
OTHERWISE UNKNOWN TO PLAINTIFF,           §
                                          §
          *Defendants*.                   §

## LIST OF ALL COUNSEL OF RECORD

**Attorneys for plaintiff,**
**Michael L. Jones and Rhonda L. Jones,**
**Each Individually and as Next Friends of**
**Kristin M. Jones, A Minor:**
Ben C. Martin
State Bar No. 13052400
Edward W. Sampson
State Bar No. 90001985
William F. Blankenship, III
State Bar No. 90001483
Law Offices of Ben C. Martin
2100 McKinney Avenue, Suite 1975
Dallas, Texas  75201
214.761.6614
214.744.7590 (Fax)

Tim Goss
State Bar No. 08222660
Capshaw, Goss & Bowers
3031 Allen Street, Suite 200
Dallas, Texas  75204
214.761.6610
214.761.6611

**Attorneys for defendant**
**Evans Medical Limited**
Peter C. Neger
Bingham McCutchen LLP
399 Park Avenue
New York, New York  10022
212.705.7000
212.752.5378 (Fax)

Amy DePippo
Timothy Stephens
Bingham McCutchen LLP
885 Third Avenue
New York, New York 10022
212.705.7000
212.752.5378 (Fax)

**Attorneys for defendant**
**Wyeth (f/k/a American**
**Home Products)**
Michael R. Klatt
State Bar No. 11554200
Clark, Thomas & Winters
P.O. Box 1148
Austin, Texas  78767
512.472.8800
512.474.1129 (Fax)

**Authorized representative for defendant**
**American International Chemical, Inc.**
James Ray
State Bar No. 16604250
Daw & Ray
5718 Westheimer, Suite 1750
Houston, Texas  77057
713.266.3121
713.266.3188 (Fax)

**Attorneys for defendant**
**Aventis Pasteur Inc., f/k/a Connaught**
**Laboratories, Inc., f/d/b/a Pasteur Merieux**
**Connaught**
M. Diane Owens
Georgia Bar No. 557490
Bradley S. Wolff
Georgia Bar No. 773388
Swift, Currie, McGhee & Hiers, LLP
The Peachtree
Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3238
404.874.8800
404.888.6199 (Fax)

R. Jo Reser
State Bar No. 16789500
Davidson & Troilo
7550 W. IH 10, Suite 800
San Antonio, Texas 78229
210.349.6484
210.349.0041 (Fax)

**Attorneys for defendant B.F. Ascher &
Company, Inc.**
Mitchell C. Chaney
State Bar No. 04107500
Rodriguez Colvin & Chaney
1201 E Van Buren St.
Brownsville, Texas 78520
956.542.7441
956.541.2170 (Fax)

**Attorneys for defendant
Eli Lilly and Company**
M. Scott Michelman
State Bar No. 00797075
Shook, Hardy & Bacon, LLP
600 Travis Street, Suite 1600
Houston, Texas  77002-2911
713.227.8008
713.227.9508 (Fax)

**Attorneys for defendant
Smithkline Beecham Corporation d/b/a
Glaxosmithkline**
Stephanie Smith
State Bar No. 18684200
Stacey A. Martinez
State Bar No. 13144575
Fulbright & Jaworski
600 Congress Avenue, Suite 2400
Austin, Texas  78701-3271
512.474.5201
512.536.4598 (Fax)

Jeffrey S. Wolff
State Bar No. 21865900
Fulbright & Jaworski
1301 McKinney, Suite 5100
Houston, TX 77010-3095
713.651.5151
713.651.5246 (Fax)

**Defendant Oralia T. Wells, M.D.**
825 Lakeside Drive
Brownsville, Texas  78520

**Authorized representative for defendant
Dolder**
Dr. Robert Koller
Dolder
Immengasse 9
4004 Basel Switzerland
011-41-61-326-6600
011-41-61-326-6770 (Fax)

**Authorized representative for defendant
RPK Pharmaceuticals, Inc.**
Michael Losasso
3001 Aloma Avenue, Suite 220
Winter Park, Florida   32792
800.679.5990
407.679.5377 (Fax)

