IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 0 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VERONICA RAMIREZ, Individually and | * | |
| As Next Friend of JEREMIAH S. RAMIREZ, | * | |
| a minor | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. |
| | * | 03-CV-155 |
| AMERICAN HOME PRODUCTS | * | |
| CORPORATION d/b/a WYETH; et al. | * | JURY DEMANDED |

## DEFENDANT B. F. ASCHER & CO., INC.'S
## ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW B. F. ASCHER & CO., INC., one of the Defendants in the above entitled and numbered cause, and files this its Original Answer and Jury Demand in response to Plaintiffs' Original Petition, and would show the Court as follows:

### ANSWER

1.      Defendant denies all allegations contained in sub-paragraph 1.01 of Paragraph I of Plaintiffs' Original Petition.

2.      Defendant denies all allegations contained in sub-paragraph 2.01 of Paragraph II of Plaintiffs' Original Petition.

3.      Defendant denies all allegations contained in sub-paragraph 2.02 of Paragraph II of Plaintiffs' Original Petition.

4.      Defendant denies all allegations contained in sub-paragraph 2.03 of Paragraph II of Plaintiffs' Original Petition.

5.      Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 2.04 of Paragraph II of Plaintiffs' Original Petition, and therefore, denies same.

6.     Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 2.05 of Paragraph II of Plaintiffs' Original Petition, and therefore, denies same.

7.     Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 2.06 of Paragraph II of Plaintiffs' Original Petition, and therefore, denies same.

9.     Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 2.07 of Paragraph II of Plaintiffs' Original Petition, and therefore, denies same.

10.     Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 2.08 of Paragraph II of Plaintiffs' Original Petition, and therefore, denies same.

11.     Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 2.09 of Paragraph II of Plaintiffs' Original Petition, and therefore, denies same.

12.     Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 2.10 of Paragraph II of Plaintiffs' Original Petition, and therefore, denies same.

13.     Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 2.11 of Paragraph II of Plaintiffs' Original Petition, and therefore, denies same.

14.     Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 3.01 of Paragraph III of Plaintiffs' Original Petition, and therefore, denies same.

15.     Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 3.02 of Paragraph III of Plaintiffs' Original Petition, and therefore, denies same.

16.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 3.03 of Paragraph III of Plaintiffs' Original Petition, and therefore, denies same.

17.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 3.04 of Paragraph III of Plaintiffs' Original Petition, and therefore, denies same.

18.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 3.05 of Paragraph III of Plaintiffs' Original Petition, and therefore, denies same.

19.    Defendant admits that it is a foreign corporation and may be served by serving James Ascher. Defendant states that, based on the limited information in the petition, it is without knowledge or sufficient information to form a belief as to the truth of the allegations that it was engaged in the business of manufacturing and/or marketing vaccines and/or products containing Thimerosal at any time relevant to this cause of action. Defendant denies the remaining allegations contained in sub-paragraph 3.06 of Paragraph III of Plaintiffs' Original Petition not specifically admitted herein.

20.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 3.07 of Paragraph III of Plaintiffs' Original Petition, and therefore, denies same.

21.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 3.08 of Paragraph III of Plaintiffs' Original Petition, and therefore, denies same.

22.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 3.09 of Paragraph III of Plaintiffs' Original Petition, and therefore, denies same.

23.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 3.10 of Paragraph III of Plaintiffs' Original Petition, and therefore, denies same.

24.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 3.11 of Paragraph III of Plaintiffs' Original Petition, and therefore, denies same.

25.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 3.12 of Paragraph III of Plaintiffs' Original Petition, and therefore, denies same.

26.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 3.13 of Paragraph III of Plaintiffs' Original Petition, and therefore, denies same.

27.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 3.14 of Paragraph III of Plaintiffs' Original Petition, and therefore, denies same.

28.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 3.15 of Paragraph III of Plaintiffs' Original Petition, and therefore, denies same.

29.    Defendant admits that Thimerosal is not a vaccine and that mercury exposure has certain neurological effects.  Defendant denies all remaining allegations contained in sub-paragraph 4.01 of Paragraph IV of Plaintiffs' Original Petition.

30.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 4.02 of Paragraph IV of Plaintiffs' Original Petition, and therefore, denies same.

