*16*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VERONICA RAMIREZ, INDIVIDUALLY | § | |
| and AS NEXT FRIEND OF | § | |
| JEREMIAH S. RAMIREZ, a minor, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. B-03-155 |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION d/b/a WYETH, WYETH | § | JURY |
| LABORATORIES, WYETH-AYERST, | § | |
| WYETH-AYERST LABORATORIES, | § | PLAINTIFF'S MOTION TO |
| WYETH LEDERLE, WYETHER | § | REMAND |
| LEDERLE VACCINES and LEDERLE | § | |
| LABORATORIES, ET AL, | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S MOTION TO REMAND

COMES NOW VERONICA RAMIREZ, INDIVIDUALLY AND AS NEXT FRIEND OF

JEREMIAH S. RAMIREZ, A MINOR, Plaintiff ("Plaintiff") in the above styled action and files this

her Motion to Remand, and would respectfully request that the Court remand this cause to its

proper state court forum because federal jurisdiction over this matter is lacking.  In support of her

Motion to Remand, Plaintiff would respectfully show the Court the following:

### I.

### INTRODUCTION AND SUMMARY OF PROCEDURAL HISTORY

The instant lawsuit involves a Thimerosal claim brought by Plaintiff in a representative

capacity on behalf of her minor child ("Child Plaintiff") and on her own behalf for her separate

individual claims ("Parent Plaintiff").

PLAINTIFF'S MOTION TO REMAND                                    Page 1

Plaintiff commenced this civil action in a Texas State Court to recover her own individual damages and to pursue her child's claims. *See* Plaintiff's Original Petition, a copy of which is attached to Defendant's Notice of Removal on file in this cause. Plaintiff alleges in her Original Petition that her child's injuries are a result of exposure to large amounts of Thimerosal used in numerous childhood vaccines and, through a normal regimen of early childhood vaccinations, Child Plaintiff built up a cumulative body burden of mercury many times the permissible limit. *Id.* Defendants include the manufacturers and distributors of Thimerosal, the suppliers of the vaccines, and the doctors and clinics who administered them. *Id.*

Defendant Merck & Co., Inc. ("Defendant" or "Merck") removed Plaintiff's state court civil action to this Court. *See* Defendant's Notice of Removal on file in this cause. As the basis for removal, Defendant asserts that the non-diverse medical care providers[1] ("Healthcare Defendants") in this matter were fraudulently joined and that removal of this action is proper under 28 U.S.C. § 1441(b) and (c). *Id.* Specifically, Merck contends that this court should find fraudulent joinder because: (1) Plaintiff can have no cause of action against the Healthcare Defendants under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300a-1, et seq. ("Vaccine Act" or "Act") and, notwithstanding the Act, (2) there is no reasonably possibility that Plaintiff will be able to establish liability against the Healthcare Defendants under Texas law. As Plaintiff demonstrates below, Defendant's arguments are without merit.

---

[1]    Merck does not dispute that Defendant Oralia T. Wells, M.D. and Defendant Eloisa T. Gonzalez, M.D. are non-diverse citizens of the state of Texas.

## II.

### SUMMARY OF ARGUMENT

This case must be remanded for the following reasons:

A.    Defendant has not carried its burden to prove fraudulent joinder;

B.    Recent Fifth Circuit authority confirms that this case must be remanded because
Defendant's claim of federal jurisdiction relies upon claims and/or defenses that
are common to both diverse and non-diverse parties;

C.    Other Courts Have Remanded Thimerosal Cases Alleging the Fraudulent Joinder
of Healthcare Defendants and/or Involving the Claims of Parent Plaintiffs;

D.    Diversity jurisdiction does not exist because viable claims exist against resident
Healthcare Defendants;

E.    The Vaccine Act does not apply to bar the Parent Plaintiff's claims as the claims
of a parent are not covered by the Vaccine Act;

F.    The Vaccine Act does not apply because the injury to the Child Plaintiff was not
caused by a vaccine; and

G.    A reasonably possibility exists that Plaintiff will prevail on her negligence and
assault claims against the Healthcare Defendants under Texas law.

