## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 3 0 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VERONICA RAMIREZ, INDIVIDUALLY and AS NEXT FRIEND OF JEREMIAH S. RAMIREZ, a minor, | § § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. B-03-155 |
| AMERICAN HOME PRODUCTS CORPORATION d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETHER LEDERLE VACCINES and LEDERLE LABORATORIES, ET AL, | § § § § § § § § § | JURY |
| *Defendants.* | § § | |

## PLAINTIFF'S COMBINED MEMORANDUM RESPONSE TO THE MOTIONS TO DISMISS FILED BY VACCINE DEFENDANTS AND BY ELI LILLY AND COMPANY

COMES NOW VERONICA RAMIREZ, INDIVIDUALLY AND AS NEXT FRIEND OF

JEREMIAH S. RAMIREZ, A MINOR, Plaintiff ("Plaintiff") in the above-styled action and files this

her Combined Memorandum Response to the motion to dismiss filed by Defendants Abbott

Laboratories, Aventis Pasteur, Merck and Company, Inc., SmithKline Beacham Corporation

*d/b/a* GlaxoSmithKline and Wyeth ("Vaccine Manufacturers") and the motion to dismiss filed by

Eli Lilly and Company ("Thimerosal Manufacturer").   In support of this Combined

Memorandum Response, Plaintiff would respectfully show the Court the following:

### I.

### INTRODUCTION AND SUMMARY OF RESPONSE

Both the Vaccine Manufacturers and the Thimerosal Manufacturer (collectively

"Defendants") move to dismiss on the primary ground that Plaintiff's claims are barred by the National Vaccine Injury Compensation Act ("Vaccine Act" or "Act"). This basis for Defendants' motions to dismiss was recently rejected by the Fifth Circuit in an identical Thimerosal case and should be denied in the case at bar because this Court lacks subject matter jurisdiction to make the merit based determinations necessary to Defendants' motions to dismiss. Assuming this Court declines to follow the recent precedent from the Fifth Circuit, Defendants' motions to dismiss should be denied for several other reasons. To begin with, all Plaintiff's claims against the Thimerosal Manufacturer are not subject to the requirements of the Vaccine Act because they are not claims against a "vaccine manufacturer." Furthermore, the Vaccine Act's requirement that an award be determined by the Vaccine Court prior to institution of a civil proceeding does not, and cannot, apply to the Parent Plaintiff[1]. This is because the *parent* of a child who suffered vaccine-related injuries is not eligible to file a petition on his or her own behalf under the Vaccine Act. Parent Plaintiff has alleged individual damages which are entirely separate from the damages recoverable by her minor child under the Vaccine Act. Accordingly, Parent Plaintiff is not subject to the tort suit bar imposed by the Vaccine Act. Finally, Plaintiff has stated a claim against Defendants for each challenged cause of action. For each of these reasons, and all other reasons discussed herein, Defendants' motions to dismiss should be denied.

## II.

### ARGUMENT AND AUTHORITIES

A.   **This Court Lacks Subject Matter Jurisdiction To Issue An Order On Defendants' Motions to Dismiss.**

---

[1]   Claims of the minor child in this case are brought in a representative capacity by his parent as next friend. For ease of differentiating between the parent's individual claims and the representative claims brought on behalf of her son, this response will refer to the former as "Parent Plaintiff" and the latter as "Child Plaintiff."

Federal jurisdiction is lacking in this case.  As Plaintiff sets out in her Motion to Remand, filed contemporaneously herewith and incorporated fully by reference, no ruling should be made on Defendants' motions to dismiss until this Court has assured itself that is possesses federal jurisdiction.

The decision of the Court of Federal Claims in *Snowdon v. Secretary of HHS* makes it clear that this Court must first determine whether it possesses subject matter jurisdiction – prior to making a ruling on the applicability of the Vaccine Act in connection with a motion to dismiss.  27 Fed. Cl. 434 (1993) (holding that the effect of a settlement on applicability of the Vaccine Act was a decision on the merits rather than a jurisdictional determination).  In *Snowdon,* the Court characterized the dismissal of Plaintiffs' claim for failure to satisfy Vaccine Act requirements as a ruling "on the merits," rather than one for lack of jurisdiction, saying:

> Where dismissal is reached by deciding an arguable question of law, the court has exercised its jurisdiction to make a decision on the merits.... In this case, the petitioners seek a holding that the Vaccine Act covers his claim. Such a determination is a determination of the merits of the case.

*Snowdon,* supra, at 435.  Questions of law, like issues of fact can only "be decided after and not before the court has assumed jurisdiction. . ." *Ralston Steel Corp. v. United States,* 340 F.2d 663, 667 (1965).  Here, Plaintiff has filed a motion to remand alleging that federal jurisdiction is lacking. This Court should stay ruling on the present motions to dismiss until such time as it has considered and ruled upon Plaintiff's remand motion.

**B.     Recent Fifth Circuit authority confirms that this case must be remanded because Defendant's claim of federal jurisdiction relies upon claims and/or defenses that are common to both diverse and non-diverse parties.**

This Court is without jurisdiction to dismiss Plaintiff's claims on the basis of a common defense under the guise of a limited jurisdictional inquiry.  That is, because the tort bar of the

National Childhood Vaccine Injury Act ("Vaccine Act" or "Act") is a defense that applies or does not apply equally to both the diverse manufacturer defendants and the non-diverse medical care provider defendants[2] ("Healthcare Defendants"), Defendants' reliance upon the Act is misplaced.

The Fifth Circuit has recently addressed precisely this limitation on federal jurisdiction in an identical Thimerosal action.  In *Collins v. American Home Products Corporation, et al.,*[3] the plaintiffs brought claims on their own behalf and on behalf of their minor children as a result of injuries caused by vaccinations containing Thimerosal.  The district court held that the non-diverse defendants were fraudulently joined because the plaintiffs had not complied with the Vaccine Act.  The Fifth Circuit disagreed - finding instead that the lower court had overstepped the bounds of the jurisdictional inquiry by ruling "on a common defense under the pretense of determining whether the Mississippi defendants had been fraudulently joined." *Collins ex rel. Collins v. American Home Products Corp.,* 2003 WL 21998574, *2 (5th Cir.(Miss. August 29, 2003)), *citing, Smallwood v. Ill. Cent. R.R. Co.,* No. 02-60782, --- F.3d ----, ----, 2003 WL 21805636, at *3 (5th Cir.Aug. 7, 2003).

