$2^2$

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**OCT 0 6 2003**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VERONICA RAMIREZ, INDIVIDUALLY and AS NEXT FRIEND OF JEREMIAH S. RAMIREZ, a minor, | § § § § | |
| *Plaintiffs*, | § | |
| v. | § | Civil Action No:  B03155 |
| | § | |
| AMERICAN HOME PRODUCTS CORPORATION d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETHER LEDERLE VACCINES AND LEDERLE LABORATORIES; ABBOTT LABORATORIES, INC.; AMERICAN INTERNATIONAL CHEMICAL, INC.; AVENTIS PASTEUR, INC., INDIVICUALLY and AS SUCCESSOR IN INTEREST TO CONNAUGHT LABORATORIES, INC., PASTEUR MERIEUX AND PASTEUR MERIEUX CONNAUGHT; B.F. ASCHER & COMPANY, INC.; EVANS MEDICAL LIMITED; MERCK AND CO., INC.; RPK PHARMACEUTICALS, INC.; DOLDER; ELI LILLY AND COMPANY; SMITHKLINE BEECHAM CORPORATION; ORALIA T. WELLS, M.D., ELOISA T. GONZALEZ, M.D.; and JOHN DOES #1-200, WHO ARE INDIVIDUALS, PROPRIETORSHIPS, CORPORATIONS OR OTHER ENTITIES WHOSE NAMES AND IDENTITIES ARE OTHERWISE UNKNOWN TO PLAINTIFFS, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § § | |

## DEFENDANT ORALIA T. WELLS, M.D.'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Oralia T. Wells, M.D., a Defendant in the above-entitled and numbered cause, and files and makes this his Original Answer, and in support thereof would respectfully show the Court as follows:

1.

Unless specifically admitted, Defendant controverts and denies all averments in Plaintiffs' Original Petition, as allowed under Rule 8(b) of the Federal Rules of Civil Procedure.

2.

Defendant denies the averments contained in Paragraph 1.01 of Plaintiffs' Original Petition.

3.

Defendant denies the averments contained in Paragraph 2.01 of Plaintiffs' Original Petition.

4.

Defendant denies the averments contained in Paragraph 2.02 of Plaintiffs' Original Petition.

5.

Defendant denies the averments contained in Paragraph 2.03 of Plaintiffs' Original Petition.

6.

Defendant denies the averments contained in Paragraph 2.04 of Plaintiffs' Original Petition.

7.

Defendant denies the averments contained in Paragraph 2.05 of Plaintiffs' Original Petition.

8.

Defendant denies the averments contained in Paragraph 2.06 of Plaintiffs' Original Petition.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 2.07 of Plaintiffs' Original Petition.

10.

Defendant denies the averments contained Paragraph 2.08 of Plaintiffs' Original Petition.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 2.09 of Plaintiffs' Original Petition.

12.

Defendant denies the averments contained Paragraph 2.10 of Plaintiffs' Original Petition.

13.

Defendant denies the averments contained Paragraph 2.11 of Plaintiffs' Original Petition.

14.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3.01 of Plaintiffs' Original Petition.

15.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3.02 of Plaintiffs' Original Petition.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3.03 of Plaintiffs' Original Petition.

17.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3.04 of Plaintiffs' Original Petition.

18.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3.05 of Plaintiffs' Original Petition.

19.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3.06 of Plaintiffs' Original Petition.

20.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3.07 of Plaintiffs' Original Petition.

21.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3.08 of Plaintiffs' Original Petition.

22.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3.09 of Plaintiffs' Original Petition.

23.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3.10 of Plaintiffs' Original Petition.

24.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3.11 of Plaintiffs' Original Petition.

25.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3.12 of Plaintiffs' Original Petition.

26.

Defendant admits that she is an individual and a physician. Defendant admits that she practices medicine in the State of Texas and admits that she appropriately prescribes vaccines to her patients when medically indicated. Otherwise, the averments contained in Paragraph 3.13 of Plaintiffs' Original Petition are denied.

27.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3.14 of Plaintiffs' Original Petition.

28.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3.15 of Plaintiffs' Original Petition.

29.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4.01 of Plaintiffs' Original Petition.

30.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4.02 of Plaintiffs' Original Petition.

31.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4.03 of Plaintiffs' Original Petition.

32.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4.04 of Plaintiffs' Original Petition.

