United States District Court
Southern District of Texas
FILED

OCT 0 6 2003

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VERONICA RAMIREZ, INDIVIDUALLY and AS NEXT FRIEND OF JEREMIAH S. RAMIREZ, a minor, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No: B03155 |
| | § | |
| AMERICAN HOME PRODUCTS CORPORATION d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETHER LEDERLE VACCINES AND LEDERLE LABORATORIES; ABBOTT LABORATORIES, INC.; AMERICAN INTERNATIONAL CHEMICAL, INC.; AVENTIS PASTEUR, INC., INDIVICUALLY and AS SUCCESSOR IN INTEREST TO CONNAUGHT LABORATORIES, INC., PASTEUR MERIEUX AND PASTEUR MERIEUX CONNAUGHT; B.F. ASCHER & COMPANY, INC.; EVANS MEDICAL LIMITED; MERCK AND CO., INC.; RPK PHARMACEUTICALS, INC.; DOLDER; ELI LILLY AND COMPANY; SMITHKLINE BEECHAM CORPORATION; ORALIA T. WELLS, M.D., ELOISA T. GONZALEZ, M.D.; and JOHN DOES #1-200, WHO ARE INDIVIDUALS, PROPRIETORSHIPS, CORPORATIONS OR OTHER ENTITIES WHOSE NAMES AND IDENTITIES ARE OTHERWISE UNKNOWN TO PLAINTIFFS, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § § § | |

## DEFENDANT ORALIA T. WELLS, M.D.'S BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VERONICA RAMIREZ, INDIVIDUALLY and as NEXT FRIEND OF JEREMIAH S. RAMIREZ, a minor, | § § § | |
| *Plaintiffs,* | § | |
| v. | § | Civil Action No:  B03155 |
| | § | |
| AMERICAN HOME PRODUCTS CORPORATION d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETHER LEDERLE VACCINES AND LEDERLE LABORATORIES; ABBOTT LABORATORIES, INC.; AMERICAN INTERNATIONAL CHEMICAL, INC.; AVENTIS PASTEUR, INC., INDIVICUALLY and AS SUCCESSOR IN INTEREST TO CONNAUGHT LABORATORIES, INC.,  PASTEUR MERIEUX AND PASTEUR MERIEUX CONNAUGHT; B.F. ASCHER & COMPANY, INC.; EVANS MEDICAL LIMITED; MERCK AND CO., INC.; RPK PHARMACEUTICALS, INC.; DOLDER; ELI LILLY AND COMPANY; SMITHKLINE BEECHAM CORPORATION; ORALIA T. WELLS, M.D., ELOISA T. GONZALEZ, M.D.; and JOHN DOES #1-200, WHO ARE INDIVIDUALS, PROPRIETORSHIPS, CORPORATIONS OR OTHER ENTITIES WHOSE NAMES AND IDENTITIES ARE OTHERWISE UNKNOWN TO PLAINTIFFS, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § § | |

DEFENDANT ORALIA T. WELLS, M.D.'S BRIEF IN SUPPORT OF MOTION TO
DISMISS UNDER RULES 12(b) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................................ii

I.      INTRODUCTION ........................................................................5

II.     VACCINE ACT BARS PLAINTIFFS' CLAIMS ..................................6

III.    PLAINTIFFS HAVE NO STRICT LIABILITY-DESIGN DEFECT
        AND/OR MARKETING DEFECT CLAIM AGAINST THIS DEFENDANT......8

IV.     PLAINTIFFS HAVE NO BREACH OF IMPLIED WARRANTY
        CLAIM AGAINST THIS DEFENDANT ...............................................8

V.      PLAINTIFFS HAVE NO NEGLIGENCE CLAIM AGAINST
        THIS DEFENDANT.....................................................................9

VI.     PLAINTIFFS HAVE NO DECEPTIVE TRADE PRACTICES ACT
            CLAIM THIS DEFENDANT ....................................................10

VII.    PLAINTIFFS HAVE NO ASSAULT CLAIM THIS DEFENDANT...................10

VIII.   PLAINTIFFS HAVE NO CLAIM FOR THE MEDICAL EXPENSES AND
        LOSS OF EARNING CAPACITY OF THEIR CHILDREN...............................11

IX.     PLAINTIFFS HAVE NO CLAIMS FOR MENTAL ANGUISH,
        EMOTIONAL DISTRESS, LOSS OF CONSORTIUM
        OR THEIR OWN LOST WAGES ........................................................11

