36

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

OCT 2 1 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VERONICA RAMIREZ, INDIVIDUALLY | § | |
| and AS NEXT FRIEND OF | § | |
| JEREMIAH S. RAMIREZ, a minor, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. B-03-155 |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION d/b/a WYETH, WYETH | § | JURY |
| LABORATORIES, WYETH-AYERST, | § | |
| WYETH-AYERST LABORATORIES, | § | |
| WYETH LEDERLE, WYETHER | § | |
| LEDERLE VACCINES and LEDERLE | § | |
| LABORATORIES, ET AL, | § | |
| | § | |
| *Defendants.* | § | |

<u>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO REMAND**</u>

COMES NOW VERONICA RAMIREZ, INDIVIDUALLY AND AS NEXT FRIEND OF

JEREMIAH S. RAMIREZ, A MINOR, Plaintiff ("Plaintiff") in the above styled action and submits

the following Reply to Defendants' Opposition to Remand in order to address the jurisdictional

arguments raised by Defendants.   In response to Defendants' Opposition to Remand and in

support of her Motion to Remand, Plaintiff would respectfully show the Court the following:[1]

**I.**

A.    RECENT FIFTH CIRCUIT AUTHORITY CONFIRMS THAT THIS CASE MUST BE
       REMANDED BECAUSE DEFENDANTS' CLAIM OF FEDERAL JURISDICTION RELIES UPON
       CLAIMS AND/OR DEFENSES THAT ARE COMMON TO BOTH DIVERSE AND NON-

---

[1]    Some of the arguments made by Defendants in their Opposition to Remand are fully addressed in
Plaintiff's Motion to Remand.  Plaintiff's decision not to reiterate those arguments in this Reply should not be
interpreted as a concession to any position or argument asserted by Defendants.

<u>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO REMAND**</u>                     Page 1

**DIVERSE PARTIES.**

In her motion to remand, Plaintiff pointed out that Defendants' attack upon claims against, and reliance upon defenses common to, all defendants is improper in the context of this limited fraudulent joinder inquiry. Because the tort bar of the National Childhood Vaccine Injury Act ("Vaccine Act" or "Act") is a defense that applies or does not apply equally to both the diverse pharmaceutical defendants and the non-diverse medical defendants, Defendants' reliance upon the Act is misplaced. This Court is without jurisdiction to dismiss Plaintiff's claims on the basis of a common defense under the guise of a limited jurisdictional inquiry.

The Fifth Circuit has recently addressed precisely this limitation on federal jurisdiction in an identical Thimerosal action. In *Collins v. American Home Products Corporation, et al.,*[2] the plaintiffs brought claims on their own behalf and on behalf of their minor children as a result of injuries caused by vaccinations containing Thimerosal. The district court held that the non-diverse defendants were fraudulently joined because the plaintiffs had not complied with the Vaccine Act. The Fifth Circuit disagreed - finding instead that the lower court had overstepped the bounds of the jurisdictional inquiry by ruling "on a common defense under the pretense of determining whether the Mississippi defendants had been fraudulently joined." *Collins ex rel. Collins v. American Home Products Corp.,* 2003 WL 21998574, \*2 (5th Cir.(Miss. August 29, 2003)), *citing, Smallwood v. Ill. Cent. R.R. Co.,* No. 02-60782, --- F.3d ----, ----, 2003 WL 21805636, at \*3 (5th Cir.Aug. 7, 2003).

---

[2]     The *Collins* opinion actually addressed two products liability actions: Collins v. American Home Products Corporation, et al., wherein claims were brought on behalf of the plaintiffs' minor children; and Stewart v. American Home Products Corpoation, et al. wherein many of the same plaintiffs brought claims on their own behalf for injuries and expenses incurred as the parents of the injured children. *Collins ex rel. Collins v. American Home Products Corp.,* 2003 WL 21998574, \*1 (5th Cir.(Miss. August 29, 2003)).

The Fifth Circuit explained the basis for its holding in language that is directly applicable to the present case: "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non- diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court." *E.g., Collins,* 2003 WL 21998574, at *2; *Smallwood ,* 2003 U.S. App. Lexis 16181.

By using this language, the Fifth Circuit has rejected Defendants argument that the bar of the Vaccine Act is a procedural determination that does not involve the merits of the case."[3] *Collins ex rel. Collins v. American Home Products Corp.,* 2003 WL 21998574, *2 (5th Cir.(Miss. August 29, 2003).   The Court of Federal Claims  in *Snowdon v. Secretary of HHS* has also ruled that the applicability of the Vaccine Act was a decision on the merits rather than a jurisdictional determination in connection with a motion to dismiss, saying: "In this case, the petitioners seek a holding that the Vaccine Act covers his claim. Such a determination is a determination of the merits of the case."  27 Fed.Cl. 434, 435 (1993).

Moreover, Defendants' reliance upon *Ritchey* and *Ross* as cases where a procedural bar

---

[3]       By using this language, the Fifth Circuit has rejected Defendants argument that the bar of the Vaccine Act is a procedural determination that does not involve the merits of the case.  The decision of the Court of Federal Claims  in *Snowdon v. Secretary of HHS* makes it clear that this Court must first determine whether it possesses subject matter jurisdiction – prior to making a ruling the applicability of the Vaccine Act in connection with a motion to dismiss.  27 Fed.Cl. 434 (1993)(holding that the effect of a settlement on applicability of the Vaccine Act was a decision on the merits rather than a jurisdictional determination).  In *Snowdon,* the Court characterized the dismissal of Plaintiffs' claim for failure to satisfy Vaccine Act requirements as a ruling "on the merits, " rather than one for lack of jurisdiction, saying:

> Where dismissal is reached by deciding an arguable question of law, the court has exercised its jurisdiction to make a decision on the merits.... In this case, the petitioners seek a holding that the Vaccine Act covers his claim. Such a determination is a determination of the merits of the case."

