ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 21 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VERONICA RAMIREZ, INDIVIDUALLY and AS NEXT FRIEND OF JEREMIAH S. RAMIREZ, a minor, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. B-03-155 |
| AMERICAN HOME PRODUCTS CORPORATION d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETHER LEDERLE VACCINES and LEDERLE LABORATORIES, ET AL, | § § § § § § § § § | JURY |
| *Defendants.* | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

COMES NOW VERONICA RAMIREZ, INDIVIDUALLY AND AS NEXT FRIEND OF JEREMIAH S. RAMIREZ, A MINOR, Plaintiff ("Plaintiff") in the above styled action and submits the following Response to Defendants' Notice of Supplemental Authority and would respectfully show the Court that the supplemental authority cited by Defendants does not support a finding that the non-diverse medical defendants ("Medical Defendants") were fraudulently joined or a finding that Plaintiff's claims should be dismissed for the following reasons:

I.

A.  The *Chiles* Orders Support Neither the Denial of Plaintiff's Motion to Remand Nor the Grant of Defendants' Motion to Dismiss in the Present Case.

Defendants direct the Court's attention to two orders issued by United States District

Judge John McBryde in a similar Thimerosal case. The first order erroneously denied remand in that case. *Chiles v. American Home Produts,* Order, No. 4:03-CV-802-A (N.D. Tex. Sept. 26, 2003). The second order erroneously granted the defendants' motions to dismiss Plaintiffs' claims. *Chiles v. American Home Products,* Order, No. 4:03-CV-802-A (N.D. Tex. October 2, 2003). In the interests of brevity, Plaintiff files this single response to show that the *Chiles* orders should not be followed in either the remand or the dismissal context.

**B.      The September 26, 2003 Remand Order in *Chiles* Is Erroneously Decided.**

United States District Judge John McBryde's recently issued order denying remand in a similar Thimerosal case is not controlling in the present action for two reasons. First, the denial of remand in *Chiles* was premised on the perceived inconsistency between Plaintiffs' allegations of deception by the Vaccine Defendants and knowledge by the Medical Defendants. *Chiles v. American Home Produts,* No. 4:03-CV-802-A (N.D. Tex. Sept. 26, 2003). Plaintiff respectfully submits that Judge McBryde's refusal to permit alternatively pled facts and claims was in error and should not be followed. *See* further discussion on this issue at (1) below. Second, the *Chiles* opinion does not dictate the result in this case because Judge McBryde effectively ignored additional evidence clarifying and supporting Plaintiffs' claims. Consequently, when this Court considers Plaintiff's pleading in connection with the provided summary judgment type evidence, it is apparent that Plaintiff has (at least) a reasonable possibility of prevailing on her claims against the non-diverse Medical Defendants. Accordingly, complete diversity does not exist and this case should be remanded to the Texas state court from which it was improvidently removed.

        **(1)      The *Chiles* Court Erred in Holding that Plaintiffs' Assertion of Alternative Theories of Recovery Bar Their Claims Against the Non-diverse Medical Defendants.**

The central theme of the order in *Chiles* is that by alleging that the manufacturer defendants hid the defects of Thimerosal, Plaintiffs' are precluded from proving that the medical defendants were negligent in prescribing the product. That holding is in error. The Fifth Circuit has clearly held that a party is permitted to assert alternative or even inconsistent facts and theories. *Guy James Constr. Co. v. Trinity Indus., Inc.*, 644 F.2d 525, 530 (5th Cir. 1981) ("[a] party may plead alternative and inconsistent facts or remedies against several parties without being barred."). Indeed, "a party may state as many separate claims or defenses as the party has regardless of consistency." FED. RULE CIV. PRO. 8. *Slegelmilch v. Melancon*, Opinion and Order, Cause No 3:01-CV-509BN, p. 9 (Nov. 14, 2002)(ordering remand where plaintiff asserted alternative theories of medical malpractice and negligence); *Odom v. Odom*, 232 Ark. 229, 335 S.W.2d 301, 302 (Ark. May 16, 1960); see also, *Molsbergen v. U.S.*, 757 F.2d 1016 (9th Cir. 1985); *Ryan v. Foster & Marshall, Inc.*, C.A.9th, 1977, 556 F.2d 460; *Whitt v. E.I. DuPont de Nemours & Co.*, 461 F.2d 1152 (6th Cir. 1972)(holding inconsistent theories properly submitted to jury); *Hirshfield v. Briskin*, 47 F.2d 694 (7th Cir. 1971); *Babcock & Wilcox Co. v. Parsons Co.*, 430 F.2d 531 (8th Cir. 1970); *Adler v. American Standard Corp.*, 538 F.Supp. 572 (D.C. Maryland 1982)(inconsistent factual allegations permitted). Moreover, courts have particularly noted that a pleader should not have to forego a potential claim *at the outset of his lawsuit* rather than run the risk of having such a claim used as an admission. *Garman v. Griffin*, 666 F.2d 1156 (8th Cir. 1981).

