40

United States District Court
Southern District of Texas
FILED

OCT 2 3 2003

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VERONICA RAMIREZ, INDIVIDUALLY and AS NEXT FRIEND OF JEREMIAH S. RAMIREZ, a minor, | § § § | |
| Plaintiffs, | § | |
| v. | § § | Civil Action No: B03155 |
| AMERICAN HOME PRODUCTS CORPORATION d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETHER LEDERLE VACCINES AND LEDERLE LABORATORIES; ABBOTT LABORATORIES, INC.; AMERICAN INTERNATIONAL CHEMICAL, INC.; AVENTIS PASTEUR, INC., INDIVIDUALLY and AS SUCCESSOR IN INTEREST TO CONNAUGHT LABORATORIES, INC., PASTEUR MERIEUX AND PASTEUR MERIEUX CONNAUGHT; B.F. ASCHER & COMPANY, INC.; EVANS MEDICAL LIMITED; MERCK AND CO., INC.; RPK PHARMACEUTICALS, INC.; DOLDER; ELI LILLY AND COMPANY; SMITHKLINE BEECHAM CORPORATION; ORALIA T. WELLS, M.D., ELOISA T. GONZALEZ, M.D.; and JOHN DOES #1-200, WHO ARE INDIVIDUALS, PROPRIETORSHIPS, CORPORATIONS OR OTHER ENTITIES WHOSE NAMES AND IDENTITIES ARE OTHERWISE UNKNOWN TO PLAINTIFFS, Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |

**DEFENDANT ORALIA T. WELLS, M.D.'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE - Page 1**

Doc. 80750

**DEFENDANT ORALIA T. WELLS, M.D.'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

## TO THE HONORABLE UNITED STATES DISTRICT COURT:

**COMES NOW**, Oralia T. Wells, M.D., a Defendant in the above-entitled and numbered cause, and pursuant to the Federal Rules of Civil Procedure, makes and files this Motion for Leave of the Court to file her Notice of Supplemental Authority in Support of Motion to Dismiss Under Rules 12(b) and (c) of the Federal Rules of Civil Procedure, and in support thereof would show unto the Court as follows:

### I.

The claims and allegations before this Court are identical to those which were recently addressed by United States District Judge John McBryde in a thimerosal related claim asserted in *Chiles v. American Home Products Corporation*, No. 4:03 – CV – 802 – A, slip op. at 5 (N.D.Tex. October 2, 2003) (attached as Exhibits "A", "B" and "C").

### II.

Because the *Chiles* decision by Judge McBryde was rendered after the submission and consideration of Motions to Dismiss on the same basis as the Motions asserted by Defendant Oralia T. Wells, M.D. in this matter, Defendant's Notice of Supplemental Authority is to provide the Court the benefit and value of Judge McBryde's relevant analysis and authority.

### III.

Defendant Oralia T. Wells, M.D. believes that the attached Supplemental Authority will be of assistance to the Court in resolution of her pending Motion to Dismiss. This request is not submitted for the purpose of delay, but so that justice may be served.

**DEFENDANT ORALIA T. WELLS, M.D.'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE - Page 2**

A proposed Order is attached.

Respectfully Submitted,

**STINNETT THIEBAUD & REMINGTON L.L.P.**

By: _Philipa M. Remington/tm_

**PHILIPA M. REMINGTON**
State Bar No. 16766100
**THOMAS P. SULLIVAN**
State Bar No. 19497500

4800 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202
(214) 954-2200
(214) 754-0999 (Fax)

**ATTORNEYS FOR DEFENDANT
ORALIA T. WELLS , M.D.**

**DEFENDANT ORALIA T. WELLS, M.D.'S MOTION FOR LEAVE TO FILE NOTICE OF
SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS UNDER
RULES 12(b) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE - Page 3**

Doc. 80750

## CERTIFICATE OF CONFERENCE

On October 16, 2003, Counsel for Defendant Oralia T. Wells, M.D. conferred with counsel for Plaintiffs regarding the merits of this Motion and counsel for Plaintiffs opposes this request.

_____

**THOMAS P. SULLIVAN**

**DEFENDANT ORALIA T. WELLS, M.D.'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE - Page 4**

Doc. 80750

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded via certified mail, return receipt requested, to the attorneys for Plaintiffs and all other known counsel listed on the attached service, via U.S. regular mail on this the _21st_ day of October, 2003 .

