

United States District Court
Southern District of Texas
FILED

OCT 2 3 2003

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VERONICA RAMIREZ, INDIVIDUALLY and AS NEXT FRIEND OF JEREMIAH S. RAMIREZ, a minor,<br>　　　　Plaintiffs,<br>v.<br><br>AMERICAN HOME PRODUCTS CORPORATION d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETHER LEDERLE VACCINES AND LEDERLE LABORATORIES; ABBOTT LABORATORIES, INC.; AMERICAN INTERNATIONAL CHEMICAL, INC.; AVENTIS PASTEUR, INC., INDIVIDUALLY and AS SUCCESSOR IN INTEREST TO CONNAUGHT LABORATORIES, INC., PASTEUR MERIEUX AND PASTEUR MERIEUX CONNAUGHT; B.F. ASCHER & COMPANY, INC.; EVANS MEDICAL LIMITED; MERCK AND CO., INC.; RPK PHARMACEUTICALS, INC.; DOLDER; ELI LILLY AND COMPANY; SMITHKLINE BEECHAM CORPORATION; ORALIA T. WELLS, M.D., ELOISA T. GONZALEZ, M.D.; and JOHN DOES #1-200, WHO ARE INDIVIDUALS, PROPRIETORSHIPS, CORPORATIONS OR OTHER ENTITIES WHOSE NAMES AND IDENTITIES ARE OTHERWISE UNKNOWN TO PLAINTIFFS,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No:  B03155 |

**DEFENDANT ORALIA T. WELLS, M.D.'S NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF MOTION TO DISMISS UNDER
<u>RULES 12(b) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u> - Page 1**

Doc. 80751

**DEFENDANT ORALIA T. WELLS, M.D.'S NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF MOTION TO DISMISS UNDER
RULES 12(b) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

## TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to Rules 12(b) and (c) of the Federal Rules of Civil Procedure, Defendant Oralia

T. Wells, M.D., files this Brief in Support of her Motion to Dismiss Under Rules 12(b) and (c) of

the Federal Rules of Civil Procedure and would show the Court as follows:

**I.**

As set forth in the October 2, 2003 Motion to Dismiss Under Rules 12 (b) and (c) filed by

Oralia T. Wells, M.D., this Defendant submits that Plaintiffs do not have actionable claims

against her, and that these claims should be dismissed under Rules 12 (b) and (c) of the Federal

Rules of Civil Procedure. In connection with this plea for dismissal, Oralia T. Wells, M.D.

wants to bring the Court's attention to recent Orders and a Final Judgment rendered by Judge

John McBryde of the United States District Court of the Northern District of Texas, Fort Worth

Division, on September 26 and 29, 2003. These Orders and Final Judgment, which address the

exact same issues that are before this Court, were issued in a matter styled *Bennetta Chiles, et al.

v. American Home Products Corporation, et al.*, No. 4:03 – CV – 802 – A. In these Orders and

Final Judgment, Judge McBryde dismissed and rendered final judgment on the exact claims that

have been alleged by the Plaintiffs against Oralia T. Wells, M.D. in this matter, and are further

support for Oralia T. Wells, M.D. plea for dismissal of the claims asserted against her in this

matter.

**DEFENDANT ORALIA T. WELLS, M.D.'S NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF MOTION TO DISMISS UNDER
RULES 12(b) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE - Page 2**

Doc. 80751

## II.

The same firm that filed the claims against Oralia T. Wells, M.D. in this matter, the Law Offices of Ben C. Martin filed the *Chiles* matter referenced above (*See,* Exhibit "A," *Chiles* Plaintiffs' Original Complaint). Comparison of the *Chiles* Complaint (Exhibit "A") to the Complaint against Oralia T. Wells, M.D. in this matter (attached hereto as Exhibit "B"), shows that the factual bases of the claims and the allegations against the Defendant physicians are exactly the same. Similarly, in *Chiles*, the Defendant physicians filed a Motion to Dismiss and Brief in Support Thereof on the same basis as the Motion to Dismiss asserted by the physicians here (*See,* Exhibits "C" and "D," the Motion to Dismiss and Brief in Support Thereof of Richard Chiarello, M.D. and Marcia Sampson, M.D.).

## III.

In ruling on the Motion to Dismiss of Dr. Chiarello and Dr. Sampson in the *Chiles* matter, Judge John McBryde of the United States District Court of the Northern District of Texas – Fort Worth Division, issued an Order and Final Judgment on the Motion to Dismiss filed by Dr. Chiarello and Dr. Sampson on September 29, 2003, and referenced another Order issued by the Court on September 26, 2003. Copies of the September 29 *Chiles* Order and Final Judgment issued by Judge McBryde are attached hereto as Exhibits "E" and "F." A copy of the September 26, 2003 Order is attached hereto as Exhibit "G." In the Order (Exhibit "E"), Judge McBryde ruled that, as explained in his September 26, 2003 Order, Dr. Chiarello and Dr. Sampson were fraudulently joined to defeat diversity jurisdiction, were not proper parties to the case, and that the claims against them are dismissed. Judge McBryde's Final Judgment

**DEFENDANT ORALIA T. WELLS, M.D.'S NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF MOTION TO DISMISS UNDER
RULES 12(b) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE - Page 3**

Doc. 80751

(Exhibit "F") dismisses the *Chiles* Plaintiffs' claims against Dr. Chiarello and Dr. Sampson and allows those Defendants to recover their costs from Plaintiffs.

Judge McBryde's September 26, 2003 Order (Exhibit "G") explains the underlying basis of his rulings in Exhibits "E" and "F," and is equally applicable to the circumstances before the Court in this matter. Specifically, based on the exact same allegations that exist in this matter, Judge McBryde held "Plaintiffs' Original Petition does not set forth any facts that would support a claim against the physicians." Judge McBryde went on to hold, given Plaintiffs' affirmative allegations that the Manufacturer Defendants deliberately or negligently deceived everyone regarding the safety and efficacy of products that contained Thimerosal, Plaintiffs "have affirmatively pleaded facts that negate any possible liability of the physicians."

Plaintiffs' counsel here made the exact same allegations against Oralia T. Wells, M.D. in this matter as they did in the *Chiles* matter. Given these same circumstances, Judge McBryde's holding and rationale in *Chiles* is equally applicable and further supports the Motion to Dismiss filed by Oralia T. Wells, M.D. Accordingly, Defendant Oralia T. Wells, M.D. respectfully requests that her Motion to Dismiss be granted.

**WHEREFORE, PREMISES CONSIDERED**, Oralia T. Wells, M.D. respectfully requests that her Motion to Dismiss be granted, that Plaintiffs' claims against her be dismissed, that a Final Judgment be entered against Plaintiffs and in favor of this Defendant, and for such other and further relief, both at law and in equity, to which she may show herself justly entitled to receive.

**DEFENDANT ORALIA T. WELLS, M.D.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE** - **Page 4**

Doc. 80751

Respectfully Submitted,

**STINNETT THIEBAUD & REMINGTON L.L.P.**

By: _____

    **PHILIPA M. REMINGTON**
    State Bar No. 16766100
    **THOMAS P. SULLIVAN**
    State Bar No. 19497500

    4800 Fountain Place
    1445 Ross Avenue
    Dallas, Texas  75202
    (214) 954-2200
    (214) 754-0999 (Fax)

    **ATTORNEYS FOR DEFENDANT
    ORALIA T. WELLS, M.D.**

**DEFENDANT ORALIA T. WELLS, M.D.'S NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF MOTION TO DISMISS UNDER
<u>RULES 12(b) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u> - Page 5**

Doc. 80751

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded via certified mail, return receipt requested, to the attorneys for Plaintiffs and all other known counsel listed on the attached service, via U.S. regular mail on this the _21st_ day of October, 2003 .

THOMAS P. SULLIVAN

**DEFENDANT ORALIA T. WELLS, M.D.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE - Page 6**

Doc. 80751

# EXHIBIT "A"

CAUSE NO. _96 200062 03_

| | |
|---|---|
| BENNETTA CHILES,<br>INDIVIDUALLY and AS NEXT FRIEND OF<br>TONI CHILES, a minor;<br>HOLLY BLACKBURN and MARK<br>BLACKBURN, EACH INDIVIDUALLY<br>and AS NEXT FRIENDS OF MITCHELL REED<br>BLACKBURN, a minor; LORI M. REED,<br>INDIVIDUALLY and AS NEXT FRIEND OF<br>RYAN JOSEPH REED, a minor; and KRISSY<br>FAGAN and CARL FAGAN, EACH<br>INDIVIDUALLY and AS NEXT FRIENDS OF<br>BRADLEY KOLE FAGAN,<br><br>*Plaintiffs,*<br><br>v.<br><br>AMERICAN HOME PRODUCTS<br>CORPORATION d/b/a WYETH, WYETH<br>LABORATORIES, WYETH-AYERST, WYETH-<br>AYERST LABORATORIES, WYETH LEDERLE,<br>WYETHER LEDERLE VACCINES AND<br>LEDERLE LABORATORIES; ABBOTT<br>LABORATORIES, INC.; AMERICAN<br>INTERNATIONAL CHEMICAL, INC.;<br>AVENTIS PASTEUR, INC., INDIVIDUALLY<br>and AS SUCCESSOR IN INTEREST TO<br>CONNAUGHT LABORATORIES, INC.,<br>PASTEUR MERIEUX AND PASTEUR<br>MERIEUX CONNAUGHT; B.F. ASCHER &<br>COMPANY, INC.; EVANS MEDICAL LIMITED;<br>MERCK AND CO., INC.; RPK<br>PHARMACEUTICALS, INC.; DOLDER; ELI<br>LILLY AND COMPANY; SMITHKLINE<br>BEECHAM CORPORATION; MARCIA<br>SAMPSON, M.D.; ALFREDO SANTESTEBAN,<br>M.D.; JOHN CHAPMAN, M.D.; RICHARD<br>CHIARELLO, M.D.; and JOHN DOES#1-200,<br>WHO ARE INDIVIDUALS, PROPRIETORSHIPS,<br>CORPORATIONS OR OTHER ENTITIES<br>WHOSE NAMES AND IDENTITIES ARE<br>OTHERWISE UNKNOWN TO PLAINTIFFS, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    IN THE DISTRICT COURT<br><br><br><br><br><br><br><br><br><br><br><br><br>   TARRANT COUNTY, TEXAS |

-1-

|  | § |  |
|---|---|---|
| *Defendants.* | § | ____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW BENNETTA CHILES, INDIVIDUALLY and AS NEXT FRIEND OF TONI CHILES, a minor; HOLLY BLACKBURN and MARK BLACKBURN, EACH INDIVIDUALLY and AS NEXT FRIENDS OF MITCHELL REED BLACKBURN, a minor; LORI M. REED, INDIVIDUALLY and AS NEXT FRIEND OF RYAN JOSEPH REED, a minor; and KRISSY FAGAN and CARL FAGAN, EACH INDIVIDUALLY and AS NEXT FRIENDS OF BRADLEY KOLE FAGAN, Plaintiffs, by and through their Attorneys and files this their Original Petition against the above-named Defendants and would show unto the Court the following:

### I.
### Discovery

1.01   Plaintiffs allege that discovery herein is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### Jurisdiction and Venue

2.01   This Court has subject matter jurisdiction over Plaintiffs' claims since there is no claim for personal injuries arising from or associated with the administration of a vaccine as defined under the *National Vaccine Injury Compensation Program* (42 U.S.C. § 300aa-1 et seq.), and thus no jurisdiction over this claim by the Office of Special Master of the United States Court of Federal Claims.

2.02    Alternatively, the minor Plaintiffs' claims have been submitted pursuant to the *National Vaccine Injury Compensation Program* (42 U.S.C. § 300aa-1 et seq.) and all administrative remedies thereunder have been exhausted.

2.03    Further, this Court has subject matter jurisdiction over Plaintiffs' claims because this is a combination contract, tort, and statutory action brought under the laws of the State of Texas, which is based entirely upon the common laws and statutory laws of the State of Texas and the Plaintiffs herein do not rely upon any federal statute, do not assert any federal question, and do not seek relief under any federal statute or law.

2.04    To the extent that the Defendants will contend that the Plaintiffs are seeking relief under federal laws or federal questions in this suit, the Plaintiffs expressly deny said contentions and the Plaintiffs expressly waive any relief under any federal laws or any federal question concerning the allegations contained herein, whether said allegations are pled or not.

2.05    Venue is proper in this matter because all or a substantial part of the events giving rise to Plaintiffs' claims occurred in Tarrant County, Texas, since while residing in Tarrant County, Plaintiffs sustained serious permanent and irreparable bodily injuries and other damages as the proximate result of the conduct of Defendants made the subject of this cause. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

2.06    Venue is also proper in this matter because Defendant **MARCIA SAMPSON, M.D.** is an individual who resided in Tarrant County, Texas at the time Plaintiffs' causes of action accrued. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

2.07    Venue is also proper in this matter because Defendant **ALFREDO SANTESTEBAN, M.D.**, is an individual who resided in Tarrant County, Texas at the time Plaintiffs' causes of action accrued. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

2.08    Venue is also proper in this matter because Defendant **JOHN E. CHAPMAN, M.D.,** is an individual who resided in Tarrant County, Texas at the time Plaintiffs' causes of action accrued. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

2.09    Venue is also proper in this matter because Defendant **RICHARD CHIARELLO, M.D.**, is an individual who resided in Tarrant County, Texas at the time Plaintiffs' causes of action accrued. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

2.10    Venue is also proper in this matter because Plaintiffs' causes of action against Defendants include causes of action for breach of warranty by a manufacturer of consumer goods. *See* TEX. CIV. PRAC. & REM. CODE § 15.033.

2.11    Venue is also proper in this matter because Plaintiffs' causes of action against Defendants include causes of action arising out of transactions solicited in Tarrant County, Texas, by Defendants, or their authorized agents. *See* TEX. BUS. & COM. CODE § 17.56.

### III.
### Parties

3.01    Plaintiff, **BENNETTA CHILES**, is the parent of **TONI CHILES, a minor,** and resides in Tarrant County, Texas.

3.02    Plaintiffs, **HOLLY BLACKBURN and MARK BLACKBURN,** are the parents of **MITCHELL REED BLACKBURN, a minor,** and reside in Tarrant County, Texas.

3.03    Plaintiff, LORI M. REED, is the parent of RYAN JOSEPH REED, a minor, and resides in Parker County, Texas.

3.04    Plaintiffs CARL FAGAN and KRISSY FAGAN are the parents of BRADLEY COLE FAGAN, a minor, and reside in Tarrant County, Texas. As used herein, the term "Plaintiffs" shall refer to both the parents and minor children.

3.05    Defendant, AMERICAN HOME PRODUCTS CORPORATION, doing business as WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETHER LEDERLE, WYETHER LEDERLE VACCINES AND LEDERLE LABORATORIES is a foreign corporation who may be served with process through its registered agent, Prentice Hall Corporation System, at 800 Brazos, Austin, Texas 78701. At all times relevant hereto, AMERICAN HOME PRODUCTS CORPORATION, doing business as WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETHER LEDERLE, WYETHER LEDERLE VACCINES AND LEDERLE LABORATORIES was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal. On information and belief, said entity does business in the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products.

3.06    Defendant, ABBOTT LABORATORIES, INC. is a foreign corporation who may be served with process through its registered agent, CT Corporation System, at 350 North St. Paul, Dallas, Texas 75201. At all times relevant hereto, ABBOTT LABORATORIES, INC. was engaged in the business of manufacturing and/or marketing vaccines and/or products

that contain Thimerosal. On information and belief, said entity does business in the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products.

3.07    Defendant, **AMERICAN INTERNATIONAL CHEMICAL, INC.** is a foreign corporation who may be served with process through its registered agent, J. Kemper Morse, at 3622 Broken Elm, Spring, Texas 77388. At all times relevant hereto, **AMERICAN INTERNATIONAL CHEMICAL, INC.** was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal. On information and belief, said entity does business in the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products.

3.08    Defendant, **AVENTIS PASTEUR, INC., INDIVIDUALLY and AS SUCCESSOR IN INTEREST TO CONNAUGHT LABORATORIES, INC., PASTEUR MERIEUX and PASTEUR MERIEUX CONNAUGHT** is a foreign corporation who may be served with process through its registered agent, CT Corporation System, at 350 North St. Paul, Dallas, Texas 75201. At all times relevant hereto, **AVENTIS PASTEUR, INC., INDIVIDUALLY and AS SUCCESSOR IN INTEREST TO CONNAUGHT LABORATORIES, INC., PASTEUR MERIEUX and PASTEUR MERIEUX CONNAUGHT** was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal. On information and belief, said entity does business in the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products.

3.09    Defendant, **B.F. ASCHER & COMPANY, INC.** is a foreign corporation who may be served with process through its President and Chief Executive Officer, James Ascher, Sr., at 15501 West 109th Street, Lenexa, Kansas 66219.  At all times relevant hereto, **B.F. ASCHER & COMPANY, INC.** was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal.  On information and belief, said entity does business in the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products.

3.10    Defendant, **EVANS MEDICAL LIMITED**, is a foreign corporation who may be served with process through Evans House Regent, Kingston Road, Letherhead KT227PQ, Surrey, United Kingdom.  At all times relevant hereto **EVANS MEDICAL LIMITED** was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal.  On information and belief, said entity does business in the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products.

3.11    Defendant, **MERCK & CO., INC.** is a foreign corporation who may be served with process through its registered agent, CT Corporation System, at 350 North St. Paul, Dallas, Texas 75201.  At all times relevant hereto, **MERCK & CO., INC.** was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal.  On information and belief, said entity does business in the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products.

3.12    Defendant, **RPK PHARMACEUTICALS, INC.** , is a foreign corporation who has been served with process through its registered agent, Peter J. Furni, at 3513 Breakwater Avenue, Hayward, California 94545.  At all times relevant hereto, **RPK**

PHARMACEUTICALS, INC. was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal. On information and belief, said entity does business in the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products.

3.13    Defendant, **DOLDER**, is a foreign corporation who may be served with process at Immengasse 9, 4004 Basel, Switzerland. At all times relevant hereto, **DOLDER** was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal. On information and belief, said entity does business in the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products. vaccines and/or products.

