United States District Court
Southern District of Texas
FILED

OCT 28 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VERONICA RAMIREZ, Individually, and as Next Friend of JEREMIAH S. RAMIREZ, a minor, | § § § § | |
| *Plaintiff*, | § § | Civil Action No. B-03-0155 |
| VS. | § § | JURY DEMAND |
| AMERICAN HOME PRODUCTS CORPORATION d/b/a WYETH, ET AL, | § § § § | |
| *Defendants*. | § § | |

### DEFENDANTS' SUR-REPLY IN OPPOSITION TO REMAND

Defendants Abbott Laboratories, SmithKline Beecham Corporation d/b/a GlaxoSmithKline, Aventis Pasteur Inc., Merck & Co., Inc., Wyeth and Eli Lilly and Company (hereinafter "Defendants") submit this Sur-reply in support of their Opposition to Plaintiff's Motion to Remand and would show the Court as follows:

### I. ARGUMENT AND AUTHORITIES

A.  **Plaintiff Cannot Add New Legal Theories to Her Petition With Post-Removal Affidavits.**

In a belated attempt to add a negligence claim against the Healthcare Defendants, Plaintiff's Reply to Defendants' Opposition to Remand ("Reply") includes an affidavit in which Plaintiff alleges that the Healthcare Defendants "would have, or should have, been aware of Thimerosal's dangers." *See* Exhibit A to Reply at ¶ 5. Plaintiff then cites the Fifth Circuit's general rule that district courts may consider "summary judgment-type evidence" to determine whether nondiverse defendants—such as the Healthcare Defendants here—have been fraudulently joined to defeat diversity. *See* Reply at 6. However, Plaintiff's amendment-by-affidavit gambit must fail for two independent reasons.

First, the Fifth Circuit has specifically forbidden the consideration of post-removal affidavits offered to support legal theories not alleged against the non-diverse defendant in the plaintiff's state court pleadings: ***"Post-removal filings may not be considered . . . when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court.***" *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) (emphasis added). Indeed, Plaintiff's present attempt to add a negligence theory of recovery against the Healthcare Defendants is indistinguishable from a similar attempt rejected by the Fifth Circuit in the *Cavallini* case. There, as in the case *sub judice*, the plaintiffs' original petition did not contain any allegations of actionable conduct supporting a claim against the non-diverse defendant. *See Cavallini*, 44 F.3d at 263. Refusing to consider the plaintiff's post-removal affidavits—which alleged facts supporting a cause of action for violation of Texas's Deceptive Trade Practices Act—the Fifth Circuit held that such evidence could not cure a plaintiff's failure to state a valid legal theory of recovery against the nondiverse defendant:

> [T]he [plaintiffs] did not cite, nor have we found, any case in which such evidence has been considered to determine whether a claim has been stated against the nondiverse defendant under a legal theory not alleged in the state court complaint. In short, ***the [plaintiffs] cannot rely on their affidavits to state a DTPA claim against [the nondiverse defendant]***.

*Id.* at 263.

Contrary to Plaintiff's suggestion, U.S. District Judge Lynn's decision in *McCall v. UNUM Life Ins. Co.*, 2001 WL 1388013 (N.D. Tex. Nov. 6, 2001) provides Plaintiff no support. There, the plaintiff's original petition alleged *both* a legal theory of recovery (a violation of the DTPA) against the nondiverse defendants *and actionable conduct* attributable to those defendants. *See McCall* at *5 ("[The nondiverse defendants] represented that the disability

policies conferred or involved rights, remedies or obligations which they did not have, in violation of Article 21[.]21, Section 16, producing Plaintiff's damages and entitling Plaintiff to his actual damages . . . .") (quoting plaintiff's petition). Judge Lynn's remand order in *McCall* explained that she considered the plaintiff's post-removal evidence (deposition testimony) only because that evidence "further clarifie[d]" the allegations of *actionable conduct* specifically attributed to the nondiverse defendants in the plaintiff's original petition. *Id.*[1]

Because Plaintiff's Petition neither alleges a specific cause of action against the Healthcare Defendants nor includes any actionable facts against them, Plaintiff's affidavit cannot fairly be construed as "clarify[ing] or amplify[ing] the claims actually alleged" in Plaintiff's Petition. *Griggs*, 181 F.3d at 700.