**Counsel For Merck & Co., Inc. and Abbott
Laboratories**
Richard L. Josephson
State Bar No. 11031500
Paul R. Elliott
State Bar No. 06547500
Douglas B. Roberson
State Bar No. 24013409
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX  77002
713.229.1234
713.229.1522

**Defendant Eloisa T. Gonzalez, M.D.**
825 Lakeside Drive
Brownsville, Texas  78520

# EXHIBIT "F"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

VERONICA RAMIREZ,                          §
Individually, and as Next Friend of        §
JEREMIAH S. RAMIREZ, a minor,              §          Civil Action No. **B-03-155**.
                                           §
            *Plaintiff,*                    §          JURY DEMAND
                                           §
                                           §
VS.                                        §
                                           §
                                           §
AMERICAN HOME PRODUCTS                      §
CORPORATION d/b/a WYETH, WYETH             §
LABORATORIES, WYETH-AYERST,                §
WYETH-AYERST LABORATORIES,                 §
WYETH LEDERLE, WYETHER LEDERLE,            §
WYETHER LEDERLE VACCINES and               §
LEDERLE LABORATORIES; ABBOTT               §
LABORATORIES, INC.; AMERICAN               §
INTERNATIONAL CHEMICAL, INC.;              §
AVENTIS PASTEUR, INC.,                     §
INDIVIDUALLY AND AS SUCCESSOR IN           §
INTEREST TO CONNAUGHT                       §
LABORATORIES, INC., PASTEUR                §
MERIEUX AND PASTEUR MERIEUX                §
CONNAUGHT; B.F. ASCHER &                   §
COMPANY, INC.; EVANS MEDICAL               §
LIMITED; MERCK AND COMPANY, INC.;          §
RPK PHARMACEUTICALS, INC.; DOLDER;         §
ELI LILLY AND COMPANY; SMITHKLINE          §
BEECHAM CORPORATION; ORALIA T.             §
WELLS, M.D.; ELOISA T. GONZALEZ, M.D.;     §
and JOHN DOES #1-200, WHO ARE              §
INDIVIDUALS, PROPRIETORSHIPS,              §
CORPORATIONS OR OTHER ENTITIES             §
WHOSE NAMES AND IDENTITIES ARE             §
OTHERWISE UNKNOWN TO PLAINTIFF,            §
                                           §
            *Defendants.*                   §

## INDEX OF MATTERS BEING FILED

1. Merck & Co., Inc.'s Notice of Removal.

2. All executed process on Merck & Co., Inc. in Cause No. 2003-06-3291-A in the
   107th Judicial District Court, Cameron County, Texas (Exhibit A)

3. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions,
   third-party actions, interventions and all answers to such pleadings Cause No. 2003-

HOU03 050422 1

06-3291-A in the 107th Judicial District Court, Cameron County, Texas (Exhibit "B").

4.  All orders signed by the sate judge in Cause No. 2003-06-3291-A in the 107th Judicial District Court, Cameron County, Texas  (Exhibit "C").

5.  The docket sheet for Cause No. 2003-06-3291-A in the 107th Judicial District Court, Cameron County, Texas (Exhibit "D").

6.  List of Counsel of Record, including addresses, telephone numbers and parties represented (Exhibit "E").

7.  An index of matters being filed (Exhibit "F").

8.  Defendants' Notices of Joinder in (or Consent to) Notice of Removal (Exhibit "G").

# EXHIBIT "G"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**B - 03 - 1 5 5**

| | | |
|---|---|---|
| VERONICA RAMIREZ, Individually and | § | C.A. No. _____ |
| a/n/f of JEREMIAH S. RAMIREZ, a Minor | § | |
| Plaintiff, | § | JURY DEMAND |
| vs. | § | |
| | § | |
| AMERICAN HOME PRODUCTS CORPORATION | § | |
| d/b/a WYETH, WYETH LABORATORIES, | § | |
| WYETH-AYERST, WYETH-AYERST | § | |
| LABORATORIES, WYETH LEDERLE, | § | |
| WYETHER LEDERLE VACCINES | § | CAMERON COUNTY DISTRICT COURT |
| and LEDERLE LABORATORIES, et al. | § | 107th JUDICIAL DISTRICT |
| Defendants. | § | CASE NO. 2003-06-3291-A |

## CONSENT TO REMOVAL

Defendant, Eli Lilly and Company, specially appearing and reserving all defenses

regarding personal jurisdiction and service and without waiving same, hereby advises this

Honorable Court that it consents to Defendant Merck & Co., Inc.'s removal of this action from

the 107th Judicial District Court of Cameron County, Texas, to the United States District Court

for the Southern of Texas, Brownsville Division.