31.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 4.03 of Paragraph IV of Plaintiffs' Original Petition, and therefore, denies same.

32.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 4.04 of Paragraph IV of Plaintiffs' Original Petition, and therefore, denies same.

33.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 4.05 of Paragraph IV of Plaintiffs' Original Petition, and therefore, denies same.

34.    Defendant denies all allegations contained in sub-paragraph 4.06 of Paragraph IV of Plaintiffs' Original Petition.

35.    Defendant denies all allegations contained in sub-paragraph 4.07 of Paragraph IV of Plaintiffs' Original Petition.

36.    Defendant denies all allegations contained in sub-paragraph 4.08 of Paragraph IV of Plaintiffs' Original Petition.

37.    Defendant denies all allegations contained in sub-paragraph 4.09 of Paragraph IV of Plaintiffs' Original Petition.

38.    Defendant states that it has not shipped any products containing Thimerosal for several years.  Defendant denies all remaining allegations contained in sub-paragraph 5.01 of Paragraph V of Plaintiffs' Original Petition.

39.    Defendant denies all allegations contained in sub-paragraph 5.02 of Paragraph V of Plaintiffs' Original Petition.

40.    Defendant states that it has not shipped any products containing Thimerosal for several years.  Defendant denies all remaining allegations contained in sub-paragraph 6.01 of Paragraph VI of Plaintiffs' Original Petition.

41.    Defendant denies all allegations contained in sub-paragraph 6.02 of Paragraph VI of Plaintiffs' Original Petition.

42.    Defendant states that it has not shipped any products containing Thimerosal for several years.  Defendant denies all remaining allegations contained in sub-paragraph 7.01 of Paragraph VII of Plaintiffs' Original Petition.

43.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 7.02 of Paragraph VII of Plaintiffs' Original Petition, and therefore, denies same.

44.    Defendant denies all allegations contained in sub-paragraph 7.03 of Paragraph VII of Plaintiffs' Original Petition.

45.    Defendant denies all allegations contained in sub-paragraph 7.04 of Paragraph VII of Plaintiffs' Original Petition.

46.    Defendant admits that Defendant conforms to pharmaceutical industry standards.  Defendant denies all remaining allegations contained in sub-paragraph 8.01 of Paragraph VIII of Plaintiffs' Original Petition.

47.    Defendant denies all allegations contained in sub-paragraph 8.02 of Paragraph VIII of Plaintiffs' Original Petition.

48.    Defendant states that it has not shipped any products containing Thimerosal for several years.  Defendant denies all remaining allegations contained in sub-paragraph 9.01 of Paragraph IX of Plaintiffs' Original Petition.

49.    Defendant denies all allegations contained in sub-paragraph 9.02 of Paragraph IX of Plaintiffs' Original Petition.

50.    Defendant denies all allegations contained in sub-paragraph 9.03 of Paragraph IX of Plaintiffs' Original Petition.

51.    Defendant denies all allegations contained in sub-paragraph 9.04 of Paragraph IX of Plaintiffs' Original Petition.

52.    Defendant denies all allegations contained in sub-paragraph 10.01 of Paragraph X of Plaintiffs' Original Petition.

53.    Defendant denies all allegations contained in sub-paragraph 10.02 of Paragraph X of Plaintiffs' Original Petition.

54.    Defendant denies all allegations contained in sub-paragraph 10.03 of Paragraph X of Plaintiffs' Original Petition.

55.    Defendant denies all allegations contained in sub-paragraph 11.01 of Paragraph XI of Plaintiffs' Original Petition.

56.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 11.02 of Paragraph XI of Plaintiffs' Original Petition, and therefore, denies same.

57.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 11.03 of Paragraph XI of Plaintiffs' Original Petition, and therefore, denies same.

58.    Defendant denies all allegations contained in sub-paragraph 12.01 of Paragraph XII of Plaintiffs' Original Petition.

59.    Defendant denies all allegations contained in sub-paragraph 13.01 of Paragraph XIII of Plaintiffs' Original Petition.

60.    Defendant denies all allegations contained in sub-paragraph 13.02 of Paragraph XIII of Plaintiffs' Original Petition.

61.    Defendant denies all allegations contained in sub-paragraph 13.03 of Paragraph XIII of Plaintiffs' Original Petition.