For the foregoing reasons, and all other reasons set forth herein, Plaintiff's Motion to Remand

should be granted.

## III.

### ARGUMENT AND AUTHORITIES

### A.    Merck Has Not Carried Its Burden to Prove Fraudulent Joinder.

Defendant's assertion of this Court's diversity jurisdiction hinges on the contention that

Plaintiff has fraudulently joined non-diverse medical care providers.  To establish that a

particular joinder is fraudulent, the removing party bears the burden of showing: 1) there is no

possibility that the plaintiff would be able to establish a cause of action against the in-state

defendant; or 2) there has been outright fraud on the plaintiff's pleading of the jurisdictional

facts. *B. Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir. 1981); *Keating v. Shell Chemical Co.,*

610 F.2d 328 (5th Cir. 1980); *Bobby Jones Garden Apartments v. Suleski,* 391 F.2d 172, 177 (5th

Cir. 1968); *Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir. 1964), *cert denied,* 376

U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964); *Burden v. General Dynamics Corp.,* 60 F.3d

213, 217 (5th Cir.1995); *Lejene v. Shell Oil Co.,* 950 F.2d 267, 271 (5th Cir. 1992)).  Merck has

not, and cannot, meet its burden of proving fraudulent joinder in this case.  Here, Merck alleges

no outright fraud on the Plaintiff's pleadings and maintains only that Plaintiff can establish no

cause of action against the non-diverse Healthcare Defendants due to the bar of the Vaccine Act.

　　　As the party seeking to establish removal jurisdiction, Merck bears the heavy burden of

establishing such jurisdiction. *B. Inc,* 663 F.2d at 549;  *Carriere v. Sears, Roebuck & Co.,* 898

F.2d 98, 100 (5th Cir.), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990).  When

asserting fraudulent joinder, the defendant must show by *clear and convincing* evidence that

there is no possibility that state law might impose liability on the defendants. *Wilson v. Republic*

*Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 3, 37, 66 L.Ed. 144 (1921)(emphasis added)*; Rogers*

*v. Modern Woodmen of America,* 1997 WL 206757, *2 (N.D. Miss. 1997).

　　　When considering whether Merck carried its burden to prove Plaintiff has no possibility

of success on her claims against the non-diverse defendants, all disputed questions of fact and all

ambiguities in controlling state law are to be resolved in favor of the non-removing party.

*Carriere v. Sears, Roebuck & Co.,* 898 F.2d 98, 100 (5th Cir.), *cert. denied,* 498 U.S. 817, 111

S.Ct. 60, 112 L.Ed.2d 35 (1990).  "It is not required of this Court to reach the merits of whether

such a cause of action will actually, or even probably, prevail. Rather, this Court need only

decide whether it is possible that a state court find a cause of action." *See Burden v. General*

*Dynamics Corp.,* 60 F.2d 213, 217 (5ᵗʰ Cir. 1995).

If there is even a possibility that the state court would find a cause of action stated against

one of the in-state defendants on the facts alleged by the Plaintiff, then the federal court must find

that the in-state defendants are properly joined, that there is incomplete diversity, and that the

case must be remanded to the state court. *B. Inc,* 663 F.2d at 549. Because they have offered no

clear and convincing evidence that there is no possibility Plaintiff could obtain a judgment

against the non-diverse Healthcare Defendants, Merck has not succeeded in meeting its burden

and overcoming the deference afforded to Plaintiff's choice of forum. Thus, this case must be

remanded to its proper Texas state court forum.

**B.      Recent Fifth Circuit authority confirms that this case must be remanded because
         Defendant's claim of federal jurisdiction relies upon claims and/or defenses that are
         common to both diverse and non-diverse parties.**

This Court is without jurisdiction to dismiss Plaintiff's claims on the basis of a common

defense under the guise of a limited jurisdictional inquiry. That is, because the tort bar of the

National Childhood Vaccine Injury Act ("Vaccine Act" or "Act") is a defense that applies or

does not apply equally to both the diverse manufacturer defendants and the non-diverse

Healthcare Defendants, Defendant's reliance upon the Act is misplaced.