The Fifth Circuit explained the basis for its holding in language that is directly applicable to the present case: "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses.  Instead, that is a merits

---

[2]    Defendants do not dispute that Defendant Oralia T. Wells, M.D. and Defendant Eloisa T. Gonzales M.D. are non-diverse citizens of Texas.

[3]    The *Collins* opinion actually addressed two products liability actions: Collins v. American Home Products Corporation, et al., wherein claims were brought on behalf of the plaintiffs' minor children; and Stewart v. American Home Products Corpoation, et al. wherein many of the same plaintiffs brought claims on their own behalf for injuries and expenses incurred as the parents of the injured children.  *Collins ex rel. Collins v. American Home Products Corp.,* 2003 WL 21998574, *1 (5th Cir.(Miss. August 29, 2003)).  A copy of the opinion is attached hereto as Exhibit "A."

determination which must be made by the state court."[4] *E.g., Collins,* 2003 WL 21998574, at *2;

*Smallwood ,* 2003 U.S. App. Lexis 16181.

In so holding, the Fifth Circuit joined numerous other courts that have found it improper to

find fraudulent joinder where the basis of such fraudulent joinder applies to both diverse and non-

diverse parties. *E.g., Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3rd Cir. 1992);   *Murakami*

*v. E.L. DuPont De Nemours and Co.,* 191 F.3d 460, 1999 WL 701902, *3 (9th Cir. 1999);

*Chesapeake & Ohio Railway Co. V. Cockrell,* 232 U.S. 146 (1914); *Boyer v. Snap-On Tools Corp.,*

913 F.2d 108 (3d Cri. 1990).   Indeed, yet another court has used the same rationale for remanding

another substantively identical Thimerosal action:

> [T]he defendants' arguments about the effect of the Vaccine Act on plaintiffs' claims are not
> unique to ... the non-diverse defendants, but are instead general to all removing defendants.
> Each is a manufacturer of a vaccine or Thimerosal having allegedly impacted the plaintiffs,
> and each will have the same opportunity to assert the Vaccine Act as a defense to plaintiffs'
> claims.  However meritorious those defenses may be, they are not unique to the non-diverse
> parties. Their disposition is a merits determination which must be made by the state court.

*Cheskiewicz ex rel. Cheskiewicz,* No.02-3583, 2002 WL 1880524, at *3 (E.D.Pa. Aug. 15,

2002)(emphasis added).

The basis for the "common defense rule" is procedurally sound.  Were this Court to make

a jurisdictional ruling based on the merits of claims asserted against all defendants, the Court would,

in effect, impermissibly convert its jurisdictional inquiry into a substantive motion to dismiss

---

[4]        By using this language, the Fifth Circuit has effectively rejected the argument that the bar of the
Vaccine Act is a procedural determination that does not involve the merits of the case. "  *Collins ex rel. Collins v.
American Home Products Corp.,* 2003 WL 21998574, *2 (5th Cir.(Miss. August 29, 2003).  The Court of Federal
Claims  in *Snowdon v. Secretary of HHS*  has also ruled that the applicability of the Vaccine Act was a decision on
the merits rather than a jurisdictional determination in connection with a motion to dismiss, saying: "In this case, the
petitioners seek a holding that the Vaccine Act covers his claim. Such a determination is a determination of the
merits of the case." 27 Fed.Cl. 434, 435 (1993).

inquiry. This is not allowed. *See Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3rd Cir. 1992); *Lunderstadt v. Colafella,* 885 F.2d 66 (3d. Cir. 1989).

Here, Defendants essentially challenge the merits of Plaintiff's claims against all Defendants (both diverse and non-diverse) based upon the application of the Vaccine Act. Simply stated, this Court is prohibited from making the merits-based determination Defendants request under the guise of a decision as to whether non-diverse parties were fraudulently joined. *E.g., Collins,* 2003 WL 21998574, at *2; *Smallwood,* 2003 U.S. App. Lexis 16181. Instead, the proper course is to remand this case to its original state court forum.

**C.    Nothwithstanding The *Collins* Decision, The Motions to Dismiss Must Be Denied If Plaintiff Can Prove Any Facts Which Would Entitle Her to Relief.**

In a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to plaintiff. *See Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.,* 949 F.2d 1384, 1386 (5th Cir. 1991). The Court must resolve doubts as to the sufficiency of the claim in plaintiff's favor. *Vulcan Materials Company v. City of Tehuacana,* 238 F.3d 382, 387 (5th Cir. 2001). Dismissal is warranted only if it appears certain that plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. *Id.; Piotrowski v. City of Houston,* 51 F.3d 512, 514 (5th Cir. 1995) (*quoting Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 524 (5th Cir. 1994). Neither the Vaccine Manufacturers nor the Thimerosal Manufacturer has satisfied its burden in this case.

**1.    Plaintiff's Claims are Not Barred by the Vaccine Act.**

If this Court chooses to consider the applicability or inapplicability of the Vaccine Act (which it should not), it is important to distinguish between each group of plaintiffs and each category of

defendants. For simplicity, the present action can be divided into four groups of claims: (1) claims by Parent Plaintiff against the Thimerosal Manufacturer; (2) claims by Child Plaintiff against the Thimerosal Manufacturer; (3) claims by Parent Plaintiff against the Vaccine Manufacturer; and (4) claims by Child Plaintiff against the Vaccine Manufacturer. Although the Vaccine Act does not support dismissal of any of the Plaintiff's claims, the reason varies according to the Plaintiffs and Defendants at issue.