33.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4.05 of Plaintiffs' Original Petition.

34.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4.06 of Plaintiffs' Original Petition.

35.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4.07 of Plaintiffs' Original Petition.

36.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4.08 of Plaintiffs' Original Petition.

37.

Defendant denies the averments contained in Paragraph 4.09 of Plaintiffs' Original Petition.

38.

Defendant denies the averments contained in Paragraph 5.01 of Plaintiffs' Original Petition.

39.

Defendant denies the averments contained in Paragraph 5.02 of Plaintiffs' Original Petition.

40.

Defendant denies the averments contained in Paragraph 6.01 of Plaintiffs' Original Petition.

41.

Defendant denies the averments contained in Paragraph 6.02 of Plaintiffs' Original Petition.

42.

Defendant denies the averments contained in Paragraph 7.01 of Plaintiffs' Original Petition.

43.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7.02 of Plaintiffs' Original Petition.

44.

Defendant denies the averments contained in Paragraph 7.03 of Plaintiffs' Original Petition.

45.

Defendant denies the averments contained in Paragraph 7.04 of Plaintiffs' Original Petition.

46.

Defendant denies the averments contained in Paragraph 8.01 of Plaintiffs' Original Petition.

47.

Defendant denies the averments contained in Paragraph 8.02 of Plaintiffs' Original Petition.

48.

Defendant denies the averments contained in Paragraph 9.01 of Plaintiffs' Original Petition.

49.

Defendant denies the averments contained in Paragraph 9.02 of Plaintiffs' Original Petition.

50.

Defendant denies the averments contained in Paragraph 9.03 of Plaintiffs' Original Petition.

51.

Defendant denies the averments contained in Paragraph 9.04 of Plaintiffs' Original Petition.

52.

Defendant denies the averments contained in Paragraph 10.01 of Plaintiffs' Original Petition.

53.

Defendant denies the averments contained in Paragraph 10.02 of Plaintiffs' Original Petition.

54.

Defendant denies the averments contained in Paragraph 10.03 of Plaintiffs' Original Petition.

55.

With respect to the averments contained in Paragraph 11.01 of Plaintiffs' Original Petition, which adopts all the allegations previously set forth in Plaintiffs' Petition, for her responses to these averments Defendant would refer Plaintiffs and the Court to her specific responses to Plaintiffs' specific averments, as set forth above.

56.

Defendant denies the averments contained in Paragraph 11.02 of Plaintiffs' Original Petition.

57.

Defendant denies the averments contained in Paragraph 11.03 of Plaintiffs' Original Petition.

58.

Defendant denies the averments contained in Paragraph 12.01 of Plaintiffs' Original Petition.

59.

Defendant denies the averments contained in Paragraph 13.01 of Plaintiffs' Original Petition.

60.

Defendant denies the averments contained in Paragraph 13.02 of Plaintiffs' Original Petition.

61.

Defendant denies the averments contained in Paragraph 13.03 of Plaintiffs' Original Petition.

62.

Defendant denies the averments contained in Paragraph 13.04 of Plaintiffs' Original Petition.

63.

Defendant denies the averments contained in Paragraph 13.05 of Plaintiffs' Original Petition.

64.

Defendant denies the averments contained in Paragraph 13.06 of Plaintiffs' Original Petition.

65.

Defendant denies the averments contained in Paragraph 14.01 of Plaintiffs' Original Petition.

66.

Defendant denies the averments contained in Paragraph 14.02 of Plaintiffs' Original Petition.

67.

Defendant denies the averments contained in Paragraph 14.03 of Plaintiffs' Original Petition.

68.

Defendant admits that Plaintiffs have stated that any document produced by Defendants in response to written discovery will be used by Plaintiffs at any pretrial proceeding or trial, as set forth in Paragraph 15.01 of Plaintiffs' Original Petition.

69.

Defendant admits that Plaintiffs have requested a jury trial as set forth in Paragraph 16.01 of Plaintiffs' Original Petition.

70.

Defendant denies the averments contained in Plaintiffs' Prayer For Relief as set forth in their Original Petition.

71.

Defendant objects and excepts to Plaintiffs' Original Petition in its entirety, for the reason that their claims are barred by 42 U.S.C. § 300aa-1 *et. seq.* Accordingly, Dr. Kayani respectfully requests that Plaintiffs' Original Petition be stricken under Rule 12 (b)(6).

72.