X.      CONCLUSION...............................................................................12

PRAYER.............................................................................................12

CERTIFICATE OF SERVICE .................................................................13

## INDEX OF AUTHORITIES

**UNITED STATES CODE**

National Childhood Vaccine Injury Compensation Act,
  42 U.S.C., §§ 300aa-1 *et seq*.................................................................................... passim

**FEDERAL COURT CASES**

*Gilbert v. Secretary of HHS,*
  31 Fed. Cl. 379, 381 (Fed. Cl. 1994), *aff'd*, 51 F.3d 254 (Fed. Cir. 1995) .......................7

*Leroy v. Sec'y, Dept. of Health & Human Services,*
  __ F. Supp. ___, 2002 WL 31730680, slip opinion
  (Fed. Cl. Spec. Mstr. Oct. 11, 2002) ..........................................................................8

*Owens v. American Home Prods. Corp.,*
  203 F. Supp. 2d 748 (S.D. Tex. 2002) ...........................................................................7

*Schafer v. American Cyanamid Co.,*
  20 F.3d 1 (1st Cir. 1994)...............................................................................................6

*Strauss v. American Home Prods. Corp.,*
  208 F. Supp. 2d 711 (S.D. Tex. 2002) ...........................................................................7

*Valdiviez v. U.S.,*
  884 F. 2d 196 (5th Cir. 1989) .....................................................................................10

**TEXAS SUPREME COURT CASES**

*Dennis v. Allison,*
  698 S.W.2d 94 (Tex. 1985)..........................................................................................9

*Edinburgh Hosp. Auth. v. Trevino,*
  941 S.W.2d 76 (Tex. 1997)........................................................................................11

*Roberts v. Williamson,*
  ___ S.W.3d ____ 46 Tex. Sup. Ct. J. 944 (July 3, 2003) ................................................11

## TEXAS COURT OF APPEALS CASES

*Easterly v. HSP of Texas, Inc.,*
  772 S.W.2d 211 (Tex. App.—Dallas 1989, no writ) ........................................................8

*Greene v. Thiet,*
  846 S.W.2d 26 (Tex. App.—San Antonio 1992, writ denied)........................................10

*Gulf States Utils. v. Reed,*
  659 S.W.2d 849 (Tex. App.—Houston 14th Dist. 1983, writ ref'd n.r.e.)........................11

*Neveauex v. Park Place Hospital,*
  656 S.W.2d 923 (Tex. App.—Beaumont 1989, writ ref'd n.r.e.)......................................8

*Ngyuen v. Kim,*
  3 S.W.3d 146 (Tex. App.—Houston 14th Dist. 1999, no writ) ........................................10

## TEXAS STATUTORY PROVISIONS

Tex. Rev. Civ. Stat. Ann. Art. 4590i, § 1.03(a)(3) (Vernon Supp. 2003).................. passim
Tex. Rev. Civ. Stat. Ann. Art. 4590i, § 12.01 (Vernon Supp. 2003)................................10
Tex. Rev. Civ. Stat. Ann. Art. 4590i, § 6.02 (Vernon Supp. 2003)..................................10

## FEDERAL RULES

F. R. Civ. P. 12(b) ...................................................................................................... passim
F. R. Civ. P. 12(c) ...................................................................................................... passim

## TEXAS RULES

*Texas Pattern Jury Charges*, Section 50.01 (Volume 3, 2002)..........................................9

**TO THE HONORABLE JUDGE OF SAID COURT:**

Pursuant to Rules 12(b) and (c) of the Federal Rules of Civil Procedure, Defendant, Oralia T. Wells, M.D., files this Brief in Support of her Motion to Dismiss Under Rules 12(b) and (c) of the Federal Rules of Civil Procedure and would show the Court as follows:

## I.

### Introduction

Plaintiffs Veronica Ramirez, Individually and as Next Friend of Jeremiah S. Ramirez, a minor, have asserted claims against Oralia T. Wells, M.D. (*See*, Plaintiffs' Original Petition, page 8, paragraph 3.13). This Defendant is a healthcare provider as defined by Article 4590i of the Texas Revised Civil Statutes Annotated  (See, Plaintiffs' Original Petition, page 8, paragraph 3.13. Plaintiffs' claims against this Defendant center on the administration of vaccines alleged to contain the ingredient Thimerosal (*See*, Plaintiffs' Original Petition, page 8, paragraph 3.13.  In connection with the alleged administration of such vaccines, Plaintiffs allege causes of action for strict liability (design defects and marketing defects), breach of implied warranties, negligence, violations of the Texas Deceptive Trade Practices Act, and assault.