*Snowdon,* supra, at 435.  Questions of law, like issues of fact can only "be decided after and not before the court has assumed jurisdiction. . . " *Ralston Steel Corp v. United States,* 340 F.2d 663, 667 (1965).

was held to support fraudulent joinder is misplaced. *See Ross v. Citifinancial, Inc.,* ___ F.3d. __,

2003 WL 22026346 (5th Cir. Aug. 29, 2003); *Ritchey v. Upjohn Drug Co.,* 139 F.3d 313 (9th Cir.

1998). Even setting aside the fact that application of the Vaccine Act has been ruled a merits

determination, the *Ross* opinion is of no precedential value. That is because the "Collins

argument" was neither raised by the parties nor addressed by the court in *Ross.* Meanwhile,

even the *Ritchey* court acknowledged the awkwardness of applying a common defense to find

fraudulent joinder:

> We recognize that it is, perhaps, slightly peculiar to speak of [the
> nondiverse defendants] as sham defendants because the statute of
> limitations bars a claim against them, when that would seem to
> lead to an argument that [the diverse defendant] itself is a sham
> defendant because the statute of limitations has also run against it.

*Id.* And subsequent courts have been critical of the *Ritchey* decision. *Shadie v. Aventis Pasteur,*

*Inc.,* 254 F.Supp.2d 509, 519 (M.D. Pa. 2003) ("*Ritchey* is not persuasive. Such a rule expands

the fraudulent joinder doctrine too far, particularly in light of the Supreme Court's admonition

that all doubts regarding removal are to be resolved in favor of remand, *Shamrock Oil*, 313 U.S.

at 108-09, 61 S.Ct. 868..."); *see also Smallwood v. Illinois Central R. Co.*, 342 F.3d 400, (5th Cir.

2003). Thus, the two cases cited by Defendants do not preclude application of *Collins* and

*Smallwood* in the context of this case.

    Simply stated, 'a finding of fraudulent joinder is improper if the defendant's assertions go

to the merits of the action as an entirety, and not to the joinder; that is to say, it indicated that the

plaintiff's case was ill founded as to all the defendants.' *E.g., Collins,* 2003 WL 21998574, at *2;

*Smallwood* , 2003 U.S. App. Lexis 16181. Through its opinion in *Collins,* the Fifth Circuit

joined numerous other courts that have found it  improper to find fraudulent joinder where the

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO REMAND**                    Page 4

basis of such fraudulent joinder applies to both diverse and non-diverse parties. *E.g., Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3rd Cir. 1992); *Murakami v. E.L. DuPont De Nemours and Co.,* 191 F.3d 460, 1999 WL 701902, *3 (9th Cir. 1999); *Chesapeake & Ohio Railway Co. V. Cockrell,* 232 U.S. 146 (1914); *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108 (3d Cri. 1990).[4]

Indeed, yet another court has used the same rationale for remanding another substantively identical Thimerosal action:

> [T]he defendants' arguments about the effect of the Vaccine Act on plaintiffs' claims are not unique to ... the non-diverse defendants, but are instead general to all removing defendants. Each is a manufacturer of a vaccine or Thimerosal having allegedly impacted the plaintiffs, and each will have the same opportunity to assert the Vaccine Act as a defense to plaintiffs' claims. However meritorious those defenses may be, they are not unique to the non-diverse parties. Their disposition is a merits determination which must be made by the state court.

*Cheskiewicz ex rel. Cheskiewicz,* No.02-3583, 2002 WL 1880524, at *3 (E.D.Pa. Aug. 15, 2002).

Accordingly, this Court should follow the directly applicable precedent of the Fifth Circuit Court of Appeals and refuse to find fraudulent joinder based on the merits of a defense common to diverse and non-diverse defendants alike.

**B.    PLAINTIFF'S PLEADING DOES NOT FORECLOSE THE REASONABLE POSSIBILITY THAT PLAINTIFF WILL PREVAIL ON COGNIZABLE CLAIMS AGAINST THE MEDICAL DEFENDANTS PURSUANT TO TEXAS LAW.**

Having devoted the majority of its notice of removal to establishing a fraudulent joinder argument the Fifth Circuit has since deemed improper (the merits based inquiry into application

---

[4]    Defendants attempt to distinguish *Cockrell* and *Boyer* on the ground that the common defense in those cases was asserted by all defendants, while not every defendant in the present case has raised the Act's tort suit bar. This argument misses the key point. The purpose of the "common defense rule" is to prevent merits determinations from being made under the guise of a fraudulent joinder inquiry. Thus, if the defense applies to a diverse party – whether that diverse party is the sole diverse party (as was the case in *Cockrell* and *Boyer*) or one of multiple diverse parties – the effect is the same. A common defense cannot support a finding of fraudulent joinder.

of the Vaccine Act), Defendants now shift gears and focus on alleged insufficiencies in

Plaintiff's pleading.  The alleged deficiencies, however, do not  support a finding of fraudulent

joinder.  Moreover, the deficiencies alleged by Defendants are addressed and clarified by

Plaintiff's attached "summary-judgment-type" evidence.  *See* Affidavit of Veronica Ramirez

attached hereto as Exhibit "A" and incorporated fully by reference.  Accordingly, there is no

fraudulent joinder and Plaintiff's Motion to Remand should be granted.