In accordance with the rationale of these opinions, courts considering the significance of inconsistent or alternative pleadings in the context of similar prescription drug claims have rejected the argument that a doctor cannot be liable for failing to warn about a drug product

where it is alleged that the drug manufacturer represented the product to be safe. *E.g., Barragan v. Warner-Lambert Co.*, 2002 WL 1973495, *4 (W.D.Tex. 2002)(holding that inconsistent allegations do not preclude a finding of liability); *Gamez v. Parke-Davis*, <u>Order of Remand</u>, Civil Action No. C-03-312 (S.D. Tex. Sept. 2, 2003); *Lauderdale v. Merck & Co., Inc.* 2002 WL 449423, *3 (N.D. Tex. Feb 4, 2002); *Glenn v. Purdue Pharma Co.* 2003 WL 22243939, *3 (N.D.Miss. 2003); *Dixon v. Warner-Lamber Co.*, 2001 WL 515226 *2 (E.D. LA, 2001)(holding that "[t]here is no requirement that plaintiff's allegations be consistent" and order the case remanded due to lack of diversity jurisdiction); *Watson v. Purdue Pharma Inc.*, No. 5:02-CV-99BN (S.D.Miss. Dec. 13, 2002) (granting remand in Oxycontin case where inconsistent facts were pled); *Jackson v. The Purdue Pharma Co.*, No. 5:02-CV-85BN (S.D.Miss. Dec. 10, 2002) (same); *Heffner v. Purdue Pharma Inc.*, No. 3:02-CV-226WS (S.D.Miss. Sept. 3, 2002)(same); *Cordill v. Purdue Pharma, L.P.*, 2002 WL 31474466 (W.D.Va. Nov 05, 2002); *In Re Rezulin*, 2002 WL 31852826, *2 (S.D. N.Y. Dec. 18, 2002)(holding that inconsistent allegations are "not fatal" to Plaintiffs' ability to state a claim).

To the extent that the *Chiles* Court held that Plaintiffs' use of alternative pleading precluded their claim against the medical defendants, that holding is in error. Simply stated, Plaintiff's assertion of alternative theories does not bar Plaintiff's claims against the Medical Defendants in the case at bar.

> (2) **By Considering Plaintiff's Pleading in Connection with the Provided Summary Judgment Type Evidence, It Is Apparent that Plaintiff Has (At Least) a Reasonable Possibility of Prevailing on Her Claims Against the Non-Diverse Medical Defendants.**

Courts considering a "fraudulent joinder" allegation are advised to consider summary judgment evidence such as deposition and affidavit testimony. *Carriere v. Sears Roebuck & Co.*,

893 F.2d 98, 100 (5th Cir.), *cert denied,* 498 U.S. 817 (1990); *McCall v. UNUM Life Ins. Co. of America,* 2001 WL 1388013, *4 (N.D.Tex. 2001). Indeed, Defendants own cited authority, accepts the use of such post-removal evidence. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir.1999).

Here, Plaintiff has provided evidence of a factual basis which clarifies her claims against the Medical Defendants. *See* Affidavit of Amanda W. Saile attached to Plaintiff's Reply to Defendants' Opposition to Remand and incorporated fully by reference. This evidence, setting forth a factual basis for Plaintiff's allegation that the Medical Defendants knew or should have known of Thimerosal's dangers, should be considered by this Court as opposed to summarily dismissed as in *Chiles.* By examining and incorporating such evidence, it is clear that Plaintiff has a reasonable possibility of prevailing on her claims against the Medical Defendants.