**THOMAS P. SULLIVAN**

**DEFENDANT ORALIA T. WELLS, M.D.'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE - Page 5**

Doc. 80750

# EXHIBIT "A"

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

SEP 2 6 2003

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BENNETTA CHILES, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:03-CV-802-A |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Came on for consideration the motion of plaintiffs, Bennetta
Chiles, individually and as next friend of Tony Chiles, a minor;
Holly Blackburn and Mark Blackburn, each individually and as next
friends of Mitchell Reed Blackburn, a minor; Lori M. Reed,
individually and as next friend of Ryan Joseph Reed, a minor; and
Krissy Fagan and Carl Fagan, each individually and as next
friends of Bradley Kole Fagan, a minor, to remand.  The court,
having considered the motion, the response of defendants Abbott
Laboratories, SmithKline Beecham Corporation d/b/a
GlaxoSmithKline, Aventis Pasteur, Inc., Merck & Co., Inc., Wyeth,
and Eli Lilly & Company, the reply, the record, and applicable
authorities, finds that the motion should be denied.

On June 30, 2003, plaintiffs filed their original petition
in the 96th Judicial District Court of Tarrant County, Texas.
The action was removed by notice of removal filed July 21, 2003.
Plaintiffs contend that they and their minor children were

injured as a result of the children having received vaccines containing Thimerosal. Plaintiffs have sued the manufacturers and distributors of the vaccines that allegedly injured their children and have named their children's treating physicians, Marcia Sampson, M.D., Alfred Santesteban, M.D., John Chapman, M.D., and Richard Chiarello, M.D. ("physicians"), as defendants. The removing defendants maintain that the physicians have been fraudulently joined in order to defeat diversity.

In assessing a claim of fraudulent joinder, the court determines whether there is any reasonable basis for predicting that state law might impose liability on the facts involved. Travis v. Irby, 326 F.3d 644, 647-48 (5th Cir. 2003). The possibility that state law might impose liability must be reasonable, not merely theoretical. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002). As the Fifth Circuit has noted, "pleadings matter" when the court addresses fraudulent joinder. Id. at 328. The failure to specify a factual basis for recovery against a non-diverse party constitutes a failure to state a claim and fraudulent joinder of that party. Waters v. State Farm Mut. Auto. Ins. Co., 158 F.R.D. 107, 109 (S.D. Tex. 1994). Speculative and conclusory allegations do not state a cause of action without factual support. Id. at 108. Fraudulent joinder will be found where a plaintiff has failed to plead any specific acts of negligence

2

against the non-diverse defendant.  <u>See, e.g.</u>, <u>Griggs v. State</u>
<u>Farm Lloyds</u>, 181 F.3d 694, 699 (5th Cir. 1999); <u>Cavallini v.</u>
<u>State Farm Mut. Auto. Ins. Co.</u>, 44 F.3d 256, 260-61 (5th Cir.
1995); <u>McIntire v. Rollins, Inc.</u>, 888 F. Supp. 68, 69 (S.D. Tex.
1995).

In this case, plaintiffs' original petition does not set
forth any facts that would support a claim against the
physicians.  Under the heading "Liability of Healthcare
Defendants," plaintiffs allege:

> 11.02  The [physicians] are liable for their own
> distinct tortious conduct, separate and apart from the
> conduct of the Manufacturer Defendants, although they
> acted in concert with them.

> 11.03  The conduct of the [physicians] forms an
> independent basis for imposing liability on them for
> commission of the acts referenced above.

Pls.' Pet. at 16.  Plaintiffs also plead:

> 4.06  All of the Manufacturer Defendants
> deliberately or negligently misrepresented to the
> public the efficacy and safety of these products that
> contained Thimerosal.  Because of their failure, in all
> instances, to advise doctors or consumers that the
> usage of Thimerosal containing products could result in
> mercury poisoning, the result is that plaintiff's child
> [sic] has experienced severe bodily injury.

> 4.07  The Manufacturer Defendants purposely
> downplayed and understated the health hazards and risks
> associated with Thimerosal.  The Manufacturer
> Defendants through promotional literature, deceived
> potential users of these products by relaying positive
> information and manipulating statistics to suggest
> widespread safety, while downplaying the known adverse
> and serious health effects of ethyl mercury.  The
> Manufacturer Defendants falsely and fraudulently kept
> relevant information from potential users and minimized

3

user concern regarding the safety of the products that
contained Thimerosal.

Id. at 11-12.[1]  Thus, they have affirmatively pleaded facts that

negate any possible liability of the physicians.