3.14    Defendant, **ELI LILLY AND COMPANY**, is a foreign corporation who may be served with process through its registered agent, National Registered Agents, Inc., at 1614 Sidney Baker Street, Kerrville, Texas 78028. At all times relevant hereto **ELI LILLY AND COMPANY** was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal. On information and belief, said entity does business in the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products.

3.15    Defendant, **SMITHKLINE BEECHAM CORPORATION** is a foreign corporation who may be served with process through its registered agent, Corporation Service Company, at 800 Brazos, Austin, Texas 78701. At all times relevant hereto, **SMITHKLINE BEECHAM CORPORATION** was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal. On information and belief, said entity does business in the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products. As used herein, the term



"Manufacturer Defendants" shall refer collectively to all Defendants set out in paragraphs in 3.05 through 3.15.

3.16    Defendant, **MARCIA SAMPSON, M.D.** is an individual physician who may be served with process at her principal place of business, 212 W. South Street, Arlington, Texas. At all times relevant hereto, **MARCIA SAMPSON, M.D.** was engaged in the business of marketing, distributing and/or selling vaccines and/or products containing Thimerosal to Plaintiff **BENETTA CHILES** and her minor son, **TONI CHILES** herein. On information and belief, said doctor does business in the State of Texas, and at all times relevant hereto, marketed, distributed and/or sold the aforementioned vaccines and/or products.

3.17    Defendant, **ALFREDO SANTESTEBAN, M.D.** is an individual physician who may be served with process at his principal place of business, 1604 Hospital Parkway, Suite 401, Bedford, Texas 76022. At all times relevant hereto **ALFREDO SANTESTEBAN, M.D.** was engaged in the business of marketing, distributing and/or selling vaccines and/or products containing Thimerosal to Plaintiffs **HOLLY BLACKBURN and MARK BLACKBURN** and their minor son, **MITCHELL REED BLACKBURN** herein. On information and belief, said doctor does business in the State of Texas, and at all times relevant hereto, marketed, distributed and/or sold the aforementioned vaccines and/or products.

3.18    Defendant, **JOHN CHAPMAN, M.D.** is an individual physician who may be served with process at his principal place of business, 212 W. South Street, Arlington, Texas. At all times relevant hereto, **JOHN CHAPMAN, M.D.** was engaged in the business of marketing, distributing and/or selling vaccines and/or products containing Thimerosal to Plaintiff **LORI REED** and her minor son, **RYAN JOSEPH REED** herein. On information and belief, said doctor does business in the State of Texas, and at all times relevant hereto, marketed, distributed and/or sold the aforementioned vaccines and/or products.

3.19    Defendant, **RICHARD CHIARELLO, M.D.** is an individual physician who may be served with process at his principal place of business, 717 N. Fielder Road, Arlington, Texas76012.  At all times relevant hereto **RICHARD CHIARELLO, M.D.** was engaged in the business of marketing, distributing and/or selling vaccines and/or products containing Thimerosal to Plaintiffs **CARL FAGAN and KRISSY FAGAN** and their minor son, **BRADLEY KOLE FAGAN** herein.  On information and belief, said doctor does business in the State of Texas, and at all times relevant hereto, marketed, distributed and/or sold the aforementioned vaccines and/or products.  As used herein, the term "Healthcare Defendants" shall refer collectively to all Defendants set out in paragraphs in 3.16 through 3.19.

3.20    Defendants, **JOHN DOES #1-200,** are individuals, proprietorships, corporations, or other entities whose names and identities are otherwise unknown to Plaintiffs at this time, but who manufactured, tested, designed, distributed, marketed, sold and/or delivered Thimerosal-containing products in the State of Texas.  As used herein, the term "Defendants" shall refer collectively to all Defendants specifically named as well as JOHN DOES #1-200.

## IV.
### Facts

4.01    Thimerosal is a compound that is 49.6% ethyl-mercury.  Thimerosal is not itself a vaccine.  It is completely unnecessary as a component of vaccines for their effective use.  The toxic neurological effects of mercury exposure have been known for over 100 years.  Children, especially infants, are more susceptible to the effects of mercury as it interferes with the development of the nervous system.  Ethyl-mercury is an organic derivative of mercury and in the human body acts as a more potent and efficient neurotoxin, due to its organic qualities.

4.02    Many over-the-counter products contain or contained Thimerosal.  Most vaccines routinely administered to children contained Thimerosal.  These vaccines were designed, developed, and manufactured, with Thimerosal and/or distributed by the Defendants.

-1-

4.03     During the first 18 months of life, the average American infant is exposed to 237.5 mcg (micrograms) of mercury from Thimerosal in Defendants' manufactured products. This total body burden exceeds the federal exposure guidelines by a factor of up to 70 plus times the permissible limit for an adult.  There are no guidelines suggesting a safe level of mercury for infants and children.  Thimerosal also contains a form of aluminum which acts to contribute to and potentiate the adverse effects of ethyl mercury.

4.04     In June of 1999, the Food and Drug Administration confirmed that "infants who receive Thimerosal-containing vaccines at several visits may be exposed to more mercury than recommended by federal safety guidelines for total adult mercury exposure."

4.05     At all relevant times, the Manufacturer Defendants, themselves or by use of others, did manufacture, create, design, label, sterilize, package, supply, market, sell, advertise or otherwise distribute products that contained Thimerosal.  These products were marketed and/or sold by the Defendants without adequate testing and/or without any adequate warnings.  These products were promoted by the Defendants at all relevant times without any reference to the toxic hazards and potential public health ramifications resulting from such products.

4.06     All of the Manufacturer Defendants deliberately or negligently misrepresented to the public the efficacy and safety of these products that contained Thimerosal.  Because of their failure, in all instances, to advise doctors or consumers that the usage of Thimerosal containing products could result in mercury poisoning, the result is that the Plaintiff's child has experienced severe bodily injury.

4.07     The Manufacturer Defendants purposely downplayed and understated the health hazards and risks associated with Thimerosal.  The Manufacturer Defendants through promotional literature, deceived potential users of these products by relaying positive information and manipulating statistics to suggest widespread safety, while downplaying the known adverse and serious health effects of ethyl mercury.  The Manufacturer Defendants falsely and

-2-

fraudulently kept relevant information from potential users and minimized user concern regarding the safety of the products that contained Thimerosal.

4.08    The Manufacturer Defendants falsely and fraudulently misrepresented a number of facts regarding these products including, but not limited to, the presence of adequate testing of Thimerosal and the presence of adequate testing of any combination of Thimerosal-containing products.

4.09    The Plaintiffs are victims of the Defendants' decision to manufacture, market, promote, design, distribute and/or sell these unreasonably dangerous and defective Thimerosal-containing products.  As a proximate contributing cause of being injected with mercury, the Plaintiffs have suffered harm, injuries, and other damages set forth in more detail below.

## CAUSES OF ACTION

### V.

### Strict Liability - Design Defects

5.01    Defendants sold Thimerosal© in the regular course of their business. Thimerosal© was then in a defective condition and unreasonably dangerous when put to a reasonably anticipated use.  It was known to these Defendants that this compound could cause severe damage to children.  Thimerosal© was used in a manner reasonably anticipated and the minor Plaintiffs were damaged as a direct result of such defective condition existing at the time Thimerosal© was sold.  All of these events occurred despite safer alternatives being economically and technologically feasible that would have significantly reduced the risk posed to the minor Plaintiffs in connection with their childhood vaccinations.

5.02    Such defective condition existed when Thimerosal© was sold by the Defendants and was a producing cause of Plaintiffs' severe and permanent physical injuries and other damages set forth in more detail below.  The aforesaid acts and omissions of Defendants

-12-

constitute conduct involving malice entitling Plaintiff to exemplary damages pursuant to Texas law.

## VI.
### Strict Liability - Marketing Defects

6.01    Defendants designed, manufactured, produced, labeled, advertised, marketed, tested, inspected, shipped, distributed, and/or sold the compound Thimerosal© in the regular course of their business.  Thimerosal© was in a defective condition and unreasonably dangerous when put to its reasonably anticipated use in that Defendants failed to warn or properly and adequately notify, inform, or warn prescribers and consumers of its dangers and defects, in each of the following respects, among others:

a.    Thimerosal© caused an unreasonably high risk of the development of Autism in children of which Defendants failed to warn or adequately warn prescribers;

b.    Thimerosal© can cause serious injury or death to individuals not within any identified risk category;

c.    Defendant failed to provide proper warnings and/or instruction relative to Thimerosal© ;

d.    There was a failure on the part of Defendants to provide adequate labeling, package inserts, and consumer information regarding  Thimerosal© and its dangers;

e.    The Defendants failed to warn or adequately warn in their advertisements or other public displays to members of the public of the dangers of the drug Thimerosal©;

f.    The Defendants did not give warning or adequate warning to healthcare providers regarding the dangers of Thimerosal©; and

13

g.   Thimerosal© was used in connection with the vaccination of the minor Plaintiffs in a manner reasonably anticipated by the Defendants.

6.02    Such defective conditions and the lack of warnings or adequate warnings as existed when Thimerosal© was sold by the Defendants were a producing cause of Plaintiffs' severe and permanent physical injuries and other damages set forth in more detail below. The aforesaid acts and omissions by Defendants constitute conduct involving malice thereby entitling Plaintiffs to exemplary damages pursuant to Texas law.

## VII.
### Breach of Common Law Implied Warranties

7.01    Defendants designed, manufactured, produced, labeled, advertised, tested, inspected, shipped, distributed, and/or sold Thimerosal© in the regular course of their business for human consumption.

7.02    The minor Plaintiffs were administered such compound in their childhood vaccinations.

7.03    Thimerosal©, when sold by Defendants, was not fit for human consumption due to the risks and dangers it presented. In particular, Defendants breached the implied warranty of fitness for a particular purpose and the implied warranty of merchantability.

7.04    As a proximate result thereof, Plaintiffs have sustained severe and permanent physical injuries and other damages set forth in more detail below.

## VIII.
### Negligence

8.01    Defendants had a legal responsibility and duty to conform to pharmaceutical industry standards, to possess the knowledge of an expert in the industry, and to foresee risks inherent with

14

their products under the same or similar circumstances as other members of the industry. Defendants breached this duty, as aforementioned, and were negligent or failed to use ordinary care in the particulars set forth herein.

8.02  As a direct and proximate result of Defendants aforementioned actions and omissions, specifically Defendants' failure to use ordinary care, Plaintiffs have sustained severe and permanent physical injuries and other damages set forth in more detail below.

## IX.
## Violations of the Texas Deceptive Trade Practices -- Consumer Protection Act

9.01  Defendants designed, manufactured, produced, labeled, advertised, tested, inspected, shipped, distributed, and/or sold Thimerosal© in the regular course of their business for human consumption. The minor Plaintiffs were administered such compound in their childhood vaccinations.

9.02  Defendants engaged in conduct which violated TEX. BUS. & COM. CODE §§ 17.46(a), 17.46(b)(5), 17.46(b)(7), & 17.46(b)(23), and which were a producing cause of Plaintiffs' damages. Moreover, such conduct was committed by Defendants knowingly, within the meaning of TEX. BUS. & COM. CODE § 17.45(9), and such conduct was committed by Defendants intentionally, within the meaning of TEX. BUS. & COM. CODE § 17.45(13).

9.03  Defendants also engaged in conduct which was unconscionable, within the meaning of TEX. BUS. & COM. CODE § 17.45(5) and which was a producing cause of Plaintiffs' damages. Moreover, such conduct was committed by Defendants knowingly, within the meaning of TEX. BUS. & COM. CODE § 17.45(9), and such conduct was committed by Defendants intentionally, within the meaning of TEX. BUS. & COM. CODE § 17.45(13).

9.04    As a direct and proximate result of Defendants aforementioned actions, Plaintiffs have sustained severe and permanent physical injuries and other damages set forth in more detail below.

## X.
### Assault

10.01    Defendants  intentionally and/or knowingly caused serious bodily injuries to the minor Plaintiffs within the meaning of TEX. PEN. CODE §§ 22.01 and 22.02(a)(1) through the sale, distribution, and other conduct relating to Thimerosal© described in more detail above.

10.02    Further, Defendants intentionally and/or knowingly caused serious bodily injuries, serious mental deficiencies, impairment, and/or bodily injuries to the minor Plaintiffs within the meaning of TEX. PEN. CODE § 22.04(a) through the sale, distribution, and other conduct relating to Thimerosal© as described in more detail above.

10.03    As a direct and proximate result of Defendants aforementioned actions, Plaintiffs have sustained severe and permanent physical injuries and other damages set forth in more detail below.

## XI.
### Liability of Healthcare Defendants

11.01    All of the allegations set forth above are adopted for purposes of this paragraph.

11.02    The Healthcare Defendants are liable for their own distinct tortious conduct, separate and apart from the conduct of the Manufacturer Defendants, although they acted in concert with them.

11.03    The conduct of the Healthcare Defendants forms an independent basis for imposing liability on them for commission of the acts referenced above.

## XII.
## Compensatory Damages

12.01    As a direct and proximate result of Defendants' design, manufacture, sale, shipment and/or distribution of Thimerosal© in an unreasonably dangerous and defective condition, and/or as a result of Defendants' tortious conduct in connection with the advertising, promotion, testing, labeling and inspection of Thimerosal©, and/or as a result of Defendants' breach of the implied warranty of fitness for a particular purpose and the implied warranty of merchantability, and/or as a result of the negligence of Defendants, the Plaintiffs seek the following damages:

a.    **BENNETTA CHILES, INDIVIDUALLY:**

1.    medical expenses in the past and future;
2.    loss of earning capacity in the past and future;
3.    loss of companionship and society in the past and future;
4.    loss of consortium in the past and future;
5.    mental anguish in the past and future;
6.    prejudgment and postjudgment interest;
7.    costs of suit; and
8.    all other relief, in law and in equity, to which Plaintiff may be entitled.

b.    **BENNETTA CHILES, AS NEXT FRIEND OF TONI CHILES, a minor:**

1.    medical expenses in the future;
2.    loss of earning capacity in the future;
3.    loss of companionship and society in the past and future;
4.    loss of consortium in the past and future;
5.    pain, suffering and mental anguish in the past and future;
6.    physical impairment;
7.    disfigurement;
8.    prejudgment and postjudgment interest;
9.    costs of suit; and

17

10.    all other relief, in law and in equity, to which Plaintiff may be entitled.

c.    HOLLY BLACKBURN, INDIVIDUALLY:

1.    medical expenses in the past and future;
2.    loss of earning capacity in the past and future;
3.    loss of companionship and society in the past and future;
4.    loss of consortium in the past and future;
5.    mental anguish in the past and future;
6.    prejudgment and postjudgment interest;
7.    costs of suit; and
8.    all other relief, in law and in equity, to which Plaintiff may be entitled.

d.    MARK BLACKBURN, INDIVIDUALLY:

1.    medical expenses in the past and future;
2.    loss of earning capacity in the past and future;
3.    loss of companionship and society in the past and future;
4.    loss of consortium in the past and future;
5.    mental anguish in the past and future;
6.    prejudgment and postjudgment interest;
7.    costs of suit; and
8.    all other relief, in law and in equity, to which Plaintiff may be entitled.

e.    HOLLY BLACKBURN and MARK BLACKBURN, AS NEXT FRIENDS OF MITCHELL REED BLACKBURN, a minor:

1.    medical expenses in the future;
2.    loss of earning capacity in the future;
3.    loss of companionship and society in the past and future;
4.    loss of consortium in the past and future;
5.    pain, suffering and mental anguish in the past and future;
6.    physical impairment;

18

7.    disfigurement;

8.    prejudgment and postjudgment interest;

9.    costs of suit; and

10.   all other relief, in law and in equity, to which Plaintiff may be entitled.

f.    **LORI M. REED, INDIVIDUALLY:**

1.    medical expenses in the past and future;

2.    loss of earning capacity in the past and future;

3.    loss of companionship and society in the past and future;

4.    loss of consortium in the past and future;

5.    mental anguish in the past and future;

6.    prejudgment and postjudgment interest;

7.    costs of suit; and

8.    all other relief, in law and in equity, to which Plaintiff may be entitled.

g.    **LORI M. REED, AS NEXT FRIEND OF RYAN JOSEPH REED, a minor:**

1.    medical expenses in the future;

2.    loss of earning capacity in the future;

3.    loss of companionship and society in the past and future;

4.    loss of consortium in the past and future;

5.    pain, suffering and mental anguish in the past and future;

6.    physical impairment;

7.    disfigurement;

8.    prejudgment and postjudgment interest;

9.    costs of suit; and

10.   all other relief, in law and in equity, to which Plaintiff may be entitled.

h.    **KRISSY FAGAN, INDIVIDUALLY:**

1.    medical expenses in the past and future;

19

    2.      loss of earning capacity in the past and future;

    3.      loss of companionship and society in the past and future;

    4.      loss of consortium in the past and future;

    5.      mental anguish in the past and future;

    6.      prejudgment and postjudgment interest;

    7.      costs of suit; and

    8.      all other relief, in law and in equity, to which Plaintiff may be entitled.

### i.     CARL FAGAN, INDIVIDUALLY:

    1.      medical expenses in the past and future;

    2.      loss of earning capacity in the past and future;

    3.      loss of companionship and society in the past and future;

    4.      loss of consortium in the past and future;

    5.      mental anguish in the past and future;

    6.      prejudgment and postjudgment interest;

    7.      costs of suit; and

    8.      all other relief, in law and in equity, to which Plaintiff may be entitled.

### j.    KRISSY FAGAN and CARL FAGAN, AS NEXT FRIENDS OF BRADLEY COLE FAGAN, a minor:

    1.      medical expenses in the future;

    2.      loss of earning capacity in the future;

    3.      loss of companionship and society in the past and future;

    4.      loss of consortium in the past and future;

    5.      pain, suffering and mental anguish in the past and future;

    6.      physical impairment;

    7.      disfigurement;

    8.      prejudgment and postjudgment interest;

    9.      costs of suit; and

    10.    all other relief, in law and in equity, to which Plaintiff may be entitled.