The second reason Plaintiff's post-removal affidavit fails to support remand is that her affidavit does not constitute competent evidence of a claim for professional negligence against the Healthcare Defendants. As explained in Defendants' Opposition to Remand ("Opposition"), a claim for professional negligence under Texas' Medical Liability and Insurance Improvement Act ("MLIIA") is the only cause of action permitted by Texas law against the Healthcare Defendants. *See* Opposition at 5-8. Plaintiff's Reply does not dispute this. Accordingly, only the testimony of an expert can establish that the Healthcare Defendants deviated from the applicable standard of care, *i.e.*, whether the mode of treatment undertaken by the Healthcare Defendants would not have been undertaken under the same or similar circumstances by a reasonable and prudent member of the medical community. *See Pack v.*

---

[1] Judge Lynn has subsequently applied the Fifth Circuit's ban on consideration of post-removal affidavits in support of causes of action not included in the plaintiff's state court petition. *See Staples v. Merck & Co., Inc.*, 270 F. Supp. 2d 833, 837 (N.D. Tex. 2003) ("[T]he Court should not allow the additional evidence to support causes of action that the Plaintiffs had not asserted when removal occurred."); *Sohmer v. American Medical Security, Inc.*, 2002 WL 31323763, *2 (N.D. Tex. Oct. 15,

*Crossroads, Inc.*, 53 S.W.3d 492, 508 (Tex. App.—Fort Worth 2001, pet. denied). Plaintiff's post-removal speculation as to what the Healthcare Defendant knew or should have known is a far cry from the expert testimony required,[2] and the Court should not, "in the absence of any proof, assume that [Plaintiff] could or would prove the necessary facts." *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 394 (5th Cir. 2000).

**B.  Plaintiff's Petition Specifies Neither a Legal Theory of Recovery Nor Any Actionable Facts Against the Healthcare Defendants.**

Tellingly, Plaintiff's Reply does not direct the Court to any portion of her Petition specifying a legal theory of recovery against the Healthcare Defendants or describing any actionable conduct on the part of those defendants. Instead, Plaintiff's Reply simply declares that "Plaintiff's pleading does allege a cause of action against the [Healthcare Defendants] specifically" (Reply at 8) and then selectively quotes an unpublished remand order for the proposition that their pleadings "need not state the facts constituting the cause of action" to meet the federal standards of "notice pleading." *Id.* at 7 (quoting *Gamez v. Park-Davis*, Civ. A. No. C-03-312 (S.D. Tex. Sept. 2, 2003)). Significantly, the Fifth Circuit opinion from which the *Gamez* court borrowed this language—*Walker v. South Central Bell Telephone Co.*, 904 F.2d 275 (5th Cir. 1990)—also clearly holds that "[a] complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Walker*, 904 F.2d at 277.

More importantly, both the *Gamez* remand order and the Fifth Circuit's opinion in *Walker* analyzed pleadings very different than those offered by Plaintiff here. Notably, the

---

2002) ("[T]he Court cannot allow this additional evidence to breathe life into causes of action not asserted in the petition at the time of removal.") (citing *Cavallini*).

[2]  *See Chiles v. American Home Products Corp*, Civ. A. No. 4:03-CV-802-A, slip. op. at 4 (N.D. Tex. Sept. 26, 2003) ("[P]laintiffs' speculation that the physicians knew or should have known of any danger is insufficient to support a cause of action.") (Ex. F to Opposition to Remand).

petitions at issue in *Gamez* and *Walker* both specified a legal theory of recovery against the in-state defendants in those cases. *See Gamez*, at 2 ("Plaintiffs also allege intentional misrepresentation and negligence claims against the non-diverse Doctor Defendants.") (citing plaintiffs petition); *Walker*, 904 F.2d at 277 ("Count 16 of the complaint 'asserts a . . . claim for intentional infliction of emotional injury.'") (quoting plaintiff's complaint). And the petitions in both cases also specified either the elements of the causes of action alleged against the in-state defendants or *some actionable conduct attributable to them*. *See Gamez*, at 9 ("All the elements of intentional misrepresentation and negligence have been alleged . . . ."); *Walker*, 904 F.2d at 277 ("The rest of the complaint gives further details . . . and provides notice that this alleged wrong occurred when the appellant was fired.").[3]