Dated this _____ day of August, 2003.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:_____

M. SCOTT MICHELMAN
State Bar No. 00797075
Federal ID No. 20802
JPMorgan Chase Tower
600 Travis, Suite 1600
Houston, Texas 77002-2911
Telephone:    713/227-8008
Telefax:    713/227-9508

ATTORNEYS FOR DEFENDANT,
ELI LILLY AND COMPANY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| VERONICA RAMIREZ, | § | |
| Individually, and as Next Friend of | § | |
| JEREMIAH S. RAMIREZ, a minor, | § | Civil Action No. **B-03-155** |
|  | § | |
| Plaintiff, | § | JURY DEMAND |
|  | § | |
| v. | § | |
|  | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION d/b/a WYETH, WYETH | § | **CONSENT TO REMOVAL** |
| LABORATORIES, WYETH-AYERST, | § | |
| WYETH-AYERST LABORATORIES, | § | |
| WYETH LEDERLE, WYETHER LEDERLE | § | |
| VACCINES and LEDERLE | § | |
| LABORATORIES; ABBOTT | § | |
| LABORATORIES, INC.; AMERICAN | § | |
| INTERNATIONAL CHEMICAL, INC.; | § | |
| AVENTIS PASTEUR, INC., | § | |
| INDIVIDUALLY and AS SUCCESSOR IN | § | |
| INTEREST TO CONNAUGHT | § | |
| LABORATORIES, INC., PASTEUR | § | |
| MERIEUX AND PASTEUR MERIEUX | § | |
| CONNAUGHT; B.F. ASCHER & | § | |
| COMPANY, INC.; EVANS MEDICAL | § | |
| LIMITED; MERCK AND CO., INC.; | § | |
| RPK PHARMACEUTICALS, INC.; DOLDER; | § | |
| ELI LILLY AND COMPANY; SMITHKLINE | § | |
| BEECHAM CORPORATION; ORALIA T. | § | |
| WELLS, M.D.; ELOISA T. GONZALEZ, M.D; | § | |
| and JOHN DOES #1-200, WHO ARE | § | |
| INDIVIDUALS, PROPRIETORSHIPS, | § | |
| CORPORATIONS OR OTHER ENTITIES | § | Cameron County District Court |
| WHOSE NAMES AND IDENTITIES ARE | § | 107th Judicial District |
| OTHERWISE UNKNOWN TO PLAINTIFF, | § | Cause No. 2003-06-3291-A |
|  | § | |
| Defendants. | § | |

NYDOCS:1110810.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

VERONICA RAMIREZ,                        §
Individually, and as Next Friend of      §
JEREMIAH S. RAMIREZ, a minor,            §        Civil Action No. **B - 03 - 155**
                                         §        _____
            Plaintiff,                   §
                                         §        JURY DEMAND
                                         §
v.                                       §
                                         §
AMERICAN HOME PRODUCTS                   §
CORPORATION d/b/a WYETH, WYETH           §        **CONSENT TO REMOVAL**
LABORATORIES, WYETH-AYERST,              §
WYETH-AYERST LABORATORIES,               §
WYETH LEDERLE, WYETHER LEDERLE           §
‛VACCINES and LEDERLE                     §
LABORATORIES; ABBOTT                     §
LABORATORIES, INC.; AMERICAN             §
INTERNATIONAL CHEMICAL, INC.;            §
AVENTIS PASTEUR, INC.,                   §
INDIVIDUALLY and AS SUCCESSOR IN         §
INTEREST TO CONNAUGHT                    §
LABORATORIES, INC., PASTEUR              §
MERIEUX AND PASTEUR MERIEUX              §
CONNAUGHT; B.F. ASCHER &                 §
COMPANY, INC.; EVANS MEDICAL             §
LIMITED; MERCK AND CO., INC.;            §
RPK PHARMACEUTICALS, INC.; DOLDER;       §
ELI LILLY AND COMPANY; SMITHKLINE        §
BEECHAM CORPORATION; ORALIA T.           §
WELLS, M.D.; ELOISA T. GONZALEZ, M.D;    §
and JOHN DOES #1-200, WHO ARE            §
INDIVIDUALS, PROPRIETORSHIPS,            §
CORPORATIONS OR OTHER ENTITIES           §        Cameron County District Court
WHOSE NAMES AND IDENTITIES ARE           §        107th Judicial District
OTHERWISE UNKNOWN TO PLAINTIFF,          §        Cause No. 2003-06-3291-A
                                         §
            Defendants.                  §