62.    Defendant denies all allegations contained in sub-paragraph 13.04 of Paragraph XIII of Plaintiffs' Original Petition.

63.    Defendant denies all allegations contained in sub-paragraph 13.05 of Paragraph XIII of Plaintiffs' Original Petition.

64.    Defendant denies all allegations contained in sub-paragraph 13.06 of Paragraph XIII of Plaintiffs' Original Petition.

65.    Defendant denies all allegations contained in sub-paragraph 14.01 of Paragraph XIV of Plaintiffs' Original Petition.

66.    Defendant denies all allegations contained in sub-paragraph 14.02 of Paragraph XIV of Plaintiffs' Original Petition.

67.   Defendant denies all allegations contained in sub-paragraph 14.03 of Paragraph XIV of Plaintiffs' Original Petition.

68.   The statements contained in sub-paragraph 15.01 of Paragraph XV of Plaintiffs' Original Petition do not require either an admission or denial. However, to the extent that the statements make averments of fact or law, Defendant denies same.

69.   The statements contained in sub-paragraph 16.01 of Paragraph XVI of Plaintiffs' Original Petition do not require either an admission or denial. However, to the extent that the statements make averments of fact or law, Defendant denies same.

70.   Defendant denies that Plaintiffs are entitled to a judgment, compensatory damages, statutory damages, exemplary damages, pre-judgment interest, post-judgment interest, costs, or any other relief prayed for in the prayer of Plaintiffs' Original Petition.

71.   Defendant denies each and every allegation contained in Plaintiffs' Original Petition not specifically admitted herein.

AFFIRMATIVE DEFENSES

72.   Defendant states that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendant specifically denies, the exclusive remedy for Plaintiffs' claims against Defendants is provided by the National Childhood Vaccine Injury Act, and, therefore, any recovery by Plaintiffs against Defendants is barred.

73.   Defendant states that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendant specifically denies, upon information and belief, Plaintiffs have failed to file their vaccine-related claims in Vaccine Court prior to bringing this suit as required by the National Childhood Vaccine Injury Act.

74.   Defendant states that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendant specifically denies, that such injury or damage was the result of idiosyncratic or hypersensitive response to Plaintiffs' alleged exposure to Thimerosal, and accordingly, such injuries were not foreseeable.

75.     Defendant further affirmatively alleges that Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' contributory negligence, gross negligence, and recklessness in that they failed to exercise ordinary care, caution and prudence to avoid the incident which is the basis of this cause of action.  Plaintiffs' acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiffs' petition.

76.     Defendant states that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendant specifically denies, the assumption of risk, on the part of persons whose assumption of the risk may be imputed to one or more Plaintiffs, including but not limited to the assumption of risk on the part of a parent, child, or spouse of such Plaintiffs, caused or contributed to such Plaintiffs' alleged damages, and therefore, any recovery by such Plaintiffs is barred.

77.     Defendant further affirmatively alleges that if Plaintiffs were damaged as alleged, which is not admitted but is expressly denied, such damages were caused or contributed to, in whole or in part, by a party through which Defendant is not responsible.

78.     Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence, gross negligence, and recklessness of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

79.     Defendant further affirmatively alleges that the act or omission of a person other than this Defendant was the sole proximate cause of the Plaintiffs' alleged injuries.

80.     Defendant further affirmatively alleges that the acts or omissions of other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in this lawsuit.

81.     Defendant states that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendant specifically denies, the assumption of risk on the part

of Plaintiffs caused or contributed to Plaintiffs' alleged damages, and therefore, any recovery by Plaintiffs is barred.

82.    Defendant states that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendant specifically denies, the failure of Plaintiffs to mitigate their damages caused or contributed to Plaintiffs' alleged damages, and therefore, any recovery by such Plaintiffs is barred or shall be reduced by an amount equal to the damages Plaintiffs failed to mitigate.

83.    Defendant affirmatively alleges that all or part of Plaintiffs' claims and causes of action are barred by the applicable statute of limitations and/or the doctrine of laches.

84.    Defendant states that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendant specifically denies, the negligence, fault, or carelessness of others not named as parties caused or contributed to Plaintiffs' alleged damages, and therefore, any recovery by Plaintiffs against Defendant is barred or the trier of fact shall determine the percentages of responsibility attributable to all parties and/or others not named as parties.