The Fifth Circuit has recently addressed precisely this limitation on federal jurisdiction in

an identical Thimerosal action. In *Collins v. American Home Products Corporation, et al.,*[2] the

---

[2] The *Collins* opinion actually addressed two products liability actions: Collins v.
American Home Products Corporation, et al., wherein claims were brought on behalf of the
plaintiffs' minor children; and Stewart v. American Home Products Corpoation, et al. wherein

plaintiffs brought claims on their own behalf and on behalf of their minor children as a result of injuries caused by vaccinations containing Thimerosal. The district court held that the non-diverse defendants were fraudulently joined because the plaintiffs had not complied with the Vaccine Act. The Fifth Circuit disagreed - finding instead that the lower court had overstepped the bounds of the jurisdictional inquiry by ruling "on a common defense under the pretense of determining whether the Mississippi defendants had been fraudulently joined." *Collins ex rel. Collins v. American Home Products Corp.*, 2003 WL 21998574, *2 (5th Cir.(Miss. August 29, 2003)), *citing, Smallwood v. Ill. Cent. R.R. Co.*, No. 02-60782, --- F.3d ----, ----, 2003 WL 21805636, at *3 (5th Cir.Aug. 7, 2003).

The Fifth Circuit explained the basis for its holding in language that is directly applicable to the present case: "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court."[3] *E.g., Collins,* 2003 WL 21998574, at *2; *Smallwood* , 2003 U.S. App. Lexis 16181.

_____

many of the same plaintiffs brought claims on their own behalf for injuries and expenses incurred as the parents of the injured children. *Collins ex rel. Collins v. American Home Products Corp.,* 2003 WL 21998574, *1 (5th Cir.(Miss. August 29, 2003)),

[3]    By using this language, the Fifth Circuit has effectively rejected the argument that the bar of the Vaccine Act is a procedural determination that does not involve the merits of the case. " *Collins ex rel. Collins v. American Home Products Corp.,* 2003 WL 21998574, *2 (5th Cir.(Miss. August 29, 2003). The Court of Federal Claims in *Snowdon v. Secretary of HHS* has also ruled that the applicability of the Vaccine Act was a decision on the merits rather than a jurisdictional determination in connection with a motion to dismiss, saying: "In this case, the petitioners seek a holding that the Vaccine Act covers his claim. Such a determination is a determination of the merits of the case." 27 Fed.Cl. 434, 435 (1993).

In so holding, the Fifth Circuit joined numerous other courts that have found it improper

to find fraudulent joinder where the basis of such fraudulent joinder applies to both diverse and

non-diverse parties. *E.g., Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3rd Cir. 1992);

*Murakami v. E.L. DuPont De Nemours and Co.*, 191 F.3d 460, 1999 WL 701902, *3 (9th Cir.

1999); *Chesapeake & Ohio Railway Co. V. Cockrell*, 232 U.S. 146 (1914); *Boyer v. Snap-On

Tools Corp.*, 913 F.2d 108 (3d Cri. 1990). Indeed, yet another court has used the same rationale

for remanding another substantively identical Thimerosal action:

> [T]he defendants' arguments about the effect of the Vaccine Act on plaintiffs' claims are not
> unique to ... the non-diverse defendants, but are instead general to all removing defendants.
> Each is a manufacturer of a vaccine or Thimerosal having allegedly impacted the plaintiffs,
> and each will have the same opportunity to assert the Vaccine Act as a defense to plaintiffs'
> claims. However meritorious those defenses may be, they are not unique to the non-diverse
> parties. Their disposition is a merits determination which must be made by the state court.

*Cheskiewicz ex rel. Cheskiewicz*, No.02-3583, 2002 WL 1880524, at *3 (E.D.Pa. Aug. 15,

2002)(emphasis added).