> **a.      The Vaccine Act does not require Parent Plaintiffs or Child Plaintiffs to file their claims in Vaccine Court against a non-vaccine manufacturer, such as Eli Lilly and Company.**

The portion of the Vaccine Act upon which Defendants rely states:

> No person may bring a civil action for damages. . . <u>against a vaccine administrator or manufacturer</u> in a State or Federal court for damages arising from <u>a vaccine related injury</u> . . . unless a petition has been filed in accordance with . . . this title.

Vaccine Act § 300aa-11(2)(A)(emphasis added). In effect, the Vaccine Act imposes two significant limitations on when its tort suit limitation will apply. First, in order for the bar to apply the claim must be one arising from "vaccine-related injuries." Vaccine Act § 300aa-11(2)(A). Second, the bar will not apply unless the claim is against a "vaccine manufacturer." Vaccine Act § 300aa-11(2)(A).

Eli Lilly and Company is not a vaccine manufacturer. Eli Lilly supplied a raw material - Thimerosal - to the Vaccine Manufacturers. But Eli Lilly and Company did not manufacture or administer any vaccine itself. Indeed, Eli Lilly does not argue that it is a vaccine manufacturer. For that reason, Plaintiffs' claims against Eli Lilly and Company are not subject to the Vaccine Act's tort suit bar and Eli Lilly's Motion to Dismiss should be denied.

Thimerosal Defendant attempts to muddy this distinction by referring to several cases holding

that Thimerosal is not an adulterant or contaminant. Yet, even conceding for the sake of argument that Thimerosal is not an adulterant, that fact merely relates to the existence of a "vaccine-related injury." It does not render Thimerosal a "vaccine" or Eli Lilly a "vaccine manufacturer." The cases relied upon by Thimerosal Defendant fail to address this distinction. For example, in *Agbebaku v. Sigma Aldrich, Inc., et al.*, the court carefully states the reasons it held Thimerosal was not an adulterant. Case No. 24-C-02-004243 (Md. Cir. Ct. June 19, 2003). It then concluded that because Thimerosal is not an adulterant, claims against the Thimerosal manufacturers are subject to the Vaccine Act. *Id.* Yet the former finding, does not support the latter. That is, even if this Court concludes that Thimerosal is not an adulterant, that fact would not render "Thimerosal" interchangeable with the term"vaccine" as used in the Vaccine Act.[5]

Instead, when faced with this precise argument, another federal court has held that "the language of the Vaccine Act, should be strictly construed to find that the exclusive jurisdiction of the Vaccine Act does not apply to manufacturers, suppliers and distributors of Thimerosal." *Toussaint v. Merck & Co.,* 2003 WL 21406178, *2 (E.D. La. 2003); 42 U.S.C. § 300aa-11(2)(A) (emphasis added); *see also, Blackmon v. American Home Products*, 203 F. Supp.2d 748, 758-59 (S.D. Tex. 2002); *Owens v. American Home Products*, 2002 WL 992094 (S.D. Tex. 2002); *Case v. Merck & Co.,* 2002 WL 31478219, *2 (E.D. La. 2002). Accordingly, those courts refused to dismiss claims against the Thimerosal manufacturers. The same outcome is proper in the present case.

Aware that courts who have addressed the issue have opted to retain claims against Thimerosal manufacturers (even when dismissing claims against vaccine manufacturers), the

---

[5]     In addition, Thimerosal Defendant's reliance upon cases in which claims were dismissed due to unrefuted proof that Lilly did not manufacture Thimerosal at the time of the Child Plaintiff's injuries are of no precedential value in this case. Here, Lilly does not allege or offer any proof that it was not manufacturing Thimerosal at the relevant time.

Thimerosal Manufacture creatively points out that an individual may not file a petition for damages for a vaccine-related injury with the Court of Federal Claims ("Federal Claims Court") if the same individual has a pending action for the same injury in civil court.  42 U.S.C. 300aa-11(a)(5)(B). Similarly, the Federal Claims Court will not issue an award unless the injured party presents evidence that he or she had not previously collected an award or settlement for the same injury in a civil proceeding.  42 U.S.C. 300aa-11(c)(1)(E).  However, nothing in the above-cited provisions of the Vaccine Act grant Defendants grounds for dismissing Plaintiff's claims under the guise of altruistic concern for her future remedies.

A key fact, not addressed by Defendants, is the distinctive nature of the damages sought by the Parent Plaintiff individually in civil court and by the Parent Plaintiff as representatives of her minor child in the Federal Claims Court.  Multiple courts have recognized the existence of this distinction.  *E.g., Owens v. American Home Products*, 203 F. Supp. 748, 756 (S.D. Tex. 2002); *Cook v. Children's Medical Group*, 756 So.2d 734, 741 (Miss. 1999); *McDonald v. Lederle Laboratories*, 775 A.2d 528, 535 (N.J. Sup. Ct. 2001); *Case v. Merck & Co.,* 2002 WL 31478219, *2 (E.D. La. 2002).  Thus, even if the Parent Plaintiff was to secure a civil award or settlement of her own claims – such award would not be an award or settlement to the "injured party" in her child's claim.  Furthermore, both the Parent and Child Plaintiff are entitled to weigh the relative benefits and detriments and decide in which forum they wish to pursue their claims.  Here, Plaintiff has opted to file her claims in civil court.  The fact that additional, or even more extensive, opportunities may exist in another forum (i.e. the Federal Claims Court) does not entitle the Thimerosal Manufacturer to a dismissal of Plaintiff's claims.

> **b.    Parent Plaintiff's individual claims against a vaccine manufacturer are not barred by the Vaccine Act.**

In a broad sense, many of Defendants' arguments boil down to a contention that Plaintiff's claims are barred because they were not first pursued to an award in Federal Claims Court pursuant to the National Vaccine Injury Compensation Program. (the "Vaccine Act"). 42 U.S.C. § 300aa-11-34. The Vaccine Act is a federal statute that provides a no-fault compensation system for injuries caused by the administration of childhood vaccines. The Act requires an individual who suffered vaccine related injuries (or the legal representatives of such an individual) to file a petition in the Federal Claims Court and reject the resulting award determination prior to instituting a civil lawsuit against a vaccine manufacturer. 42 U.S.C. § 300aa-11(a)(2)(A).