Defendant objects and excepts to Paragraph V of Plaintiffs' Original Petition, wherein they allege a cause of action for Strict Liability-Design Defects, to the extent that this is a cause of action alleged against Dr. Wells, for the reason that this is not an actionable claim against a health care provider such as Dr. Wells under Texas law. Accordingly, Dr. Wells respectfully requests that Paragraph V be stricken from Plaintiffs' Original Petition under Rule 12(b)(6). Of this exception, Defendant prays judgment of this Court.

73.

Defendant objects and excepts to Paragraph VI of Plaintiffs' Original Petition, wherein they allege a cause of action for Strict Liability-Marketing Defects, to the extent that this is a cause of action alleged against Dr. Wells, for the reason that this is not an actionable claim against a health care provider such as Dr. Wells under Texas law. Accordingly, Dr. Wells respectfully requests that Paragraph VI be stricken from Plaintiffs' Original Petition under Rule 12(b)(6). Of this exception, Defendant prays judgment of this Court.

74.

Defendant objects and excepts to Paragraph VII of Plaintiffs' Original Petition, wherein they allege a cause of action for Breach of Common Law-Implied Warranties, to the extent that this is a cause of action alleged against Dr. Wells, for the reason that this is not an actionable claim against a health care provider such as Dr. Wells under Texas law. Accordingly, Dr. Wells respectfully requests that Paragraph VII be stricken from Plaintiffs' Original Petition under Rule 12(b)(6). Of this exception, Defendant prays judgment of this Court.

75.

Defendant objects and excepts to Paragraph VIII of Plaintiffs' Original Petition, wherein Plaintiffs allege "Negligence," for the reason that if this is an allegation against this Defendant, Plaintiffs attempt to impose duties imposed on the pharmaceutical industry on this Defendant, who is a health care provider. This is improper under Texas law. Accordingly, Defendant respectfully requests that Paragraph VIII be stricken from Plaintiffs' Original Petition under Rule 12(b)(6). Of this exception, Defendant prays judgment of this Court.

76.

Defendant objects and excepts to Paragraph IX of Plaintiffs' Original Petition, wherein Plaintiffs allege a cause of action for Violations of the Texas Deceptive Trade Practices—Consumer Protection Act, to the extent that this is a cause of action alleged against Dr. Wells, for the reason that this is not an actionable claim against a health care provider such as Dr. Wells under Texas law. Accordingly, Dr. Wells respectfully requests that Paragraph IX be stricken from Plaintiffs' Original Petition under Rule 12(b)(6). Of this exception, Defendant prays judgment of this Court.

77.

Defendant objects and excepts to Paragraph X of Plaintiffs' Original Petition, wherein Plaintiffs allege a cause of action for Assault, to the extent that this is a cause of action alleged against Dr. Wells, for the reason that this is not an actionable claim against a health care provider such as Dr. Wells under Texas law. Accordingly, Dr. Wells respectfully requests that Paragraph X be stricken from Plaintiffs' Original Petition under Rule 12(b)(6). Of this exception, Defendant prays judgment of this Court.

78.

Defendant objects and excepts to Paragraph XI of Plaintiffs' Original Petition, wherein Plaintiffs allege "Liability of Healthcare Defendants," for the reason that this is nothing more than an overly broad, vague, global allegation of negligence against this Defendant, which fails to apprise Defendant of the proof which will be offered against him at the time of trial on this matter. Accordingly, Defendant respectfully requests that Plaintiff be required to plead with specificity each and every act and/or omission by this Defendant which is claimed to be negligent and a proximate cause of Plaintiffs' alleged injuries in this matter under Rule 12(e).

79.

Defendant objects and excepts to the claims by the parents of the individual claimants, as set forth in Paragraph XII of Plaintiffs' Original Petition, for the reason that these are not damages which are recoverable for the claims asserted under Texas law. Accordingly, Dr. Wells respectfully requests that these allegations be stricken from Paragraph XII of Plaintiffs' Original Petition under Rule 12(b)(6). Of this exception, Defendant prays judgment of this Court.

80.

Defendant objects and excepts to the claims for bystander recovery asserted by individual Plaintiffs in Paragraph XII of Plaintiffs' Original Petition, for the reason that these are not recoverable elements of damages under Texas law. Accordingly, Dr. Wells respectfully requests that these claims for damages be stricken from Plaintiffs' Original Petition under Rule 12(b)(6). Of this exception, Defendant prays judgment of this Court.