Defendant submits that the Court should dismiss all claims asserted by Plaintiffs because the claims asserted and the relief sought all relate to a "vaccine-related injury," as that term is defined within, and covered by, the National Childhood Vaccine Injury Compensation Act ("Vaccine Act"), as set forth in 42 U.S.C., §§ 300aa-1 *et seq*.  Accordingly, this Court does not have jurisdiction over these claims.

In addition to the fact that Plaintiffs' claims in their entirety should be dismissed, Plaintiffs' claims for strict liability (design defect and marketing defect), breach of implied warranty, negligence, violations of the Texas Deceptive Trade Practices Act and assault should

be dismissed because they are not actionable claims against a healthcare provider such as Oralia T. Wells, M.D. under Texas law. Further, the minor Plaintiff's parent's claims for loss of consortium, and loss of earning capacity because of increased care for their injured child are not recognized or actionable under Texas law. In addition, adult Plaintiff's bystander claims are not recognized or actionable under Texas law. Accordingly, these claims should also be dismissed.

## II.

### Vaccine Act Bars Plaintiffs' Claims

As mentioned above, Plaintiffs' claims are covered by the Vaccine Act. 42 U.S.C., §§ 300aa-1 *et seq.* The Vaccine Act exists to provide compensation to patients who are harmed by vaccines outside of the framework of traditional tort law. *Schafer v. American Cyanamid Co.,* 20 F.3d 1, 2 (1st Cir. 1994). This statute applies to this Defendant as the alleged administrator of the vaccines at issue. 42 U.S.C., §§ 300aa-11(a)(2)(A), (a)(2)(B), 300aa-33(1). The Vaccine Act requires that a claimant must exhaust the Vaccine Act's statutory remedies before a state or federal court can have subject matter jurisdiction to hear a claimant's claim for a vaccine-related injury. *Gilbert v. Secretary of HHS,* 31 Fed. Cl. 379, 381 (Fed. Cl. 1994), *aff'd,* 51 F.3d 254 (Fed. Cir. 1995). Further, a vaccine administrator, such as Oralia T. Wells, M.D., cannot be joined in any civil action until after the claimant has completed a compensation proceeding in Vaccine Court. 42 U.S.C., § 300aa-11(a)(3).

The Vaccine Act statute bars all civil actions, such as the one before the Court in this matter, unless the claimant first exhausts the administrative remedy provided for by the Vaccine Act. *See,* 42 U.S.C., § 300aa-1(a)(2)(B). Plaintiffs' assertion that the Vaccine Act does not apply to their claims is without merit. Plaintiffs assert that the Vaccine Act does not apply, since their claims are related solely to substance Thimerosal, and not the vaccines themselves (*See,*

Plaintiffs' Original Petition, page 2, paragraph 2.01, page 12, paragraph 4.01). As more fully cited in the Vaccine Defendants' Memorandum of Law in Support of Vaccine Defendants' Rule 12(b) and (c) Motion to Dismiss, every court that has addressed this situation has rejected Plaintiffs' arguments and held that the Vaccine Act applies (*See*, Memorandum of Law in Support of Vaccine Defendants' Rule 12(b) and (c) Motion to Dismiss, page 2, footnote 3, pages 8-12). Most important, however, is the fact that the United States District Court for the Southern District of Texas has addressed this argument by Plaintiffs and rejected it. *Strauss v. American Home Prods. Corp.*, 208 F. Supp. 2d 711 (S.D. Tex. 2002); *Owens v. American Home Prods. Corp.*, 203 F. Supp. 2d 748, 756 (S.D. Tex. 2002). Resolution of the claims asserted by Plaintiffs in this matter is under the exclusive jurisdiction of a specialized "Vaccine Court" created by the Vaccine Act. *See, Leroy v. Sec'y, Dept. of Health & Human Services*, ___ F. Supp. ___, 2002 WL 31730680, slip opinion at 9 (Fed. Cl. Spec. Mstr. Oct. 11, 2002). Given this statutory mandate and legal precedent, this Court does not have jurisdiction, and Plaintiffs' claims against this Defendant must be dismissed.