1.     **Plaintiff's affidavit testimony clarifies the basis for her claims and should be considered during the jurisdictional inquiry.**

Courts in a "fraudulent joinder" situation are advised to consider summary judgment

evidence such as deposition and affidavit testimony. *Carriere v. Sears Roebuck & Co.,* 893 F.2d

98, 100 (5th Cir.), *cert denied,* 498 U.S. 817 (1990).  This general rule has been applied to permit

the consideration of clarifying affidavits or deposition testimony in the face of fraudulent joinder

claims based on insufficient pleadings. *McCall v. UNUM Life Ins. Co. of America,* 2001 WL

1388013, *4 (N.D.Tex. 2001).  Indeed, Defendants own cited authority accepts the use of such

post-removal evidence. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir.1999).

Here, the affidavit testimony and other evidence provided by the Plaintiff clarifies the factual

basis for her claims against the medical defendants and should be considered for purposes of the

fraudulent joinder inquiry.  *See* Affidavit of Veronica Ramirez attached hereto as Exhibit "A"

and incorporated fully by reference.

2.     **Plaintiff's Pleading When Read as A Whole and Considered in Light of Plaintiff's Clarifying Evidence Is Sufficient under the Rules of Notice Pleading.**

Notice pleading requires only a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a).  As another District Court in this District has

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO REMAND**                    Page 6

previously held, pleadings need not "state the facts constituting the cause of action" because "there are other rules which may be used to winnow out factually groundless claims. *Gamez v. Parke-Davis,* Order of Remand, Civil Action No. C-03-312 (S.D. Tex. Sept. 2, 2003), *citing, Walker v. South Central Bell Tele. Co.*, 908 F.2d 275 , 278 (5th Cir. 1990)[5]. When read as a whole, and particularly when read in light of Plaintiff's clarifying affidavit, Plaintiff's petition is sufficient to satisfy the rules of notice pleading.

Furthermore, Defendants' charge of insufficient factual allegations as a basis for fraudulent joinder rely upon cases that are factually distinguishable from the present action. That is, each of the cases relied upon by Defendants turned, not merely on the generality of the pleading, but on the failure of the Plaintiff to pursue claims, an admitted lack of evidence in support of the claims, or the fact that the asserted claim was not recognized under Texas law. For instance, in *Griggs v. State Farm Lloyds,* the plaintiff did not plead any cause of action against the non-diverse defendant, only once referenced the non-diverse party, alleged no facts attributable to the non-diverse party and, further, did not attempt to serve the non-diverse defendant or otherwise pursue the claims against the non-diverse defendant. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699. Similarly, in *Waters v. State Farm Mut. Auto Ins. Co.,* 158 F.R.D. 107, 109 (S.D.Tex.1994) the court was presented a Fed.R.Civ.P. 12(b)(6) motion in a case where the plaintiffs' petition was not merely conclusory but the plaintiffs' counsel also admitted a lack of evidence linking the insurance agent to a material misrepresentation. And again, in *McIntire v. Rollins,* 888 F.Supp. 68, 69 (S.D. Tex. 1995), the Plaintiff alleged only a respondeat superior theory that was not recognized by Texas law while the defendant provided

---

[5]  A copy of the Order of Remand is attached hereto as Exhibit "B."

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO REMAND**                        Page 7

evidence negating any claim.

Unlike the cases cited by the Defendants, Plaintiff's pleading does allege a cause of action against the medical defendants specifically. Moreover, when read as a whole, Plaintiff's petition and evidence in support of remand make it clear that the medical defendants' liability arises from their administration of a vaccine that they knew could cause severe damage to Plaintiff's minor child. Lastly, this case differs from the cases cited by Defendants because there is no evidence that Plaintiff is not acting to pursue, or that Plaintiff lacks evidentiary support for, their claims against the medical defendants.

### 3. Plaintiff's Assertion of Alternative Theories of Recovery Do Not Bar Her Claims Against the Non-diverse Physician Defendant.

Defendants mistakenly assert that Plaintiff's pleading of alternative theories of recovery somehow preclude her from prevailing on any theory. That is not the case. The Fifth Circuit has clearly held that a party is permitted to assert alternative or even inconsistent facts and theories. *Guy James Constr. Co. v. Trinity Indus., Inc.*, 644 F.2d 525, 530 (5th Cir. 1981) ("[a] party may plead alternative and inconsistent facts or remedies against several parties without being barred."). Indeed, "a party may state as many separate claims or defenses as the party has regardless of consistency."[6] FED. RULE CIV. PRO. 8.

---

[6]     That alternative, and even contradictory, allegation do not preclude a claim is evidenced by the very text of Rule 8 which states:

> A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of inconsistency and whether based on legal, equitable, or maritime grounds.

FED.R.CIV.PRO 8 (emphasis added).