C.  **The October 2, 2003 *Chiles* Order Is Erroneously Decided and Does Not Support Dismissal of Plaintiffs' Claims in the Case At Bar.**

United States District Judge John McBryde has also issued a recent order granting a motion to dismiss in a similar Thimerosal case. *Chiles v. American Home Products,* Order, No. 4:03-CV-802-A (N.D. Tex. October 2, 2003). Again, that opinion should not be followed in the present action for two reasons.[1] First, the order granting Defendants' motions to dismiss in *Chiles* failed to address or rule upon Plaintiffs' valid argument that the bar of the Vaccine Act does not apply to claims against non-vaccine manufacturers such as Eli Lilly. Accordingly, the claims asserted by both the Parent Plaintiffs and the Children Plaintiffs against non-vaccine

---

[1] As discussed in Plaintiff's Combined Response to Defendants' Motions to Dismiss, this Court should not reach the merits of the present dismissal motions at all because federal jurisdiction is lacking and Plaintiff has moved to have this case remanded to its proper Texas state court.

**Plaintiff's Response to Defendants' Notice of Supplemental Authority**                                   **Page 5**

manufacturer, Eli Lilly and Company, should not have been lumped into the dismissal order with the claims against the vaccine manufacturers. Second, the *Chiles* Court failed to apply the proper standard in ruling on Defendants' motions to dismiss.

> **(1) The *Chiles* Order Erroneously Failed to Address the Non-Applicability of the Vaccine Act to Claims Against a Non-Vaccine Manufacturer such as Eli Lilly.**

The Vaccine Act does not require claims against a non-vaccine manufacturer such as Eli Lilly and Company to first be filed in Vaccine Court.[2] In effect, the Vaccine Act imposes two significant limitations on when its tort suit limitation will apply. First, in order for the bar to apply, the claim must be one arising from "vaccine-related injuries." Vaccine Act § 300aa-11(2)(A). Second, the bar will not apply unless the claim is against a "vaccine manufacturer." Vaccine Act § 300aa-11(2)(A).

Other courts have held that "the language of the Vaccine Act should be strictly construed to find that the exclusive jurisdiction of the Vaccine Act does not apply to manufacturers, suppliers and distributors of Thimerosal." *Toussaint v. Merck & Co.*, 2003 WL 21406178, *2 (E.D.La. 2003).42 U.S.C. § 300aa-11(2)(A) (emphasis added); *see also, Blackmon v. American Home Products*, 203 F.Supp.2d 748, 758-59 (S.D. Tex. 2002); *Owens v. American Home Products*, 2002 WL 992094 (S.D.Tex. 2002); *Case v. Merck & Co.*, 2002 WL 31478219, *2

---

[2] The relevant language of the Vaccine Act states:

> No person may bring a civil action for damages... <u>against a vaccine administrator or manufacturer</u> in a State or Federal court for damages arising from <u>a vaccine related injury</u>... unless a petition has been filed in accordance with... this title.

Vaccine Act § 300aa-11(2)(A)(emphasis added).

(E.D.La. 2002). Accordingly, those courts refused to dismiss claims against the Thimerosal manufacturers. The same outcome is proper in the present case.

Inexplicably, the *Chiles* court failed to address the crucial distinction between claims against vaccine manufacturers and non-vaccine manufacturers. Eli Lilly and Company is not a vaccine manufacturer. Eli Lilly supplied a raw material - Thimerosal - to the Vaccine Manufacturers. But Eli Lilly and Company did not manufacture or administer any vaccine itself. Indeed, Eli Lilly does not argue that it is a vaccine manufacturer. It is because of this undisputed fact that Plaintiff's claims against Eli Lilly and Company are not subject to the Vaccine Act's tort suit bar. Accordingly, the claims against Eli Lilly and Company should not have been dismissed in *Chiles,* and ought not be dismissed in the case at bar.