Plaintiffs apparently recognize the inadequacy of their

original petition to state claims against the physicians.  They

have attempted to rectify this deficiency through the submission

of affidavits in support of their reply to defendants' opposition

to the motion to remand.  But, the conclusory allegations in the

affidavits that each of the physicians would or should have been

aware of Thimerosal's dangers are simply insufficient to rectify

the pleading deficiency.  Having affirmatively pleaded that the

manufacturer defendants deliberately or negligently deceived

everyone else regarding the safety and efficacy of products

containing Thimerosal, plaintiffs' speculation that the

physicians knew or should have know of any danger is insufficient

to support a cause of action.

Finally, the court notes that it is not relying on a common

defense theory in determining that the physicians have been

fraudulently joined.  Accordingly, Collins v. American Home

Products Corporation, 2003 WL 21998574 (5th Cir. 2003), is not

relevant to the court's decision.  See Pls.' Br. in Supp. of

their Reply at 7.

_____

[1] The pages in the original petition that should be numbered
10 and 11 are numbered 1 and 2.

4

The court ORDERS that plaintiffs' motion to remand be, and is hereby, denied.

SIGNED September 26, 2003.

_____
JOHN McBRYDE
United States District Judge

5





# United States District Court

### Northern District of Texas
### Fort Worth Division

### Notice of Orders or Judgments
### Fed. R. Civ. P. 77(d)

## ATTENTION: Exciting News for Attorneys! You can receive notice of case activity via e-mail.  See page 2 of this FAX.

09/26/03

Date:

To:

Philipa M Remington
Stinnett Thiebaud & Remington
Fountain Place
1445 Ross Ave
Suite 4800
Dallas, TX  75202

Re: Case Number:    4:03-cv-00802    Instrument Number:    107

If this facsimile cannot be delivered as addressed, please call (817) 978-4494. If this transmission is incomplete, our system will attempt to re-send it up to six times.  If the FAX fails, it will be mailed the next business day.

Number of pages including cover sheet:    7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
OFFICE OF THE CLERK

**Electronic Transmission of Notice**

Effective immediately, the Clerk of Court will make a new service available to attorneys admitted to practice in the Northern District of Texas. This new service involves sending you an E-mail whenever a document is filed in either a civil or criminal case in which you are entitled to receive notice.

You must consent in writing to receive service of notice of orders and judgments by E-mail. Your written consent to receive an E-mail as notice will replace any prior written consent you have provided to the clerk's office to receive notice by facsimile transmission. You will also need to have a PACER account in order to view an image of the filed document.

How it Works

The Clerk of Court will send a Notice of Electronic Filing by E-mail to each consenting attorney upon entry of a document on the official court docket. In addition to orders and judgments, the system will also provide you with E-mail notice of the filing of any document by any party in the case, including documents filed by you. This Notice of Electronic Filing will contain case, docket, and attorney notice information as well as a hyperlink to an electronic image of the document. Once you click on the hyperlink to the document you will be asked to enter your PACER login and password. After doing so, an Adobe PDF image of the document will appear on your computer screen. You may print the image, or save an electronic copy of the document.

Each Notice of Electronic Filing allows for one free look at the document. If you do not print or save a copy of the document during this one free look, you will be charged by the PACER system to access the document a second time.

Advantages

There are a number of advantages to receiving documents by electronic transmission versus facsimile or by mail of a paper copy.

- Electronic transmission is fast. No more waiting for faxes or mail to be sent to you by the Clerk's Office. E-mail notice is sent to you the moment a document is docketed.
- Multiple e-mail addresses. An attorney may register for E-mail notice to be sent to up to four e-mail addresses. For example, you may have a copy of the Notice of Electronic Filing also sent to an associate, a paralegal or to a central record keeping group.
- Access to electronic notice. You may view an electronic notice anywhere in the world where you have access to your e-mail account.
- No lost faxes/mail. The E-mails will be sent directly to addresses chosen by you. You will not have to worry about your fax machine being busy or whether it has jammed or run out of paper. You will also not have to wait for the fax or the mail to be delivered to you.
- Better customer service. If an E-mail notice should ever fail, the Clerk's Office will receive an immediate delivery failure notification and can quickly act to remedy the problem. In contrast, a facsimile transmission failure will not be identified until the next business day, and the return of regular mail may take several days.

If you are interested in receiving notices of orders and judgments by E-mail, you are admitted to practice in the Northern District of Texas, and you have a PACER account, please fill out a consent form. The consent form is available on the court's website at www.txnd.uscourts.gov. Look under Court Records, and click on Electronic Notice. If you have questions on how to obtain a PACER account, or want to receive a paper copy of the consent form, please contact the Office of the Clerk at 214/753-2190.