20

## XIII.
## Exemplary and Additional Penalty Damages

13.01　Defendants showed complete indifference to and/or a conscious disregard for the safety of others by distributing Thimerosal©, which Defendants knew to possess an extreme degree of risk, and without adequately labeling the product, warning, and/or advising prescribers and potential users of Thimerosal© of the dangerous properties and potential for permanent injury.

13.02　Defendants engaged in advertising, media, and public relations campaigns to convince members of the public and the medical community that Thimerosal© was a "safe" drug, when they had actual knowledge that it will cause severe injury or even death to an unreasonably high number of its users.

13.03　Defendants sold and marketed Thimerosal© in a deceptive manner without disclosing the true risks and proper usage of the drug, in order to collect substantially higher profits than they would have received by fully and timely disclosing the known risks and dangers of the compound.

13.04　Therefore, Plaintiffs are entitled to exemplary damages of and from Defendants due to their conduct which amounts to fraud within the meaning of TEX. CIV. PRAC. & REM. CODE § 41.001(6); due to their conduct which amounts to gross neglect within the meaning of TEX. CIV. PRAC. & REM. CODE § 41.001(7)(B); and due to their conduct which amounts to malice within the meaning of TEX. CIV. PRAC. & REM. CODE § 41.991(7)(A) and/or §41.001(7)(B).

13.05　Plaintiffs are further entitled to an additional award of penalty damages of up to three (3) times actual damages pursuant to TEX. BUS. & COM. CODE § 17.50.

13.06　Finally, Plaintiffs specifically invoke the provisions of TEX. CIV. PRAC. & REM. CODE § 41.008(4) and §41.008(7) and state that exemplary damages in this case should be found by the jury through the guidance provided by TEX. CIV. PRAC. & REM. CODE § 41.011 and

should be limited in amount only by the jury's collective wisdom and good judgment and sensibilities.

## XIV.
## Tolling

14.01   The expiration of periods, within which Plaintiffs' causes of action herein must be commenced under applicable statutes of limitations, has been tolled due to fraudulent concealment by Defendants.

14.02   The expiration of periods, within which Plaintiffs' causes of action herein must be commenced under applicable statutes of limitations, has been tolled due to Plaintiffs not having had knowledge of such facts as would cause reasonably prudent persons to make inquiry leading to discovery of Plaintiffs' causes of action against Defendants.

14.03   The expiration of periods, within which Plaintiffs' causes of action herein must be commenced under applicable statutes of limitations, has been tolled due to pendency of related class action cases.

## XV.
## Intent to Use Defendants' Documents

15.01   Any document produced by Defendants in response to written discovery will be used by Plaintiffs at any pretrial proceeding or trial.

## XVI.
## Jury Demand

16.01   Plaintiffs hereby requests that a jury be convened to determine the factual issues in this Cause, and Plaintiffs have already tendered to the Clerk of this Court the statutory jury application fee of $30.00. *See* TEX. R. CIV. P. 216.

22

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final trial hereof they recover judgment against the Defendants for compensatory damages, statutory penalty damages and exemplary damages in amounts in excess of the jurisdictional minimum of this Court, pre-judgment interest and post-judgment interest on all such sums at the maximum lawful rates, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully Submitted,

LAW OFFICES OF BEN C. MARTIN

Ben C. Martin
Texas Bar No. 13052400
Edward W. Sampson
Texas Bar No. 90001985
William F. Blankenship, III
Texas Bar No. 90001483
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201
(214) 761-6614  Telephone
(214) 744-7590  Facsimile


**CAPSHAW, GOSS & BOWERS**
Tim Goss
Texas Bar No. 08222660
3031 Allen Street, Suite 200
Dallas, Texas 75204
(214) 761-6610  Telephone
(214) 744-6611  Facsimile


**ATTORNEYS FOR PLAINTIFFS**

CAUSE # 096-200062-03

| | | |
|---|---|---|
| BENNETTA CHILES, ET AL | * | IN THE DISTRICT COURT |
| Plaintiff | * | |
| | * | |
| VS. | * | 96TH JUDICIAL DISTRICT |

BENNETTA CHILES, ET AL      \*      IN THE DISTRICT COURT
     Plaintiff      \*

VS.      \*      96TH JUDICIAL DISTRICT

     \*

AMERICAN HOME PRODUCTS      \*
CORPORATION, ET AL      \*
     Defendant      \*      TARRANT COUNTY, TEXAS

## ORDER AUTHORIZING SERVICE UNDER RULE 103
## TEXAS RULES OF CIVIL PROCEDURE

On this the day came on to be heard a request that the Court authorize service of process upon a party to this cause pursuant to Rule 103, Texas Rules of Civil Procedure. After considering the certificate below the Court finds that the requirements of Rule 103 have been met and that service under such Rule should be authorized.

IT IS, THEREFORE, ORDERED that James Gilbert is authorized to serve citation upon Richard Chiarello, M.D. and to make due return thereof.

Signed this 5th day of August, 2003.

_____
Judge Presiding

## CERTIFICATE OF ATTORNEY AND PROCESS SERVER

The undersigned hereby certify that James Gilbert, whose address is 2429 Catalina Drive, Mesquite, Texas 75150, is at least 18 years of age, is not a party to or interested in this cause and requests that the Court authorize such person to serve citation or other notices in this cause.

_____
Ben C. Martin

_____
James Gilbert

CAUSE NO. 24731

| | |
|---|---|
| JOEL SALAS, SR. and SANDRA SALAS, §<br>EACH INDIVIDUALLY and AS NEXT FRIENDS §<br>OF JOEL SALAS, JR., a minor, §<br>§<br>*Plaintiffs,* §<br>§<br>v. §<br>§<br>AMERICAN HOME PRODUCTS §<br>CORPORATION d/b/a WYETH, WYETH §<br>LABORATORIES, WYETH-AYERST, WYETH- §<br>AYERST LABORATORIES, WYETH LEDERLE, §<br>WYETHER LEDERLE VACCINES AND §<br>LEDERLE LABORATORIES; ABBOTT §<br>LABORATORIES, INC.; AMERICAN §<br>INTERNATIONAL CHEMICAL, INC.; §<br>AVENTIS PASTEUR, INC., INDIVIDUALLY §<br>and AS SUCCESSOR IN INTEREST TO §<br>CONNAUGHT LABORATORIES, INC., §<br>PASTEUR MERIEUX AND PASTEUR §<br>MERIEUX CONNAUGHT; B.F. ASCHER & §<br>COMPANY, INC.; EVANS MEDICAL LIMITED; §<br>MERCK AND CO., INC.; RPK §<br>PHARMACEUTICALS, INC.; DOLDER; ELI §<br>LILLY AND COMPANY; SMITHKLINE §<br>BEECHAM CORPORATION; JOSE OVIEDO, §<br>M.D., LAWRENCE A. O'BRIEN, M.D.; §<br>SHANNON HEALTH SYSTEM d/b/a VISTA §<br>VERDE MEDICAL PLAZA and JOHN DOES §<br>#1-200, WHO ARE INDIVIDUALS, §<br>PROPRIETORSHIPS, CORPORATIONS OR §<br>OTHER ENTITIES WHOSE NAMES AND §<br>IDENTITIES ARE OTHERWISE UNKNOWN §<br>TO PLAINTIFFS, §<br>*Defendants.* § | IN THE DISTRICT COURT<br><br><br><br>VAL VERDE COUNTY, TEXAS<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>83rd JUDICIAL DISTRICT |

## ORDER GRANTING MOTION FOR SERVICE UNDER RULE 103

ON THIS __23rd__ day of _____JULY_____, 2003, the Court finds that REY

SIFUENTES is an individual who is authorized to serve citations and notices pursuant to Texas

Rules of Civil Procedure 103

FILED
At _2:20_ O' clock _P_ M

JUL 2 3 2003

MARTHA MITCHELL

-1-

A TRUE COPY, I CERTIFY
MARTHA MITCHELL, District Clerk
Val Verde County, Texas
By: _Patricia R. Muoz_
_Deputy_

IT IS, THEREFORE, ORDERED that REY SIFUENTES is authorized to serve citations and notices in cases pending in this Court in which he is not a party or otherwise interested in the outcome of the suit, until further notice of this Court.

IT IS FURTHER ORDERED that a conformed copy of same be attached to all returns of service made by the authorized person hereunder.

SIGNED this _____23rd_____ day of _____JULY_____, 2003.

_____
JUDGE PRESIDING

K:\This is a 300\TX VALVERDE\Pleadings\Order.103.wpd

# EXHIBIT "B"

FROM :DR                    FAX NO. :9566824149          Aug. 25 2003 04:22PM  P3

CAUSE NO. _2003-06-3291-A_

| | |
|---|---|
| VERONICA RAMIREZ, INDIVIDUALLY and AS NEXT FRIEND OF JEREMIAH S. RAMIREZ, a minor, | § § § IN THE DISTRICT COURT |
| | § |
| *Plaintiff,* | § § |
| | § |
| v. | § |
| | § CAMERON COUNTY, TEXAS |
| AMERICAN HOME PRODUCTS CORPORATION d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETHER LEDERLE VACCINES AND LEDERLE LABORATORIES; ABBOTT LABORATORIES, INC.; AMERICAN INTERNATIONAL CHEMICAL, INC.; AVENTIS PASTEUR, INC., INDIVIDUALLY and AS SUCCESSOR IN INTEREST TO CONNAUGHT LABORATORIES, INC., PASTEUR MERIEUX AND PASTEUR MERIEUX CONNAUGHT; B.F. ASCHER & COMPANY, INC.; EVANS MEDICAL LIMITED; MERCK AND CO., INC.; RPK PHARMACEUTICALS, INC.; DOLDER; ELI LILLY AND COMPANY; SMITHKLINE BEECHAM CORPORATION; ORALIA T. WELLS, M.D.; ELOISA T. GONZALEZ, M.D.; and JOHN DOES #1-200, WHO ARE INDIVIDUALS, PROPRIETORSHIPS, CORPORATIONS OR OTHER ENTITIES WHOSE NAMES AND IDENTITIES ARE OTHERWISE UNKNOWN TO PLAINTIFF, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § |
| *Defendants.* | § 107th JUDICIAL DISTRICT |

FILED  11:40  O'CLOCK  A  M
AURORA DE LA GARZA DIST CLERK

JUN 27 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
Kay Lopez  73  DEPUTY

-1-



## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW VERONICA RAMIREZ, INDIVIDUALLY and AS NEXT FRIEND OF JEREMIAH S. RAMIREZ, a minor, Plaintiff, by and through her Attorneys and files this her Original Petition against the above-named Defendants and would show unto the Court the following:

### I.
### Discovery

1.01    Plaintiff alleges that discovery herein is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### Jurisdiction and Venue

2.01    This Court has subject matter jurisdiction over Plaintiff's claims since there is no claim for personal injuries arising from or associated with the administration of a vaccine as defined under the *National Vaccine Injury Compensation Program* (42 U.S.C. § 300aa-1 et seq.), and thus no jurisdiction over this claim by the Office of Special Master of the United States Court of Federal Claims.

2.02    Alternatively, the minor Plaintiff's claims have been submitted pursuant to the *National Vaccine Injury Compensation Program* (42 U.S.C. § 300aa-1 et seq.) and all administrative remedies thereunder have been exhausted.

2.03    Further, this Court has subject matter jurisdiction over Plaintiff's claims because this is a combination contract, tort, and statutory action brought under the laws of the State of Texas, which is based entirely upon the common laws and statutory laws of the State of Texas and the

-2-

Plaintiff herein does not rely upon any federal statute, does not assert any federal question, and does not seek relief under any federal statute or law.

    2.04    To the extent that the Defendants will contend that the Plaintiff is seeking relief under federal laws or federal questions in this suit, the Plaintiff expressly denies said contentions and the Plaintiff expressly waives any relief under any federal laws or any federal question concerning the allegations contained herein, whether said allegations are pled or not.

    2.05    Venue is proper in this matter because all or a substantial part of the events giving rise to Plaintiff's claims occurred in Cameron County, Texas, since while residing in Cameron County, Plaintiff sustained serious permanent and irreparable bodily injuries and other damages as the proximate result of the conduct of Defendants made the subject of this cause. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

    2.06    Venue is also proper in this matter because Defendant **ORALIA T. WELLS, M.D.** is an individual who resided in Cameron County, Texas at the time Plaintiff's causes of action accrued. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

    2.07    Venue is also proper in this matter because Defendant **ELOISA T. GONZALEZ, M.D.** is an individual who resided in Cameron County, Texas at the time Plaintiff's causes of action accrued. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

    2.08    Venue is also proper in this matter because Defendant **ORALIA T. WELLS, M.D.** is a physician with her principal place of business in Cameron County, Texas. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3).

2.09   Venue is also proper in this matter because Defendant **ELOISA T. GONZALEZ,**

**M.D.** is a physician with her principal place of business in Cameron County, Texas. *See* TEX. CIV.

PRAC. & REM. CODE § 15.002(a)(3).

2.10   Venue is also proper in this matter because Plaintiff's causes of action against

Defendants include causes of action for breach of warranty by a manufacturer of consumer goods.

*See* TEX. CIV. PRAC. & REM. CODE § 15.033.

2.11   Venue is also proper in this matter because Plaintiff's causes of action against

Defendants include causes of action arising out of transactions solicited in Cameron County, Texas,

by Defendants, or their authorized agents. *See* TEX. BUS. & COM. CODE § 17.56.

### III.
### Parties

3.01   Plaintiff, **VERONICA RAMIREZ**, is the parent of **JEREMIAH S. RAMIREZ**

and resides in Cameron County, Texas. As used herein, the term "Plaintiff" shall refer to both

the parent and minor child.

3.02   Defendant, **AMERICAN HOME PRODUCTS CORPORATION**, doing

business as **WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST**

**LABORATORIES, WYETH LEDERLE, WYETHER LEDERLE, WYETHER**

**LEDERLE VACCINES AND LEDERLE LABORATORIES** is a foreign corporation who

may be served with process through its registered agent, Prentice Hall Corporation System, at

800 Brazos, Austin, Texas 78701. At all times relevant hereto, **AMERICAN HOME**

**PRODUCTS CORPORATION**, doing business as **WYETH, WYETH LABORATORIES,**

**WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE,**

-4-

WYETHER LEDERLE, WYETHER LEDERLE VACCINES AND LEDERLE

LABORATORIES was engaged in the business of manufacturing and/or marketing vaccines

and/or products that contain Thimerosal.  On information and belief, said entity does business in

the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or

sold the aforementioned vaccines and/or products.

      3.03    Defendant, **ABBOTT LABORATORIES, INC.** is a foreign corporation who

may be served with process through its registered agent, CT Corporation System, at 350 North

St. Paul, Dallas, Texas 75201.  At all times relevant hereto, **ABBOTT LABORATORIES,**

**INC.** was engaged in the business of manufacturing and/or marketing vaccines and/or products

that contain Thimerosal.  On information and belief, said entity does business in the State of

Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the

aforementioned vaccines and/or products.

      3.04    Defendant, **AMERICAN INTERNATIONAL CHEMICAL, INC.** is a foreign

corporation who may be served with process through its registered agent, J. Kemper Morse, at

3622 Broken Elm, Spring, Texas 77388.  At all times relevant hereto, **AMERICAN**

**INTERNATIONAL CHEMICAL, INC.** was engaged in the business of manufacturing and/or

marketing vaccines and/or products that contain Thimerosal.  On information and belief, said

entity does business in the State of Texas, and at all times relevant hereto, it developed,

manufactured, marketed, and/or sold the aforementioned vaccines and/or products.

      3.05    Defendant, **AVENTIS PASTEUR, INC., INDIVIDUALLY and AS**

**SUCCESSOR IN INTEREST TO CONNAUGHT LABORATORIES, INC., PASTEUR**

**MERIEUX and PASTEUR MERIEUX CONNAUGHT** is a foreign corporation who may be

-5-

served with process through its registered agent, CT Corporation System, at 350 North St. Paul, Dallas, Texas 75201. At all times relevant hereto, **AVENTIS PASTEUR, INC., INDIVIDUALLY and AS SUCCESSOR IN INTEREST TO CONNAUGHT LABORATORIES, INC., PASTEUR MERIEUX and PASTEUR MERIEUX CONNAUGHT** was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal. On information and belief, said entity does business in the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products.

 3.06 Defendant, **B.F. ASCHER & COMPANY, INC.** is a foreign corporation who may be served with process through its President and Chief Executive Officer, James Ascher, Sr., at 15501 West 109th Street, Lenexa, Kansas 66219. At all times relevant hereto, **B.F. ASCHER & COMPANY, INC.** was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal. On information and belief, said entity does business in the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products.

 3.07 Defendant, **EVANS MEDICAL LIMITED**, is a foreign corporation who may be served with process through Evans House Regent, Kingston Road, Letherhead KT227PQ, Surrey, United Kingdom. At all times relevant hereto **EVANS MEDICAL LIMITED** was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal. On information and belief, said entity does business in the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products.

3.08    Defendant, **MERCK & CO., INC.** is a foreign corporation who may be served with process through its registered agent, CT Corporation System, at 350 North St. Paul, Dallas, Texas 75201.  At all times relevant hereto, **MERCK & CO., INC.** was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal.  On information and belief, said entity does business in the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products.

3.09    Defendant, **RPK PHARMACEUTICALS, INC.** , is a foreign corporation who has been served with process through its registered agent, Peter J. Furni, at 3513 Breakwater Avenue, Hayward, California 94545.  At all times relevant hereto, **RPK PHARMACEUTICALS, INC.** was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal.  On information and belief, said entity does business in the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products.

3.10    Defendant, **DOLDER**, is a foreign corporation who may be served with process at Immengasse 9, 4004 Basel, Switzerland.  At all times relevant hereto, **DOLDER** was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal.  On information and belief, said entity does business in the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products. vaccines and/or products.

3.11    Defendant, **ELI LILLY AND COMPANY**, is a foreign corporation who may be served with process through its registered agent, National Registered Agents, Inc., at 1614 Sidney Baker Street, Kerrville, Texas 78028.  At all times relevant hereto **ELI LILLY AND COMPANY** was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal.  On information and belief, said entity does business in the

-7-

State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products.