Moreover, as explained in the Opposition to Remand, Plaintiff's allegations against the Healthcare Defendants are indistinguishable from those found wanting by the Fifth Circuit in *Griggs*. *See* Opposition at 9. Indeed, the *Griggs* court specifically took up the question of whether such pleadings sufficed as "notice pleadings" and the court "decline[d] [the plaintiffs'] invitation to expand the concept of notice pleading this far." *Griggs*, 181 F.3d at 699. And though Plaintiff's Reply purports to distinguish the present case from the facts of *Griggs*, the only notable difference between this case and the fraudulent joinder discussion in *Griggs* is the failure of the plaintiff there to serve a non-diverse defendant. *See id*. This difference, however, provides no basis for distinguishing the *Griggs* fraudulent joinder analysis because the Fifth Circuit expressly held that "[the plaintiff's] *pleadings, standing alone*, d[id] not set forth

---

[3]   Significantly, *Walker* does not address a fraudulent joinder question and involved only one defendant. *See Walker*, 904 F.2d at 276. Thus, the court could rightly assume that all of the allegations of wrongful conduct were attributable to the sole defendant.

actionable claims against [the non-diverse defendant]." *Id.* (emphasis added).[4] Consequently, the *Griggs* fraudulent joinder analysis controls the present case, and Plaintiff's motion to remand should be denied.[5]

C. **Plaintiff's "Alternative Theories" Argument Is a "Straw Man" Argument.**

Plaintiff devotes a large portion of her Reply to discussing authorities which support the uncontroversial proposition that a party may simultaneously plead alternative and inconsistent facts or remedies against several parties. *See* Reply at 8-11. However, that is not what Plaintiff has done in her Petition. As demonstrated in the Opposition to Remand—and unrebutted by Plaintiff's Reply—Plaintiff's Petition contains ***no pleading of any actionable conduct*** (*i.e.*, negligent conduct) on the part of the nondiverse Healthcare Defendants and ***no cognizable theory of recovery*** against them. Thus, Plaintiff's authorities affirming her right to plead in the alternative are wholly irrelevant to the fraudulent joinder analysis required here.

For the same reason—Plaintiff's failure to specify either a theory of recovery or actionable conduct—Plaintiff's reliance on the opinions granting remand in *Barragan v. Warner-Lambert Co.*, 216 F. Supp. 2d 627 (W.D. Tex. 2002), *Gamez v. Park-Davis*, Civ. A. No. C-03-

---

[4] For the same reason, Plaintiff cannot distinguish the fraudulent joinder analyses of *McIntire v. Rollins, Inc.*, 888 F. Supp. 68, 69 (S.D. Tex. 1995) ("Where no specific *acts of negligence are pled* against the [in-state] defendant, this Court has consistently held that the [in-state defendant] has been fraudulently joined, and has dismissed [that defendant].") (emphasis added), or *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 108 (S.D. Tex. 1994) ("*Failure to specify a factual basis* for recovery against a non-diverse party constitutes a failure to state a claim and fraudulent joinder of that party.") (emphasis added).

[5] Without addressing the obvious conflict with the holdings of *Griggs* and *Cavallini*, Plaintiff's Reply again argues that the Fifth Circuit's decision in *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) implicitly abandoned the long-established rule that a failure to plead a cause of action against a nondiverse defendant is a proper basis for finding fraudulent joinder. *See* Reply at 11-12. But as explained in the Opposition to Remand, this argument misrepresents the holding of *Hart* and cannot be reconciled with the well-settled law of the Fifth Circuit. To the extent that the *Hart* decision conflicts with the fraudulent joinder analysis of *Cavallini*, the *Cavallini* decision constitutes the controlling precedent. *See United States v. Castillo*, 179 F.3d 321, 328 (5th Cir. 1999) (stating that decisions of subsequent panels cannot overrule those of prior panels absent en banc review or a superseding change in the law).