## CONSENT TO REMOVAL

Defendant Evans Medical Ltd., specially appearing and reserving all defenses regarding personal jurisdiction and service and without waiving same, hereby advises this Court that it consents to Defendant Merck & Co., Inc.'s removal of this action from the 107th Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division.

DATED this 26th day of August, 2003.

BINGHAM MCCUTCHEN LLP

By ___Amy DePippo___
   Peter C. Neger
   Amy DePippo
   399 Park Avenue
   New York, NY 10022-4689
   212.705.7000

COUNSEL FOR DEFENDANT
EVANS MEDICAL LTD.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| VERONICA RAMIREZ,<br>Individually and As Next Friend of<br>JEREMIAH S. RAMIREZ, a minor, | §<br>§<br>§<br>§ | Civil Action No. **B-03-155**<br>_____ |
| Plaintiff, | §<br>§ | JURY DEMAND |
| | § | |
| VS. | §<br>§ | |
| AMERICAN HOME PRODUCTS<br>CORPORATION d/b/a WYETH, WYETH<br>LABORATORIES, WYETH-AYERST,<br>WYETH-AYERST LABORATORIES,<br>WYETH LEDERLE,<br>WYETHER LEDERLE VACCINES and<br>LEDERLE LABORATORIES; ABBOTT<br>LABORATORIES, INC.; AMERICAN<br>INTERNATIONAL CHEMICAL, INC.;<br>AVENTIS PASTEUR, INC.,<br>INDIVIDUALLY AND AS SUCCESSOR IN<br>INTEREST TO CONNAUGHT<br>LABORATORIES, INC., PASTEUR<br>MERIEUX AND PASTEUR MERIEUX<br>CONNAUGHT; B.F. ASCHER &<br>COMPANY, INC.; EVANS MEDICAL<br>LIMITED; MERCK AND COMPANY, INC.;<br>RPK PHARMACEUTICALS, INC.; DOLDER;<br>ELI LILLY AND COMPANY; SMITHKLINE<br>BEECHAM CORPORATION; ORALIA T.<br>WELLS, M.D.; ELOISA T. GONZALEZ,<br>M.D.; and JOHN DOES #1-200, WHO ARE<br>INDIVIDUALS, PROPRIETORSHIPS,<br>CORPORATIONS OR OTHER ENTITIES<br>WHOSE NAMES AND IDENTITIES<br>ARE OTHERWISE UNKNOWN TO<br>PLAINTIFF, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **WYETH'S<br>CONSENT TO REMOVAL**<br><br><br><br><br><br><br><br><br><br><br><br>Cameron County District Court<br>107th Judicial District<br>Cause No. 2003-06-3291-A |
| Defendants. | §<br>§ | |

1

## CONSENT TO REMOVAL

Defendant Wyeth, formerly known as American Home Products Corporation, on behalf of itself and the improperly named "Wyeth Laboratories," "Wyeth-Ayerst," "Wyeth-Ayerst Laboratories," "Wyeth Lederle," "Wyether Lederle," "Wyether Lederle Vaccines" and "Lederle Laboratories," specially appearing and reserving all defenses regarding personal jurisdiction and service and without waiving same, hereby advises this Court that it consents to Defendant Merck & Co., Inc.'s removal of this action from the 107th Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division.