85.    Defendant states that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendant specifically denies, Defendant complied with all applicable statutes, codes, and regulations relating to the conduct referred to in Plaintiffs' Original Petition, and therefore, this action is preempted and any recovery by Plaintiffs is barred.

86.    Defendant states that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendant specifically denies, any assessment of punitive or exemplary damages is not permitted by applicable law and/or violates this Defendant's constitutional rights under Article I, Section 9, and the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution for the reason that the assessment of punitive or exemplary damages denies this Defendant its right to

substantive and procedural due process; the assessment of punitive or exemplary damages is penal in nature and tantamount to the imposition of an excessive and criminal fine without according this Defendant the same rights required for the imposition of a criminal fine; the guidelines, standards, and/or instructions for the imposition of punitive or exemplary damages are vague, indefinite, uncertain, and set no limit on the damages which can be awarded; the assessment of punitive or exemplary damages exposes this Defendant to multiple punishments and fines for the same act; the assessment of punitive or exemplary damages discriminates on the basis of wealth in that different amounts can be awarded against different defendants for the same act depending solely upon the material wealth of the various defendants; and the assessment of punitive or exemplary damages constitutes an impermissible burden on interstate commerce.

87.    Defendant further affirmatively denies that it is liable for exemplary damages and pleads affirmatively that the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

88.    Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

89.    Defendant further affirmatively alleges that Plaintiffs are not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

(a)    <u>Proscription on excessive fines</u>. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b)    <u>Requirements of Due Process</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c)    <u>Requirement of Equal Protection Under the Law</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d)    <u>Proscription on Ex Post Facto and Retroactive Law</u>. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e)    Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

90.    Defendant reserves the right to raise such additional defenses as may become available through investigation and discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing by this suit, and that Defendant be awarded its costs, and have such other and further relief, general and specific, at law or in equity, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By:    *Mitchell C Chaney* upon

Mitchell C. Chaney
Attorney-in-Charge
State Bar No. 04107500
Southern District No. 1918
Sarah A. Nicolas
State Bar No. 24013543
Southern District No. 32122
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
B. F. ASCHER & CO., INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant B. F. Ascher, Inc.'s Original Answer and Jury Demand was served upon all counsel of record, to-wit:

Ben C. Martin
Edward W. Sampson
Law Offices of Ben C. Martin
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201
Attorneys for Plaintiffs

Tim Goss
Capshaw, Goss & Bowers
3031 Allen Street, Suite 200
Dallas, Texas 75204
Attorneys for Plaintiffs

Michael R. Klatt
Clark Thomas & Winters
Post Office Box 1148
Austin, Texas 78767
Attorneys for Defendant Wyeth (f/k/a American Home Products
      Corporation)

Richard L. Josephson
Paul Reichert Elliott
Douglas B. Roberson
Baker & Botts
One Shell Plaza
910 Louisiana, Suite 3000
Houston, Texas 77002-9934
Attorneys for Defendants Abbott Laboratories, Inc.

James L. Ray
Daw & Ray
5718 Westheimer, Suite 1750
Houston, Texas 77057
Attorneys for Defendant American International Chemical, Inc.

Bradley S. Wolff
Swift, Currie, McGhee & Hiers
1355 Peachtree St. NE, Suite 300
Atlanta, Georgia 30309-3238
Attorneys for Defendant Aventis Pasteur, Inc.

Peter C. Neger
Bingham McCutchen LLP
399 Park Avenue
New York, New York 10022
Attorneys for Defendant Evans Medical Limited

Edmundo O. Ramirez
Ellis, Koeneke & Ramirez
1101 Chicago
McAllen, Texas 78501-4822
Attorneys for Defendant Merck and Company, Inc.

M. Scott Michelman
Shook, Hardy & Bacon
Chase Tower, Suite 1600
600 Travis Street
Houston, Texas 77002-2911
Attorneys for Defendant Eli Lilly and Company

Jeffrey S. Wolff
Fulbright & Jaworski
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Attorneys for Defendant SmithKline Beecham Corporation

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 5th day of September, 2003.

Mitchell C. Chaney
Mitchell C. Chaney