The basis for the "common defense rule" is procedurally sound. Were this Court to make

a jurisdictional ruling based on the merits of claims asserted against all defendants, the Court

would, in effect, impermissibly convert its jurisdictional inquiry into a substantive motion to

dismiss inquiry. This is not allowed. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3rd

Cir. 1992); *Lunderstadt v. Colafella*, 885 F.2d 66 (3d. Cir. 1989).

Here, Merck essentially challenges the merits of Plaintiff's claims against all Defendants

(both diverse and non-diverse) based upon the application of the Vaccine Act. Simply stated,

this Court is prohibited from making the merits-based determination Defendant requests under

the guise of a decision as to whether non-diverse parties were fraudulently joined. *E.g., Collins,*

2003 WL 21998574, at *2; *Smallwood*, 2003 U.S. App. Lexis 16181.   Instead, the proper course

is to remand this case to its original state court forum.

**C.    Other Courts Have Remanded Thimerosal Cases Alleging the Fraudulent Joinder of Healthcare Defendants and/or Involving the Claims of Parent Plaintiffs.**

The remand issues presented in this motion have been presented to other federal courts.

Courts faced with the issues of fraudulent joinder of healthcare defendants and the right of parent

plaintiffs to pursue claims outside the act – have routinely ruled in Plaintiffs' favor.  *E.g., Mead*

*v. Aventis, et al.*, CV 01-1402-BR, Opinion and Order (D.Oregon, June 7, 2002)(finding doctors

were not fraudulently joined)(attached as Exhibit 1); *King v. Aventis,* et al., CV O1-1305 BR,

Opinion and Order (D. Oregon, June 7, 2002)(finding doctors were not fraudulently joined

(attached as Exhibit 2); *Garcia v. Aventis*, CO-0__-016BC, Order Granting Remand (D. Wash.,

April 22, 2002)(granting motion to remand after finding medical facility was not fraudulently

joined)(attached as Exhibit 3); *Doherty v. Aventis,* CO-01-4771 MJJ, Order Granting Remand

(N.D. Cal. May 17, 2002)(granting motion to remand in class action after finding doctors were

not fraudulently joined)(attached as Exhibit 4); *Cheskiewicz v. Aventis Pasteur*, Inc., 2002 WL

1880524 (E.D.Pa 2002) (granting remand because the applicability of the Vaccine Act is a merits

determination not unique to the non-diverse parties)(attached as Exhibit 5).  This Court should,

likewise, grant Plaintiff's motion to remand for lack of federal jurisdiction.

**D.    Diversity jurisdiction does not exist because viable claims exist against resident Healthcare Defendants.**

Even if this Court were to consider the merits of Defendant's Vaccine Act argument

(which it should not), Plaintiff's Motion to Remand should be granted.  Merck claims that the

Healthcare Defendants are fraudulently joined because the tort bar of the Vaccine Act makes it

impossible for Plaintiff to prevail against the non-diverse Healthcare Defendants on their asserted claims. Not so. Although the Vaccine Act does state that no person may file a civil action against a vaccine administrator or manufacturer unless a petition has been filed with the Vaccine Court, 42 U.S.C. § 300aa-11(a)(2)(B), it does not bar Plaintiff's recovery in the present case. The Vaccine Act's tort bar does not preclude any reasonable possibility of recovery by Plaintiff because: (1) the Vaccine Act does not apply to the individual claims of a parent plaintiff and (2) the injuries at issue are not "vaccine-related" and, as such, do not fall within the Act. For all of these reasons, Merck has not, and cannot, show that the application of the Vaccine Act precludes any possibility that Plaintiff will prevail against the non-diverse medical defendants.

1.    **The Vaccine Act does not apply to the individual claims of a Parent Plaintiff.**

Merck's argument that Plaintiff has no possibility of prevailing on her claims against the Healthcare Defendants is necessarily dependent on the application of the Vaccine Act to Plaintiff's claims. However, the Vaccine Act's bar on civil actions prior to the filing of a petition in Vaccine Court does not apply to Plaintiff. That is, the bar of the Vaccine Act applies only to a person who has "sustained a vaccine-related injury or death and who is qualified to file a petition for compensation under the [Vaccine Act]." 42 U.S.C. § 300aa-11a(9). Plaintiff does not meet this definition.