Admittedly, the Parent Plaintiff in this case has not completed the Federal Claims Court procedure. Defendants are incorrect, however, in claiming that Plaintiff's failure to receive and reject an award from the Federal Claims Court bars her pursuit of individual claims. This is because the Vaccine Act's tort suit bar is not applicable to individuals (such as the Parent Plaintiff) who are ineligible to file a petition under the Vaccine Act.

The Vaccine Act's bar on civil actions prior to the filing of a petition in Federal Claims Court does not apply to the claims of the Parent Plaintiff. That is, the bar of the Vaccine Act applies only to a person who has "sustained a vaccine-related injury or death and who is qualified to file a petition for compensation under the [Vaccine Act]." 42 U.S.C. § 300aa-11a(9).

A person "is qualified to file a petition" only if that person suffered a relevant injury or death after he or she "received a vaccine . . . or contracted polio from another person who received an oral polio vaccine." *id.* § 300aa-11(c)(1)(A). That is to say, unless a person "received a vaccine" (or is filing as the legal representative of such a person), he or she cannot file a petition. *See, e.g. Head v. Secretary of Health and Human Servs.*, 26 Cl. Ct. 546, 547 n.1 (1992) (parent of injured child

cannot petition except in representative capacity, (*aff'd*, 996 F.2d 318 (Fed. Cir. 1993). And, if an individual cannot file a petition with the Federal Claims Court, the tort suit ban does not apply to him or her.

Here, it was not Parent Plaintiff, but the Parent Plaintiff's minor child that was injured as a result of receiving products containing Thimerosal. Thus, because Plaintiff – as parent – is ineligible to file a petition for compensation with the Federal Claims Court, courts have long held that the Vaccine Act does not bar civil suits brought by parents, individually and on their own behalf, for their own damages arising from the vaccine-related injuries of their children. *Schafer v. American Cyanamid Co.*, 20 F.3d 1, 6 (1st Cir. 1994) (noting that the Federal Claims Court "has held that a parent can both obtain a loss of consortium 'award' from a state court ... and also obtain compensation for her vaccinated (and injured) child from the Federal Claims Court"); *Owens v. American Home Products*, 203 F. Supp. 748, 756 (S.D. Tex. 2002); *see also Cook v. Children's Medical Group*, 756 So.2d 734, 741 (Miss.1999); *McDonald v. Lederle Laboratories*, 775 A.2d 528, 535 (N.J. Sup. Ct. 2001); *Case v. Merck & Co.*, 2002 WL 31478219, *2 (E.D. La. 2002).

### i.   Parent Plaintiff is entitled to recover for her own injuries and damages.

Aware that the Vaccine Act does not bar the Plaintiff's individual claims, Defendants alternatively contend that the Parent Plaintiff is not entitled to damages under Texas law. Not so. Parent Plaintiff seeks to recover for her own damages incurred as a result of the mercury poisoning of her minor child. Parent Plaintiff also seeks to recover damages for her loss of the companionship of her injured minor child, and her mental anguish. The claims asserted by Parent Plaintiff are not representative claims on behalf of her child. And she does not seek a double recovery of any expense compensable to her child under the Vaccine Act.

ii.   **Parent Plaintiff is entitled to recover her lost wages.**

Other courts looking at this precise issue have found that lost wage claims by parents fall outside of the Vaccine Act, so as to prevent the Vaccine Act from barring such claims. *Case v. Merck & Co.*, 2002 WL 31478219, *2 (E.D. La. 2002). The *Case* court noted that the Vaccine Act provides a lengthy list of the compensation that may be provided to individuals who sustain vaccine-related injuries. This list includes the costs of "diagnosis, medical or other remedial care ..., residential and custodial care and services expenses, special equipment, related travel expenses, and facilities determined to be reasonably necessary." 42 U.S.C. § 300aa-15a(1). Noticeably, the list does not include losses, like lost wages, incurred by parents. Indeed, to the contrary, the Act expressly prohibits compensation "for other than the health, education or welfare of the person who suffered the vaccine-related injury with respect to which the compensation is paid." 42 U.S.C. § 300aa-15d(2).

The Federal Claims Court itself interprets the above provision to mean that compensation is allowed only when it directly benefits the victim. *Schafer*, 20 F.3d at 5; *Neese v. Secretary of Health and Human Services*, 1990 WL 541394, at *9 (Cl. Ct. Aug. 10, 1990). For this reason, the Federal Claims Court has held that the Act does not cover compensation for parents' lost wages. *Marston v. Secretary of Health and Human Services*, 1998 WL 719493, at *10 (Cl. Ct. Sept. 29, 1998). Defendants cite no authority to the contrary.

Moreover, there is no Texas authority precluding a parent from seeking lost wages attributable to a child's injury. Contrary to Defendants' representation, *Gulf States Utils. Co. v. Reed*, does not stand for the proposition that a parent may not recover his or her lost earnings due to the needs of an injured child. 659 S.W.2d 849, 853 (Tex. App.–Houston [14th Dist.] 1983, writ

ref'd n.r.e.). Indeed, *Reed* cannot stand for that proposition because the minor child in that case died immediately and the only lost earnings at issue were those of the mother in attending to her own grief-related injuries. *Id.*

Nor does Defendants' other cited case, *Pressey v. Patterson,* prohibit a parent from recovering lost wages. *Pressey* merely holds that nursing services provided by a parent to a child should be valued on the basis of the reasonable value of the services not what the parent could have earned in other employment. 898 F.2d 1018 (5th Cir. 1990). That holding does not categorically prohibit a parents' recovery of lost wages. That is because it does not address the myriad circumstances in which a parent of an injured child necessarily loses wage earning opportunities because of an injured child's needs – other than times when the parent is providing traditional medical-type care. Defendants have not shown that there is no possibility the Parent Plaintiff will show a loss of wages other than while providing nursing services. Accordingly, the Court should find that the Parent Plaintiff's damage claims for lost wages is not barred by the Vaccine Act and deny Defendants' motions to dismiss such claim. *See Case v. Merck & Co.,* 2002 WL 31478219, *2 (E.D. La. 2002).