81.

Defendant asserts that she is a "health care provider," as that term is defined by Tex. Rev. Civ. Stat. Ann. Article 4590i, and that Plaintiffs' claims against Defendant constitute "health care liability claims," as that term is defined by said act. Accordingly, Defendant avails herself of all rights and protections offered by Article 4590i, including, but not limited to, notice requirements under Section 4.01, statute of limitations under Section 10.01, and limitations on damages under subchapter K.

82.

Answering further, Defendant would show that no act or omission of Defendant was a producing and/or proximate cause of any alleged injury to Plaintiffs.

83.

Pleading affirmatively, if same be necessary, Defendant would show that Plaintiffs' injuries, if any, were solely caused or proximately caused by a person or thing other than Defendant, and that Defendant committed no negligent act or omission in conjunction with said acts and/or omissions.

84.

Answering further, Defendant would submit that she is entitled to indemnity under Section 82.001 *et seq.* of the Texas Civil Practice and Remedies Code.

85.

Defendant denies any and all liability on her part to Plaintiffs. In the unlikely event, however, that the Court or jury finds Defendant, along with any other Defendant, liable to Plaintiffs for damages in this matter, Defendant respectfully requests that the Court enter a judgment for contribution among Defendants pursuant to Section 33.001 *et seq.* of the Texas Civil Practice and Remedies Code, or any other applicable statute or common law rule.

86.

Defendant further pleads that if one or more of the Defendants enters into an agreement with Plaintiffs, then Defendant is entitled to a full credit, offset, pro rata reduction or percentage reduction based upon the percentage of fault or causation attributable to the settling Defendant herein, and makes known to the other parties and to the Court that she will avail herself of her rights under Section 33.001 *et seq.* of the Texas Civil Practice and Remedies Code. In this regard Defendant specifically reserves the right to submit issues against parties who may be present in this case or absent from this case at the time this matter is submitted to the jury for fact determination.

87.

Pleading further, Defendant would pray that in the event a verdict is returned against her, that the damages award be limited as mandated by Section 11.02 of Texas Revised Civil Statutes article 4590i and Section 11.03 of said act, if applicable. In the alternative, Defendant would assert that any recovery by Plaintiffs be limited in accordance with Section 11.03 of said act.

88.

Pleading further, Defendant affirmatively asserts the limitation of damages provisions contained in Sections 16.01 and 16.02 of Texas Revised Civil Statutes article 4590i, or Chapter 304 of the Texas Finance Code, as superseded by Section 311.031(c) of the Texas Government Code, whichever is less. Specifically, Defendant asserts that pre-judgment interest shall not accrue until the earlier of 180 days after the date Defendant received notice of the claim or the date that suit was filed, and that same be calculated as simple interest compounded annually.

89.

Defendant specifically denies that she has committed any act or omission that would justify Plaintiffs' claims for gross negligence, exemplary and/or punitive damages. Further, Defendant alleges that Plaintiffs' claims for exemplary or punitive damages are in violation of Defendant's rights under the Fifth, Eight and Fourteenth Amendments to the United States Constitution and Article I, Sections 3 and 19 of the Texas Constitution because such claims as made are arbitrary, unreasonable, excessive, and in violation of Defendant's right to due process of law and equal protection of law. Defendant further submits that due process requires Plaintiffs' claims for exemplary or punitive damages to be proven beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, or in the alternative, should be proven by clear and convincing evidence, as opposed to a mere preponderance of the evidence. Additionally, the assessment of punitive damages, a remedy that is essentially criminal in nature, without safeguards greater than those afforded by the Texas Rules of Civil Procedure and other applicable law, constitutes infliction of a criminal penalty without the necessary safeguards guaranteed by the Fifth, Sixth, Eight and Fourteenth Amendments to the United States

Constitution. Further, Defendant submits punitive damages under present Texas procedure and law constitute an excessive fine in violation of the Eighth Amendment to the United States Constitution.

90.

Alternatively, Defendant would show this Court that in the unlikely event she is held liable for punitive damages in this matter, the damages recoverable should be limited to the amounts and conditions set forth in Chapter 41 of the Texas Civil Practice and Remedies Code. In this regard Defendant would show this Court that any award of exemplary or punitive damages in this matter is governed by Chapter 41. Specifically, the limit of liability should be in conformance with the amount set forth in Section 41.008.