## III.

### Plaintiffs Have No Strict Liability-Design Defect and/or Marketing Defect Claim Against This Defendant

Plaintiffs allege that this Defendant is strictly liable for design and marketing defects related to the vaccines at issue (Plaintiffs' Original Petition, page 11, paragraph V. 5.01-5.02, pages 12-13, paragraph VI. 6.01-6.02). Under Texas law, there is no strict liability claim for a design or marketing defect against healthcare providers such as Dr. Wells in connection with the rendition of medical services to a patient, as is alleged here. *Easterly v. HSP of Texas, Inc.*, 772 S.W.2d 211, 213 (Tex. App.—Dallas 1989, no writ); *Neveauex v. Park Place Hospital*,

656 S.W.2d 923, 925 (Tex. App.—Beaumont 1983, writ ref'd n.r.e.).  Accordingly, Plaintiffs'

strict liability claims for design and marketing defects should be dismissed.

## IV.

### Plaintiffs Have No Breach of Implied Warranty Claim Against This Defendant

Plaintiffs allege that this Defendant is liable for breach of implied warranties in

connection with their administration of vaccines (Plaintiffs' Original Petition, page 13,

paragraph VII. 7.01-7.04).  As set forth above, Plaintiffs admit that Dr. Wells is a healthcare

provider as that term is defined under Texas law.  The alleged administration of vaccines to

Plaintiffs clearly falls within the Texas definition of healthcare. Tex. Rev. Civ. Stat. Ann. Art.

4590i (Vernon Supp. 2003).  The Texas Supreme Court has directly ruled that a claim for breach

of implied warranty does not exist against a healthcare provider in connection with the rendition

of healthcare to a patient. *Dennis v. Allison,* 698 S.W.2d 94, 96 (Tex. 1985).  Given the clear

and unequivocal Texas Supreme Court authority on this issue, Plaintiffs' breach of implied

warranty claims must be dismissed.

## V.

### Plaintiffs Have No Negligence Claim Against This Defendant

Plaintiffs' cause of action for "Negligence" against this Defendant is likewise improper

and should be dismissed.  In this allegation, Plaintiffs seek to impose a "legal responsibility and

duty to conform to pharmaceutical industry standards, to possess the knowledge of an expert in

the industry, and to foresee the risks inherent with their products as other members of the

industry."  Plaintiffs also allege that they suffered damages as a result of Defendant's breach of

this duty (Plaintiffs' Original Petition, pages13-14, paragraph VIII, 8.01-8.02).

As set forth above, this Defendant is a healthcare provider. Under Texas law, she has a duty to act as a reasonable and prudent healthcare provider would act under the same or similar circumstances. *See, Texas Pattern Jury Charges*, Section 50.01 (Volume 3, 2002). Further, from a causation standpoint, a healthcare provider such as this Defendant, is judged by what is foreseeable to a similar practitioner in the same or similar circumstances. *Id.* Plaintiffs' attempt to place a duty on this Defendant to foresee what other members of the pharmaceutical industry would foresee is improper. Accordingly, Plaintiffs' negligence claims against this Defendant should be dismissed, since they seek to impose duties and standards on this Defendant that are not proper and recognized under Texas law.

## VI.

### Plaintiffs Have No Deceptive Trade Practices Act Claim Against This Defendant

Plaintiffs' claims that Defendant is liable for violations of the Texas Deceptive Trade Practices Act ("DTPA") (Plaintiffs' Original Petition, page 14, paragraph IX, 9.01-9.04) are likewise improper and should be dismissed. Generally, DTPA claims against healthcare providers are barred under Article 4590i. Tex. Rev. Civ. Stat. Ann. Art. 4590i, § 12.01 (Vernon Supp. 2003). DTPA claims are clearly barred under the facts alleged here, since the claims against this Defendant stem from their provision of healthcare services to Plaintiffs. *See, Ngyuen v. Kim*, 3 S.W.3d 146 (Tex. App.—Houston 14th Dist. 1999, no writ). As such, Plaintiffs' DTPA claims against this Defendant should be dismissed.