Courts throughout the nation, acknowledge that tort law -- particularly in the field of product liability – has reached a point where in many cases multiple theories of liability are advanced. *Garman v. Griffin*, 666 F.2d 1156 (8th Cir. 1981). Often these theories involve inconsistent and contradictory allegations in the pleadings. *Id.* It is well settled that a plaintiff may plead alternative and inconsistent claims against multiple defendants. FED. RULE CIV. PRO. 8; *Slegelmilch v. Melancon,* Opinion and Order, Cause No 3:01-CV-509BN, p. 9 (Nov. 14, 2002)(ordering remand where plaintiff asserted alternative theories of medical malpractice and negligence); *Odom v. Odom*, 232 Ark. 229, 335 S.W.2d 301, 302 (Ark. May 16, 1960); see also, *Molsbergen v. U.S.*, 757 F.2d 1016 (9th Cir. 1985); *Ryan v. Foster & Marshall, Inc.*, C.A.9th, 1977, 556 F.2d 460; *Whitt v. E.I. DuPont de Nemours & Co.*, 461 F.2d 1152 (6th Cir. 1972)(holding inconsistent theories properly submitted to jury); *Hirshfield v. Briskin,* 47 F.2d 694 (7th Cir. 1971); *Babcock & Wilcox Co. v. Parsons Co.*, 430 F.2d 531 (8th Cir. 1970); *Adler v. American Standard Corp.,* 538 F.Supp. 572 (D.C. Maryland 1982)(inconsistent factual allegations permitted). Moreover, courts have particularly noted that a pleader should not have to forego a potential claim *at the outset of his lawsuit* rather than run the risk of having such a claim used as an admission. *Garman v. Griffin*, 666 F.2d 1156 (8th Cir. 1981).

In accordance with the rationale of these opinions, courts considering the significance of inconsistent or alternative pleadings in the context of similar prescription drug claims have rejected the argument that a doctor cannot be liable for failing to warn about a drug product where it is alleged that the drug manufacturer represented the product to be safe. *E.g., Barragan v. Warner-Lambert Co.*, 2002 WL 1973495, *4 (W.D.Tex. 2002)(holding that inconsistent allegations do not preclude a finding of liability); *Gamez v. Parke-Davis*, Order of Remand,

Civil Action No. C-03-312 (S.D. Tex. Sept. 2, 2003); *Lauderdale v. Merck & Co., Inc.* 2002 WL 449423, *3 (N.D. Tex. Feb 4, 2002); *Glenn v. Purdue Pharma Co.* 2003 WL 22243939, *3 (N.D.Miss. 2003); *Dixon v. Warner-Lamber Co.*, 2001 WL 515226 *2 (E.D. LA, 2001)(holding that "[t]here is no requirement that plaintiff's allegations be consistent" and order the case remanded due to lack of diversity jurisdiction); *Watson v. Purdue Pharma Inc.*, No. 5:02-CV-99BN (S.D.Miss. Dec. 13, 2002) (granting remand in Oxycontin case where inconsistent facts were pled); *Jackson v. The Purdue Pharma Co.*, No. 5:02-CV-85BN (S.D.Miss. Dec. 10, 2002) (same); *Heffner v. Purdue Pharma Inc.*, No. 3:02-CV-226WS (S.D.Miss. Sept. 3, 2002)(same); *Cordill v. Purdue Pharma, L.P.*, 2002 WL 31474466 (W.D.Va. Nov 05, 2002) . Indeed, even the Rezulin MDL litigation which Defendants cite rejects the contention that a physician cannot be liable for a failure to warn where other defendants were also alleged to have hidden the drug's dangers. *In Re Rezulin,* 2002 WL 31852826, *2 (S.D. N.Y. Dec. 18, 2002)(holding that inconsistent allegations are "not fatal" to Plaintiffs' ability to state a claim).   Accordingly, Plaintiff's use of alternative pleading cannot preclude the reasonable possibility that she will prevail on either theory.

As the Tenth Circuit Court of Appeals noted when confronted with allegedly inconsistent theories: "It is enough that both counts, considered separately or together, state a claim on which relief can be granted, and we are therefore interested to know whether the proof supports either or both theories, whether inconsistent or not." *Western Machinery Co. v. Consolidated Uranium Mines, Inc.,* 247 F.2d 685 (10th Cir. 1957); *Vrooman v. Beech Aircraft Corp.*, 10 Cir., 183 F.2d 479 (10th Cir. 1950).   Simply stated, Plaintiff's assertion of alternative theories does not bar her claims against the medical defendants in this case.



4. **The Opinion in Chiles Is Erroneously Decided and Its Holding Does Not Apply Under the Facts Presented in the Case At Bar.**

Plaintiff is aware that United States District Judge John McBryde has recently issued an order denying remand in a similar thimerosal case. *Chiles v. American Home Produts*, No. 4:03-CV-802-A (N.D. Tex. Sept. 26, 2003). That opinion is not controlling in the present action because the denial of remand in *Chiles* was premised on the perceived inconsistency between Plaintiff's allegations of deception by the Vaccine Defendants and knowledge by the Physician Defendants. Plaintiff respectfully submits that Judge McBryde's refusal to permit alternatively pled facts and claims was in error and should not be followed. *See* Discussion at II.B. Consequently, when the Court considers Plaintiff's pleading in connection with the provided summary judgment type evidence it is clear Plaintiff has (at least) a reasonable possibility of prevailing on her claims against the non-diverse Physician Defendant. Accordingly, complete diversity does not exist and this case should be remanded to state court.

5. **Insufficient Factual Pleading (Even If it Existed) Does Not Establish Fraudulent Joinder.**

Finally, even assuming for the sake of argument that Plaintiff's pleading is not sufficient to give the medical defendants notice of Plaintiff's claims (which it is), that fact would not establish fraudulent joinder. The Fifth Circuit has held in an analogous situation that a plaintiff's failure to satisfy pleading requirements does not preclude the possibility of success on Plaintiff's claims. *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.(Miss.) 2000). In *Hart,* a group of Mississippi cotton farmers filed suit in state court against the manufacturer and non-diverse sales representative that made and sold chemicals applied to their crops. Defendants removed the case to federal court arguing, in part, that the farmers' fraud claim against the non-diverse sales

representative was not stated with sufficient specificity. *Hart,* 199 F.3d at 248, n.6. The Fifth