**(2)    The *Chiles* Order Failed to Apply the Proper Standard for a Motion to Dismiss.**

The Court must resolve doubts as to the sufficiency of the claim in plaintiff's favor. *Vulcan Materials Company v. City of Tehuacana,* 238 F.3d 382, 387 (5th Cir.2001). Dismissal is warranted only if it appears certain that plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. *Id.; Piotrowski v. City of Houston,* 51 F.3d 512, 514 (5th Cir.1995) (*quoting Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.1994).

The failure of the *Chiles* court to resolve all doubts in Plaintiffs' favor is particularly apparent in the case of the Parent Plaintiffs. The *Chiles* court correctly noted that the claims of the Parent Plaintiffs were not foreclosed by the Vaccine Act. But *Chiles* then went on to erroneously conclude that the Parent Plaintiffs had no recoverable damages under Texas law. Not so. There is no Texas authority precluding a parent from seeking lost wages attributable to a child's injury. *Gulf States Utils. Co. v. Reed,* does not stand for the proposition that a parent may

not recover his or her lost earnings due to the needs of an injured child. 659 S.W.2d 849, 853 (Tex.App.–Houston [14th Dist. 1983, writ ref'd n.r.e.). Indeed, *Reed* cannot stand for that proposition because the minor child in that case died immediately and the only lost earnings at issue were those of the mother in attending to her own grief-related injuries. *Id.* Absent any applicable authority precluding a lost wage claim, Plaintiffs should (at least at this stage) have been given the benefit of the doubt as to the viability of their lost wage claims.[3] Because the *Chiles* court failed to grant Plaintiffs the benefit of such doubt, the *Chiles* opinion is in error and should not be followed by this Court.

D.  **In the Event this Court Finds Plaintiff's Pleading Lacking (Which It Is Not) and Is Inclined to Deny Plaintiff's Motion to Remand on that Basis, Plaintiff Respectfully Requests Leave of Court to Amend Her Pleading.**

Federal Rule of Civil Procedure 15 allows a party to seek leave of court to amend their pleadings and requires that such leave "be freely given when justice so requires." FED. RULE CIV. PRO. 15(A). The United States Supreme Court has held that justice requires the amendment if "the underlying facts and circumstances relied upon by a Plaintiff may be a proper subject of relief." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). *See also Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999). In this case, the Medical Defendants do not dispute the viability of a negligence claim against them on the facts alleged. *See* Motion to Dismiss filed by Defendant Oralia T. Wells, M.D. on file in this Civil Action. Rather, Defendants simply argue that Plaintiff has failed to adequately plead such a claim and that the wrong standards and labels are being applied. *Id.* As such, it is clear that the

---

[3] Similarly, any doubts regarding the viability of the Child Plaintiff's claims or the Parent Plaintiff's claims for other damages should be indulged in Plaintiff's favor. *See* Plaintiff's briefing in response to Defendants' Motions to Dismiss.

Plaintiff's Response to Defendants' Notice of Supplemental Authority          Page 8

underlying facts and circumstances relied upon by Plaintiff allow for relief and justice requires that Plaintiff be granted leave to amend.

## II.

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Remand and deny Defendants' Motions to Dismiss. Plaintiff further requests any and all other relief to which she may be justly entitled.

Respectfully submitted,

Ben C. Martin
State Bar No. 13052400
Federal I.D. No. 34150
**LAW OFFICES OF BEN C. MARTIN, LLP**
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201
(214) 761-6614 (telephone)
(214) 744-7590 (facsimile)

Of counsel:
Edward W. Sampson
State Bar No. 90001985
Federal I.D. No. 34096
William F. Blankenship, III
State Bar No. 90001483
Federal I.D. No. 34097
**LAW OFFICES OF BEN C. MARTIN, LLP**
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201
(214) 761-6614 (telephone)
(214) 744-7590 (facsimile)

Tim Goss
State Bar No. 08222660
Federal I.D. No. 14730
**CAPSHAW, GOSS & BOWERS, LLP**
3031 Allen Street, Suite 200
Dallas, Texas 75204
(214) 761-6610 (telephone)
(214) 761-6611 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that on this the 20th day of October, 2003, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

_____
Ben C. Martin