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 2 9 2003

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | | |
|---|---|---|
| BENNETTA CHILES, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:03-CV-802-A |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

## FINAL JUDGMENT AS TO CERTAIN DEFENDANTS

In accordance with the court's order of even date herewith,

The court ORDERS, ADJUDGES, and DECREES that the claims of plaintiffs, Bennetta Chiles, individually and as next friend of Tony Chiles, a minor; Holly Blackburn and Mark Blackburn, each individually and as next friends of Mitchell Reed Blackburn, a minor; Lori M. Reed, individually and as next friend of Ryan Joseph Reed, a minor; and Krissy Fagan and Carl Fagan, each individually and as next friends of Bradley Kole Fagan, a minor, against defendants Richard Chiarello, M.D., and Marcia Sampson, M.D., be, and are hereby, dismissed.

The court further ORDERS, ADJUDGES, and DECREES that these defendants have and recover their court costs from plaintiffs.

SIGNED September 29, 2003.

JOHN McBRYDE
United States District Judge



# United States District Court

### Northern District of Texas
### Fort Worth Division

### Notice of Orders or Judgments
### Fed. R. Civ. P. 77(d)

## ATTENTION: Exciting News for Attorneys! You can receive notice of case activity via e-mail. See page 2 of this FAX.

Date:

10/01/03

To:

Philipa M Remington
Stinnett Thiebaud & Remington
Fountain Place
1445 Ross Ave
Suite 4800
Dallas, TX  75202

Re: Case Number:      4:03-cv-00802      Instrument Number:      113

If this facsimile cannot be delivered as addressed, please call (817) 978-4494. If this transmission is incomplete, our system will attempt to re-send it up to six times. If the FAX fails, it will be mailed the next business day.

Number of pages including cover sheet:    3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
OFFICE OF THE CLERK

**Electronic Transmission of Notice**

Effective immediately, the Clerk of Court will make a new service available to attorneys admitted to practice in the Northern District of Texas. This new service involves sending you an E-mail whenever a document is filed in either a civil or criminal case in which you are entitled to receive notice.

You must consent in writing to receive service of notice of orders and judgments by E-mail. Your written consent to receive an E-mail as notice will replace any prior written consent you have provided to the clerk's office to receive notice by facsimile transmission. You will also need to have a PACER account in order to view an image of the filed document.

How it Works

The Clerk of Court will send a Notice of Electronic Filing by E-mail to each consenting attorney upon entry of a document on the official court docket. In addition to orders and judgments, the system will also provide you with E-mail notice of the filing of any document by any party in the case, including documents filed by you. This Notice of Electronic Filing will contain case, docket, and attorney notice information as well as a hyperlink to an electronic image of the document. Once you click on the hyperlink to the document you will be asked to enter your PACER login and password. After doing so, an Adobe PDF image of the document will appear on your computer screen. You may print the image, or save an electronic copy of the document.

Each Notice of Electronic Filing allows for one free look at the document. If you do not print or save a copy of the document during this one free look, you will be charged by the PACER system to access the document a second time.

Advantages

There are a number of advantages to receiving documents by electronic transmission versus facsimile or by mail of a paper copy.

- Electronic transmission is fast. No more waiting for faxes or mail to be sent to you by the Clerk's Office. E-mail notice is sent to you the moment a document is docketed.
- Multiple e-mail addresses. An attorney may register for E-mail notice to be sent to up to four e-mail addresses. For example, you may have a copy of the Notice of Electronic Filing also sent to an associate, a paralegal or to a central record keeping group.
- Access to electronic notice. You may view an electronic notice anywhere in the world where you have access to your e-mail account.
- No lost faxes/mail. The E-mails will be sent directly to addresses chosen by you. You will not have to worry about your fax machine being busy or whether it has jammed or run out of paper. You will also not have to wait for the fax or the mail to be delivered to you.
- Better customer service. If an E-mail notice should ever fail, the Clerk's Office will receive an immediate delivery failure notification and can quickly act to remedy the problem. In contrast, a facsimile transmission failure will not be identified until the next business day, and the return of regular mail may take several days.

If you are interested in receiving notices of orders and judgments by E-mail, you are admitted to practice in the Northern District of Texas, and you have a PACER account, please fill out a consent form. The consent form is available on the court's website at www.txnd.uscourts.gov. Look under Court Records, and click on Electronic Notice. If you have questions on how to obtain a PACER account, or want to receive a paper copy of the consent form, please contact the Office of the Clerk at 214/753-2190.