3.12   Defendant, **SMITHKLINE BEECHAM CORPORATION** is a foreign corporation who may be served with process through its registered agent, Corporation Service Company, at 800 Brazos, Austin, Texas 78701.  At all times relevant hereto, **SMITHKLINE BEECHAM CORPORATION** was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal.  On information and belief, said entity does business in the State of Texas, and at all times relevant hereto, it developed, manufactured, marketed, and/or sold the aforementioned vaccines and/or products.  As used herein, the term "Manufacturer Defendants" shall refer collectively to all Defendants set out in paragraphs in 3.02 through 3.12.

3.13   Defendant, **ORALIA T. WELLS, M.D.** is an individual physician who may be served with process at her principal place of business, 825 Lakeside Drive, Brownsville, Texas 78520.  At all times relevant hereto, **ORALIA T. WELLS, M.D.** was engaged in the business of marketing, distributing and/or selling vaccines and/or products containing Thimerosal to the Plaintiff herein.  On information and belief, said doctor does business in the State of Texas, and at all times relevant hereto, marketed, distributed and/or sold the aforementioned vaccines and/or products.

3.14   Defendant, **ELOISA T. GONZALEZ, M.D.** is an individual physician who may be served with process at her principal place of business, 825 Lakeside Drive, Brownsville, Texas 78520.  At all times relevant hereto, **ELOISA T. GONZALEZ, M.D.** was engaged in the business of marketing, distributing and/or selling vaccines and/or products containing Thimerosal to the Plaintiff herein.  On information and belief, said doctor does business in the State of Texas, and at all times relevant hereto, marketed, distributed and/or sold the

aforementioned vaccines and/or products.  As used herein, the term "Healthcare Defendants" shall refer collectively to all Defendants set out in paragraphs in 3.13 through 3.14.

    3.15    Defendants, JOHN DOES #1-200, are individuals, proprietorships, corporations, or other entities whose names and identities are otherwise unknown to Plaintiff at this time, but who manufactured, tested, designed, distributed, marketed, sold and/or delivered Thimerosal-containing products in the State of Texas.  As used herein, the term "Defendants" shall refer collectively to all Defendants specifically named as well as JOHN DOES #1-200.

## IV.
### Facts

    4.01    Thimerosal is a compound that is 49.6% ethyl-mercury.  Thimerosal is not itself a vaccine.  It is completely unnecessary as a component of vaccines for their effective use.  The toxic neurological effects of mercury exposure have been known for over 100 years.  Children, especially infants, are more susceptible to the effects of mercury as it interferes with the development of the nervous system.  Ethyl-mercury is an organic derivative of mercury and in the human body acts as a more potent and efficient neurotoxin, due to its organic qualities.

    4.02    Many over-the-counter products contain or contained Thimerosal.  Most vaccines routinely administered to children contained Thimerosal.  These vaccines were designed, developed, and manufactured, with Thimerosal and/or distributed by the Defendants.

    4.03    During the first 18 months of life, the average American infant is exposed to 237.5 mcg (micrograms) of mercury from Thimerosal in Defendants' manufactured products.  This total body burden exceeds the federal exposure guidelines by a factor of up to 70 plus times the permissible limit for an adult.  There are no guidelines suggesting a safe level of mercury for infants and children.  Thimerosal also contains a form of aluminum which acts to contribute to and potentiate the adverse effects of ethyl mercury.

4.04    In June of 1999, the Food and Drug Administration confirmed that "infants who receive Thimerosal-containing vaccines at several visits may be exposed to more mercury than recommended by federal safety guidelines for total adult mercury exposure."

4.05    At all relevant times, the Manufacturer Defendants, themselves or by use of others, did manufacture, create, design, label, sterilize, package, supply, market, sell, advertise or otherwise distribute products that contained Thimerosal. These products were marketed and/or sold by the Defendants without adequate testing and/or without any adequate warnings. These products were promoted by the Defendants at all relevant times without any reference to the toxic hazards and potential public health ramifications resulting from such products.

4.06    All of the Manufacturer Defendants deliberately or negligently misrepresented to the public the efficacy and safety of these products that contained Thimerosal. Because of their failure, in all instances, to advise doctors or consumers that the usage of Thimerosal containing products could result in mercury poisoning, the result is that the Plaintiff's child has experienced severe bodily injury.

4.07    The Manufacturer Defendants purposely downplayed and understated the health hazards and risks associated with Thimerosal. The Manufacturer Defendants through promotional literature, deceived potential users of these products by relaying positive information and manipulating statistics to suggest widespread safety, while downplaying the known adverse and serious health effects of ethyl mercury. The Manufacturer Defendants falsely and fraudulently kept relevant information from potential users and minimized user concern regarding the safety of the products that contained Thimerosal.

4.08    The Manufacturer Defendants falsely and fraudulently misrepresented a number of facts regarding these products including, but not limited to, the presence of adequate testing of Thimerosal and the presence of adequate testing of any combination of Thimerosal-containing products.

4.09    The Plaintiff is a victim of the Defendants' decision to manufacture, market, promote, design, distribute and/or sell these unreasonably dangerous and defective Thimerosal-containing products.  As a proximate contributing cause of being injected with mercury, the Plaintiff has suffered harm, injuries, and other damages set forth in more detail below.

## CAUSES OF ACTION

## V.

## Strict Liability - Design Defects

5.01    Defendants sold Thimerosal® in the regular course of their business. Thimerosal® was then in a defective condition and unreasonably dangerous when put to a reasonably anticipated use.  It was known to these Defendants that this compound could cause severe damage to children.  Thimerosal® was used in a manner reasonably anticipated and the minor Plaintiff was damaged as a direct result of such defective condition existing at the time Thimerosal® was sold.  All of these events occurred despite safer alternatives being economically and technologically feasible that would have significantly reduced the risk posed to the minor Plaintiff in connection with his childhood vaccinations.

5.02    Such defective condition existed when Thimerosal® was sold by the Defendants and was a producing cause of Plaintiff's severe and permanent physical injuries and other damages set forth in more detail below.  The aforesaid acts and omissions of Defendants constitute conduct involving malice entitling Plaintiff to exemplary damages pursuant to Texas law.

11

## VI.
### Strict Liability - Marketing Defects

6.01    Defendants designed, manufactured, produced, labeled, advertised, marketed, tested, inspected, shipped, distributed, and/or sold the compound Thimerosal® in the regular course of their business.  Thimerosal® was in a defective condition and unreasonably dangerous when put to its reasonably anticipated use in that Defendants failed to warn or properly and adequately notify, inform, or warn prescribers and consumers of its dangers and defects, in each of the following respects, among others:

        a.     Thimerosal® caused an unreasonably high risk of the development of Autism in children of which Defendants failed to warn or adequately warn prescribers;

        b.     Thimerosal® can cause serious injury or death to individuals not within any identified risk category;

        c.     Defendant failed to provide proper warnings and/or instruction relative to Thimerosal® ;

        d.     There was a failure on the part of Defendants to provide adequate labeling, package inserts, and consumer information regarding  Thimerosal® and its dangers;

        e.     The Defendants failed to warn or adequately warn in their advertisements or other public displays to members of the public of the dangers of the drug Thimerosal®;

        f.     The Defendants did not give warning or adequate warning to healthcare providers regarding the dangers of Thimerosal®; and

        g.     Thimerosal® was used in connection with the vaccination of the minor Plaintiff in a manner reasonably anticipated by the Defendants.

12

6.02    Such defective conditions and the lack of warnings or adequate warnings as existed when Thimerosal® was sold by the Defendants were a producing cause of Plaintiff's severe and permanent physical injuries and other damages set forth in more detail below. The aforesaid acts and omissions by Defendants constitute conduct involving malice thereby entitling Plaintiff to exemplary damages pursuant to Texas law.

## VII.
## Breach of Common Law Implied Warranties

7.01    Defendants designed, manufactured, produced, labeled, advertised, tested, inspected, shipped, distributed, and/or sold Thimerosal® in the regular course of their business for human consumption.

7.02    The minor Plaintiff was administered such compound in his childhood vaccinations.

7.03    Thimerosal®, when sold by Defendants, was not fit for human consumption due to the risks and dangers it presented. In particular, Defendants breached the implied warranty of fitness for a particular purpose and the implied warranty of merchantability.

7.04    As a proximate result thereof, Plaintiff has sustained severe and permanent physical injuries and other damages set forth in more detail below.

## VIII.
## Negligence

8.01    Defendants had a legal responsibility and duty to conform to pharmaceutical industry standards, to possess the knowledge of an expert in the industry, and to foresee risks inherent with their products under the same or similar circumstances as other members of the industry. Defendants breached this duty, as aforementioned, and were negligent or failed to use ordinary care in the particulars set forth herein.

13

a result of Defendants' tortious conduct in connection with the advertising, promotion, testing, labeling and inspection of Thimerosal®, and/or as a result of Defendants' breach of the implied warranty of fitness for a particular purpose and the implied warranty of merchantability, and/or as a result of the negligence of Defendants, the Plaintiff seeks the following damages:

   a.    **VERONICA RAMIREZ, INDIVIDUALLY:**

         1. medical expenses in the past and future;
         2. loss of earning capacity in the past and future;
         3. loss of companionship and society in the past and future;
         4. loss of consortium in the past and future;
         5. mental anguish in the past and future;
         6. prejudgment and postjudgment interest;
         7. costs of suit; and
         8. all other relief, in law and in equity, to which Plaintiff may be entitled.

   b.    **VERONICA RAMIREZ, AS NEXT FRIEND OF JEREMIAH S. RAMIREZ, a minor:**

         1. medical expenses in the future;
         2. loss of earning capacity in the future;
         3. loss of companionship and society in the past and future;
         4. loss of consortium in the past and future;
         5. pain, suffering and mental anguish in the past and future;
         6. physical impairment;
         7. disfigurement;
         8. prejudgment and postjudgment interest;
         9. costs of suit; and
         10. all other relief, in law and in equity, to which Plaintiff may be entitled.

16



## XIII.
## Exemplary and Additional Penalty Damages

13.01   Defendants showed complete indifference to and/or a conscious disregard for the safety of others by distributing Thimerosal®, which Defendants knew to possess an extreme degree of risk, and without adequately labeling the product, warning, and/or advising prescribers and potential users of Thimerosal® of the dangerous properties and potential for permanent injury.

13.02   Defendants engaged in advertising, media, and public relations campaigns to convince members of the public and the medical community that Thimerosal® was a "safe" drug, when they had actual knowledge that it will cause severe injury or even death to an unreasonably high number of its users.

13.03   Defendants sold and marketed Thimerosal® in a deceptive manner without disclosing the true risks and proper usage of the drug, in order to collect substantially higher profits than they would have received by fully and timely disclosing the known risks and dangers of the compound.

13.04   Therefore, Plaintiff is entitled to exemplary damages of and from Defendants due to their conduct which amounts to fraud within the meaning of TEX. CIV. PRAC. & REM. CODE § 41.001(6); due to their conduct which amounts to gross neglect within the meaning of TEX. CIV. PRAC. & REM. CODE § 41.001(7)(B); and due to their conduct which amounts to malice within the meaning of TEX. CIV. PRAC. & REM. CODE § 41.991(7)(A) and/or §41.001(7)(B).

13.05   Plaintiff is further entitled to an additional award of penalty damages of up to three (3) times actual damages pursuant to TEX. BUS. & COM. CODE § 17.50.

13.06   Finally, Plaintiff specifically invokes the provisions of TEX. CIV. PRAC. & REM. CODE § 41.008(4) and §41.008(7) and state that exemplary damages in this case should be found by the jury through the guidance provided by TEX. CIV. PRAC. & REM. CODE § 41.011 and

17

should be limited in amount only by the jury's collective wisdom and good judgment and
sensibilities.

## XIV.
### Tolling

14.01  The expiration of periods, within which Plaintiff's causes of action herein must be
commenced under applicable statutes of limitations, has been tolled due to fraudulent concealment
by Defendants.

14.02  The expiration of periods, within which Plaintiff's causes of action herein must be
commenced under applicable statutes of limitations, has been tolled due to Plaintiff not having had
knowledge of such facts as would cause reasonably prudent persons to make inquiry leading to
discovery of Plaintiff's causes of action against Defendants.

14.03  The expiration of periods, within which Plaintiff's causes of action herein must be
commenced under applicable statutes of limitations, has been tolled due to pendency of related class
action cases.

## XV.
### Intent to Use Defendants' Documents

15.01  Any document produced by Defendants in response to written discovery will be used
by Plaintiff at any pretrial proceeding or trial.

## XVI.
### Jury Demand

16.01  Plaintiff hereby requests that a jury be convened to determine the factual issues in
this Cause, and Plaintiff has already tendered to the Clerk of this Court the statutory jury
application fee of $30.00.  *See* TEX. R. CIV. P. 216.

18

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon final trial hereof she recover judgment against the Defendants for compensatory damages, statutory penalty damages and exemplary damages in amounts in excess of the jurisdictional minimum of this Court, pre-judgment interest and post-judgment interest on all such sums at the maximum lawful rates, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may show herself justly entitled.

19

Respectfully Submitted,

**LAW OFFICES OF BEN C. MARTIN**

Ben C. Martin
Texas Bar No. 13052400
Edward W. Sampson
Texas Bar No. 90001985
William F. Blankenship, III
Texas Bar No. 90001483
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201
(214) 761-6614  Telephone
(214) 744-7590  Facsimile


**CAPSHAW, GOSS & BOWERS**
Tim Goss
Texas Bar No. 08222660
3031 Allen Street, Suite 200
Dallas, Texas 75204
(214) 761-6610  Telephone
(214) 744-6611  Facsimile

**ATTORNEYS FOR PLAINTIFF**

20

FROM :DR                    FAX NO. :9566824149               Aug. 25 2003 04:30PM P5

8.02     As a direct and proximate result of Defendants aforementioned actions and omissions, specifically Defendants' failure to use ordinary care, Plaintiff has sustained severe and permanent physical injuries and other damages set forth in more detail below.

IX.

<u>Violations of the Texas Deceptive Trade Practices -- Consumer Protection Act</u>

9.01     Defendants designed, manufactured, produced, labeled, advertised, tested, inspected, shipped, distributed, and/or sold Thimerosal® in the regular course of their business for human consumption. The minor Plaintiff was administered such compound in his childhood vaccinations.

9.02     Defendants engaged in conduct which violated TEX. BUS. & COM. CODE §§ 17.46(a), 17.46(b)(5), 17.46(b)(7), & 17.46(b)(23), and which were a producing cause of Plaintiff's damages. Moreover, such conduct was committed by Defendants knowingly, within the meaning of TEX. BUS. & COM. CODE § 17.45(9), and such conduct was committed by Defendants intentionally, within the meaning of TEX. BUS. & COM. CODE § 17.45(13).

9.03     Defendants also engaged in conduct which was unconscionable, within the meaning of TEX. BUS. & COM. CODE § 17.45(5) and which was a producing cause of Plaintiff's damages. Moreover, such conduct was committed by Defendants knowingly, within the meaning of TEX. BUS. & COM. CODE § 17.45(9), and such conduct was committed by Defendants intentionally, within the meaning of TEX. BUS. & COM. CODE § 17.45(13).

9.04     As a direct and proximate result of Defendants aforementioned actions, Plaintiff has sustained severe and permanent physical injuries and other damages set forth in more detail below.

14

## X.
### Assault

10.01   Defendants  intentionally and/or knowingly caused serious bodily injuries to the minor Plaintiff within the meaning of TEX. PEN. CODE §§ 22.01 and 22.02(a)(1) through the sale, distribution, and other conduct relating to Thimerosal© described in more detail above.

10.02   Further, Defendants intentionally and/or knowingly caused serious bodily injuries, serious mental deficiencies, impairment, and/or bodily injuries to the minor Plaintiff within the meaning of TEX. PEN. CODE § 22.04(a) through the sale, distribution, and other conduct relating to Thimerosal© as described in more detail above.

10.03   As a direct and proximate result of Defendants aforementioned actions, Plaintiff has sustained severe and permanent physical injuries and other damages set forth in more detail below.

## XI.
### Liability of Healthcare Defendants

11.01   All of the allegations set forth above are adopted for purposes of this paragraph.

11.02   The Healthcare Defendants are liable for their own distinct tortious conduct, separate and apart from the conduct of the Manufacturer Defendants, although they acted in concert with them.

11.03   The conduct of the Healthcare Defendants forms an independent basis for imposing liability on them for commission of the acts referenced above.

## XII.
### Compensatory Damages

12.01   As a direct and proximate result of Defendants' design, manufacture, sale, shipment and/or distribution of Thimerosal© in an unreasonably dangerous and defective condition, and/or as

15

FROM :DR                    FAX NO. :9566824149              Aug. 26 2003 07:26AM  P1

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential and/or privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the address shown. Thank you.

ORALIA T, WELLS, M.D.
5024 N. 10TH
MCALLEN, TX 78504
(956) 682-4147

FAX COVER SHEET

FROM: Dr. Wells

DATE: 8-26-03

TELECOPIER: (956) 682-4149

ATTN: Mr. Rick Balin

PHONE: 913-676-6970

PATIENTS NAME: Jeremiah Ramirez

NUMBER OF PAGES INCLUDING  COVER SHEET: 21

REGARDING: _____

FROM :DR                    FAX NO. :9566824149          Aug. 26 2003 07:26AM  P2

ORALIA T. WELLS, M.D., F.A.A.P., P.A.
5124 N. 10TH ST.
MCALLEN, TX 78504

PATIENT'S NAME Jeremiah Stephen Ramirez (MALE) FEMALE

DATE OF BIRTH: April 1, 1991

BIRTH WEIGHT: 6 LB. 10 OZ. (C-SECTION) OR VAGINAL

REFERRED BY: Self referral

MOTHER'S NAME Veronica Ramirez SOC SECH: 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

OCCUPATION: Teacher COMPANY: M.I.S.D.

HOME NUMBER: 631-6374 WORK NUMBER: 682-2252

FATHER'S NAME: Richard J. Ramirez SOC SECH: 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

OCCUPATION: Fitness Inst. COMPANY: McAllen Medical

HOME NUMBER: 631-6374 WORK NUMBER: 682-0303

HOME ADDRESS: 5500 N. 15th #9 McAllen Tx. 78504
              STREET       CITY    ST    ZIP

I UNDERSTAND THAT THIS OFFICE DOES NOT ACCEPT MEDICAID AS
PAYMENT FOR SERVICES RENDERED.