312 (S.D. Tex. Sept. 2, 2003), *Lauderdale v. Merck & Co., Inc.*, 2002 WL 449423 (N.D. Tex. Feb. 4, 2002); *Glenn v. Purdue Pharma Co.*, 2003 WL 22243939 (N.D. Miss. Sept. 25, 2003), *Dixon v. Warner-Lambert Co.*, No. Civ. A. 01-1098, 2001 WL 515226 (E.D. La. May 15, 2001), and *Cordill v. Purdue Pharma, L.P.*, 2002 WL 31474466 (W.D. Va. Nov. 5, 2002) is misplaced.[6] To wit, the complaints in *Barragan, Gamez, Lauderdale, Glenn, Dixon,* and *Cordill* contained ***specific allegations of actionable conduct*** that, even though contradicted by allegations against "Defendants" generally, stated a cause of action when construed in a light most favorable to the plaintiffs. *See Barragan*, 216 F. Supp. 2d at 633 ("Here, Plaintiff *has alleged with particularity* causes of action against his treating physician and has shown . . . *that the Defendant Doctor knew or should have known* of the harmful effects of Rezulin.") (emphasis added); *Gamez*, at 2 ("Plaintiffs claim the Doctor Defendants *were 'negligent in prescribing*, causing or enabling the prescription and delivery of Rezulin to the Plaintiffs' *including failure to warn about the risks* of the prescription.") (quoting plaintiffs' original petition) (emphasis added); *Lauderdale*, at *2 ("The Plaintiff *has alleged that Dr. Johnson . . . knew or should have known* of the dangerous side effects . . . [and] . . . that Dr. Johnson's prescribing of these medications . . . *represents a deviation from the standard of care* generally exercised by physicians under like or similar circumstances . . . .") (quoting plaintiff's complaint) (emphasis added); *Glenn*, at *3 (same); *Dixon*, at *2 ("Here, *plaintiff alleges in her petition* for damages that [the nondiverse physician] negligently failed to follow Rezulin's recommendations, warnings, or the instructions Rezulin gave on its package insert. Plaintiff also claims that [the nondiverse physician] failed to monitor

---

[6] Plaintiff's Reply also cites opinions in *Watson v. Purdue Pharma, Inc.*, No. 5:02-CV-99BN (S.D. Miss. Dec. 13, 2002), *Jackson v. The Purdue Pharma Co.*, No. 5:02-CV-85BN (S.D. Miss. Dec. 10, 2002), *Heffner v. Purdue Pharma, Inc.*, No. 3:02-CV-226WS (S.D. Miss. Sept. 3, 2002). However, these opinions are not available in any published reporter or electronic database. Defendants assume the rationales of these decisions are substantially similar to the opinions in *Barragan, Gamez, Lauderdale, Glenn, Dixon,* and *Cordill, supra*.

and evaluate her heart and liver functions fully; failed to diagnose here condition accurately; failed to recognize that Rezulin was a cause of her condition; and failed to warn or inform her adequately of the potential harms associated with Rezulin.") (emphasis added); *Cordill*, at *2-*3 ("The plaintiffs also claim . . . that 'Physician defendants *inappropriately distributed, prescribed, and recommended OxyContin to Plaintiffs.*'") (quoting plaintiffs' complaint) (emphasis added).[7]

In the case *sub judice*, however, there are no contradictory allegations to construe in Plaintiff's favor because her Petition contains no allegations of any actionable conduct on the part of the Healthcare Defendants. Thus, the present case is indistinguishable from those opinions denying remand in *Baisden v. Bayer Corp.*, ---F. Supp. 2d---, 2003 WL 21910701 (S.D.W.Va. Aug. 11, 2003); *In re Baycol Products Litig.*, No. MDL 1431(MJD), 02-4835, 2003 WL 21223842 (D. Minn. May 27, 2003); *In re Rezulin Prods. Liab. Litig.*, 00 Civ. 2843, 2003 WL 43356 (S.D.N.Y. Jan. 6, 2003) ("*Rezulin II*"); *Brown v. Bristol Myers Squibb Co.*, Civ. A. No. 4:02CV301LN, slip op. at 11 (S.D. Miss. Dec. 2, 2002); *In re Diet Drugs Prods. Liab. Litig.*, 220 F. Supp. 2d 414, 424 (E.D. Pa. 2002); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295 (S.D.N.Y. 2001) ("*Rezulin I*"); and *Louis v. Wyeth-Ayerst Pharm., Inc.*, Civ. A. No. 5:COCV102LN, slip op. at 5 (S.D. Miss. Sept. 25, 2000). In each of these cases the trial court found that *the absence* of specific allegations of actionable conduct on the part of the in-state healthcare providers, coupled with express allegations that the out-of-state manufacturer defendants concealed the alleged dangers from the healthcare defendants, rendered the in-state healthcare providers fraudulently joined.[8]

---

[7] The *Cordill* court's fraudulent joinder decision was explicitly based on the pleading standards embodied in the Commonwealth of Virginia's rules of civil procedure. *See Cordill*, at *3 ("[A]n 'allegation of "negligence" . . . is sufficient without specifying the particulars.") (quoting Va. Sup. Ct. R. 3:16(b)).