DATED this 26th day of August, 2003.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,**
**A PROFESSIONAL CORPORATION**
P.O. Box 1148
Austin, TX 78767
(512) 472-8800 (Telephone)
(512) 474-1129 (Facsimile)


By:   Michael R. Klatt
　　　Michael R. Klatt           Signed by Permission
　　　Attorney-in-Charge         Paul A. Campbell
　　　State Bar No. 11554200     State Bar No. 24036315
　　　Southern ID No. 13004      Southern ID No. 34827

**OF COUNSEL:**

Susan Burnett
State Bar No. 20648050
Southern ID No. 18604
Jeffrey R. Lilly
State Bar No. 00787905
Southern ID No. 25873
**CLARK, THOMAS & WINTERS**
**A PROFESSIONAL CORPORATION**

P.O. Box 1148
Austin, Texas 78767
(512) 472-8800 (Telephone)
(512) 474-1129 (Facsimile)

And

Daniel J. Thomasch
Lauren J. Elliot
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
666 Fifth Avenue
New York, New York 10103
(212) 506- 5000 (Telephone)
(212) 506-5151 (Facsimile)

**ATTORNEYS FOR DEFENDANT WYETH**

VERONICA RAMIREZ, Individually and.. §
as Next Friends of JEREMIAH S. §
RAMIREZ, a minor, §
§
            Plaintiff, §
§
VS. §
§
AMERICAN HOME PRODUCTS §
CORPORATION d/b/a WYETH, WYETH §
LABORATORIES, et al., §
§
§
§
§
            Defendants. §

Civil Action No. **B - 03 - 155** .
                  `_____`

JURY DEMAND

**CONSENT TO REMOVAL FROM:**

Cameron County District Court
107th Judicial District
Cause No. 2003-06-3291-A

## CONSENT TO REMOVAL

Defendant Aventis Pasteur Inc., hereby advises this Court that it consents to

Defendant Merck & Co., Inc.'s removal of this action from the 107th Judicial District Court of

Cameron County, Texas, to the United States District Court.

DATED this ____22nd____ day of August, 2003.

SWIFT, CURRIE, McGHEE & HIERS, LLP

By_____
Bradley S. Wolff
Georgia Bar No. 773388
1355 Peachtree Street
Suite 300
Atlanta, Georgia 30309-3238
404-874-8800
404-888-6199(Fax)

COUNSEL FOR DEFENDANT
AVENTIS PASTEUR INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VERONICA RAMIREZ, Individually and as | § | Civil Action No. **B-03-155** |
| Next Friend of JEREMIAH S. RAMIREZ, | § | |
| a minor, | § | JURY DEMAND |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | |
| | § | |
| AMERICAN HOME PRODUCTS | § | **ABBOTT LABORATORIES'** |
| CORPORATION d/b/a WYETH, WYETH | § | **CONSENT TO REMOVAL** |
| LABORATORIES, WYETH-AYERST, | § | |
| WYETH-AYERST LABORATORIES, | § | |
| WYETH LEDERLE, WYETHER LEDERLE, | § | |
| WYETHER LEDERLE VACCINES and | § | |
| LEDERLE LABORATORIES; ABBOTT | § | |
| LABORATORIES, INC.; AMERICAN | § | |
| INTERNATIONAL CHEMICAL, INC.; | § | |
| AVENTIS PASTEUR, INC., | § | |
| INDIVIDUALLY AND AS SUCCESSOR IN | § | |
| INTEREST TO CONNAUGHT | § | |
| LABORATORIES, INC., PASTEUR | § | |
| MERIEUX AND PASTEUR MERIEUX | § | |
| CONNAUGHT; B.F. ASCHER & | § | |
| COMPANY, INC.; EVANS MEDICAL | § | |
| LIMITED; MERCK AND COMPANY, INC.; | § | |
| RPK PHARMACEUTICALS, INC.; DOLDER; | § | |
| ELI LILLY AND COMPANY; SMITHKLINE | § | |
| BEECHAM CORPORATION; ORALIA T. | § | |
| WELLS, M.D.; ELOISA T. GONZALEZ, M.D.; | § | |
| and JOHN DOES #1-200, WHO ARE | § | |
| INDIVIDUALS, PROPRIETORSHIPS, | § | |
| CORPORATIONS OR OTHER ENTITIES | § | |
| WHOSE NAMES AND IDENTITIES ARE | § | |
| OTHERWISE UNKNOWN TO PLAINTIFF, | § | 107th Judicial District Court |
| | § | Cameron County, Texas |
| *Defendants*. | § | Cause No. 2003-06-3291-A |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