A person "is qualified to file a petition" only if that person suffered a relevant injury or death after he or she "received a vaccine . . . or contracted polio from another person who received an oral polio vaccine." *id.* § 300aa-11(c)(1)(A). That is to say, the Vaccine Act is limited to petitioners who "received" a vaccine and were injured by it. *See* 42 U.S.C. § 300aa-11(b)(1)(A)-(c)(1)(A) (setting out that the petitioner must have "received" a vaccine listed on the

Vaccine Injury Table to qualify under the Vaccine Act).   Unless a person "received a vaccine" (or is filing as the legal representative of such a person), he or she cannot file a petition. *See, e.g. Head v. Secretary of Health and Human Servs*, 26 Cl. Ct. 546, 547 n.1 (1992) (parent of injured child cannot petition except in representative capacity, (*aff'd*, 996 F.2d 318 (Fed. Cir. 1993).   If an individual cannot file a petition with the Vaccine Court, (as Plaintiff cannot), the tort suit ban does not apply to him or her.

Several courts have examined the issue of whether or not the claim of a Parent Plaintiff must be submitted to the Vaccine Court prior to institution of a civil action.  Almost uniformly, those courts have held it need not:

In *Bertrand v. Aventis Pasteur Labs., Inc.*, 2002 WL 31194226 (D.Ariz. 2002), the issue before the court was whether the Vaccine Act's bar on tort suits precluded the parent plaintiffs from having any possibility of recovery in a civil court action for their own damages.   In holding that it did not, the court noted that a parent's claim for his or her own injuries is not covered by the Vaccine Act and the parent <u>must</u> rely on a state claim for redress. *Id.* at *5.  Accordingly, state causes of action were held to reasonably exist against the doctor defendants and remand was deemed proper. *Id.*

In *Schafer v. American Cyanamid Co.,* 20 F.3d 1, 6 (1st Cir. 1994), a parent contracted polio as a result of a child's receipt of the polio vaccine.  In rendering its decision, the Circuit Court of Appeals observed that the child and the other uninjured parent were ineligible to file a petition under the act. *Id.*  A person who cannot file a petition under the Act cannot be banned from filing a tort suit by the Act. *Id.*

In *Owens v. American Home Products*, 203 F.Supp. 748, 756 (S.D.Tex. 2002), a couple's

three minor children sustained neurological injuries after vaccinations. The court upheld the couple's right to pursue their individual claims in district court without having first filed a petition under the Vaccine Act. *Id.* at *5.

In *McDonald v. Lederle Labs.*, 775 A.2d 528, 535 (N.J. Sup. Ct. 2001), the court noted that the Vaccine Act does not preclude claims brought by a parent in civil court. *Id.* (considering issue in context of a motion to dismiss). *See also Cook v. Children's Medical Group*, 756 So.2d 734, 741 (Miss.1999); *Case v. Merck & Co.*, 2002 WL 31478219, *2 (E.D.La. 2002).

In accordance with the persuasive precedent set by most of the courts that have considered this issue, this Court should conclude that the Vaccine Act (including its provision barring tort suits) does not apply to parent plaintiffs. Accordingly, Merck has failed to show that there is no possibility Plaintiff will prevail on her claims against the Healthcare Defendants due to the requirements of the Vaccine Act.

2.   **The injury to Plaintiff's minor child was not a vaccine-related injury such that it is subject to the Vaccine Act.**

Even if a parent were required to file a petition with the Vaccine Court – (which they are not), it would be unnecessary for Plaintiff to do so in this case because her minor child was not injured by a vaccine. The Vaccine Act specifically defines a "vaccine related injury or death" as "an illness, injury, condition, or death associated with one or more of the vaccines set forth in the Vaccine Injury Table, except that the term <u>does not include an illness, injury or death associated with an adulterant or contaminant intentionally added to such a vaccine</u>." 42 U.S.C. § 300aa-33(5)(emphasis added). An adulterant has been defined as:

> A substance that *adulterates*. *Adulterate*: to make inferior, impure, not genuine, etc. by adding a harmful, less valuable, or prohibited substance. WEBSTER'S NEW WORLD

COLLEGE DICTIONARY (3rd ed. 1997).