### iii.   Parent Plaintiff is entitled to recover medical expenses for which she is responsible until her child reaches the age of majority.

It is well settled Texas law that because the parent is primarily liable for a minor's medical expenses incurred during minority any cause of action for medical expenses incurred up to the age of 18 belongs to such parent. *Lowery v. Berry,* 153 Tex. 411, 269 S.W.2d 795 (1954); *Walsh v. Hurshey,* 472 S.W.2d 954 (Tex. Civ. App. Fort Worth 1971, writ ref'd n.r.e.). To permit Parent Plaintiff to recover as damages only for the medical costs for which she is primarily liable does not produce a double recovery of the child's recovery for medical costs to be incurred after they reach

the age of majority.

### iv.    Parent Plaintiff is entitled to damages for loss of her child's society, companionship and consortium.

Although the Texas Supreme Court has issued a preliminary opinion refusing to recognize a claim for filial consortium, that opinion remains subject to revision or withdrawal. Thus, the possibility remains that Texas will follow the modern trend of decisions (and its own reasoning in prior cases) and permit damages for loss of consortium within the parent-child relationship. *See, e.g., Madison v Colby,* 348 N.W.2d 202 (Iowa, 1984); *Snearl v. Mercer,* 780 So.2d 563 (La. Ct. App. 2001); *Shepardson v. Consolidated Medical Equipment, Inc.,* 714 A.2d 1181 (R.I. 1998); *Enochs v Brown,* 872 S.W.2d 312 (Tex. App.– Austin, 1994); *Sanders v. Scheideler,* 816 F. Supp. 1338 (W.D. Wis. 1993); *Frank v. Superior Ct. of Ariz.,* 722 P.2d 955, 956 (Ariz. 1986); *Yordeo v. Savage,* 279 So. 2d 844, 845 (Fla. 1973); *Masaki v. General Motors Corp.,* 780 P.2d 566, 577 (Haw. 1989); *Hayward v. Yost,* 242 P.2d 971, 976 (Idaho 1952); *Handeland v. Brown,* 216 N.W.2d 574, 579 (Iowa 1974); *Lee v. USAA Casualty Ins. Co.,* 540 So. 2d 1083, 1090 (La. Ct. App. 1989); *Davis v. Elizabeth Gen. Medical Ctr.,* 548 A.2d 528, 528-30 (N.J. Super. Ct. Law Div. 1988); *First Trust Co. v. Scheels Hardware & Sports,* 429 N.W.2d 5, 9-11 (N.D. 1988); *Gallimore v. Children's Hosp. Medical Ctr.,* 617 N.E.2d 1052, 1053-55 (Ohio 1993); *Jannette v. Duprez,* 701 S.W.2d 56, 61 (Tex. Ct. App. 1985); *Harbeson v. Parke-Davis, Inc.,* 656 P.2d 483, 492-93 (Wash. 1983); *Shockley v. Prier,* 225 N.W.2d 495, 499-500 (Wis. 1975).

### 2.    Plaintiff has stated a claim against Defendants for each challenged cause of action.[6]

---

[6]    It should be noted that the Vaccine Defendants do not challenge the sufficiency of Plaintiff's individual causes of action. Accordingly, this section of Plaintiff's response relates only to the claims against Eli Lilly and Company.

a.    **Plaintiff has satisfied the pleading requirements for her claims of strict liability, design defect, marketing defect, and negligence against Defendants.**

Thimerosal Manufacturer essentially attacks the sufficiency of Plaintiff's pleading on the basis of an alleged failure to specifically identify which defendant manufacturer was responsible for which vaccines. More specifically, Eli Lilly contends that Plaintiff's pleadings are deficient because they lack the allegation that Eli Lilly manufactured the Thimerosal that caused the Child Plaintiff's injuries. Not so. Plaintiff's Original Petition clearly states, "At all times relevant hereto, Eli Lilly and Company was engaged in the business of manufacturing and marketing vaccines and/or products that contain Thimerosal." *See* Plaintiff's Original Petition on file in this Cause at page 7. Plaintiff goes on to allege that Lilly "developed, manufactured, marketed, and or sold" Thimerosal products. *Id.* at page 8. Furthermore, as a result of receiving said Thimerosal containing products, Plaintiff alleges that they have suffered harm, injuries, and other damages. *Id.* at page 10.

Similar allegations have withstood a substantively similar motion to dismiss in a Louisiana thimerosal case. *Case v. Merck & Co.,* 2002 WL 31478219, *5 (E.D. La. 2002). There, the plaintiffs asserted that Lilly supplied thimerosal for use in vaccines made by other defendants. *Id.* Defendants challenged this pleading as an attempt to rely on market share liability. *Id.* However, the court reject that contention noting that the plaintiffs had alleged that a contributory cause of plaintiffs' injuries was the thimerosal manufactured, supplied and sold by each of the defendants, including Lilly. "The Court finds that the specificity of plaintiffs' allegations to be sufficient to state a claim. . . " *Id.* The same result should be found here.[7]

----

[7]    If Defendants' Motions to Dismiss are not denied outright (as they should be), Plaintiff should be granted time to obtain discovery on issues relevant to the dismissal motion. *See Case v. Merck & Co.,* 2002 WL 31478219, *5 (E.D. La. 2002).