91.

Answering further, and by way of affirmative defense, Defendant would show the Court that the adult Plaintiffs' claims are barred by the applicable statute of limitations.

92.

Answering further, Defendant would show that the matters complained of by Plaintiffs were as to this Defendant wholly and completely unavoidable, and without any negligence on the part of Defendant. In this regard, Defendant would show that the occurrence in question was the result of events and/or conditions wholly beyond the scope and control of Defendant and for which she was not responsible, thus constituting an unavoidable occurrence.

93.

Answering further, Defendant would show that any injuries, damages or liabilities complained of by Plaintiffs are the result in whole or in part of a prior or pre-existing condition and disabilities, and are not the result of any act or omission on the part of Defendant.

94.

Answering further, Defendant would show that Plaintiffs' alleged injuries were caused by a new and independent cause not reasonably foreseeable by Defendant. This new and independent cause became the immediate sole, contributing, and/or proximate cause of Plaintiffs' alleged injuries and damages.

95.

Answering further, in the alternative, the alleged injuries and damages of Plaintiffs were caused or contributed to be caused by acts or omissions of third persons or entities over whom Defendant had neither control nor the right to control.

96.

Answering further, Defendant would show that Plaintiffs' alleged injuries and damages were caused or were attributable in whole or in part to subsequent incidents, injuries, physical and/or medical conditions and were in no way caused or brought about by any negligence of Defendant.

97.

Answering further, Defendant would show that Plaintiffs' alleged injuries and damages were caused by an intervening and superseding cause, proximate cause, sole cause, and/or producing cause over which Defendant had no control.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon trial hereof, Plaintiffs take nothing, that Defendant goes hence without day and recovers costs, and for such other and further relief, both at law and in equity, to which she may show herself justly entitled to receive.

Respectfully Submitted,

STINNETT THIEBAUD & REMINGTON L.L.P.

By: _____

PHILIPA M. REMINGTON
State Bar No. 16766100
**RUSSELL G. THORNTON**
State Bar No. 19982850
**THOMAS P. SULLIVAN**
State Bar No. 19497500

4800 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202
(214) 954-2200
(214) 754-0999 (Fax)

**ATTORNEYS FOR DEFENDANT
ORALIA T. WELLS, M.D.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel of record on this the _3rd_ day of October 2003 as follows:

*Via Certified Mail, Return Receipt Requested*

Ben C. Martin, Esq.
Edward W. Sampson, Esq.
William F. Blankenship, III, Esq.
Law Offices of Ben C. Martin
2100 McKinney Ave., Suite 1975
Dallas, Texas 75201

Tim Goss
Capshaw, Goss & Bowers
3031 Allen Street, Suite 200
Dallas, Texas 75204

*Via regular U.S. mail:*
Peter C. Neger
**Bingham McCutchen, L.L.P.**
399 Park Avenue
New York, New York 10022

Amy DePippo
Timothy Stephens
**Bingham McCutchen, L.L.P.**
885 Third Avenue
New York, New York 10022

Mitchell C. Chaney
**Rodriguez Colvin & Chaney**
1201 E. Van Buren Street
Brownsville, Texas 78520

Michael R. Klatt
**Clark, Thomas & Winters**
P.O. Box 1148
Austin, Texas 78767-1148

James Ray
**Daw & Ray**
5718 Westheimer, Suite 1750
Houston, Texas 77057

Bradley S. Wolff
**Swift, Currie, McGhee & Hiers, L.L.P.**
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3238

R. Jo Reser
**Ray, Valdez, McChristian & Jeans, P.C.**
The Nowling Building
9311 San Pedro, Suite 700
San Antonio, Texas 78216

Dr. Robert Koller
Dolder
Immengasse 9
400 Basel Switzerland

M. Scott Michelman
**Shook, Hardy & Bacon, L.L.P.**
600 Travis Street, Suite 1600
Houston, Texas 77002-2911

Mr. Vincent S. Walkowiak
**Fulbright & Jaworski**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784

**DEFENDANT ORALIA T. WELLS, M.D.'S ORIGINAL ANSWER**
#78656

– Page 21

Richard L. Josephson
Paul R. Elliott
Douglas B. Roberson
**Baker Botts L.L.P.**
One Shell Plaza
910 Louisiana
Houston, Texas  77002-4995

_____
**THOMAS P. SULLIVAN**