## VII.

### Plaintiffs Have No Assault Claim Against This Defendant

Plaintiffs claim against this Defendant for assault is based on the allegations that Plaintiffs were not warned about the risks of vaccines they received and were injured from

vaccines administered by Defendants (Plaintiffs' Original Petition, page 15, paragraph X, 10.01, page 13, paragraph VI, 6.02). Under these circumstances, the only claim available to Plaintiffs against healthcare providers such as this Defendant is a negligence claim for the lack of informed consent. *See,* Tex. Rev. Civ. Stat. Ann. Art. 4590i, § 6.02 (Vernon Supp. 2003); *Valdiviez v. U.S.,* 884 F. 2d 196 (5th Cir. 1989); *Greene v. Thiet,* 846 S.W.2d 26 (Tex. App.—San Antonio 1992, writ denied). Pursuant to this authority, Plaintiffs' claim of assault against this Defendant should be dismissed.

## VIII.

### Plaintiffs Have No Claim for the Medical Expenses and Loss of Earning Capacity of Their Child

As part of their damages claims, Plaintiffs seek recovery of their child's alleged loss of earning capacity and medical expenses (Plaintiffs' Original Petition, page 16, paragraph XII, 12.01(b)(1) and (2). These elements of damage are covered by the Vaccine Act. 42 U.S.C., §§ 300aa-15(a)(3)(B), 300aa-15(a); *Strauss,* 208 F. Supp. 2d at 715 n.8. As such, the Court does not have jurisdiction over these claims. Plaintiffs' claims for these alleged injuries must be handled under the scheme provided for in the Vaccine Act, and should be dismissed.

## IX.

### Plaintiffs Have No Claims for Mental Anguish, Emotional Distress, Loss of Consortium or Their Own Lost Wages

The adult Plaintiff has alleged that she is entitled to recover her own mental anguish, emotional distress, loss of consortium and lost wages (Plaintiffs' Original Petition, pages 16, paragraph XII, 12.01(a)). These damage claims must also be dismissed. Under Texas law, there is no claim for mental anguish and emotional distress for a "bystander," like the adult Plaintiff, in a healthcare liability claim such as that alleged against this Defendant. *Edinburgh Hosp. Auth. v.*

*Trevino,* 941 S.W.2d 76, 79 (Tex. 1997). Further, the minor Plaintiff's parent does not have a cause of action or claim for loss of consortium with their non-fatally injured child. *Roberts v. Williamson,* _____ S.W.3d _____, 46 Tex. Sup. Ct. J. 944 (July 3, 2003). Lastly, the minor Plaintiff's parent cannot recover for her lost wages or loss of earning capacity because she provided care for her injured child. *Gulf States Utils. v. Reed,* 659 S.W.2d 849, 853 (Tex. App.—Houston 14th Dist. 1983, writ ref'd n.r.e.). Further, this is an alleged injury that must be put before the Vaccine Court for determination and resolution. *See,* 42 U.S.C., § 300aa-15(a). Accordingly, these damages claims should be dismissed.

## X.

## CONCLUSION

The arguments and authorities set forth above clearly show that Defendant, Oralia T. Wells, M.D. is entitled to dismissal of Plaintiffs' claims against her under Rules 12(b) and (c) of the Federal Rules of Civil Procedure. This Court does not have jurisdiction over this matter, since jurisdiction for this dispute is vested with the Vaccine Court by statute. Additionally, Plaintiffs' claims of strict liability, breach of implied warranty, negligence, DTPA violations and assault are not actionable claims under Texas law against healthcare providers such as this Defendant under the facts alleged and must be dismissed. The damages sought by the minor Plaintiff are within the exclusive jurisdiction of the Vaccine Court. This Court does not have jurisdiction over these claims. Lastly, the damages sought by the adult Plaintiff are not recoverable under Texas law and must be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant, Oralia T. Wells, M.D. respectfully requests that her Motion to Dismiss be granted, that Plaintiff's claims against her be dismissed under Rules 12(b) and (c) of the Federal Rules of Civil Procedure, and for such other

and further relief, both at law and in equity, to which she may show herself justly entitled to receive.

Respectfully Submitted,

STINNETT THIEBAUD & REMINGTON L.L.P.

By: _____

PHILIPA M. REMINGTON
State Bar No. 16766100
THOMAS P. SULLIVAN
State Bar No. 19497500
RUSSELL G. THORNTON
State Bar No. 19982850

4800 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202
(214) 954-2200
(214) 754-0999 (Fax)

ATTORNEYS FOR DEFENDANT ORALIA
T. WELLS, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded on this the _3rd_ day of October, 2003 to all known counsel of record as shown on the attached Service List.

THOMAS P. SULLIVAN