Circuit rejected the chemical manufacturers' claim of fraudulent joinder stating, " a plaintiff's

failure to meet the specific pleading requirements should not automatically or inflexibility result

in dismissal of the complaint with prejudice to re-filing." *Id., citing, Cates v. International*

*Telephone and Telegraph Corp.,* 756 F.2d 1161, 1180 (5th Cir.1985) ("But such deficiencies do

not normally justify dismissal of the suit on the merits and without leave to amend, at least not in

the absence of special circumstances."). Instead, the Fifth Circuit instructed that a Plaintiff

should be afforded "repeated opportunities" to plead his claims sufficiently. *Id.* For this reason,

the Fifth Circuit found that, even where lacking specificity, the farmer's complaint "at least raises

the possibility that they could succeed in establishing a claim against [the non-diverse sales

representative] under Mississippi law." *Hart v. Bayer Corp.,* 199 F.3d at 248. Thus, even if this

Court were inclined to find Plaintiff's pleading lacking, the reasonable possibility remains that

Plaintiff could amend her petition with additional detail and prevail upon her claims.

### 6. A Lack of Written Notice Pursuant to Tex. Rev. Civ. Stat. Art. 4590i Does Not Form A Basis for Dismissal of Plaintiff's Claims.

Defendants complain that Plaintiff has not titled her claim against the medical defendant

as one under Texas' Medical Liability and Insurance Improvement Act. Yet, even Defendants do

not contend that the absence of such a label forecloses the reasonable possibility that Plaintiff

will prevail on her claims. Rather, Defendants appear to argue that Plaintiff cannot prevail

because she did not afford the medical provider sixty (60) days written notice of her claims prior

to filing suit. However, even if notice was not provided, such failure is not fatal to Plaintiff's

claims. The Texas Supreme Court has clearly held in the context of a motion to dismiss, that a

case should not disposed of because the 60 day notice specified in art. 4590i was not provided;

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO REMAND**                    Page 12

but, instead, the case should simply be stayed for 60 days to permit such notice. *Schepps v. Presbyterian Hospital of Dallas,* 652 S.W.2d 934 (Tex.1983). Accordingly, it is more than reasonably possible that Plaintiff will ultimately prevail in this case following a stay of sixty days to afford the medical defendant time to investigate the claims against him.

### C.   BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION IT MAY NOT DISMISS PLAINTIFF'S CLAIMS ON THE MERITS-BASED GROUND THAT THEY ARE BARRED BY THE VACCINE ACT.

Defendants' argument that this Court may dismiss Plaintiff's claims prior to considering Plaintiff's motion to remand depends entirely upon the assumption that their defense of the Vaccine Act is not a merits based determination. The Fifth Circuit has rejected this argument. Rather, the Fifth Circuit has effectively held that the bar of the Vaccine Act is a procedural determination involving the merits of the case." *Collins ex rel. Collins v. American Home Products Corp.,* 2003 WL 21998574, *2 (5th Cir.(Miss. August 29, 2003). The Court of Federal Claims in *Snowdon v. Secretary of HHS* has also ruled that the applicability of the Vaccine Act was a decision on the merits rather than a jurisdictional determination in connection with a motion to dismiss. 27 Fed.Cl. 434, 435 (1993). Thus, this Court must address Plaintiff's motion to remand prior to issuing a ruling on Defendants' motions to dismiss.

## II.

For all of the foregoing reasons, this Court is without jurisdiction to retain this case. Plaintiff respectfully requests that the Court enter an order remanding this cause to the Texas state court from which it was improvidently removed.

Respectfully submitted,

Ben C. Martin
State Bar No. 13052400
Federal I.D. No. 34150
**LAW OFFICES OF BEN C. MARTIN, LLP**
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201
(214) 761-6614 (telephone)
(214) 744-7590 (facsimile)

Of counsel:
Edward W. Sampson
State Bar No. 90001985
Federal I.D. No. 34096
William F. Blankenship, III
State Bar No. 90001483
Federal I.D. No. 34097
**LAW OFFICES OF BEN C. MARTIN, LLP**
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201
(214) 761-6614 (telephone)
(214) 744-7590 (facsimile)

Tim Goss
State Bar No. 08222660
Federal I.D. No. 14730
**CAPSHAW, GOSS & BOWERS, LLP**
3031 Allen Street, Suite 200
Dallas, Texas 75204
(214) 761-6610 (telephone)
(214) 761-6611 (facsimile)

### CERTIFICATE OF SERVICE

This is to certify that on this the TH day of October, 2003, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

Ben C. Martin

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO REMAND**                    Page 14



## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VERONICA RAMIREZ, INDIVIDUALLY<br>and AS NEXT FRIEND OF<br>JEREMIAH S. RAMIREZ, a minor, | § <br> § <br> § <br> § | |
| *Plaintiffs,* | § <br> § | CIVIL ACTION NO. 03-CV-155 |
| VS. | § <br> § | JURY |
| AMERICAN HOME PRODUCTS<br>CORPORATION d/b/a WYETH, WYETH<br>LABORATORIES, WYETH-AYERST,<br>WYETH-AYERST LABORATORIES,<br>WYETH LEDERLE, WYETHER LEDERLE<br>VACCINES AND LEDERLE<br>LABORATORIES, ET AL, | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | AFFIDAVIT OF VERONICA<br>RAMIREZ |
| *Defendants.* | § | |

### AFFIDAVIT OF VERONICA RAMIREZ

**STATE OF TEXAS**

**COUNTY OF CAMERON**

Before me, the undersigned authority, on this day personally appeared Veronica Ramirez, who is known to me to be the person whose name is subscribed to the foregoing instrument and who acknowledged to me that she executed the same for the purposes and consideration herein expressed, and did testify to the following:

1.    "I am a person over the age of eighteen, of sound mind, and competent to testify to the matters herein."