# EXHIBIT "C"



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| BENNETTA CHILES, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:03-CV-802-A |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Came on for consideration the motion of defendants Richard Chiarello, M.D., ("Chiarello") and Marcia Sampson, M.D., ("Sampson") to dismiss. The court, having considered the motion, the response of plaintiffs, Bennetta Chiles, individually and as next friend of Tony Chiles, a minor; Holly Blackburn and Mark Blackburn, each individually and as next friends of Mitchell Reed Blackburn, a minor; Lori M. Reed, individually and as next friend of Ryan Joseph Reed, a minor; and Krissy Fagan and Carl Fagan, each individually and as next friends of Bradley Kole Fagan, a minor, the record, and applicable authorities, finds that the motion should be granted. For the reasons discussed in the court's September 26, 2003, order, Chiarello and Sampson have been fraudulently joined in order to defeat diversity jurisdiction. Accordingly, they are not proper parties to this action.

The court ORDERS that the motion of Chiarello and Sampson to dismiss be, and is hereby, granted, and that plaintiffs' claims against Chiarello and Sampson be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiffs' claims against said defendants.

SIGNED September 29, 2003.

JOHN McBRYDE
United States District Judge

2





# United States District Court

### Northern District of Texas
### Fort Worth Division

### Notice of Orders or Judgments
### Fed. R. Civ. P. 77(d)

## ATTENTION: Exciting News for Attorneys! You can receive notice of case activity via e-mail. See page 2 of this FAX.

Date:
    10/01/03

To:
    Philipa M Remington
    Stinnett Thiebaud & Remington
    Fountain Place
    1445 Ross Ave
    Suite 4800
    Dallas, TX  75202

Re: Case Number:    4:03-cv-00802     Instrument Number:     112

If this facsimile cannot be delivered as addressed, please call (817) 978-4494. If this transmission is incomplete, our system will attempt to re-send it up to six times.  If the FAX fails, it will be mailed the next business day.

Number of pages including cover sheet:    4

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## OFFICE OF THE CLERK

### Electronic Transmission of Notice

Effective immediately, the Clerk of Court will make a new service available to attorneys admitted to practice in the Northern District of Texas. This new service involves sending you an E-mail whenever a document is filed in either a civil or criminal case in which you are entitled to receive notice.

You must consent in writing to receive service of notice of orders and judgments by E-mail. Your written consent to receive an E-mail as notice will replace any prior written consent you have provided to the clerk's office to receive notice by facsimile transmission. You will also need to have a PACER account in order to view an image of the filed document.

How It Works

The Clerk of Court will send a Notice of Electronic Filing by E-mail to each consenting attorney upon entry of a document on the official court docket. In addition to orders and judgments, the system will also provide you with E-mail notice of the filing of any document by any party in the case, including documents filed by you. This Notice of Electronic Filing will contain case, docket, and attorney notice information as well as a hyperlink to an electronic image of the document. Once you click on the hyperlink to the document you will be asked to enter your PACER login and password. After doing so, an Adobe PDF image of the document will appear on your computer screen. You may print the image, or save an electronic copy of the document.

Each Notice of Electronic Filing allows for one free look at the document. If you do not print or save a copy of the document during this one free look, you will be charged by the PACER system to access the document a second time.

Advantages

There are a number of advantages to receiving documents by electronic transmission versus facsimile or by mail of a paper copy.

- Electronic transmission is fast. No more waiting for faxes or mail to be sent to you by the Clerk's Office. E-mail notice is sent to you the moment a document is docketed.
- Multiple e-mail addresses. An attorney may register for E-mail notice to be sent to up to four e-mail addresses. For example, you may have a copy of the Notice of Electronic Filing also sent to an associate, a paralegal or to a central record keeping group.
- Access to electronic notice. You may view an electronic notice anywhere in the world where you have access to your e-mail account.
- No lost faxes/mail. The E-mails will be sent directly to addresses chosen by you. You will not have to worry about your fax machine being busy or whether it has jammed or run out of paper. You will also not have to wait for the fax or the mail to be delivered to you.
- Better customer service. If an E-mail notice should ever fail, the Clerk's Office will receive an immediate delivery failure notification and can quickly act to remedy the problem. In contrast, a facsimile transmission failure will not be identified until the next business day, and the return of regular mail may take several days.

If you are interested in receiving notices of orders and judgments by E-mail, you are admitted to practice in the Northern District of Texas, and you have a PACER account, please fill out a consent form. The consent form is available on the court's website at www.txnd.uscourts.gov. Look under Court Records, and click on Electronic Notice. If you have questions on how to obtain a PACER account, or want to receive a paper copy of the consent form, please contact the Office of the Clerk at 214/753-2190.