Veronica Ramirez _____ DATE: 4/11/91
SIGNATURE

I AUTHORIZE THE RELEASE OF ANY MEDICAL INFORMATION NECESSARY
TO PROCESS THIS CLAIM.

Veronica Ramirez _____ DATE: 4/11/91
SIGNATURE

I AUTHORIZED PAYMENT OF MEDICAL BENEFITS TO ABOVE MENTIONED
PHYSICIAN FOR SERVICE RENDERED.

Veronica Ramirez _____ DATE: 4/11/91
SIGNATURE

FROM :DR                    FAX NO. :9566824149              Aug. 26 2003 07:27AM  P3

| | |
|---|---|
| **Name:** Jeremiah Stephen Ramirez | 10.10 |
| **Birthdate:** April 1, 1991 | |
| **Father's Name:** Richard G. | |
| **Mother's Name:** Veronica | |
| **Address:** 5800 N. 15th #9 | |
| McAllen Tx 78504 | |
| **Phone:** 631-6374 | |
| **Insurance:** | |
| | |
| **Birth Hx:** C-section | |
| Required intubation & vent for ≈ 8 hrs then | |
| extubated for 2 days (CXR → pneumonia) | |
| **Hospital:** Tried to days IV Abx & saw days po | |
| Required photo tx | |
| | |
| **Meds:** | |
| | |
| **Allergies:** | |
| | |
| **Family Hx:** | |
| | |
| **Development:** | |
| | |
| **Diet:** | |
| | |

| Immunizations: | | Dates: | | |
|---|---|---|---|---|
| DPT OPV #1 | 6-18-91 | | | |
| DPT OPV #2 | 8-23-91 | | | |
| DPT OPV #3 | 10-5-91 | | | |
| DPT OPV #4 | 7-7-92 | | | |
| DPT OPV #5 | | | | |
| MMR | 4-16-92 | | | |
| TINE | 3-17-92 | PPD 4-2-93 | 3-30-94 | |
| H. Flu | 6-8-91 | -8-23-91 | 10-5-91 | 7-7-92 |
| TD | | | | |
| Other: | Hep - 6/7/93 | Hep 7/9/93 | 12-20-93 | |

Courtesy of Ross Laboratories
Makers of Similac®, Isomil® & Pedialyte®

BW
6-10

4/11/91 T 99.6 R Wt 6-6 Lt 17 1/4 HC 14
11 days old ... c-section c term - required vent first day Oxygen ... day ... x3 for pneumonia & TTN. D/C'd ... 5 days ... then ... same day ... p.o. Amoxil (... ... Amp in hospital) Also required photo tx. BF
Well exam WNL & slight jaundice
✓ Newborn screen TSH ... Fe ... .25 Recheck weight & color c 2 weeks

4/15/91 Wt 6-11
4/23/91 T 99.4 R Wt 7-3 Lt 20 1/4 HC ...
Vomiting Exam benign & good weight gain
Cont. Breast feeding
4/30/91 Wt 7-8
5/8/91 Wt 8-0
5/17/91 Wt 8-15
No sulfacetamide 10% QID
6/3/91 T 99.6 R Wt 9.12 Lt 21 1/2 HC 15 1/2
2 weeks ... Dev WNL Exam WNL x L ... TM green ... c exudate ... augmentin 125/tsp
2cc TID 75cc Cortisporin to L ear
follow up in 10 days

6-4-91 No sulfacetamide 10% Q ... D
6/13/91 T 99.2 R Wt 9-14 Lt 22 HC 15 3/4
Follow up on L TM. TMs OK
Drum to be given a clinic

6/20/91 Spitups @ feeding 3 to 4 oz ... / pending
5 oz q 2 1/2 hrs. Spaced q 3-4 hrs. ... 1 pos
6/21/91 Wt 10-14
7/12/91 Stool ... Wt 12-13 T 98 R HC 16 1/2
Drainage from R ear also c loose stools
Exam R TM c drainage. ... not OK
0 x P.O. Septra 3cc BID x 10 days then
3 ... x 1 month

Ramirez Jeremiah

FROM :DR FAX NO. :9566824149 Aug. 26 2003 07:27AM P5

7/22/91 T 99.2 R Wt 12-10 Wt 24 1/4
Diarrhea x 2-3 days. Exam benign x weight loss
o resolving, [illegible] Stool O+P ⊖ Pedialyte today →
[illegible]. Continue Septra Rx on last visit
8/23/91 T 99.6 R Wt 13-12 Wt 24 3/4 [illegible] 16 1/2 x
4 mo check up. DEV WNL Exam WNL
Immun to be given @ Clinic [illegible]

9/28/91 T 99.8 R P R WT [illegible] HT [illegible] HC [illegible]
[illegible] CC: RASH on GENITALS x 2d
MEDS: [illegible]
[illegible] x 3 days [illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]

10/2/91 T 98.8 R Wt 14-7 Ht 27 HC 17 1/2
6 mo checkup DEV WNL Exam WNL
✓ UA [illegible]

10-23-91 Mytrex ointment QID
10/28/91 T 99.4 R Wt 14-4 Ht 27 [illegible]
[illegible] 7 mo URI Exam TMs dull
[illegible] Septra 3 cc q12 x 3 weeks
[illegible] prn

10-29-91 [illegible] 6
11/30/91 T 98.6 R Wt 14-10 Ht 27 HC 17 1/2
[illegible] 8 mo vomiting [illegible] loose stools. [illegible]
Exam benign BRAT diet + clear liquids

Ramirez Jeremiah

FROM :DR                    FAX NO. :9566824149              Aug. 26 2003 07:28AM  P6

**phone message**

FOR _Dr. Ollis_    DATE _12/26/9_  TIME _____ A.M. / P.M.

M _J. Ramirez_    ☐ URGENT

OF _Jeremiah_     ☐ PHONED

PHONE _631-6374_   ☑ RETURNED YOUR CALL

AREA CODE  NUMBER  EXTENSION   ☐ PLEASE CALL BACK

MESSAGE _Please call_   ☐ WILL CALL AGAIN

☐ WAS IN

☐ WANTS TO SEE YOU.

SIGNED

---

PATIENT'S NAME _Ramirez Jeremiah Stephen_ TIME _11:50_ AM/PM

CALLER _____ HOME # _631-6374_

WORK # _____ PHARMACY _____

MESSAGE: _Has questions to ask you —_
_One of them - Why baby is so quiet. is that_
_normal?_

FROM :DR                      FAX NO. :9566824149          Aug. 26 2003 07:28AM P7

**phone message**

FOR _Dr Johnson_ DATE _12/31/9_ TIME _____ A.M./P.M.

M _Mrs Ramirez_

OF _Jeremiah_

PHONE _____ AREA CODE / NUMBER / EXTENSION

MESSAGE _Motrin refill at Lee's Smith X2 refill 2 tabs please top Q_

☐ URGENT
☐ PHONED
☐ RETURNED YOUR CALL
☐ PLEASE CALL BACK
☐ WILL CALL AGAIN
☐ WAS IN
☐ WANTS TO SEE YOU

SIGNED _____

---

1/7/92 T 98R        Wt 15-1      122 3M   120 18
4nd Follow up on om TMS OK
P on weight gain. Will refer to Endocrinologist
@ 1 year if continues to fall off        Wel

1/10/92 T 101R      Wt 158
Fever again.  Exam benign  Probable Viroele
Hx of recent vom.  Cedor   128  3/4  top Do
75cc

2/11/92 T 99R       Wt 15-11    122 3M    120 17
10-0 UTI from congested  TMS 8
retracted  R ot OK  Cedor 135  3/4 top DD
150cc

3/21/92 T 99R       Wt 16-0     122 3M    122 17
12 ½ om congested  mother @ 2 days
R ot OK  Na subjective   Q 12
Bolden ½ cont.

---

**WHILE YOU WERE OUT**

_Dr Johnson_  DATE _4/27/9_  TIME _____

FROM _Mrs Ramirez_

OF _Jeremiah_

MESSAGE _____

APEX

FROM :DR                    FAX NO. :9566824149           Aug. 26 2003 07:29AM  P8

3-2-92  Calls frequently about vomiting
Recommended  UGF to r/o GE-reflux                          well

3-6-92  WT = 16# 8oz
3/17/92  T  98.6R     Wt 16.11    12.0 13X     13.0 17¾
12 mo checkup  D/W WNL   Exam WNL
D/C bottle   ✓ TINE

4/11/92  WT CHECK  17.11                          well

5-1-92  Phone  UC Yr  tsp q4"
6-3-92  T 100.6 Ax    Wt 2.6 1½.9     wt 29   13.0 18½
14 mo  LIME & fever  Exam  @ OM   Septra
4cc BID  X 10 days                               well

6-8-92-  Δ to Suprax  3cc daily X 10 days
7/27/92  T 96 3(R4)   Wt. 20#1    Wt. 5.1m.
15mo  URI  Exam  some ill  but very
congested  amox 125 to 100cc
Back rash to scalp R 10   Chem   @ OM
impetigo lesion on scalp

9-28-92  T 97.4    wt 21.5    Ht
about 18 mo  brought in for limping, m @ leg
injured it 4 days ago  initially wouldn't
put bear weight on leg  now walks on it
no fever  Exam  sprained ankle @ OM ē
perf  m squol  Refer to ENT for hearing
test
12-12-92   — 99.5R    Wt 21.14   122 32X,   13.0 19 ◯
Not recv today
12-15-92  T  98.4R    Wt 22-5
20mo.  Not speaking yet  Hearing tested
in Nov  by Dr. Medina  → Normal
Exam WNL ē thrush & monilial rash
mycrose cream  bid   Nystatin  615         well
1-7-93  Wt 22.9    T 94.2 R
2 mo  URI  Cough & congested Nose chest
Pheno— DM  Yr  tsp q 6                        well
Ramirez Jeremiah
2-8-93  Phone—  ...

4-2-93 T 99° _____ WD 24.8 _____ 122 32¾ _____ HC 19⅛
2 year old par WNL Exam WNL
PPD
4-6-93 T 100·6° _____ WD 23.10 _____ 1 11/16 _____
not eating _____ Exam throat red drooling
Amoxil 125 TID 156 cc

10/7/93 Imm. exam _____ 18 mo. exam 18 A= 1/2yr Hi/lo well
07-09-93 _____ WT 26½ H + 35½ _____ Hep B given
12-20-93 _____ Hep B given

3-22-94 neospin ointment TO eyes _____ well

3-30-94 T 97.2° WT 28.14 H + .39 _____ ###
3 year building speech delayed conjunctivitis
motor attaining speech to things school
Hearing Re a per Dr. marie in Oct 92
PPD intact to age. _____ Well

5-13-94 Vermox 1 now & repeat in 2 weeks _____ W.a.

Provided courtesy of Mead Johnson Nutritionals, maker of Enfamil®, ProSobee®, Nutramigen®, Pregestimil®, Poly-Vi-Flor®, and Tempra®.

L-B10-3-88

FROM :DR                    FAX NO. :9566824149        Aug. 26 2003 07:29AM P10



FROM :DR                    FAX NO. :9566824149            Aug. 26 2003 07:30AM  P11

GROWTH CHARTS

### WEIGHT FOR AGE
Age (months)



FROM :DR                    FAX NO. :9566824149          Aug. 26 2003 07:31AM P12

# BOY FROM BIRTH TO 36 MONTHS
## LENGTH FOR AGE



FROM :DR                    FAX NO. :9566824149        Aug. 26 2003 07:31AM  P13



BOYS FROM BIRTH TO 36 MONTHS

WEIGHT FOR LENGTH
AUGUST 1989

FROM :DR                        FAX NO. :9566824149           Aug. 26 2003 07:32AM  P14

## .OYS FROM 2 TO 18 YEAR
### STATURE FOR AGE
Age (years)



FROM :DR                          FAX NO. :9566824149          Aug. 26 2003 07:33AM P15

| PERMANENT SIGNATURE CARD | CLINIC NAME: | | CHART NUMBER |
|---|---|---|---|

LAST NAME _Ramirez_  FIRST NAME _Armando_        MID. INITIAL   MALE ☑  FEMALE    BIRTHDATE        (MM/DD/YY)

TELEPHONE _631-6374_              NAME OF PARENT OR LEGAL GUARDIAN _Veronica Ramirez_

STREET ADDRESS _3556 N. 15th_                     _Rich W Rios_

CITY _McAllen_  STATE _TX_  ZIP _78501_

I HAVE READ OR HAVE HAD EXPLAINED TO ME THE INFORMATION IN THE VACCINE INFORMATION SHEET(S)/PAMPHLET(S) ABOUT THE DISEASE(S) AND THE VACCINE(S) TO PREVENT THEM. I HAVE HAD A CHANCE TO ASK QUESTIONS THAT WERE ANSWERED TO MY SATISFACTION. I BELIEVE I UNDERSTAND THE BENEFITS AND RISKS OF THE VACCINE(S) AND ASK THAT THE VACCINE(S) INDICATED BELOW BE GIVEN TO ME OR TO THE PERSON NAMED ABOVE FOR WHOM I AM AUTHORIZED TO MAKE THIS REQUEST.

| FORM DATE & VACCINE | | DATE ADMIN. | SIGNATURE OF VACCINEE (Parent or Guardian) | RT. | INJ. SITE | DOSE | MANUFACTURER | LOT # | MD/RN SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|
| P O L I O | 1 | | | | | | | | |
| | 2 | | | | | | | | |
| | 3 | | | | | | | | |
| | B | | | | | | | | |
| | B | | | | | | | | |
| D T P | 1 | | | | | | | | |
| | 2 | | | | | | | | |
| | 3 | | | | | | | | |
| | B | | | | | | | | |
| D T | 1 | | | | | | | | |
| | 2 | | | | | | | | |
| | 3 | | | | | | | | |
| | B | | | | | | | | |
| D T a P | DTaP IS NOT LICENSED FOR ADMINISTRATION AS PRIMARY SERIES - MAY ONLY BE USED IN CHILDREN AGED 15 MONTHS TO 7 YEARS. | | | | | | | | |
| M M R | 1 | | | | | | | | |
| | 2 | | | | | | | | |
| H I b | 1 | | | | | | | | |
| | 2 | | | | | | | | |
| | 3 | | | | | | | | |
| H E P B | 1 | 6/1/93 | _Veronica Ramirez_ | L/T | 1/2cc | Lederle | 6nA1119A-2 | |
| | 2 | 7/9/93 | _Veronica Ramirez_ | R | 1/2cc | SKB | 6n 1119A2 | |
| | B | 3/30/94 | _Veronica Ramirez_ | R thigh | 1/2cc | SKB | 6n 128912 | |
| T D | 1 | | | | | | | | |
| | 2 | | | | | | | | |
| PPD | | 3-30-94 | _Veronica Ramirez_ | | .1 | Park D. | C36781 | |

R/92                                              Printed on Recycled and Recyclable

FROM : DR                FAX NO. : 9566824149           Aug. 26 2003 07:34AM P16

LOS FRESNO.  INT ISABEL SPECIAL EDUCATION CO  ERATIVE
P. O. Box 309  Los Fresnos, Texas 78566
Telephone: (210) 233-4291; (210) 233-5161

## CONSENT FOR REQUEST/RELEASE OF CONFIDENTIAL INFORMATION

arent/Guardian/Adult Student:  We are asking that you authorize the person or agency named below to release specified records
ontaining confidential information regarding the student named:

IAME OF STUDENT: _Jeremiah Stephen Ramirez_ DATE OF BIRTH: _4-1-91_

_Dr. Oralia Wells_                                    ATTENTION: _____

) PERSON/AGENCY To Whom Request is Made

ddress: ___5124 N. 10th  McAllen, Texas___ Telephone: _682-4147_
                              _78504_

) RECORDS REQUESTED:                                                _Ralad_
                                                                   _6-10-94_
☐ARD Minutes     ☑Medical Reports       Assessment:                  ( ).
☐IEP            ☐Psychological Reports    ____ Comprehensive Reports
☐Assessment                              ____ Speech Reports
                                         ____ Other: _____

) PURPOSE OF DISCLOSURE: _Educational programming and_
    _placement_

INFORMATION REQUESTED SHOULD BE SENT TO:

**LYNN BALLENGER, Director of Special Education**
**Los Fresnos Consolidated Independent School District**
**Department of Special Services**
**P. O. Box 309, Los Fresnos, Texas 78566**

lease check ☐ the YES boxes only if you agree that the statements are correct.  If the statements are not correct, check the NO
oxes.  If you wish to have more information or if you have any questions, please call:

_____Lynn Ballenger_____                    at      _(210) 233-4291_
                (School Staff Person)                              (Telephone Number)

☑YES  ☐NO   (*) I have been fully informed and do understand the school's request for my consent, as described above.  This
             information will be requested/released upon receipt of my written consent.

☑YES  ☐NO   (*) I understand that my consent is voluntary and may be revoked at any time.  I also understand that I will be
             notified in writing of each release of educationally related information.

_Veronica Ramirez_                                 _6-6/8/94_
) Signature of Parent/Guardian/Surrogate Parent/Adult Student       (*) Date

_____                   _____
) Signature of Interpreter, if used                 (*) Date

INFORMATION RECEIVED BY: _____      Date: _____

) DENOTES ITEMS REQUIRED

OPIES: WHITE – Person/Agency to whom request is made
        YELLOW – Eligibility Folder
        PINK – Parent/Guardian/Adult Student

## Valley Ear, Nose & Throat Specialists, P. A. - McAllen
### & Dermatology

**1401 SOUTH SIXTH STREET**
**McALLEN, TEXAS 78501**

(210) 687-7896
FAX (210) 687-9140

**1314-A SOUTH CLOSNER**
**EDINBURG, TEXAS 78539**

(210) 380-1430
FAX (210) 381-0239

LEONARD J. TESORO, M.D.
EUGENE S. MACKIE, M.D.
KEITH A. PICOU, M.D.

December 30, 1992

Attention:  Dr. Oralia Wells

Patient's Name:  Ramirez, Jeremiah

Date of Birth:  4-1-92

Date of Examination:  10-5-92

HISTORY:   Patient is a one and a half year old male that
was referred to us for having difficulty with his speech.
He has had difficulty with ear infections.