[8] Significantly, the *Gamez* remand order—cited repeatedly in Plaintiff's Reply—makes this very point in its discussion of the Rezulin Products Liability Litigation. *See Gamez*, at 10-23. Copies of the

D.  **The *Collins* and *Smallwood* Decisions Are Inapposite to the Case *Sub Judice* and Are Subject to Rehearing.**

The Fifth Circuit's recent decisions in *Smallwood v Illinois Central Railroad Co.*, 2003 WL 21805636 (5th Cir. Aug. 7, 2003) and *Collins v. American Home Products Corp.*, 2003 WL 21998574 (5th Cir. Aug. 29, 2003) have no application to the case *sub judice* because the fraudulent joinder of the nondiverse defendants is founded on defenses (or deficiencies in Plaintiff's pleading) that are unique to them and not "common" to both diverse and non-diverse defendants alike. *See Chiles* order denying remand, slip op. at 7.

But should the Court find that the fraudulent joinder of the Healthcare Defendants was premised upon a common defense, Defendants respectfully submit that the Fifth Circuit's decisions in *Smallwood* and *Collins* are neither final nor binding on this Court.[9] To the contrary, in *Smallwood*, a petition for rehearing *en banc* is pending before the Fifth Circuit and on September 29, 2003, the court requested responsive briefing from the plaintiff below, pursuant to F.R.A.P. 35(e). *See Smallwood* Docket Sheet, attached as Ex. A. And, in recognition of the serious consideration being devoted by the Fifth Circuit to these issues and the consequences that the Court's final decision will have upon this and similar litigation, the *Collins* panel has ordered that the mandate be stayed pending the final outcome in *Smallwood*. *See* Order Staying Mandate, attached as Ex. B. A petition for rehearing *en banc*, and a petition for panel rehearing are also pending in *Collins*. In light of these recent developments, the U.S. District Court for the

---

unpublished decisions in *Rezulin* II, *Baisden*, *In re Baycol*, *Brown*, and *Louis* were attached to Defendants' Opposition to Remand as Exhibits A-E.

[9] *See* 5th Cir. Loc. R. 41(d)(1) ("The timely filing of a . . . petition for rehearing en banc . . . stays the mandate until the disposition of the petition . . . unless the court orders otherwise."); *see also* 5th Cir. Loc. R. 41.3 ("Unless otherwise expressly provided, the granting of rehearing en banc vacates the panel opinion and judgment of the court and stays the mandate."); *see also Bliss v. Lockhart*, No. 90-2144, 1990 U.S. App. LEXIS 23152 (8th Cir. Dec. 13, 1990) ("Until the mandate issues, a party may petition for rehearing, and the court of appeals may modify or revoke its judgment.").

Southern District of Texas last week stayed proceedings in a case virtually identical to this case until the Fifth Circuit issues final decisions in those cases. *See Saile v. American Home Prods., Corp.*, C.A. No. C-03-336, "Order of Stay" (S.D. Tex. Oct. 20, 2003), attached as Ex. C.

## II. CONCLUSION

For all of these reasons, Plaintiff's Petition fails to state any viable claim against the in-state Healthcare Defendants under Texas law, and the Texas citizenship of those defendants must be disregarded. Consequently, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441, and Plaintiff's Motion for Remand should be denied.

Respectfully submitted,

By *[signature]* /by permission
*[signature: Douglas B. Roberson]*
Richard L. Josephson
Attorney-in-Charge
State Bar No. 11031500
One Shell Plaza
910 Louisiana
Houston, TX 77002
(713) 229-1460
(713) 229-1522 (fax)
richard.josephson@bakerbotts.com

COUNSEL FOR DEFENDANT MERCK & CO., INC.