VERONICA RAMIREZ, Individually and As    *
Next Friend of JEREMIAH S. RAMIREZ, a    *
minor    *
   *
VS.    *    CIVIL ACTION NO.
   *    _____ **B-03-155**
AMERICAN HOME PRODUCTS    *
CORPORATION d/b/a WYETH; et al.    *    JURY DEMANDED

## DEFENDANT B. F. ASCHER & CO., INC.'S
## JOINDER AND CONSENT TO REMOVAL OF CIVIL ACTION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW B. F. ASCHER & CO., INC., by and through its counsel, and without waiving service of process or any defenses and without consenting to either jurisdiction or venue, joins in and consents to the removal of Cause Number 2003-06-3291-A from the 107th Judicial District Court of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
      Mitchell C. Chaney
Attorney-in-Charge
State Bar No. 04107500
Southern District Admissions No. 1918
      Sarah A. Nicolas
State Bar No. 24013543
Southern District Admissions No. 32122
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT
B. F. ASCHER & CO., INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant B. F. Ascher & Co., Inc.'s Joinder and Consent to Removal of Civil Action was served upon all counsel of record, by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 3rd day of September, 2003.

_____
Mitchell C. Chaney

CAUSE NO. 2003-06-3291-A

| | | |
|---|---|---|
| VERONICA RAMIREZ,<br>Individually, and as Next Friend of<br>JEREMIAH S. RAMIREZ, a minor, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| *Plaintiff,* | §<br>§ | |
| VS. | §<br>§ | CAMERON COUNTY, TEXAS |
| AMERICAN HOME PRODUCTS<br>CORPORATION d/b/a WYETH, WYETH<br>LABORATORIES, WYETH-AYERST,<br>WYETH-AYERST LABORATORIES,<br>WYETH LEDERLE, WYETHER LEDERLE,<br>WYETHER LEDERLE VACCINES and<br>LEDERLE LABORATORIES; ABBOTT<br>LABORATORIES, INC.; AMERICAN<br>INTERNATIONAL CHEMICAL, INC.;<br>AVENTIS PASTEUR, INC.,<br>INDIVIDUALLY AND AS SUCCESSOR IN<br>INTEREST TO CONNAUGHT<br>LABORATORIES, INC., PASTEUR<br>MERIEUX AND PASTEUR MERIEUX<br>CONNAUGHT; B.F. ASCHER &<br>COMPANY, INC.; EVANS MEDICAL<br>LIMITED; MERCK AND COMPANY, INC.;<br>RPK PHARMACEUTICALS, INC.; DOLDER;<br>ELI LILLY AND COMPANY; SMITHKLINE<br>BEECHAM CORPORATION; ORALIA T.<br>WELLS, M.D.; ELOISA T. GONZALEZ, M.D.;<br>and JOHN DOES #1-200, WHO ARE<br>INDIVIDUALS, PROPRIETORSHIPS,<br>CORPORATIONS OR OTHER ENTITIES<br>WHOSE NAMES AND IDENTITIES ARE<br>OTHERWISE UNKNOWN TO PLAINTIFF, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants.* | § | 107TH JUDICIAL DISTRICT |

HOU02:949660.1

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:      The Honorable Aurora de la Garza, District Clerk, Courthouse, 974 E. Harrison Street, Brownsville, Texas 78520.

            Ben C. Martin, Edward W. Sampson, and William F. Blankenship, III, Law Offices of Ben C. Martin, 2100 McKinney Avenue, Suite 1975, Dallas, Texas 75201

            Tim Goss, Capshaw, Goss & Bowers, 3031 Allen Street, Suite 200, Dallas, Texas 75204

FROM:   Richard L. Josephson, Baker Botts L.L.P., One Shell Plaza, 910 Louisiana, Houston, Texas 77002.