Thimerosal satisfies this definition. Thimerosal was an additive that diluted the active ingredient – the vaccine – which effectively reduced the amount of vaccine in a vial and its monetary value so that it could be packaged in bulk and sold at a lower cost. Thimerosal added to a vial of vaccine lessened the purity of the vaccine in that vial. Thimerosal was added precisely for the purpose to prepare the vaccines for sale by replacing some amount of the vaccine – a more valuable ingredient – with the preservative Thimerosal – a less valuable ingredient.

Plaintiff is cognizant that the Department of Health and Human Services ("HHS") and the United States Court of Federal Claims have directly or indirectly taken the position that claims related to the preservative Thimerosal are vaccine-related claims. The position of the HHS, however, is not a regulation or other agency action entitled to judicial deference. *Liu v. Aventis Pasteur, Inc.*, 219 F.Supp.2d 762, 767 fn.4 (W.D. Tex. 2002), *citing, Chevron U.S.A., Inc. V. Natural Res. Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *Wax v. Aventis Pasteur Inc.*, 2002 WL 3144878, *3 (E.D.N.Y 2002). Accordingly, this Court is not bound to accept the views of the HHS or the Court of Federal Claims.

The better view is that Thimerosal was an adulterant intentionally added to the vaccines that the Child Plaintiff received. And it was the Thimerosal that caused the injuries. The fact that it was Thimerosal-containing *vaccine* injections that were received and not, for example, Thimerosal-containing *antibiotic* injections, is pure happenstance. In either case, the same toxic result would have occurred. The vaccine injections were merely the vehicle through which the Child Plaintiff was exposed to the Thimerosal. As a result, claims of injury from the adulterating

**PLAINTIFF'S MOTION TO REMAND**                                                                 Page 12

substance Thimerosal are outside the requirements of the Vaccine Act.

    **3.**    **A reasonably possibility exists that Plaintiff will prevail on cognizable claims against the Healthcare Defendants under Texas law.**

Having devoted the majority of its notice of removal to establishing a fraudulent joinder argument the Fifth Circuit has now deemed improper (the merits based inquiry into application of the Vaccine Act), Defendant also attempts to focus the court on alleged insufficiencies in Plaintiff's pleading. The alleged deficiencies, however, are not sufficient to support a finding of fraudulent joinder.

    **a.**    **Plaintiff has alleged valid claims against the Healthcare Defendants.**

Defendant's assertion that Plaintiff has failed to allege a cause of action against the Healthcare Defendants is incorrect. A careful review of Plaintiff's Original Petition reveals that the liability counts of the petition begin by addressing the liability of the manufacturer defendants. *See* Plaintiff's Original Petition, a copy of which is attached to Defendant's Notice of Removal on file in this cause. A separate count addresses the liability of the Healthcare Defendants. *Id.* And while the "Liability of Healthcare Defendants" section of the petition does reference the acts previously described in the petition, Plaintiff clearly states that she seeks to hold the Healthcare Defendants "liable for their own distinct tortious conduct," which includes Plaintiff's previous factual allegations that the Healthcare Defendants "engaged in the business of marketing, distributing and/or selling vaccines and/or products containing Thimerosal to" the Child Plaintiff. *Id.* at page 8.

Encompassed within Plaintiff's allegation of the Healthcare Defendants' liability are claims for medical negligence and assault. Defendant does not argue in its notice of removal that

there is no basis for a medical negligence claim or that such claim is in anyway prohibited by Texas law. Instead, Defendant simply complains that Plaintiff has failed to allege such a claim. Yet, Plaintiff incorporates negligence (and assault) from a previous paragraph in her petition and clearly states that the liability of the Healthcare Defendants is separate and independent. Thus, Plaintiff has not, and does not intend to hold the Healthcare Defendants to any standard other than acting as a reasonable and prudent healthcare provider would do under the same or similar circumstances.