PLAINTIFF'S COMBINED MEMORANDUM RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS - Page 15

**b.**    **Plaintiff has satisfied the pleading requirements for her claim for breach of warranty against Defendants.**

Contrary to the Thimerosal Manufacturers' contention, Plaintiff has alleged that Thimerosal was defective at the time it left the Thimerosal Manufacturers' possession. After setting forth the unreasonable dangers and defects of Thimerosal, Plaintiff alleges "such defective condition existed when thimerosal was sold by the Defendants." *See* Plaintiff's Original Petition on file in this Cause at page 13. And, as previously stated, Plaintiff sufficiently alleges that the injuries to the Child Plaintiff were caused by the Thimerosal elsewhere alleged to have been manufactured, supplied and sold by each of the defendants, including Lilly. *Id.* at page 10.

**c.**    **Plaintiff has stated a valid claim under the Texas Deceptive Trade Practices Act.**

Thimerosal Defendant alleges two deficiencies in Plaintiff's DTPA claim. First, Lilly claims that Plaintiff failed to allege entering into a transaction with a particular product. Again, for the

reasons state above, it is sufficient at this stage that Plaintiff alleges Lilly to be the manufacturer of Thimerosal added to vaccines causing their injuries. *Case v. Merck & Co.,* 2002 WL 31478219, *5 (E.D. La. 2002). Second, Lilly claims that Plaintiff did not allege that notice was given prior to filing of the DTPA claim. Even if the second contention were true, it would not support the dismissal of Plaintiff's claims. If a plaintiff files an action for damages under the DTPA without first giving the required notice (and a defendant so requests), the proper remedy is an abatement of the action for a period of 60 days. Tex. Bus. & Com.Code art. 17.505(a); *Hines v. Hash,* 843 S.W.2d 464 (Tex. 1992), *citing, The Moving Co. v. Whitten,* 717 S.W.2d 117, 123 (Tex. App.--Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Sunshine Datsun, Inc. v. Ramsey,* 680 S.W.2d 652, 654-55 (Tex. App.--

notice was not alleged to have been given. *See Pool Co. v. Salt Grass Exploration, Inc.,* 681 S.W.2d

216, 219 (Tex. App.–Houston [1st Dist.] 1984, no writ); *Sunshine Datsun,* 680 S.W.2d at 654-55;

*Whitten,* 717 S.W.2d at 123-24.

### d.   Plaintiff has stated a valid claim for assault and battery.

A person commits an offense under Texas Penal Code § 22.01 et seq. if he or she

intentionally, knowingly, or recklessly causes bodily injury to another. TX PENAL Code § 22.01.

Plaintiff alleges that it was the intentional, knowing and/or reckless conduct of Defendants in selling

and distributing a knowingly injurious product that resulted in her injuries. *See* Plaintiff's Original

Petition on file in this Cause at page 15. Accordingly, Plaintiff has stated a valid claim for assault

and battery.

### D.   Alternatively, if Defendants' Motions to Dismiss Are Not Denied Outright, Plaintiff's Claims Should Be Stayed, Rather Than Dismissed, Pending Completion of Vaccine Court Proceedings.

If this Court is inclined to find that any of Plaintiff's claims must first be pursued in Vaccine

Court (which it should not), Plaintiff respectfully requests that the current action be stayed, rather

than dismissed, pending completion of the Vaccine Court proceedings. Even Defendants' own cited

authorities frequently found that a stay was the more appropriate course of action when dismissal

would affect the substantive rights of the parties. *E.g., Liu v. Aventis Pasteur,* 219 F.Supp.2d 762,

768 (W.D. Tex. 2002) (holding that civil claims would be stayed rather than dismissed to avoid

having claims precluded by expiration of the limitations period). Here, Plaintiff's claims were filed

prior to enactment of Texas' recent tort reform legislation. Were Plaintiff's claims to be dismissed

without prejudice and refiled at a later date, the substantive law controlling her claims and remedies

may be significantly changed. Consequently, a short stay of the present cause is preferable to a

dismissal that may detrimentally and irreversibly affect the Plaintiff's rights in this action.

## III.

### CONCLUSION

Plaintiff respectfully requests that the Court deny the Motions to Dismiss filed by Defendants. Plaintiff further requests any and all other relief to which she may be justly entitled.

Respectfully submitted,

Ben C. Martin
State Bar No. 13052400
Federal I.D. No. 34150
**LAW OFFICES OF BEN C. MARTIN, LLP**
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201
(214) 761-6614 (telephone)
(214) 744-7590 (facsimile)

Of counsel:
Edward W. Sampson
State Bar No. 90001985
Federal I.D. No. 34096
William F. Blankenship, III
State Bar No. 90001483
Federal I.D. No. 34097
**LAW OFFICES OF BEN C. MARTIN, LLP**
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201
(214) 761-6614 (telephone)
(214) 744-7590 (facsimile)

Tim Goss
State Bar No. 08222660
Federal I.D. No. 14730
**CAPSHAW, GOSS & BOWERS, LLP**
3031 Allen Street, Suite 200
Dallas, Texas 75204
(214) 761-6610 (telephone)
(214) 761-6611 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that on this the 29 day of September, 2003, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

Ben C. Martin

**PLAINTIFF'S COMBINED MEMORANDUM RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS - Page 19**

2003 WL 21998574                                                Page 1
--- F.3d ---
(Cite as: 2003 WL 21998574 (5th Cir.(Miss.)))

**H**
Only the Westlaw citation is currently available.

United States Court of Appeals,
Fifth Circuit.