2.    "I am a plaintiff in the above styled cause. The following facts are true and correct and based

on my personal knowledge."

3.    "I am the parent of Jeremiah S. Ramirez, a minor. During the first few years of my child's life, I took my child for routine childhood examinations and for other medical care to Dr. Oralia T. Wells and Dr. Eloisa T. Gonzalez, among others."

4.    "As part of the medical care provided by Dr. Oralia T. Wells and Dr. Eloisa T. Gonzalez, my child was administered vaccinations containing the product Thimerosal. I was not informed by my child's medical care providers that the Thimerosal injected into my child could cause severe and/or permanent injury."

5.    "I relied upon Dr. Oralia T. Wells and Dr. Eloisa T. Gonzalez, as professionals administering vaccinations, to keep apprized of available information relevant to my child's care. As professionals administering vaccinations, Dr. Oralia T. Wells and Dr. Eloisa T. Gonzalez would have, or should have, been aware of Thimerosal's dangers."

6.    "Had I been made fully aware of Thimerosal's risks, I would not have permitted it to be administered to my child."

7.    "As a result of the conduct of the medical care providers, my child has suffered, and continues to suffer injuries."

8.    "Further affiant sayeth not."

DATED THIS __3rd__ day of ~~September~~ October, 2003.

_Veronica Ramirez_

Veronica Ramirez

SWORN TO AND SUBSCRIBED BEFORE ME on this the __3__ day of ~~September~~ October, 2003, to certify which witness my hand and seal of office.

_Wm. L. Bodden_

Notary Public in and for the State of Texas

```
WILLIAM L. BODDEN
Notary Public
State of Texas
My Commission Expires 11-06-2004
```

Affidavit
W:\CLASS\Thimerosal\Ramirez 12.279\Pleadings\Affidavit.wpd



## GAMEZ REMAND

United States District Court
Southern District of Texas
ENTERED

SEP 02 2003

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARIA GAMEZ and REYNALDO PEREZ, §<br>Plaintiffs, §<br>vs. §<br>PARKE-DAVIS, et al., §<br>Defendants. § | CIVIL ACTION NO. C-03-312 |

### ORDER OF REMAND

On this day came on to be heard the Court's sua sponte determination of this Court's jurisdiction over the above-named cause of action. For reasons stated herein, the Court finds that it does not have jurisdiction over this action and ORDERS that it be REMANDED to the 79th Judicial District Court of Jim Wells County, Texas where it was originally filed and assigned Cause No. 03-05-41445.

### I. JURISDICTION

Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. The Court determines that it does not, in fact, have jurisdiction over this matter.

### II. FACTS AND PROCEEDINGS

The above-styled cause of action was originally filed on or about May 25, 2003, in the 79th Judicial District Court of Jim Wells County, Texas, as Cause No. 03-05-41445, against Parke-Davis, a

Division of Warner-Lambert Company; Warner-Lambert Company LLC[1] Pfizer Inc.; Sankyo Pharma Inc.; Sankyo Parke-Davis (collectively the "Pharmaceutical Defendants"); and Dr. Jose Pujol and Dr. Andrew Alvarez-Elizondo (collectively the "Doctor Defendants"). This is a pharmaceutical product liability case regarding the prescription drug Rezulin.

Plaintiffs Maria Gamez and Reynaldo Perez claim that they suffered bodily injuries from using Rezulin. Gamez was initially prescribed Rezulin by her physician, Dr. Pujol, and Perez was initially prescribed Rezulin by his physician, Dr. Alvarez-Elizondo. Plaintiffs allege causes of action for strict products liability, negligence, breach of implied warranty, negligent misrepresentation, and fraud against the Pharmaceutical Defendants. Plaintiffs also allege intentional misrepresentation and negligence claims against the non-diverse Doctor Defendants. Plaintiffs claim the Doctor Defendants were "negligent in prescribing, causing or enabling the prescription and delivery of Rezulin to the Plaintiffs" including failure to warn about the risks of the prescription. (Pls.' Orig. Pet., ¶ 50.) Plaintiffs seek actual damages, exemplary damages, costs, and interest.

On August 22, 2003, Defendant Warner-Lambert Company LLC (and its unincorporated division, Parke-Davis) and Defendant Pfizer Inc.

---

[1] Warner-Lambert Company LLC was incorrectly named as "Warner-Lambert Company" in the original petition.

(collectively the "Removing Defendants") timely removed this suit to federal court claiming that there was complete diversity in this action as the Doctor Defendants were fraudulently joined. The other Pharmaceutical Defendants have given written consent to the removal.

The Court now considers its jurisdiction.[2]

## III. DISCUSSION

### A. GENERAL REMOVAL PRINCIPLES

A defendant may remove a state-court action to federal court only if the action could have been originally filed in federal court. 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 391-392, 107 S.Ct. 2425, 2429 (1987). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is well-settled that the removing party bears the burden of showing that the removal was proper. Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). This burden extends to demonstrating the jurisdictional basis for removal. Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995). The question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed. See Pullman Co. v. Jenkins, 305 U.S. 534, 537-38, 59 S.Ct. 347, 348-49 (1939); Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993). The removal statutes are to be strictly construed against removal; doubts as to removability are resolved in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868 (1941); Heffell v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994).