PHYSICAL EXAMINATION:  Show's that he has change in his ears
consistant with resolving otitis, but he did not appear to
have any otitis media at the time of his visit.  Audiogram
show's he has speech detection at 15 Db without any difficulty.

IMPRESSION:  I feel that the patient does not have a hearing problem.

DISPOSITION:  I would be more than happy to see him in the
future, if needed.

Thank you for this kind referral.

Respectfully,

Eugene S. Mackie, M.D.

ESM/wjw

FROM :DR                      FAX NO. :9566824149        Aug. 26 2003 07:34AM P18

Name *Ramirez, Jeremiah*   Hosp. No. _____
Physician _____   Lab No. _____
Color *pale yellow* Character *clear*   Reaction pH *7.5*
Specific Gravity *1.005*   W.B.C. _____
Albumin _____   R.B.C. _____
Sugar _____   Ep. Cells *rare*
Acetone _____   Casts _____
Diacetic Acid _____   Bacteria _____
Bile _____   Crystals _____
Occult Blood _____   Urobilinogen _____

**URINALYSIS**   Date *1/10/92*   Technologist

Name *Ramirez   Jeremiah*
Physician _____
Character *Brownish-yellow  =mod mucus*
Color _____
Occult Blood _____
Ova and Parasites *X/= none) seen*
Rotozyme _____
pH _____
Reducing Substance _____
*almost all bacteria - few WBCs*
*no Rbc's.*

**FECES**   Date *7-22-91*   Technologist

Name *RAMIREZ, Jeremiah*
Physician _____
Character _____
Color *Brownish-yellow  no mucus*
Occult Blood _____
Ova and Parasites *X/= none  seen*
Rotozyme _____
pH _____
Reducing Substance _____
*no WBC's or Rbc's*

**FECES**   Date *7-19-91*   Technologist

FROM :DR                          FAX NO. :9566824149        Aug. 26 2003 07:35AM P19

D.H. USEDA, M.D.
J.L. VALENCIA, M.J
F. Salinas, M.D.
R.C. Santos, M.D.

**HCA** Rio Grande
Regional Hospital · McAllen, Tx

RAMIREZ, JEREMIAH STEPHEN        OUTPATIENT CHART        PRINTED 07APR91
(315)61028159    04/01/91    6 MTH MALE                  TIME  2352
DR. GERARD SCOTT ROBERTS                                 ADMITTED 07APR91
9999 DPD                                                 PAGE 1
MR2

         SPECIMEN DATE 07APR91
WEEKDAY/DAY CREATED/PRINTED
              TIME 1611HRS

                    C H E M I S T R Y

REFERENCE RANGE     TEST
1.0- 12.4 MG/DL  MEDICAL SIDE

---

TEXAS DEPARTMENT OF HEALTH
BUREAU OF LABORATORIES
1100 WEST 49th STREET
AUSTIN, TEXAS 78756

                                  NEWBORN SCREENING
                                  LABORATORY REPORT

PATIENT RAMIREZ, JEREMIAH          SEX 1 RACE 3 WEIGHT 3005 gms STATUS 0  TEST 3
MOTHER RAMIREZ, VERONICA                                   MEDICAL RECORD
ADDRESS 5500 N 15TH #9   PHONE (512)682-0303   PHYSICIAN WELLS
        MCALLEN, TX 78504                       PHONE (512)682-4147

    ANALYSIS                  RESULT                    EXPECTED RESULT
       THYROID      T4 NORMAL                              NORMAL
       PKU          BELOW 4 MG/DL                          < 4  MG/DL
    GALACTOSEMIA    BELOW 10 MG/DL                         < 10 MG/DL
       HGB TYPE     NORMAL (HB F AND HB A PRESENT)         NORMAL F,A
       CAH          17-OHP BELOW 40 NG/ML                  < 40 NG/ML
LABORATORY NUMBER 911077355                               < 40 NG/ML
    DATE OF BIRTH  04/01/91          10B56894
    DATE OF COLLECTION 04/11/91      WELLS, ORALIA, M. D.
    DATE OF RECEIPT 04/17/91
    DATE REPORTED 04/22/91           5124 NORTH 10TH
ANY UNSATISFACTORY TEST RESULT INDICATES A NEED FOR REPEAT TESTING.   MCALLEN , TX 78504

                                    Ramirez, Jeremiah

FROM :DR                          FAX NO. :9566824149          Aug. 26 2003 07:35AM P20



TEXAS DEPARTMENT OF HEALTH          NEWBORN SCREENING
BUREAU OF LABORATORIES              LABORATORY REPORT
1100 WEST 49th STREET
AUSTIN, TEXAS 78756

PATIENT RAMIREZ,                SEX 1 RACE 3 WEIGHT 3005 gms STATUS 4 TEST 1
MOTHER RAMIREZ, VERONICA                          MEDICAL RECORD 91028490
ADDRESS 5500 N 15TH ST          PHONE (512)631-6374   PHYSICIAN WELLS.
        MCALLEN, TX 78501                             PHONE   (512)682-4147

    ANALYSIS              RESULT                    EXPECTED RESULT
    THYROID      T4 NORMAL                            NORMAL
    PKU          BELOW 4 MG/DL                        < 4  MG/DL
    GALACTOSEMIA BELOW 10 MG/DL                       < 10 MG/DL
    HGB TYPE     NORMAL (HB F AND HB A PRESENT)       NORMAL F, A
    CAH          17-OHP BELOW 40 NG/ML                < 40 NG/ML
LABORATORY NUMBER: 911012203            10850072
    DATE OF BIRTH:  04/01/91            RIO GRANDE REGIONAL HOSP.
    DATE OF COLLECTION: 04/06/91
    DATE OF RECEIPT: 04/11/91           101 EAST RIDGE ROAD
    DATE REPORTED: 04/18/91             MCALLEN, TX 78501
ANY UNSATISFACTORY TEST RESULT INDICATES A NEED FOR REPEAT TESTING.

FROM :DR                          FAX NO. :9566824149              Aug. 26 2003 07:35AM P21

18842-21



## Harlingen Pediatrics Associates

### REQUEST FOR RELEASE OF MEDICAL RECORDS

HPA RECORDS TO BE SENT TO: _____
(PHYSICIAN'S NAME OR CLINIC)

ADDRESS: _____

CITY: _____ STATE: _____ ZIP: _____

HPA TO RECEIVE RECORDS FROM: Dr. Oralia T. Wells
(PHYSICIAN'S NAME OR CLINIC)

ADDRESS: 5024 N. 10 th

CITY: McAllen          STATE: TX     ZIP: 78504

PATIENT NAME: Jeremiah S. Ramirez  DOB: 4/1/91

PATIENT NAME: _____ DOB: _____

PATIENT NAME: _____ DOB: _____

PATIENT NAME: _____ DOB: _____

SIGNATURE: Veronica Ramirez
(LEGAL GUARDIAN)

DATE SIGNED: 2/14/95  DATE MAILED: 2-15-95        Stanley I. Fisch, M.D.
                                                  Ernest S. Holmes, IV, M.D.
REQUEST TAKEN BY: CAWottir                        Doria E. Mauney, M.D.
                                                  Maribelle Garza, M.D.
                                                  Roland J. Dominguez, M.D.
                                                  Sandra B. Tovar, R.N., M.S.N., C.P.N.P.

2226 Haine Drive / Harlingen, Texas 78550 / 210/425-8761 / Fax: 210/425-9207 / 1-800-543-KIDS

# EXHIBIT "C"

FILED

AUG 2 5 2003

CLERK, U.S. DISTRICT COURT

_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF DALLAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BENNETTA CHILES, Individually and AS NEXT FRIEND OF TONI CHILES, a Minor, HOLLY BLACKBURN and MARK BLACKBURN, EACH INDIVIDUALLY and AS NEXT FRIENDS OF MITCHELL REED BLACKBURN, a Minor; LORI M. REED, INDIVIDUALLY and AS NEXT FRIEND OF RYAN JOSEPH REED, a Minor; and KRISSY FAGAN and CARL FAGAN, EACH INDIVIDUALLY and AS NEXT FRIENDS OF BRADLEY KOLE FAGAN, Plaintiffs, | § § § § § § § § § § § § § § | |
| v. | § § | CIVIL ACTION NO. 4-03-CV-802-A |
| AMERICAN HOME PRODUCTS CORPORATION d/b/a WYETH, WYETH LABORATORIES; WYETH-AYERST; WYETH AYERST LABORATORIES; WYETH LEDERLE; WYETHER LEDERLE VACCINES AND LEDERLE LABORATORIES; ABBOTT LABORATORIES, INC.; AMERICAN INTERNATIONAL CHEMICAL, INC.; AVENTIS PASTEUR, INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO CONNAUGHT LABORATORIES, INC.; PASTUERU MERIEUX AND PASTEUR MERIEUX CONNAUGHT; B.F. ASCHER & COMPANY, INC.; EVANS MEDICAL LIMITED; MERCK AND CO., INC.; RPK PHARMACEUTICALS, INC.; DOLDER; ELI LILLY AND COMPANY; SMITHKLINE BEECHAM CORPORATION; MARCIA SAMPSON, M.D.; ALFREDO SANTESTEBAN, M.D.; JOHN CHAPMAN, M.D.; RICHARD CHIARELLO, M.D.; and JOHN DOES #1-200, WHO ARE INDIVIDUALS, PROPRIETORSHIPS, CORPORATIONS OR OTHER ENTITIES WHOSE NAMES AND IDENTITIES ARE OTHERWISE UNKNOWN TO PLAINTIFFS, Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |

**DEFENDANTS MARCIA SAMPSON, M.D. AND RICHARD CHIARELLO, M.D.'S MOTION TO DISMISS UNDER RULES 12(b) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE – Page 1**

**DEFENDANTS MARCIA SAMPSON, M.D. AND RICHARD CHIARELLO, M.D.'S
MOTION TO DISMISS UNDER RULES 12(b) AND (c)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Marcia Sampson, M.D. and Richard Chiarello, M.D., Defendants in the above-entitled and numbered cause, and file this Motion to Dismiss Under Rules 12(b) and (c) of the Federal Rules of Civil Procedure, and in support thereof would respectfully show the Court as follows:

**I.**

Pursuant to Rules 12(b) and (c) of the Federal Rules of Civil Procedure, Defendants Richard Chiarello, M.D. and Marcia Sampson, M.D. move for dismissal of the claims asserted against them in this matter. Plaintiffs Krissy Fagan, Carl Fagan and Krissy Fagan and Carl Fagan, as Next Friends of Bradley Cole Fagan, assert claims against Dr. Chiarello (*See,* Plaintiffs' Original Petition, page 1 [sic], paragraph 3.19), while Plaintiffs Benetta Chiles and Benetta Chiles, as Next Friend of Toni Chiles assert claims against Dr. Sampson (*See,* Plaintiffs' Original Petition, page 9, paragraph 3.16). No other Plaintiffs assert claims against either of these physicians.

**II.**

Pursuant to Rules 12(b) and (c) of the Federal Rules of Civil Procedure, Dr. Chiarello and Dr. Sampson seek dismissal of Plaintiffs' claims, in their entirety, on the basis that Plaintiffs have not exhausted the mandatory procedures set forth in the National Childhood Vaccine Injury Compensation Act ("Vaccine Act"). 42 U.S.C., Sections 300aa-1 *et seq.* Additionally and alternatively, Dr. Chiarello and Dr. Sampson seek dismissal of Plaintiffs' claims against these Defendants of Strict Liability-Design Defect, Strict Liability-Marketing Defect, Breach of

DEFENDANTS MARCIA SAMPSON, M.D. AND RICHARD CHIARELLO, M.D.'S MOTION TO
DISMISS UNDER RULES 12(b) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE – Page 2

Doc. #74849

Implied Warranty, Negligence, Violation of the Texas Deceptive Trade Practices Act and Assault for the reason that these are not proper claims under Texas law against healthcare providers such as these Defendants.  Further, Plaintiffs' claims for damages are improper and should be dismissed.  For these reasons, as more fully set forth in Defendants' Brief in Support of their Motion to Dismiss Under Rules 12(b) and (c) of the Federal Rules of Civil Procedure, the Court should dismiss these Plaintiffs' Complaint against Dr. Chiarello and Dr. Sampson. Defendants request such other and further relief, both at law and in equity, to which they may show themselves justly entitled to receive.

Respectfully Submitted,

STINNETT THIEBAUD & REMINGTON L.L.P.

By: _Philip M. Remington_

PHILIPA M. REMINGTON
State Bar Card No. 16766100
RUSSELL G. THORNTON
State Bar Card No. 19982850
THOMAS P. SULLIVAN
State Bar No. 19497500

4800 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202
(214) 954-2200
(214) 754-0999 (Fax)

ATTORNEYS FOR DEFENDANTS
MARCIA SAMPSON, M.D. AND
RICHARD CHIARELLO, M.D.

DEFENDANTS MARCIA SAMPSON, M.D. AND RICHARD CHIARELLO, M.D.'S MOTION TO DISMISS UNDER RULES 12(b) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE – Page 3

Doc. #74849

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded via certified mail, return receipt requested, to the attorneys for Plaintiffs, on this the ___ day of August, 2003.

RUSSELL G. THORNTON



**DEFENDANTS MARCIA SAMPSON, M.D. AND RICHARD CHIARELLO, M.D.'S MOTION TO DISMISS UNDER RULES 12(b) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE – Page 4**

Doc. #74849

# EXHIBIT "D"

9,25

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
AUG 2 5 2003

CLERK, U.S. DISTRICT COURT

By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF DALLAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BENNETTA CHILES, Individually and AS NEXT FRIEND OF TONI CHILES, a Minor, HOLLY BLACKBURN and MARK BLACKBURN, EACH INDIVIDUALLY and AS NEXT FRIENDS OF MITCHELL REED BLACKBURN, a Minor; LORI M. REED, INDIVIDUALLY and AS NEXT FRIEND OF RYAN JOSEPH REED, a Minor; and KRISSY FAGAN and CARL FAGAN, EACH INDIVIDUALLY and AS NEXT FRIENDS OF BRADLEY KOLE FAGAN, | § § § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | CIVIL ACTION NO. 4-03-CV-802-A |
| AMERICAN HOME PRODUCTS CORPORATION d/b/a WYETH, WYETH LABORATORIES; WYETH-AYERST; WYETH AYERST LABORATORIES; WYETH LEDERLE; WYETHER LEDERLE VACCINES AND LEDERLE LABORATORIES; ABBOTT LABORATORIES, INC.; AMERICAN INTERNATIONAL CHEMICAL, INC.; AVENTIS PASTEUR, INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO CONNAUGHT LABORATORIES, INC.; PASTUERU MERIEUX AND PASTEUR MERIEUX CONNAUGHT; B.F. ASCHER & COMPANY, INC.; EVANS MEDICAL LIMITED; MERCK AND CO., INC.; RPK PHARMACEUTICALS, INC.; DOLDER; ELI LILLY AND COMPANY; SMITHKLINE BEECHAM CORPORATION; MARCIA SAMPSON, M.D.; ALFREDO SANTESTEBAN, M.D.; JOHN CHAPMAN, M.D.; and RICHARD CHIARELLO, M.D.; and JOHN DOES #1-200, WHO ARE INDIVIDUALS, PROPRIETORSHIPS, CORPORATIONS OR OTHER ENTITIES WHOSE NAMES AND IDENTITIES ARE OTHERWISE UNKNOWN TO PLAINTIFFS, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**RICHARD CHIARELLO, M.D. AND MARCIA SAMPSON, M.D.'S**
**BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b) and (c)**

RICHARD CHIARELLO, M.D. AND MARCIA SAMPSON, M.D.'S
BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b) and (c) – Page 1

## TABLE OF CONTENTS

INDEX OF AUTHORITIES.............................................................................ii

I.    INTRODUCTION ...........................................................................5

II.   VACCINE ACT BARS PLAINTIFFS' CLAIMS ...................................6

III.  PLAINTIFFS HAVE NO STRICT LIABILITY-DESIGN DEFECT
      AND/OR MARKETING DEFECT CLAIM AGAINST DEFENDANTS ............8

IV.   PLAINTIFFS HAVE NO BREACH OF IMPLIED WARRANTY CLAIM
      AGAINST DEFENDANTS.................................................................8

V.    PLAINTIFFS HAVE NO NEGLIGENCE CLAIM AGAINST
      THESE DEFENDANTS....................................................................9

VI.   PLAINTIFFS HAVE NO DECEPTIVE TRADE PRACTICES ACT
      CLAIM AGAINST DEFENDANTS......................................................9

VII.  PLAINTIFFS HAVE NO ASSAULT CLAIM AGAINST DEFENDANTS........10

VIII. PLAINTIFFS HAVE NO CLAIM FOR THE MEDICAL EXPENSES
      AND LOSS OF EARNING CAPACITY OF THEIR CHILDREN......................10

IX.   PLAINTIFFS HAVE NO CLAIMS FOR MENTAL ANGUISH,
      EMOTIONAL DISTRESS, LOSS OF CONSORTIUM
      OR THEIR OWN LOST WAGES .......................................................11

CONCLUSION.........................................................................................11

PRAYER................................................................................................12

CERTIFICATE OF SERVICE ......................................................................13

RICHARD CHIARELLO, M.D. AND MARCIA SAMPSON, M.D.'S
BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b) and (c) – Page 2

Doc. # 74950

## INDEX OF AUTHORITIES

**UNITED STATES CODE**

National Childhood Vaccine Injury Compensation Act,
42 U.S.C., §§ 300aa-1 *et seq* ................................................................................... passim

**FEDERAL COURT CASES**

*Gilbert v. Secretary of HHS,*
31 Fed. Cl. 379, 381 (Fed. Cl. 1994); *aff'd,* 51 F.3d 254 (Fed. Cir. 1995) ........................6

*Leroy v. Sec'y, Dept. of Health & Human Services,*
__ F. Supp. ___, 2002 WL 31730680, slip opinion
(Fed. Cl. Spec. Mstr. Oct. 11, 2002) ......................................................................7

*Owens v. Amercian Home Prods. Corp.,*
203 F. Supp. 2d 748 (S.D. Tex. 2002) .....................................................................7