OF COUNSEL:

Paul R. Elliott
State Bar No. 06547500
Douglas B. Roberson
State Bar No. 24013409
One Shell Plaza
910 Louisiana
Houston, TX 77002
(713) 229-1226
(713) 229-1522 (fax)

## Certificate of Service

I certify that on this 27th day of October, 2003, I served the above pleading on all counsel of record via facsimile and/or first class U.S. mail.

*Richard L. Josephson / by permission*
Richard L. Josephson

| Home | PACER | Full Docket | | | Help |

If you view the full docket, you will be charged for 12 Pages    $ 0.84

## US Court of Appeals for the Fifth Circuit
## Case Summary

Court of Appeals Docket #: 02-60782                              Filed: 9/24/02
Nsuit: 4360  P.I.: Other
Smallwood v. IL Central RR Co, et al
Appeal from: Southern District of Mississippi, Jackson

Lower court information:
    District: 0538-3 : 3:01-CV-561-BN
    Ordering Judge: William H Barbour, Jr, US District Judge

| Date | Entry |
|---|---|
| 9/19/03 | Appearance form filed by David W Clark for Amicus Curiae MS Mftr Assn. [02-60782] (jmm) |
| 9/19/03 | Appearance form filed by Billy Berryhill for Amicus Curiae MS Mftr Assn. [02-60782] (jmm) |
| 9/19/03 | Brief made sufficient by Appellee MS Dept Trans, Amicus Curiae MS Bankers Assn, Amicus Curiae United Ins Co Amer, Amicus Curiae Union Natl Life Ins. Sufficient Brief ddl satisfied. Appearance forms filed. (jmm) |
| 9/26/03 | Response filed by Amicus Curiae Amer Sec Ins Co to motion to strike amicus briefs [4599988-1] by Appellant Kelli Smallwood Date of COS: 9/25/03 Sufficient [Y/N]: y. [4621405-1] [02-60782] (cmb) |
| 9/29/03 | Response/opposition requested by the Court to petition for rehearing en banc [4289059-1] by Appellee MS Dept Trans, petition for rehearing en banc [4289276-1] by Appellee IL Central RR Co Response/Opposition due on 10/9/03. [02-60782] Court has allowed a response to rehearing en banc as well as the briefs in support of the rehearings. I should not exceed 30 pages. (mbc) |
| 9/29/03 | Supplemental authorities (FRAP 28(j)) filed by Appellee IL Central RR Co, Appellee MS Dept Trans [4623538-1]. [02-60782] (cmb) |
| 9/30/03 | Motion filed by Appellant Kelli Smallwood to strike response/opposition [4621405-1] by Amicus Curiae Amer Sec Ins Co, to motion to strike amicus briefs [4599988-1] by Appellant Kelli Smallwood [4625527-1]. Date of COS: 9/29/03 Sufficient [Y/N]: y [02-60782] (cmb) |
| 10/3/03 | Response/opposition filed by Appellant Kelli Smallwood to FRAP 28(j) material [4623538-1] by Appellee IL Central RR Co, MS Dept Trans Date of COS: 9/30/03 Sufficient [Y/N]: y. [4629583-1] [02-60782] (cmb) |
| 10/9/03 | Response/opposition filed by Appellant Kelli Smallwood to petition for rehearing en banc [4289059-1] by Appellee MS Dept Trans, petition for rehearing en banc [4289276-1] by Appellee IL Central RR Co Response/Opposition ddl |

**Exhibit A**

satisfied. Date of COS: 10/7/03  Sufficient [Y/N]: y.
[4633609-1] [02-60782] (cmb)

| PACER Service Center |||||
|---|---|---|---|---|
| Transaction Receipt |||||
| 10/22/2003 10:53:44 |||||
| PACER Login: | bb0033 | Client Code: | ||
| Description: | dkt summary | Case Number: | 02-60782 ||
| Billable Pages: | 1 | Cost: | 0.07 ||

http://pacer.ca5.uscourts.gov/cgi-bin/reports.pl?CASENUM=2-60782&puid=01066837904   10/22/2003

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-60736

U.S. COURT OF APPEALS
FILED
OCT 9 2003
CHARLES R. FULBRUGE III
CLERK

BRYAN D COLLINS, as parent and next friend of Zachary W Collins; ALLYSON M COLLINS, as parent and next friend of Zachary W Collins; FREDDIE M ANDERSON, as parent and next friend of Robert Thomas-Anderson; GEORGIA M ANDERSON, as parent and next friend of Robert Thomas-Anderson; HERMAN R BERNARD, as parent and next friend of Reginald L Bernard; ET AL

Plaintiffs - Appellants

v.