            Pursuant to 28 U.S.C. § 1446(d), defendant Merck & Company, Inc. files this notice to advise the Court and all opposing counsel that it has filed a Notice of Removal, which is attached as Exhibit A, in the United States District Court for the Southern District of Texas, Brownsville Division. This notice of filing the Notice of Removal will serve to complete the removal of this case to federal court under 28 U.S.C. § 1446(a)-(e), precluding further proceedings in this action.

Respectfully submitted,

BAKER BOTTS L.L.P.

By _Richard Josephson_ M *permission*
    *McGowan*
    *Bar No 04631400*

    Richard L. Josephson
    Attorney-in-Charge
    State Bar No. 11031500
    One Shell Plaza
    910 Louisiana
    Houston, TX  77002
    (713) 229-1460
    (713) 229-1522 (fax)
    richard.josephson@bakerbotts.com

COUNSEL FOR DEFENDANT MERCK & CO., INC.

OF COUNSEL:

BAKER BOTTS L.L.P.

Paul R. Elliott
State Bar No. 06547500
Douglas B. Roberson
State Bar No. 24013409
One Shell Plaza
910 Louisiana
Houston, TX  77002
(713) 229-1460
(713) 229-1522 (fax)

## Certificate of Service

I certify that on this ___ day of September, 2003, I served the above pleading on the following counsel of record in accordance with the Texas Rules of Civil Procedure.

**Attorneys for plaintiffs:**
Ben C. Martin
Edward W. Sampson
William F. Blankenship, III
Law Offices of Ben C. Martin
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201

Tim Goss
Capshaw, Goss & Bowers
3031 Allen Street, Suite 200
Dallas, Texas 75204

**Attorneys for defendant
Evans Medical Limited**
Peter C. Neger
Bingham McCutchen LLP
399 Park Avenue
New York, New York 10022
and
Amy DePippo
Timothy Stephens
Bingham McCutchen LLP
885 Third Avenue
New York, New York 10022

**Attorneys for defendant B.F. Ascher &
Company, Inc.**
Mitchell C. Chaney
Rodriguez Colvin & Chaney
1201 E Van Buren St.
Brownsville, Texas 78520

**Attorneys for defendant
Wyeth (f/k/a American
Home Products)**
Michael R. Klatt
Clark, Thomas & Winters
P.O. Box 1148
Austin, Texas 78767

**Authorized representative for defendant
American International Chemical, Inc.**
James Ray
Daw & Ray
5718 Westheimer, Suite 1750
Houston, Texas 77057

**Attorneys for defendant
Aventis Pasteur Inc., f/k/a Connaught
Laboratories, Inc., f/d/b/a Pasteur Merieux
Connaught**
Bradley S. Wolff
Swift, Currie, McGhee & Hiers, LLP
The Peachtree
Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3238

R. Jo Reser
Davidson & Troilo
7550 W. IH 10, Suite 800
San Antonio, Texas 78229

**Authorized representative for defendant
Dolder**
Dr. Robert Koller
Dolder
Immengasse 9
4004 Basel Switzerland

**Attorneys for defendant**
**Eli Lilly and Company**
M. Scott Michelman
Shook, Hardy & Bacon, LLP
600 Travis Street, Suite 1600
Houston, Texas 77002-2911

**Attorneys for defendant**
**Smithkline Beecham Corporation d/b/a**
**Glaxosmithkline**
Jeffrey S. Wolff
Barclay A. Manley
Fulbright & Jaworski
1301 McKinney, Suite 5100
Houston, TX 77010-3095
and
Stephanie Smith
Stacey A. Martinez
Fulbright & Jaworski
600 Congress Avenue, Suite 2400
Austin, Texas 78701-3271

**Defendant Eloisa T. Gonzalez, M.D.**
825 Lakeside Drive
Brownsville, Texas 78520

**Authorized representative for defendant**
**RPK Pharmaceuticals, Inc.**
Michael Losasso
3001 Aloma Avenue, Suite 220
Winter Park, Florida 32792

**Attorneys for Abbott Laboratories**
Richard L. Josephson
Paul R. Elliott
Douglas B. Roberson
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002-4995