Additionally, the Healthcare Defendants are liable for their own tortious conduct in administering vaccines to the Plaintiff children without disclosing the risks of serious bodily injury, serious mental deficiencies and serious impairments that could result from use of the vaccines. Such conduct forms a valid basis for an assault claim under Texas law. *See Cruzan v. Director, Mo. Dep't of Health,* 497 U.S. 261, 269, 110 S.Ct. 2841, 111 L.Ed.2d 224 (1990) (because a patient has the right to determine what will be done with his body, a doctor who treats a patient without consent is liable for assault); *Gravis v. Physicians & Surgeons Hosp., 427 S.W.2d 310, 311 (Tex.1968)* ("In the absence of exceptional circumstances, ... a surgeon is subject to liability for assault and battery where he operates without the consent of the patient or the person legally authorized to give such consent."). Thus, Plaintiff has stated valid claims against the non-diverse Healthcare Defendants under Texas law.

### b.    Insufficient factual pleading (even if it existed) does not establish fraudulent joinder.

Even assuming for the sake of argument that Plaintiff's pleading is not sufficient to give the Healthcare Defendants notice of Plaintiff's claims (which it is), that fact would not establish

fraudulent joinder. The Fifth Circuit has held in an analogous situation that a plaintiff's failure to satisfy pleading requirements do not preclude the possibility of success on Plaintiff's claims. *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.(Miss.) 2000). In *Hart*, a group of Mississippi cotton farmers filed suit in state court against the manufacturer and non-diverse sales representative that made and sold chemicals applied to their crops. Defendants removed the case to federal court arguing, in part, that the farmers' fraud claim against the non-diverse sales representative was not stated with sufficient specificity. *Hart*, 199 F.3d at 248, n.6. The Fifth Circuit rejected the chemical manufacturers' claim of fraudulent joinder stating, " a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibility result in dismissal of the complaint with prejudice to re-filing." *Id., citing, Cates v. International Telephone and Telegraph Corp.*, 756 F.2d 1161, 1180 (5th Cir.1985) ("But such deficiencies do not normally justify dismissal of the suit on the merits and without leave to amend, at least not in the absence of special circumstances."). Instead, the Fifth Circuit instructed that a Plaintiff should be afforded "repeated opportunities" to plead his claims sufficiently. *Id.* For this reason, the Fifth Circuit found that, even where lacking specificity, the farmer's complaint "at least raises the possibility that they could succeed in establishing a claim against [the non-diverse sales representative] under Mississippi law." *Hart v. Bayer Corp.*, 199 F.3d at 248. Thus, even if this Court were inclined to find Plaintiff's pleading lacking, the reasonable possibility remains that Plaintiff could amend her petition with additional detail and prevail upon her claims.

## IV.

## CONCLUSION

For all of the foregoing reasons, this Court is without jurisdiction to retain this case.

Plaintiff respectfully requests that the Court enter an order remanding this cause to the Texas state court from which it was improvidently removed.

Respectfully submitted,

Ben C. Martin
State Bar No. 13052400
**LAW OFFICES OF BEN C. MARTIN, LLP**
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201
(214) 761-6614 (telephone)
(214) 744-7590 (facsimile)

Of counsel:
Edward W. Sampson
State Bar No. 90001985
William F. Blankenship, III
State Bar No. 90001483
**LAW OFFICES OF BEN C. MARTIN, LLP**
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201
(214) 761-6614 (telephone)
(214) 744-7590 (facsimile)

Tim Goss
State Bar No. 08222660
**CAPSHAW, GOSS & BOWERS, LLP**
3031 Allen Street, Suite 200
Dallas, Texas 75204
(214) 761-6610 (telephone)
(214) 761-6611 (facsimile)

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff has conferred with counsel for Defendant Merck & Co., the entity which filed the Notice of Removal, who indicated that he is opposed to Plaintiff's Motion to Remand. Therefore, the Motion is submitted to the Court for determination.

Ben C. Martin

## CERTIFICATE OF SERVICE

This is to certify that on this the _15_ day of September, 2003, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

Ben C. Martin