Bryan D. COLLINS, as parent and next friend of
Zachary W. COLLINS; Allyson M.
Collins, as parent and next friend of Zachary W.
Collins; Freddie M. Anderson,
as parent and next friend of Robert
Thomas-Anderson; Georgia M. Anderson, as
parent and next friend of Robert Thomas-Anderson;
Herman R. Bernard, as parent
and next friend of Reginald L. Bernard; et al.,
Plaintiffs-Appellants,
v.
AMERICAN HOME PRODUCTS
CORPORATION, doing business as Wyeth
Laboratories Inc.;
Wyeth Lederle; Wyether Lederle; Wyether Lederle
Vaccines and Lederle
Laboratories; Abbott Laboratories; American
International Chemical Inc.;
Aventis Pasteur Inc., Individually and as Successor
in Interest to Connaught
Laboratories Inc.; Pasteur Merieux Connaught Inc.;
B.F. Ascher & Company Inc.;
Baxter International Inc., Individually and as
Successor in Interest to North
American Vaccine Inc.; Bayer Corporation; Bioport
Corporation Inc.; Bristol-
Myers Squibb and Company; Evans Medical Ltd.;
Merck and Company Inc.; RPK
Pharmaceuticals; Dolder; Eli Lilly & Company;
Smithkline Beecham Corporation;
Lisa Stone, M.D., individually and as Successor in
Interest to Children's
Medical Group, P.A.; Bert Bradford, M.D.; Gulf
Coast Pediatric Clinic; Byron's
Discount Drugs; Jeff Court, M.D., individually and
as Successor in Interest to
Children's Medical Group, P.A.; Walter E.
Dawkins, M.D.; Louisa Lawson, M.D.;
Sartin's Discount Drugs Inc.; Brian Stretch, M.D.;
Julian Lee Owen, M.D.;
Village Pharmacy; John Does; Children's Medical
Group P.A., Defendants-
Appellees.
John W. Stewart, III; Annette C. Stewart; Bryan D.

Collins; Allyson M. Collins;
Herman R. Bernard, Jr.; Carola H. Bernard; Larry
D. Blackwell; Melissa L.
McGrew; Jules J. Cousin, Jr.; Beverly L. Cousin;
John A. Gamberi; Connie J.
Gamberi; Mark A. Klinedinst; Laurie E. Klinedinst;
Terri M. Pitts; Tracy L.
Pitts; Kevin T. Samuel; Victoria Samuel; David G.
Underwood; Lauren Underwood;
Jeremy Williams; Shawanda R. Williams,
Plaintiffs-Appellants,
v.
American Home Products Corporation, doing
business as Wyeth; Wyeth
Laboratories; Wyeth-Ayerst; Wyeth-Ayerst
Laboratories; Wyeth Lederle; Wyther
Lederle; Wyether Lederle Vaccines and Lederle
Laboratories; Abbott Laboratories
Inc.; American International Chemical Inc.; Aventis
Pasteur Inc., individually
and as successor in interest to Connaught
Laboratories Inc.; Pasteur Merieux &
Pasteur Merieux Connaught; B.F. Ascher &
Company Inc.; Baxter International
Inc., individually and as successor in interest to
North American Vaccine Inc.;
Bioport Corporation Inc.; Evans Medical Limited;
Dolder; Eli Lilly & Company;
Merck and Company Inc.; Smithkline Beecham
Corporation; Bert Bradford, M.D.;
Gulf Coast Pediatric Clinic; Walter E. Dawkins,
M.D.; Owen J. Lee, M.D.;
Sartin's Discount Drugs Inc.; Brian Stretch, M.D.,
doing business as The Street
Clinic; Village Pharmacy LLC; Wyeth; John Does,
1-200, who are individuals,
proprietorships, corporations, or other entities
whose names and identities are
otherwise unknown to the plaintiffs; Jeffrey Crout,
M.D.; Children's Medical
Group P.A.; RPK Pharmaceuticals Inc.,
Defendants-Appellees.

**Nos. 02-60736, 02-60764.**

Sept. 9, 2003.

In two separate state court actions, Mississippi
residents brought products liability claims, on
behalf of their minor children and themselves,
against manufacturer of childhood vaccines

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works



2003 WL 21998574
--- F.3d ---
(Cite as: 2003 WL 21998574 (5th Cir.(Miss.)))

Page 2

containing preservative thimerosal, pharmacies who dispensed those vaccines, and physicians who prescribed them. Actions were removed to federal court by diverse defendants. The United States District Court for the Southern District of Mississippi, Tom S. Lee, Chief Judge, 2001 WL 34073167 and 2002 WL 32074879, denied motions to remand based on conclusion that nondiverse defendants had been fraudulently joined and dismissed claims against remaining defendants based on plaintiffs' failure to comply with National Childhood Vaccine Injury Act. On appeal, the Court of Appeals, Emilio M. Garza, Circuit Judge, held that by ruling on common defense under pretense of determining fraudulent joinder, district court had impermissibly engaged in merits determination to be made by state court.

Vacated and remanded.

## West Headnotes

**[1] Federal Courts ⬅3.1**
170Bk3.1 Most Cited Cases

Subject-matter delineations must be policed by courts on their own initiative, even at the highest level. 28 U.S.C.A. § 1447(c); Fed.Rules Civ.Proc.Rule 12(h)(3), 28 U.S.C.A.

**[2] Removal of Cases ⬅36**
334k36 Most Cited Cases

Where there are colorable claims or defenses asserted against or by diverse and nondiverse defendants alike, district court may not, based on its view of merits of those claims or defenses, find that nondiverse parties were fraudulently joined to defeat diversity jurisdiction and prevent removal; instead, that is merits determination which must be made by state court. 28 U.S.C.A. §§ 1332, 1441.

**[3] Removal of Cases ⬅101.1**
334k101.1 Most Cited Cases

Products liability actions against childhood vaccine manufacturers, pharmacies and physicians to had to be remanded to state court from which they were removed where, in concluding that nondiverse defendants were fraudulently joined and that claims against remaining defendants had to be dismissed

because of plaintiffs' noncompliance with National Childhood Vaccine Injury Act, district court had ruled on merits of defenses common to diverse and nondiverse defendants. 28 U.S.C.A. § 1447(c); Public Health Service Act, § 2101 et seq., as amended, 42 U.S.C.A. § 300aa-1 et seq.

F. Gerald Maples (argued), Scott Oliver Nelson, Maples & Lomax, Pascagoula, MS, for Plaintiffs-Appellants in both cases.

Christy D. Jones, Anita K. Modak-Truran, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Wyeth and Wyether Lederle, Wyether Lederle Vaccines and Lederle Laboratories, Wyeth Laboratories, Wyeth-Ayerst and Wyeth- Ayerst Laboratories.