Under 28 U.S.C. § 1332, district courts have original jurisdiction over actions based on diversity of citizenship only when "each defendant is a citizen of a different State from each plaintiff." Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S. Ct. 2396, 2402 (1978) (emphasis original). Here, it is undisputed that the Pharmaceutical Defendants are not corporate citizens of Texas; the only question is whether the admittedly non-diverse Doctor Defendants were properly joined. If so, then the case should be remanded; if not, then the case should remain in this Court.

---

[2] On June 9, 2000, the Judicial Panel on Multidistrict Litigation ("JPMDL") consolidated all Rezulin products liability litigation for pretrial proceedings in the Honorable Judge Kaplan's Court in the Southern District of New York ("Rezulin MDL court"). The Removing Defendants intend to notify the JPMDL of the pendency of this action and that they anticipate the issuance of a conditional order of transfer of this case to the Rezulin MDL court. The Rules of Procedure of the Judicial Panel on Multidistrict Litigation, at Rule 1.5, provide that the "pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel ... does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Therefore, even if a Conditional Transfer Order is issued, this Court would retain jurisdiction over pretrial matters. See Faulk v. Owens-Corning Fiberglass, 48 F.Supp.2d 653 (E.D.Tex. 1999) (ruling on motion to remand in spite of existence of conditional transfer order).

## B.   FRAUDULENT JOINDER

A case in which complete diversity of citizenship does not exist may be removed when the defendants establish that the non-diverse defendants have been fraudulently joined. "The removing party bears the heavy burden of proving that non-diverse defendants have been fraudulently joined to defeat diversity, either by showing that (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5ᵗʰ Cir. 1995); *Dernigan v. Ashland Oil Co.*, 989 F.2d 812, 815 (5ᵗʰ Cir. 1991); *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5ᵗʰ Cir. 1981). As the Removing Defendants do not claim that Plaintiffs have committed outright fraud in the recitation of jurisdictional facts, this Court must decide whether there is any possibility that Plaintiffs would be able to establish a cause of action against the non-diverse Doctor Defendants in state court.

The test for fraudulent joinder is whether there is any possibility of recovery against the non-diverse defendant. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5ᵗʰ Cir. 1992); *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5ᵗʰ Cir. 1983); *cert. denied*, 464 U.S. 1039, 104 S. Ct. 701 (1984). "The motive of the plaintiff in joining a defendant is immaterial, provided that the

plaintiff asserts the cause of action in good faith, imposes a reasonable basis grounded in state law." *Higgins v. Pittsburgh-Des Moines Co.*, 635 F. Supp. 1182, 1184 (S.D. Tex. 1986); *Dollar v. General Motors Corp.*, 814 F. Supp. 538, 541 (E.D. Tex. 1991). Therefore, even if plaintiff added the Doctor Defendants for the purpose of defeating diversity, as long as there is a good faith claim against them, diversity is lacking and the suit should be remanded to state court.

The Fifth Circuit has endorsed a summary judgment-like procedure for disposing of fraudulent joinder claims. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5ᵗʰ Cir.), *cert. denied*, 498 U.S. 817, 111 S. Ct. 60 (1990). The "district court may look to evidence outside of the pleadings in determining a fraudulent joinder claim." *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5ᵗʰ Cir. 1995). A defendant may submit affidavits and deposition transcripts in support of its removal petition, and a plaintiff may submit similar evidence in support of its motion to remand. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5ᵗʰ Cir. 1990) (citing *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5ᵗʰ Cir. 1989)).

Where neither party includes any evidence – such as affidavits or deposition transcripts – to support their positions, the Court must review the allegations in the complaint to determine if the non-diverse defendant could be subject to individual liability.

5

6

Hart v. Bayer Corp., 199 F.3d 239, 247 (5th Cir. 2000). In this review, the Court must resolve all issues of fact and ambiguities in controlling state law in favor of the removing party. Id. However, "the district court must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. Moreover, the district court must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). Thus, uncertainty as to the propriety of removal is resolved in favor of the non-removing party. Hodson v. Spillada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992).

The Court must begin by looking at the claims in the pleading at the time of removal to determine whether Plaintiffs have stated claims for which relief may be granted against the Doctor Defendants. Plaintiffs' Original Petition includes intentional misrepresentation and negligence claims against the Doctor Defendants. Plaintiffs claim the Doctor Defendants were negligent by failing to warn Plaintiffs of the risks associated with Rezulin and by prescribing Rezulin. (Pl.'s Orig. Pet. at 16.)

In order to recover under an intentional misrepresentation claim, a plaintiff must establish the following essential elements: (1) a material misrepresentation was made; (2) the misrepresentation was made recklessly or with knowledge of its

7

falsity; (3) the misrepresentation was made in anticipation of reliance upon it; and (4) the plaintiff actually relied upon the misrepresentation and was damaged as a result. Lee & Lee Intern., Inc. v. Lee, 261 F.Supp.2d 665, 674 (N.D. Tex. 2003); Marvin v. Fugit, 914 S.W.2d 621, 627 (Tex. App.-Fort Worth 1995, writ denied). To recover under a negligence claim, a plaintiff must show: (1) a legal duty owed by one person to another; (2) breach of that duty, and (3) damages proximately resulting from that breach. D. Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002); El Chico Corp v. Poole, 732 S.W.2d 306, 311 (Tex. 1987)(superseded by statute on other grounds as stated in J.D. Abrams, Inc. v. McIver, 966 S.W.2d 87 (Tex.App.-Hous. [1st Dist.] 1998, pet. denied)). As long as Plaintiffs could conceivably recover damages from the Doctor Defendants under one of these causes of action, the case must be remanded.