*Schafer v. Amercian Cyanamid Co.,*
20 F.3d 1 (1st Cir. 1994)......................................................................................6

*Strauss v. Amercian Home Prods. Corp.,*
208 F. Supp. 2d 711 (S.D. Tex. 2002) .....................................................................7

*Valdiviez v. U.S.,*
884 F. 2d 196 (5th Cir. 1989) ..............................................................................10

**TEXAS SUPREME COURT CASES**

*Dennis v. Allison,*
698 S.W.2d 94 (Tex. 1985).....................................................................................8

*Edinburgh Hosp. Auth. v. Trevino,*
941 S.W.2d 76 (Tex. 1997)...................................................................................11

*Roberts v. Williamson,*
___ S.W.3d ____ 46 Tex. Sup. Ct. J. 944 (July 3, 2003) .................................................11

RICHARD CHIARELLO, M.D. AND MARCIA SAMPSON, M.D.'S
BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b) and (c) – Page 3

Doc # 74950

## TEXAS COURT OF APPEALS CASES

*Easterly v. HSP of Texas, Inc.,*
  772 S.W.2d 211 (Tex. App.—Dallas 1989, no writ) ........................................................8

*Greene v. Thiet,*
  846 S.W.2d 26 (Tex. App.—San Antonio 1992, writ denied)..........................................10

*Gulf States Utils. v. Reed,*
  659 S.W.2d 849 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.) .....................11

*Neveaux v. Park Place Hospital,*
  656 S.W.2d 923 (Tex. App.—Beaumont 1989, writ ref'd n.r.e.).......................................8

*Ngyuen v. Kim,*
  3 S.W.3d 146 (Tex. App.—Houston [14th Dist.] 1999, no writ) ......................................10

## TEXAS STATUTORY PROVISIONS

Tex. Rev. Civ. Stat. Ann. Art. 4590i, § 1.03(a)(3) (Vernon Supp. 2003).................. passim
Tex. Rev. Civ. Stat. Ann. Art. 4590i, § 12.01 (Vernon Supp. 2003)...................................9
Tex. Rev. Civ. Stat. Ann. Art. 4590i, § 6.02 (Vernon Supp. 2003)...................................10

## FEDERAL RULES

F. R. Civ. P. 12(b) ........................................................................................ passim
F. R. Civ. P. 12(c) ........................................................................................ passim

## TEXAS RULES

*Texas Pattern Jury Charges*, Section 50.01 (Volume 3, 2002) ...........................................8

RICHARD CHIARELLO, M.D. AND MARCIA SAMPSON, M.D.'S
BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b) and (c) – Page 4

Doc. # 74950

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rules 12(b) and (c) of the Federal Rules of Civil Procedure, Defendants Richard Chiarello, M.D. and Marcia Sampson, M.D. file this Brief in Support of their Motion to Dismiss Under Rules 12(b) and (c) of the Federal Rules of Civil Procedure and would show the Court as follows:

## I.

### Introduction

Plaintiffs Benetta Chiles, Individually, and as Next Friend of Toni Chiles have asserted claims against Marcia Sampson, M.D. (*See,* Plaintiffs' Original Petition, page 9, paragraph 3.16). Plaintiffs Carl Fagan and Krissy Fagan, Individually and as Next Friend of Bradley Cole Fagan have asserted claims against Richard Chiarello, M.D. (*See,* Plaintiffs' Original Petition, page 1[sic], paragraph 3.19). These Defendants are healthcare providers as defined by Article 4590i of the Texas Revised Civil Statutes Annotated  (See, Plaintiffs' Original Petition, page 9, paragraph 3.16, page 1[sic], paragraph 3.19; Tex. Rev. Civ. Stat. Ann. Art. 4590i, § 1.03(a)(3) (Vernon Supp. 2003). Plaintiffs' claims against these Defendants center on the administration of vaccines alleged to contain the ingredient Thimerosal (*See,* Plaintiffs' Original Petition, pages 9 and 1[sic], paragraphs 3.16 and 3.19).  In connection with the alleged administration of such vaccines, Plaintiffs allege causes of action for strict liability (design defects and marketing defects), breach of implied warranties, negligence, violations of the Texas Deceptive Trade Practices Act, and assault.

Defendants submit that the Court should dismiss all claims asserted by Plaintiffs because the claims asserted and the relief sought all relate to a "vaccine-related injury," as that term is defined within, and covered by, the National Childhood Vaccine Injury Compensation Act

RICHARD CHIARELLO, M.D. AND MARCIA SAMPSON, M.D.'S
BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b) and (c) – Page 5

Doc. # 74950

("Vaccine Act"), as set forth in 42 U.S.C., §§ 300aa-1 *et seq*. Accordingly, this Court does not have jurisdiction over these claims.

In addition to the fact that Plaintiffs' claims in their entirety should be dismissed, Plaintiffs' claims for strict liability (design defect and marketing defect), breach of implied warranty, negligence, violations of the Texas Deceptive Trade Practices Act and assault should be dismissed because they are not actionable claims against healthcare providers such as Dr. Chiarello and Dr. Sampson under Texas law. Further, the minor Plaintiffs' parents' claims for loss of consortium and loss of earning capacity because of increased care for their injured child are not recognized or actionable under Texas law. In addition, adult Plaintiffs' bystander claims are not recognized or actionable under Texas law. Accordingly, these claims should also be dismissed.

## II.

### Vaccine Act Bars Plaintiffs' Claims

As mentioned above, Plaintiffs' claims are covered by the Vaccine Act. 42 U.S.C., §§ 300aa-1 *et seq*. The Vaccine Act exists to provide compensation to patients who are harmed by vaccines outside of the framework of traditional tort law. *Schafer v. American Cyanamid Co.*, 20 F.3d 1, 2 (1st Cir. 1994). This statute applies to these Defendants as the alleged administrators of the vaccines at issue. 42 U.S.C., §§ 300aa-11(a)(2)(A), (a)(2)(B), 300aa-33(1). The Vaccine Act requires that a claimant must exhaust the Vaccine Act's statutory remedies before a state or federal court can have subject matter jurisdiction to hear a claimant's claim for a vaccine-related injury. *Gilbert v. Secretary of HHS*, 31 Fed. Cl. 379, 381 (Fed. Cl. 1994), *aff'd*, 51 F.3d 254 (Fed. Cir. 1995). Further, a vaccine administrator, such as Dr. Chiarello or Dr. Sampson, cannot

RICHARD CHIARELLO, M.D. AND MARCIA SAMPSON, M.D.'S
BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b) and (c) – Page 6

Doc # 74950

be joined in any civil action until after the claimant has completed a compensation proceeding in Vaccine Court. 42 U.S.C., § 300aa-11(a)(3).

The Vaccine Act statute bars all civil actions, such as the ones before the Court in this matter, unless the claimant first exhausts the administrative remedy provided for by the Vaccine Act. *See*, 42 U.S.C., § 300aa-1(a)(2)(B). Plaintiffs' assertion that the Vaccine Act does not apply to their claims is without merit. Plaintiffs assert that the Vaccine Act does not apply, since their claims are related solely to substance Thimerosal, and not the vaccines themselves (*See*, Plaintiffs' Original Petition, page 2, paragraph 2.01, page 1[sic], paragraph 4.01). As more fully cited in the Vaccine Defendants' Memorandum of Law in Support of Vaccine Defendants' Rule 12(b) and (c) Motion to Dismiss, every court that has addressed this situation has rejected Plaintiffs' arguments and held that the Vaccine Act applies (*See*, Memorandum of Law in Support of Vaccine Defendants' Rule 12(b) and (c) Motion to Dismiss, page 2, footnote 3, pages 8-12). Most important, however, is the fact that the United States District Court for the Southern District of Texas has addressed this argument by Plaintiffs and rejected it. *Strauss v. American Home Prods. Corp.*, 208 F. Supp. 2d 711 (S.D. Tex. 2002); *Owens v. American Home Prods. Corp.*, 203 F. Supp. 2d 748, 756 (S.D. Tex. 2002). Resolution of the claims asserted by Plaintiffs in this matter is under the exclusive jurisdiction of a specialized "Vaccine Court" created by the Vaccine Act. *See, Leroy v. Sec'y, Dept. of Health & Human Services*, ___ F. Supp. ___, 2002 WL 31730680, slip opinion at 9 (Fed. Cl. Spec. Mstr. Oct. 11, 2002). Given this statutory mandate and legal precedent, this Court does not have jurisdiction, and Plaintiffs' claims against these Defendants must be dismissed.

## III.

### Plaintiffs Have No Strict Liability-Design Defect and/or Marketing Defect Claim Against Defendants

Plaintiffs allege that these Defendants are strictly liable for design and marketing defects related to the vaccines at issue (Plaintiffs' Original Petition, page 12, paragraph V. 5.01-5.02, page 13, paragraph VI. 6.01-6.02). Under Texas law, there is no strict liability claim for a design or marketing defect against healthcare providers such as Dr. Chiarello and Dr. Sampson in connection with the rendition of medical services to a patient, as is alleged here. *Easterly v. HSP of Texas, Inc.,* 772 S.W.2d 211, 213 (Tex. App.—Dallas 1989, no writ); *Neveaux v. Park Place Hospital,* 656 S.W.2d 923, 925 (Tex. App.—Beaumont 1983, writ ref'd n.r.e.). Accordingly, Plaintiffs' strict liability claims for design and marketing defects should be dismissed.

## IV.

### Plaintiffs Have No Breach of Implied Warranty Claim Against Defendants

Plaintiffs allege that these Defendants are liable for breach of implied warranties in connection with their administration of vaccines (Plaintiffs' Original Petition, page 14, paragraph VII. 7.01-7.04). As set forth above, Plaintiffs admit that Dr. Chiarello and Dr. Sampson are healthcare providers as that term is defined under Texas law. The alleged administration of vaccines to Plaintiffs clearly falls within the Texas definition of healthcare. Tex. Rev. Civ. Stat. Ann. Art. 4590i (Vernon Supp. 2003). The Texas Supreme Court has directly ruled that a claim for breach of implied warranty does not exist against a healthcare provider in connection with the rendition of healthcare to a patient. *Dennis v. Allison,* 698 S.W.2d 94, 96 (Tex. 1985). Given the clear and unequivocal Texas Supreme Court authority on this issue, Plaintiffs' breach of implied warranty claims must be dismissed.

## V.

### Plaintiffs Have No Negligence Claim Against These Defendants

Plaintiffs' cause of action for "Negligence" against these Defendants is likewise improper and should be dismissed. In this allegation, Plaintiffs seek to impose a "legal responsibility and duty to conform to pharmaceutical industry standards, to possess the knowledge of an expert in the industry, and to foresee the risks inherent with their products as other members of the industry." Plaintiffs also allege that they suffered damages as a result of Defendants' breach of this duty (Plaintiffs' Original Petition, pages14-15, paragraph VIII, 8.01-8.02).

As set forth above, these Defendants are healthcare providers. Under Texas law, they have a duty to act as reasonable and prudent healthcare providers would under the same or similar circumstances. *See, Texas Pattern Jury Charges*, Section 50.01 (Volume 3, 2002). Further, from a causation standpoint, healthcare providers such as Defendants, are judged by what is foreseeable to a similar practitioner in the same or similar circumstances. *Id.* Plaintiffs' attempt to place a duty on these Defendants to foresee what other members of the pharmaceutical industry would foresee is improper. Accordingly, Plaintiffs' negligence claims against these Defendants should be dismissed, since they seek to impose duties and standards on these Defendants that are not proper and recognized under Texas law.

## VI.

### Plaintiffs Have No Deceptive Trade Practices Act Claim Against Defendants

Plaintiffs' claims that Defendants are liable for violations of the Texas Deceptive Trade Practices Act ("DTPA") (Plaintiffs' Original Petition, pages 15-16, paragraph IX, 9.01-9.04) are likewise improper ,and should be dismissed. Generally, DTPA claims against healthcare providers are barred under Article 4590i. Tex. Rev. Civ. Stat. Ann. Art. 4590i, § 12.01 (Vernon

Supp. 2003). DTPA claims are clearly barred under the facts alleged here, since the claims against these Defendants stem from their provision of healthcare services to Plaintiffs. *See,* *Ngyuen v. Kim,* 3 S.W.3d 146 (Tex. App.—Houston [14th Dist.] 1999, no writ). As such, Plaintiffs' DTPA claims against these Defendants should be dismissed.

## VII.

### Plaintiffs Have No Assault Claim Against Defendants

Plaintiffs claim against these Defendants for assault is based on the allegations that Plaintiffs were not warned about the risks of vaccines they received and were injured from vaccines administered by Defendants (Plaintiffs' Original Petition, page 16, paragraph X, 10.01, page 14, paragraph VI, 6.02). Under these circumstances, the only claim available to Plaintiffs against healthcare providers such as these Defendants is a negligence claim for the lack of informed consent. *See,* Tex. Rev. Civ. Stat. Ann. Art. 4590i, § 6.02 (Vernon Supp. 2003); *Valdiviez v. U.S.,* 884 F. 2d 196 (5th Cir. 1989); *Greene v. Thiet,* 846 S.W.2d 26 (Tex. App.—San Antonio 1992, writ denied). Pursuant to this authority, Plaintiffs' claim of assault against these Defendants should be dismissed.

## VIII.

### Plaintiffs Have No Claim for the Medical Expenses and Loss of Earning Capacity of Their Children

As part of their damages claims, Plaintiffs seek recovery of their children's alleged loss of earning capacity and medical expenses (Plaintiffs' Original Petition, page 17, paragraph XII, 12.01(b)(1) and (2), page 20, paragraph XII, 12.01(j)(1) and (2)). These elements of damage are covered by the Vaccine Act. 42 U.S.C., §§ 300aa-15(a)(3)(B), 300aa-15(a); *Strauss,* 208 F. Supp. 2d at 715 n.8. As such, the Court does not have jurisdiction over these claims.


Plaintiffs' claims for these alleged injuries must be handled under the scheme provided for in the Vaccine Act, and should be dismissed.

## IX.

### Plaintiffs Have No Claims for Mental Anguish, Emotional Distress, Loss of Consortium or Their Own Lost Wages

The adult Plaintiffs have alleged that they are entitled to recover their own mental anguish, emotional distress, loss of consortium and lost wages (Plaintiffs' Original Petition, page 17, paragraph XII, 12.01(a)(1)-(5), pages 19-20, paragraph XII, 12.01(h) (1)-(5), (i)(1)-(5)). These damage claims must also be dismissed. Under Texas law, there is no claim for mental anguish and emotional distress for a "bystander," like the adult Plaintiffs, in a healthcare liability claim such as that alleged against these Defendants. *Edinburgh Hosp. Auth. v. Trevino*, 941 S.W.2d 76, 79 (Tex. 1997). Further, the minor Plaintiffs' parents do not have a cause of action or claim for loss of consortium with their non-fatally injured child. *Roberts v. Williamson*, _____ S.W.3d _____, 46 Tex. Sup. Ct. J. 944 (July 3, 2003). Lastly, the minor Plaintiffs' parents cannot recover for their lost wages or loss of earning capacity because they provided care for their injured child. *Gulf States Utils. v. Reed*, 659 S.W.2d 849, 853 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Further, this is an alleged injury that must be put before the Vaccine Court for determination and resolution. *See*, 42 U.S.C., § 300aa-15(a). Accordingly, these damages claims should be dismissed.

## X.

### CONCLUSION

The arguments and authorities set forth above clearly show that Defendants Richard Chiarello, M.D. and Marcia Sampson, M.D. are entitled to dismissal of Plaintiffs' claims against them under Rules 12(b) and (c) of the Federal Rules of Civil Procedure. This Court does not

RICHARD CHIARELLO, M.D. AND MARCIA SAMPSON, M.D.'S
BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b) and (c) – Page 11

Doc. # 74950

have jurisdiction over this matter, since jurisdiction for this dispute is vested with the Vaccine Court by statute. Additionally, Plaintiffs' claims of strict liability, breach of implied warranty, negligence, DTPA violations and assault are not actionable claims under Texas law against healthcare providers such as these Defendants under the facts alleged and must be dismissed. The damages sought by the minor Plaintiffs are within the exclusive jurisdiction of the Vaccine Court. This Court does not have jurisdiction over these claims. Lastly, the damages sought by the adult Plaintiffs are not recoverable under Texas law and must be dismissed.

WHEREFORE, PREMISES CONSIDERED, Richard Chiarello, M.D. and Marcia Sampson, M.D. respectfully request that their Motion to Dismiss be granted, that Plaintiffs' claims against them be dismissed under Rules 12(b) and (c) of the Federal Rules of Civil Procedure, and for such other and further relief, both at law and in equity, to which they may show themselves justly entitled to receive.

Respectfully Submitted,

STINNETT THIEBAUD & REMINGTON L.L.P.

By: _Philip M. Remington_

PHILIP M. REMINGTON
State Bar Card No. 16766100
RUSSELL G. THORNTON
State Bar Card No. 19982850
THOMAS P. SULLIVAN
State Bar No. 19497500

4800 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202
(214) 954-2200
(214) 754-0999 (Fax)

ATTORNEYS FOR DEFENDANT
MARCIA SAMPSON, M.D. AND
RICHARD CHIARELLO, M.D.

RICHARD CHIARELLO, M.D. AND MARCIA SAMPSON, M.D.'S
BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b) and (c) – Page 12

Doc. # 74950

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded via certified mail, return receipt requested, to the attorneys for Plaintiffs, on this the 25th day of August, 2003.

RUSSELL G. THORNTON

RICHARD CHIARELLO, M.D. AND MARCIA SAMPSON, M.D.'S
BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b) and (c) – Page 13

Doc. # 74950

# EXHIBIT "E"



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BENNETTA CHILES, ET AL.,      §
                              §
          Plaintiffs,         §
                              §
VS.                           §    NO. 4:03-CV-802-A
                              §
AMERICAN HOME PRODUCTS        §
CORPORATION, ET AL.,          §
                              §
          Defendants.         §
                              §

<u>ORDER</u>

     Came on for consideration the motion of defendants Richard
Chiarello, M.D., ("Chiarello") and Marcia Sampson, M.D.,
("Sampson") to dismiss.  The court, having considered the motion,
the response of plaintiffs, Bennetta Chiles, individually and as
next friend of Tony Chiles, a minor; Holly Blackburn and Mark
Blackburn, each individually and as next friends of Mitchell Reed
Blackburn, a minor; Lori M. Reed, individually and as next friend
of Ryan Joseph Reed, a minor; and Krissy Fagan and Carl Fagan,
each individually and as next friends of Bradley Kole Fagan, a
minor, the record, and applicable authorities, finds that the
motion should be granted.  For the reasons discussed in the
court's September 26, 2003, order, Chiarello and Sampson have
been fraudulently joined in order to defeat diversity
jurisdiction.  Accordingly, they are not proper parties to this
action.