AMERICAN HOME PRODUCTS CORP, doing business as Wyeth Laboratories Inc; WYETH LEDERLE; WYETHER LEDERLE; WYETHER LEDERLE VACCINES AND LEDERLE LABORATORIES; ABBOTT LABORATORIES; AMERICAN INTERNATIONAL CHEMICAL INC; AVENTIS PASTEUR INC, Individually and as Successor in Interest to Connaught Laboratories Inc; PASTEUR MERIEUX CONNAUGHT INC; B F ASCHER & COMPANY INC; BAXTER INTERNATIONAL INC, Individually and as Successor in Interest to North American Vaccine Inc; BAYER CORP; BIOPORT CORPORATION INC; BRISTOL-MYERS SQUIBB CO; EVANS MEDICAL LTD; MERCK AND COMPANY INC; RPK PHARMACEUTICALS; DOLDER; ELLI LILLY & CO; SMITHKLINE BEECHAM CORP; LISA STONE, M D, individually and as Successor in Interest to Children's Medical Group, PA; BERT BRADFORD, MD; GULF COAST PEDIATRIC CLINIC; BYRON'S DISCOUNT DRUGS; JEFF COURT, MD, individually and as Successor in Interest to Children's Medical Group, PA; WALTER E DAWKINS, MD; LOUISA LAWSON, MD; SARTIN'S DISCOUNT DRUGS INC; BRIAN STRETCH, MD; JULIAN LEE OWEN; VILLAGE PHARMACY; JOHN DOES; CHILDREN'S MEDICAL GROUP PA

Defendants - Appellees

--------

CONSOLIDATED WITH
NO. 02-60764

--------

JOHN W STEWART, III; ANNETTE C STEWART; BRYAN D COLLINS; ALLYSON M COLLINS; HERMAN R BERNARD, JR; CAROLA H BERNARD; LARRY BLACKWELL; MELISSA MCGREW; JULES J COUSIN, JR; BEVERLY COUSIN; JOHN GAMBERI; CONNIE GAMBERI; MARK KLINEDINST; LAURIE KLINEDINST; TERI PITTS; TRACY PITTS; KEVIN SAMUEL; VICTORIA SAMUEL; DAVID G UNDERWOOD; LAUREN UNDERWOOD; JEREMY WILLIAMS; SHAWANDA WILLIAMS

Plaintiffs - Appellants

v.

Exhibit B

AMERICAN HOME PRODUCTS CORP, doing business as Wyeth; WYETH LABORATORIES; WYETH-AYERST; WYETH-AYERST LABORATORIES; WYETH LEDERLE; WYETHER LEDERLE VACCINES AND 1051LEDERLE LABORATORIES; ABBOTT LABORATORIES; AMERICAN INTERNATIONAL CHEMICAL INC; AVENTIS PASTEUR INC, individually and as successor in interest to Connaught Laboratories, Inc; PASTEUR MERIEUX & PASTEUR MERIEUX CONNAUGHT; B F ASCHER & COMPANY INC; BAXTER INTERNATIONAL INC, individually and as successor in interest to North American Vaccine Inc; BIOPORT CORPORATION INC; EVANS MEDICAL LTD; DOLDER; ELI LILLEY & CO; MERCK AND COMPANY INC; SMITHKLINE BEECHAM CORP; BERT BRADFORD, MD; GULF COAST PEDIATRIC CLINIC; WALTER E DAWKINS, MD; OWEN LEE, MD; SARTIN'S DISCOUNT DRUGS INC; BRIAN STRETCH, doing business as Street Clinic, MD; VILLAGE PHARMACY; WYETH; JOHN DOES, 1-200, who are individuals, proprietorships, corporations, or other entities whose names and identities are otherwise unknown to the plaintiffs; JEFFREY CROUT, MD; CHILDREN'S MEDICAL GROUP PA; RPK PHARMACEUTICALS