**Defendant Oralia T. Wells, M.D.**
825 Lakeside Drive
Brownsville, Texas 78520

Richard Josephson
Richard L. Josephson by permission
McBottall
Bar No 04631400

RUN DATE 09/11/03
RUN TIME 11:06 AM

PAGE: 01

2003-06-003291-A

* * * * * C L E R K ' S   E N T R I E S * * * * *

CAB-03-155

AMERICAN HOME PRODUCTS CORPORATION ET. AL,

VS

VERONICA RAMIREZ ET.AL,

(10)   NEGLIGENCE / DAMAGES

06   27   03

30.00

CAPSHAW, GOSS & BOWERS

00660001
WILLIAM F. BLANKENSHIP, III
2100 MCKINNEY AVENUE, STE 1975
DALLAS, TEXAS     75201 0000

00677501
PHILIPA M. REMINGTON
1445 ROSS AVENUE
DALLAS, TEXAS     75202 0000

06/27/03   ORIGINAL PETITION FILED
06/27/03   JURY FEE: Pd. by WILLIAM F. BLANKENSHIP, III
07/01/03   CITATION: AMERICAN HOME PRODUCTS CORPORATION
               SERVED: 08/25/03        FILED: 08/28/03
07/01/03   CITATION: ABBOTT LABRATORIES, INC.
               SERVED: 08/13/03        FILED: 08/25/03
07/01/03   CITATION: AMERICAN INTERNATIONAL CHEMICAL, INC.
               SERVED:
07/01/03   CITATION: AVENTIS PASTEUR, INC.
               SERVED: 08/18/03        FILED: 08/22/03
07/01/03   CITATION: B. F. ASCHER & COMPANY, INC.
               SERVED: 08/18/03        FILED: 08/22/03
07/01/03   CITATION: EVANS MEDICAL LIMITED
               SERVED:
07/01/03   CITATION: MERCK & CO., INC.
               SERVED: 08/18/03        FILED: 08/22/03
07/01/03   CITATION: RPR PHARMACEUTICALS, INC.
               SERVED: 08/22/03        FILED: 08/27/03
07/01/03   CITATION: DOLDER
               SERVED:
07/01/03   CITATION: ELI LILLY AND COMPANY
               SERVED: 08/18/03        FILED: 08/22/03
07/01/03   CITATION: SMITHKLINE BEECHAM CORPORATION
               SERVED: 08/25/03        FILED: 08/28/03
07/01/03   CITATION: ORALIA T. WELLS, M.D.        FILED:

09/03/03   NOTICE OF REMOVAL pursuant to 28 USC Sec. 1446(d) received on
09/03/03   behalf of Def. Merck & Co., Inc. federal case number B-03-155
09/03/03   Court orders case disposed until further orders...BEjr/eeo
09/03/03   ORDER ON NOTICE OF REMOVAL BEURESTI/Costos

United States District Court
Southern District of Texas
RECEIVED

SEP 12 2003

Michael N. Milby, Clerk of Court

RUN DATE 09/11/03
RUN TIME 11:06 AM

PAGE: 02

2003-06-003291-A

VERONICA RAMIREZ ET.AL,

VS

AMERICAN HOME PRODUCTS CORPORATION ET. AL,

\*  \*  \*   C L E R K ' S   E N T R I E S   \*  \*  \*

00666001
WILLIAM F. BLANKENSHIP, III
2100 MCKINNEY AVENUE, STE 1975
DALLAS, TEXAS       75201 0000

00677501
PHILIPA M. REMINGTON
1445 ROSS AVENUE
DALLAS, TEXAS       75202 0000

(10)

NEGLIGENCE / DAMAGES

06   27   03

CAPHSHAW,
GOSS & BOWERS

30.00

07/01/03       SERVED: 08/25/03      FILED: 09/03/03
07/01/03  CITATION: ELOISA T. GONZALEZ, M.D.
07/01/03       SERVED: 08/13/03      FILED: 08/13/03
09/03/03  NOTICE OF FILING OF NOTICE OF
          REMOVAL/C.OSTOS
09/04/03  ORIGINAL ANSWER: ORALIA T. WELLS, M.D.
09/04/03  DF ORALIA T. WELLS, M.D.'S SPECIAL
          EXCEPTIONS AND ORIGINAL
09/04/03  ANSWER/C.OSTOS
09/04/03  .