Richard L. Josephson, Baker Botts, Houston, TX, George Q. Evans, Eugene Randolph Naylor, Gaye Nell Currie, Wise, Carter, Child & Caraway, Jackson, MS, for Abbott Laboratories.

Michael Verdier Cory, Jr., Reynolds, Cory & Rikard, Jackson, MS, for American Intern. Chemical, Inc.

Bradley S. Wolff (argued), Swift, Currie, McGhee & Hiers, Atlanta, GA, Richard Lee Jones, Robert L. Gibbs, Brunini, Gratham, Grower & Hewes, Jackson, MS, for Aventis Pasteur, Inc. and Pasteur Merieux Connaght, Inc.

J. Leray McNamara, Copeland, Cook, Taylor & Bush, Ridgeland, MS, for B.F. Ascher & Co., Inc.

Donna Brown Jacobs, Lee Davis Thames, Joseph Kyle Fulcher, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Baxter Intern., Inc.

Gerald Zingone, Thelen, Reid & Priest, Washington, DC, for Bioport Corp., Inc.

William F. Goodman, III, Mildred M. Morris, Susan Latham Steffey, Watkins & Eager, Jackson, MS, for Merck & Co., Inc.

William N. Reed, Baker, Donelson, Bearman & Caldwell, Jackson, MS, for Dolder.

Deborah A. Moeller (argued), Jane J. Bartley, Shook, Hardy & Bacon, Kansas City, MO, David W. Clark, Bradley, Arant, Rose & White, Jackson,

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

MS, for Eli Lilly & Co.

Ross F. Bass, Jr., Phelps Dunbar, Jackson, MS, Barclay A. Manley, Fulbright & Jaworski, Houston, TX, Marcy Hogan Greer, Fulbright & Jaworski, Austin, TX, for Smithkline Beecham Corp.

Chris J. Walker, Rachel L. Wilson (argued), Markow, Walker & Reeves, Ridgeland, MS, for Stone, Gulf Coast Pediatric Clinic, Court, Dawkins, Lawson, Stretch, Owen and Children's Medical Group.

Jesse Lee Howell, III, Copeland, Cook, Taylor & Bush, Ridgeland, MS, for Byron's Discount Drugs.

Luke M. Dove, Dove & Chill, Jackson, MS, for Sartin's Discount Drugs, Inc.

Thomas M. Louis (argued), Wells, Marble & Hurst, Jackson, MS, for Village Pharmacy.

Appeal from the United States District Court for the Southern District of Mississippi.

Before EMILIO M. GARZA and DENNIS, Circuit Judges, and DUPLANTIER [FN*], District Judge.


EMILIO M. GARZA, Circuit Judge:

*1 The plaintiffs in two products liability actions, all of whom are Mississippi residents, appeal the district court's denial of their motions to remand and dismissal of their state law claims against a variety of Mississippi resident and non-resident defendants. Among the defendants are manufacturers of certain childhood vaccines containing the preservative thimerosal, pharmacies who dispensed those vaccines, and physicians who prescribed them.

In *Collins v. American Home Products Corporation,* the plaintiffs brought claims on behalf of their minor children seeking to recover for injuries allegedly suffered by the children as a result of vaccinations containing **thimerosal.** In *Stewart v. American Home Products Corporation,* many of the same plaintiffs brought claims on their own behalf to recover for expenses and other injuries they allegedly incurred as the parents of injured children.

The district court concluded that the Mississippi defendants had been fraudulently joined and that the claims against the remaining defendants must be dismissed because the plaintiffs had failed to comply with the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-1 *et seq.*

[1][2] "[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). In a recent opinion, this Court applied the following holding from the Third Circuit's decision in *Boyer v. Snap-On Tools Corporation,* 913 F.2d 108 (3d Cir.1990):
*2 [W]here there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non- diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court.
*Smallwood v. Ill. Cent. R.R. Co.,* No. 02-60782, --- F.3d ----, ----, 2003 WL 21805636, at *3 (5th Cir.Aug. 7, 2003)(quoting *Boyer,* 913 F.2d at 113) (alteration in original).

[3] Here, the defendants successfully convinced the district court to rule on a common defense under the pretense of determining whether the Mississippi defendants had been fraudulently joined. As we stated in *Smallwood,* "[t]his use of fraudulent joinder frustrates the overarching principle of the well- pleaded complaint rule, that state courts are equally competent to decide federal defenses." *Id.* at ----, at *5; *see also id.* at ---- n. 35, at *4 n. 35 (citing *Cheskiewicz ex rel. Cheskiewicz v. Aventis Pasteur, Inc.,* No. 02-3583, 2002 WL 1880524, at *3 (E.D.Pa. Aug.15, 2002) (unpublished)). [FN1]

Accordingly, we VACATE the dismissal of the plaintiffs' claims and REMAND with instructions that both cases be remanded to the state court from which they were removed.


　　　　FN* Senior District Judge of the Eastern District of Louisiana, sitting by designation.


　　　　FN1. On appeal, the defendants argue that the district court's fraudulent joinder

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

2003 WL 21998574
--- F.3d ---
**(Cite as: 2003 WL 21998574 (5th Cir.(Miss.)))**

Page 4

determination in *Stewart* was correct for the additional reason that the plaintiffs' claims fail under Mississippi law. Although it appears that Mississippi's learned intermediary doctrine bars the plaintiffs' claims against the non-diverse pharmacy defendants, *Moore ex rel. Moore v. Mem'l Hosp. of Gulfport,* 825 So.2d 658, 664-66 (Miss.2002), this defense does not preclude the possibility of relief against the other non-diverse defendants. Because the remaining defenses apply equally to the claims asserted against the diverse and non-diverse defendants, those defenses cannot, under *Smallwood,* serve as the basis for a finding of fraudulent joinder. Accordingly, we lack subject matter jurisdiction to address the merits of the plaintiffs' claims.

2003 WL 21998574 (5th Cir.(Miss.))

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works