The Removing Defendants' first argument is that Plaintiffs' petition does not allege specific facts and fails to provide sufficient notice of the claims being asserted against the Doctor Defendants. (Defs.' Not. of Removal ¶¶ 18-20.) Notice pleading requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Pleadings need not "state the facts constituting the cause of action" because "there are other rules which may be used to winnow out factually groundless claims." Walker v. South Central Bell

8

PAGE 05/07

CGB

21476516888   10/06/2003 11:45

Tele. Co., 904 F.2d 275, 278 (5ᵗʰ Cir. 1990). Plaintiffs' petition meets the requirements of notice pleading. The petition states the elements of both negligence and intentional misrepresentation.

The Removing Defendants' second argument is that Plaintiffs' claims against the Pharmaceutical Defendants are "fundamentally irreconcilable" with the claims against the non-diverse Doctor Defendants. (Defs.' Not. of Removal, ¶ 21.) In other words, because Plaintiffs claim the Pharmaceutical Defendants willfully deceived Rezulin patients, the FDA, treating physicians, and the entire medical community about the risks associated with Rezulin, it is impossible for the Defendant Doctors to have been negligent in prescribing the drug or to have intentionally misrepresented the drug. (Defs.' Not. of Removal, ¶¶ 21-22.) Therefore, the Removing Defendants argue no viable claim against the Doctor Defendants can be asserted. This argument is unpersuasive as well. Plaintiffs may plead alternative and inconsistent facts or remedies against several Defendants without being barred. Allstate Ins. Co. v. James, 779 F.2d 1536, 1540-1541 (11ᵗʰ Cir. 1986); Gay James Const. Co. v. Trinity Industries, Inc., 644 F.2d 525, 530 (5ᵗʰ Cir. 1981); Lauderdale v. Merck & Co., Inc., C.A. 1:01CV18D-B, 2002 WL 449423, *3 (N.D. Miss. Feb. 4, 2002).

Plaintiffs' Original Petition contains allegations that would permit a finding of liability against the Doctor Defendants. All the elements of intentional misrepresentation and negligence have

been alleged and the Removing Defendants have not presented any evidence that there is not at least a possibility that Plaintiffs would succeed with their claims against the Doctor Defendants.

The Removing Defendants argue that the Rezulin MDL court has denied remand in actions presenting the same issue, therefore this court should do the same so as to promote consistency in MDL proceedings. (Defs.' Not. of Removal, at 9-10.)(citing In re: Rezulin Products Liability Litigation, 133 F.Supp.2d 272, at 290, 295 (S.D.N.Y. 2001)("Rezulin I")). However, remand of this case is consistent with the MDL proceedings, as the Rezulin MDL court has remanded cases in which it found there was a possibility of recovery against non-diverse physician defendants. See, e.g., In re: Rezulin Products Liability Litigation, No. 00-2843, 2002 WL 313346 (S.D.N.Y. Feb.27, 2002); In re: Rezulin Products Liability Litigation, No. 00-2843, 2002 WL 548750 (S.D.N.Y. Apr. 12, 2002)("Rezulin III").

In Rezulin III, the plaintiffs sued the manufacturers of Rezulin as well as non-diverse resident physicians for medical malpractice. The Rezulin MDL court could not "rule out the possibility" that the plaintiffs would "succeed with their medical malpractice claims against the nondiverse physicians" because all the medical malpractice elements were properly alleged. Rezulin III, 2002 WL 548750, at *1. The Rezulin MDL court explicitly stated that because the plaintiffs alleged, in part, that the non-

9

10

diverse physician defendants treated them, prescribed Rezulin, failed to warn them of the risks of Rezulin, and performed liver functioning testing, that "the citizenship of the physician defendants [was] material for diversity purposes." Id. Similarly, Plaintiffs here have alleged that the Doctor Defendants prescribed Rezulin to them, (Pls.' Orig. Pet. at 4), as well as claimed that the Doctor Defendants failed to warn Plaintiffs of the risks of Rezulin and misrepresented the drug and its effects. (Pls.' Orig. Pet. at 17.)

The Removing Defendants' reliance on Rezulin I is misplaced. Although Rezulin I found that Alabama plaintiffs had improperly joined a non-diverse physician as a defendant, it relied upon the fact that no separate allegations were made that could establish liability against the physician. See Rezulin I, 133 F.Supp.2d at 295. In fact, the Rezulin MDL court explicitly stated in Rezulin III that the defendants' reliance on its Rezulin I decision was "misplaced" because the plaintiffs in Rezulin I "did not specifically mention a nondiverse physician ... defendant except in the caption and then sought to lump this defendant in with the manufacturing defendants for liability purposes." Rezulin III, 2002 WL 548750, at *2 (emphasis added). The Removing Defendants'

---

1  The Rezulin Court went on to state that because the plaintiffs alleged that the non-diverse physician defendants "treated them and prescribed Rezulin to them" they had "a reasonable possibility of holding a non-diverse physician defendant liable." Id., at *2.

11

reliance on the Rezulin I decision is equally misplaced here; Plaintiffs have separately alleged claims against the non-diverse Doctor Defendants.

Taking into account Rezulin III, and remaining mindful of this Court's duty to resolve doubts as to removability in favor of remand, this Court finds that the Removing Defendants have not proven that the non-diverse Doctor Defendants were fraudulently joined. Thus, remand is appropriate.

IV. CONCLUSION

As indicated, supra, all doubts are resolved against removal. Because the Court determines that the Removing Defendants have failed to meet their burden of establishing this Court's jurisdiction over the above-styled action, the case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 79th Judicial District Court of Jim Wells County, Texas where it was originally filed and assigned Cause No. 03-05-41945.

SIGNED and ENTERED this 21st day of August, 2003.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

12