The court ORDERS that the motion of Chiarello and Sampson to dismiss be, and is hereby, granted, and that plaintiffs' claims against Chiarello and Sampson be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiffs' claims against said defendants.

SIGNED September 29, 2003.

JOHN McBRYDE
United States District Judge

2



FROM:214-753-1006 USDC-NDTX    TO: 92147540999    PAGE: 1 OF 4    CONTROL: #442179-USDCTXN



# United States District Court

Northern District of Texas
Fort Worth Division

Notice of Orders or Judgments
Fed. R. Civ. P. 77(d)

**ATTENTION: Exciting News for Attorneys! You can receive notice of case activity via e-mail. See page 2 of this FAX.**

10/01/03

Date:

To:
Philipa M Remington
Stinnett Thiebaud & Remington
Fountain Place
1445 Ross Ave
Suite 4800
Dallas, TX 75202

Re: Case Number:    4:03-cv-00802    Instrument Number:    112

If this facsimile cannot be delivered as addressed, please call (817) 978-4494. If this transmission is incomplete, our system will attempt to re-send it up to six times. If the FAX fails, it will be mailed the next business day.

Number of pages including cover sheet: 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
OFFICE OF THE CLERK

### Electronic Transmission of Notice

Effective immediately, the Clerk of Court will make a new service available to attorneys admitted to practice in the Northern District of Texas. This new service involves sending you an E-mail whenever a document is filed in either a civil or criminal case in which you are entitled to receive notice.

You must consent in writing to receive service of notice of orders and judgments by E-mail. Your written consent to receive an E-mail as notice will replace any prior written consent you have provided to the clerk's office to receive notice by facsimile transmission. You will also need to have a PACER account in order to view an image of the filed document.

How It Works

The Clerk of Court will send a Notice of Electronic Filing by E-mail to each consenting attorney upon entry of a document on the official court docket. In addition to orders and judgments, the system will also provide you with E-mail notice of the filing of any document by any party in the case, including documents filed by you. This Notice of Electronic Filing will contain case, docket, and attorney notice information as well as a hyperlink to an electronic image of the document. Once you click on the hyperlink to the document you will be asked to enter your PACER login and password. After doing so, an Adobe PDF image of the document will appear on your computer screen. You may print the image, or save an electronic copy of the document.

Each Notice of Electronic Filing allows for one free look at the document. If you do not print or save a copy of the document during this one free look, you will be charged by the PACER system to access the document a second time.

Advantages

There are a number of advantages to receiving documents by electronic transmission versus facsimile or by mail of a paper copy.

- Electronic transmission is fast. No more waiting for faxes or mail to be sent to you by the Clerk's Office. E-mail notice is sent to you the moment a document is docketed.
- Multiple e-mail addresses. An attorney may register for E-mail notice to be sent to up to four e-mail addresses. For example, you may have a copy of the Notice of Electronic Filing also sent to an associate, a paralegal or to a central record keeping group.
- Access to electronic notice. You may view an electronic notice anywhere in the world where you have access to your e-mail account.
- No lost faxes/mail. The E-mails will be sent directly to addresses chosen by you. You will not have to worry about your fax machine being busy or whether it has jammed or run out of paper. You will also not have to wait for the fax or the mail to be delivered to you.
- Better customer service. If an E-mail notice should ever fail, the Clerk's Office will receive an immediate delivery failure notification and can quickly act to remedy the problem. In contrast, a facsimile transmission failure will not be identified until the next business day, and the return of regular mail may take several days.

If you are interested in receiving notices of orders and judgments by E-mail, you are admitted to practice in the Northern District of Texas, and you have a PACER account, please fill out a consent form. The consent form is available on the court's website at www.txnd.uscourts.gov. Look under Court Records, and click on Electronic Notice. If you have questions on how to obtain a PACER account, or want to receive a paper copy of the consent form, please contact the Office of the Clerk at 214/753-2190.

# EXHIBIT "F"

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 29 2003

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

BENNETTA CHILES, ET AL.,          §
                                  §
        Plaintiffs,               §
                                  §
VS.                               §    NO. 4:03-CV-802-A
                                  §
AMERICAN HOME PRODUCTS            §
CORPORATION, ET AL.,              §
                                  §
        Defendants.               §

## FINAL JUDGMENT AS TO CERTAIN DEFENDANTS

In accordance with the court's order of even date herewith,

The court ORDERS, ADJUDGES, and DECREES that the claims of plaintiffs, Bennetta Chiles, individually and as next friend of Tony Chiles, a minor; Holly Blackburn and Mark Blackburn, each individually and as next friends of Mitchell Reed Blackburn, a minor; Lori M. Reed, individually and as next friend of Ryan Joseph Reed, a minor; and Krissy Fagan and Carl Fagan, each individually and as next friends of Bradley Kole Fagan, a minor, against defendants Richard Chiarello, M.D., and Marcia Sampson, M.D., be, and are hereby, dismissed.

The court further ORDERS, ADJUDGES, and DECREES that these defendants have and recover their court costs from plaintiffs.

SIGNED September 29, 2003.

JOHN McBRYDE
United States District Judge

FROM:214-753-1006 USDC-NDTX    TO: 92147540999    PAGE: 1 OF 3    CONTROL: #442184-USDCTXN



# United States District Court

Northern District of Texas
Fort Worth Division

Notice of Orders or Judgments
Fed. R. Civ. P. 77(d)

**ATTENTION: Exciting News for Attorneys! You can receive notice of case activity via e-mail. See page 2 of this FAX.**

10/01/03

Date:

To:
Philipa M Remington
Stinnett Thiebaud & Remington
Fountain Place
1445 Ross Ave
Suite 4800
Dallas, TX  75202

Re: Case Number:    4:03-cv-00802    Instrument Number:    113

If this facsimile cannot be delivered as addressed, please call (817) 978-4494. If this transmission is incomplete, our system will attempt to re-send it up to six times.  If the FAX fails, it will be mailed the next business day.

Number of pages including cover sheet:    3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
OFFICE OF THE CLERK

### Electronic Transmission of Notice

Effective immediately, the Clerk of Court will make a new service available to attorneys admitted to practice in the Northern District of Texas. This new service involves sending you an E-mail whenever a document is filed in either a civil or criminal case in which you are entitled to receive notice.

You must consent in writing to receive service of notice of orders and judgments by E-mail. Your written consent to receive an E-mail as notice will replace any prior written consent you have provided to the clerk's office to receive notice by facsimile transmission. You will also need to have a PACER account in order to view an image of the filed document.

How It Works

The Clerk of Court will send a Notice of Electronic Filing by E-mail to each consenting attorney upon entry of a document on the official court docket. In addition to orders and judgments, the system will also provide you with E-mail notice of the filing of any document by any party in the case, including documents filed by you. This Notice of Electronic Filing will contain case, docket, and attorney notice information as well as a hyperlink to an electronic image of the document. Once you click on the hyperlink to the document you will be asked to enter your PACER login and password. After doing so, an Adobe PDF Image of the document will appear on your computer screen. You may print the image, or save an electronic copy of the document.

Each Notice of Electronic Filing allows for one free look at the document. If you do not print or save a copy of the document during this one free look, you will be charged by the PACER system to access the document a second time.

Advantages

There are a number of advantages to receiving documents by electronic transmission versus facsimile or by mail of a paper copy.

- Electronic transmission is fast. No more waiting for faxes or mail to be sent to you by the Clerk's Office. E-mail notice is sent to you the moment a document is docketed.
- Multiple e-mail addresses. An attorney may register for E-mail notice to be sent to up to four e-mail addresses. For example, you may have a copy of the Notice of Electronic Filing also sent to an associate, a paralegal or to a central record keeping group.
- Access to electronic notice. You may view an electronic notice anywhere in the world where you have access to your e-mail account.
- No lost faxes/mail. The E-mails will be sent directly to addresses chosen by you. You will not have to worry about your fax machine being busy or whether it has jammed or run out of paper. You will also not have to wait for the fax or the mail to be delivered to you.
- Better customer service. If an E-mail notice should ever fail, the Clerk's Office will receive an immediate delivery failure notification and can quickly act to remedy the problem. In contrast, a facsimile transmission failure will not be identified until the next business day, and the return of regular mail may take several days.

If you are interested in receiving notices of orders and judgments by E-mail, you are admitted to practice in the Northern District of Texas, and you have a PACER account, please fill out a consent form. The consent form is available on the court's website at www.txnd.uscourts.gov. Look under Court Records, and click on Electronic Notice. If you have questions on how to obtain a PACER account, or want to receive a paper copy of the consent form, please contact the Office of the Clerk at 214/753-2190.

# EXHIBIT "G"



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

SEP 2 6 2003

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BENNETTA CHILES, ET AL.,            §
                                    §
            Plaintiffs,             §
                                    §
VS.                                 §   NO. 4:03-CV-802-A
                                    §
AMERICAN HOME PRODUCTS              §
CORPORATION, ET AL.,                §
                                    §
            Defendants.             §

## ORDER

Came on for consideration the motion of plaintiffs, Bennetta Chiles, individually and as next friend of Tony Chiles, a minor; Holly Blackburn and Mark Blackburn, each individually and as next friends of Mitchell Reed Blackburn, a minor; Lori M. Reed, individually and as next friend of Ryan Joseph Reed, a minor; and Krissy Fagan and Carl Fagan, each individually and as next friends of Bradley Kole Fagan, a minor, to remand. The court, having considered the motion, the response of defendants Abbott Laboratories, SmithKline Beecham Corporation d/b/a GlaxoSmithKline, Aventis Pasteur, Inc., Merck & Co., Inc., Wyeth, and Eli Lilly & Company, the reply, the record, and applicable authorities, finds that the motion should be denied.

On June 30, 2003, plaintiffs filed their original petition in the 96th Judicial District Court of Tarrant County, Texas. The action was removed by notice of removal filed July 21, 2003. Plaintiffs contend that they and their minor children were

injured as a result of the children having received vaccines
containing Thimerosal.  Plaintiffs have sued the manufacturers
and distributors of the vaccines that allegedly injured their
children and have named their children's treating physicians,
Marcia Sampson, M.D., Alfred Santesteban, M.D., John Chapman,
M.D., and Richard Chiarello, M.D. ("physicians"), as defendants.
The removing defendants maintain that the physicians have been
fraudulently joined in order to defeat diversity.

In assessing a claim of fraudulent joinder, the court
determines whether there is any reasonable basis for predicting
that state law might impose liability on the facts involved.
Travis v. Irby, 326 F.3d 644, 647-48 (5th Cir. 2003).  The
possibility that state law might impose liability must be
reasonable, not merely theoretical.  Great Plains Trust Co. v.
Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir.
2002).  As the Fifth Circuit has noted, "pleadings matter" when
the court addresses fraudulent joinder.  Id. at 328.  The failure
to specify a factual basis for recovery against a non-diverse
party constitutes a failure to state a claim and fraudulent
joinder of that party.  Waters v. State Farm Mut. Auto. Ins. Co.,
158 F.R.D. 107, 109 (S.D. Tex. 1994).  Speculative and conclusory
allegations do not state a cause of action without factual
support.  Id. at 108.  Fraudulent joinder will be found where a
plaintiff has failed to plead any specific acts of negligence

2

against the non-diverse defendant.  See, e.g., Griggs v. State

Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); Cavallini v.

State Farm Mut. Auto. Ins. Co., 44 F.3d 256, 260-61 (5th Cir.

1995); McIntire v. Rollins, Inc., 888 F. Supp. 68, 69 (S.D. Tex.

1995).

In this case, plaintiffs' original petition does not set

forth any facts that would support a claim against the

physicians.  Under the heading "Liability of Healthcare

Defendants," plaintiffs allege:

> 11.02  The [physicians] are liable for their own
> distinct tortious conduct, separate and apart from the
> conduct of the Manufacturer Defendants, although they
> acted in concert with them.

> 11.03  The conduct of the [physicians] forms an
> independent basis for imposing liability on them for
> commission of the acts referenced above.

Pls.' Pet. at 16.  Plaintiffs also plead:

> 4.06  All of the Manufacturer Defendants
> deliberately or negligently misrepresented to the
> public the efficacy and safety of these products that
> contained Thimerosal.  Because of their failure, in all
> instances, to advise doctors or consumers that the
> usage of Thimerosal containing products could result in
> mercury poisoning, the result is that plaintiff's child
> [sic] has experienced severe bodily injury.

> 4.07  The Manufacturer Defendants purposely
> downplayed and understated the health hazards and risks
> associated with Thimerosal.  The Manufacturer
> Defendants through promotional literature, deceived
> potential users of these products by relaying positive
> information and manipulating statistics to suggest
> widespread safety, while downplaying the known adverse
> and serious health effects of ethyl mercury.  The
> Manufacturer Defendants falsely and fraudulently kept
> relevant information from potential users and minimized

3

user concern regarding the safety of the products that
contained Thimerosal.

Id. at 11-12.[1]  Thus, they have affirmatively pleaded facts that

negate any possible liability of the physicians.

Plaintiffs apparently recognize the inadequacy of their

original petition to state claims against the physicians.  They

have attempted to rectify this deficiency through the submission

of affidavits in support of their reply to defendants' opposition

to the motion to remand.  But, the conclusory allegations in the

affidavits that each of the physicians would or should have been

aware of Thimerosal's dangers are simply insufficient to rectify

the pleading deficiency.  Having affirmatively pleaded that the

manufacturer defendants deliberately or negligently deceived

everyone else regarding the safety and efficacy of products

containing Thimerosal, plaintiffs' speculation that the

physicians knew or should have know of any danger is insufficient

to support a cause of action.

Finally, the court notes that it is not relying on a common

defense theory in determining that the physicians have been

fraudulently joined.  Accordingly, Collins v. American Home

Products Corporation, 2003 WL 21998574 (5th Cir. 2003), is not

relevant to the court's decision.  See Pls.' Br. in Supp. of

their Reply at 7.

---

[1] The pages in the original petition that should be numbered
10 and 11 are numbered 1 and 2.

4

The court ORDERS that plaintiffs' motion to remand be, and is hereby, denied.

SIGNED September 26, 2003.

JOHN McBRYDE
United States District Judge

 

FROM:214-753-1006 USDC-NDTX      92147540999    PAGE: 1 OF 7      NTROL: #440945-USDCTXN



# United States District Court

### Northern District of Texas
### Fort Worth Division

### Notice of Orders or Judgments
### Fed. R. Civ. P. 77(d)

**ATTENTION: Exciting News for Attorneys! You can receive notice of case activity via e-mail. See page 2 of this FAX.**

Date:           09/26/03

To:             Philipa M Remington
                Stinnett Thiebaud & Remington
                Fountain Place
                1445 Ross Ave
                Suite 4800
                Dallas, TX  75202

Re: Case Number:   4:03-cv-00802      Instrument Number:    107

If this facsimile cannot be delivered as addressed, please call (817) 978-4494. If this transmission is incomplete, our system will attempt to re-send it up to six times. If the FAX fails, it will be mailed the next business day.

Number of pages including cover sheet:    7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
OFFICE OF THE CLERK

### Electronic Transmission of Notice

Effective immediately, the Clerk of Court will make a new service available to attorneys admitted to practice in the Northern District of Texas. This new service involves sending you an E-mail whenever a document is filed in either a civil or criminal case in which you are entitled to receive notice.

You must consent in writing to receive service of notice of orders and judgments by E-mail. Your written consent to receive an E-mail as notice will replace any prior written consent you have provided to the clerk's office to receive notice by facsimile transmission. You will also need to have a PACER account in order to view an image of the filed document.

How It Works

The Clerk of Court will send a Notice of Electronic Filing by E-mail to each consenting attorney upon entry of a document on the official court docket. In addition to orders and judgments, the system will also provide you with E-mail notice of the filing of any document by any party in the case, including documents filed by you. This Notice of Electronic Filing will contain case, docket, and attorney notice information as well as a hyperlink to an electronic image of the document. Once you click on the hyperlink to the document you will be asked to enter your PACER login and password. After doing so, an Adobe PDF image of the document will appear on your computer screen. You may print the image, or save an electronic copy of the document.

Each Notice of Electronic Filing allows for one free look at the document. If you do not print or save a copy of the document during this one free look, you will be charged by the PACER system to access the document a second time.

Advantages

There are a number of advantages to receiving documents by electronic transmission versus facsimile or by mail of a paper copy.

- Electronic transmission is fast. No more waiting for faxes or mail to be sent to you by the Clerk's Office. E-mail notice is sent to you the moment a document is docketed.
- Multiple e-mail addresses. An attorney may register for E-mail notice to be sent to up to four e-mail addresses. For example, you may have a copy of the Notice of Electronic Filing also sent to an associate, a paralegal or to a central record keeping group.
- Access to electronic notice. You may view an electronic notice anywhere in the world where you have access to your e-mail account.
- No lost faxes/mail. The E-mails will be sent directly to addresses chosen by you. You will not have to worry about your fax machine being busy or whether it has jammed or run out of paper. You will also not have to wait for the fax or the mail to be delivered to you.
- Better customer service. If an E-mail notice should ever fail, the Clerk's Office will receive an immediate delivery failure notification and can quickly act to remedy the problem. In contrast, a facsimile transmission failure will not be identified until the next business day, and the return of regular mail may take several days.

If you are interested in receiving notices of orders and judgments by E-mail, you are admitted to practice in the Northern District of Texas, and you have a PACER account, please fill out a consent form. The consent form is available on the court's website at www.txnd.uscourts.gov. Look under Court Records, and click on Electronic Notice. If you have questions on how to obtain a PACER account, or want to receive a paper copy of the consent form, please contact the Office of the Clerk at 214/753-2190.