Defendants - Appellees

---

Appeals from the United States District Court for the
Southern District of Mississippi, Jackson

---

O R D E R:

IT IS ORDERED that the motion of Appellees Wyeth Lederle, Wyether Lederle, Wyether Lederle, Abbott Laboratories, Aventis Pasteur Inc, Baxter Intl Inc, Bioport Corp Inc, Merck and Company Inc, Elli Lilly & Co and Smithkline Beecham in 02-60736 and Appellees Wyeth Laboratories, Wyeth-Ayerst, Wyeth-Ayerst Labs, Wyeth Lederle, Wyether Lederle, Wyether Lederle, Abbott Laboratories, Aventis Pasteur Inc, Baxter Intl Inc, Bioport Corp Inc, Eli Lilley & Co, Merck and Co Inc, Smithkline Beecham, Wyeth in 02-60764 to stay the mandate pending the outcome of the petitions for rehearing en banc in this case and/or case 02-60782 Smallwood v. Illinois Central Railroad Company is granted

/s/ Emilio M. Garza
EMILIO M. GARZA
UNITED STATES CIRCUIT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 2 0 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| AMANDA W. SAILE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. NO. C-03-336 |
| | § | |
| AMERICAN HOME PRODUCTS CORP | § | |
| d/b/a WYETH, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER OF STAY

On this day came on to be considered the Court's jurisdiction in the above-styled action. This case was originally filed on June 27, 2003, in the 94th Judicial District Court of Nueces County, Texas where it was assigned Cause No. 03-3987-C. On September 5, 2003, Defendants removed the action asserting diversity jurisdiction on the basis that the non-diverse Defendant was fraudulently joined.

On September 19, 2003, Plaintiff filed a Motion to Remand relying heavily on two recent Fifth Circuit cases: Collins v. American Home Products Corp., 343 F.3d 765 (5th Cir. Sept. 9, 2003); and Smallwood v. Illinois Central Railroad Co., 342 F.3d 400 (5th Cir. Aug. 7, 2003). Collins presents almost identical facts to Plaintiffs case and suggests that remand is proper under a common defense analysis. Collins, 343 F.3d at 768-769 (citing Smallwood, 342 F.3d at 405.) However, as Defendants argue, the holdings of Collins and Smallwood are not the mandate of the Fifth Circuit

Exhibit C

because petitions for rehearing en banc have been filed in both cases. Fed. R. App. P. 41(d).

As aptly noted by the district court in <u>Boyd v. American Heritage Insurance Co.</u>, if the Court applies the reasoning of <u>Collins</u> and remands the case, and the Fifth Circuit then vacates its holding in <u>Collins</u>, then "Defendants will have lost their right to litigate the case in federal court." <u>Boyd</u>, No. Civ.A.301CV890BN, 2003 WL 22175982, *2 (S.D. Miss. Sept. 19, 2003). So is true that if the Court disregards <u>Collins</u> and denies Plaintiff's Motion to Remand, and the Fifth Circuit upholds its decision in <u>Collins</u>, "then both this Court and the parties will have wasted valuable time and resources litigating a case that will ultimately require remand to state court." <u>Id.</u>

A court has discretion to control the course of the litigation before it, including the inherent authority to stay proceedings. <u>Rohan ex rel Gates v. Woodford</u>, 334 F.3d 803, 817 (9th Cir. 2003); <u>United States v. $9,041,598.68</u>, 163 F.3d 238, 251 (5th Cir. 1998). Furthermore, a court may <u>sua sponte</u> stay a proceeding. <u>Murphy v. Uncle Ben's, Inc.</u>, 168 F.3d 734, 737 (5th Cir. 1999).

Based on the uncertainty in this circuit as to the applicability of the "common defense" rule in removal, the Court hereby STAYS all proceedings in the above-styled action pending the Fifth Circuit's rulings on the petitions for rehearings en banc in <u>Collins</u> and/or <u>Smallwood</u>. The Court shall consider the pending

2

motions and reschedule the initial pre-trial conference and motion hearing after the Fifth Circuit has ruled in either <u>Collins</u> or <u>Smallwood</u>.

SIGNED and ENTERED this the 20th day of October, 2003.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE