60

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

NOV 2 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VERONICA RAMIREZ, | § | |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIEND OF JEREMIAH S. RAMIREZ, | § | |
| A MINOR | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. B-03-155 |
| v. | § | |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION, D/B/A/ WYETH, ET AL. | § | |
| | § | |
| Defendants | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f), FEDERAL RULES OF CIVIL PROCEDURE

1.   **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The conference required by Fed. R. Civ. P. 26(f) was held on November 24, 2003 at the offices of Clark, Thomas & Winters, 300 W. Sixth St., 15th Floor, Austin, TX 78701 and The Law Offices of Ben Martin, LLP, 2100 McKinney Avenue Suite 1975, Dallas, TX 75201. The following counsel participated by telephone:

William F. Blankenship, III          Counsel for Plaintiffs
Law Offices of Ben C. Martin
2100 McKinney Avenue
Suite 1975
Dallas, TX 75201

Susan E. Burnett                     Counsel for Defendant Wyeth
Jeffrey R. Lilly
Clark, Thomas & Winters, P.C.
300 W. Sixth Street, 15th Floor
Austin, Texas 78701

Douglas B. Roberson                  Counsel for Defendant Merck & Company, Inc.
Paul R. Elliott                      and Abbott Laboratories
Baker Botts, L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002

Micah Hobbs  (admission pending)  Counsel for Defendant Eli Lilly and Company
Shook, Hardy & Bacon, L.L.P.
 One Kansas City Place
1200 Main Street
Kansas City, MO  64105-2118

Kyle Giacco  Counsel for Defendant American International
Daw & Ray  Chemical, Inc.
5718 Westheimer, Suite 1750
Houston, TX  77057

Bradley S. Wolff  Counsel for Defendant Aventis Pasteur Inc., f/k/a
Swift, Currie, McGhee & Heiers  Connaught Laboratories, Inc., f/d/b/a Pasteur
The Peachtree Suite 300  Merieux  Connaught
1355 Peachtree Street, N.E.
Atlanta, GA  30309-3238

R. Jo Reser  Counsel for Defendant Aventis Pasteur Inc., f/k/a
Davidson & Trolio  Connaught Laboratories, Inc., f/d/b/a Pasteur
7550  W. IH-10, Suite 800  Merieux Connaught
San Antonio, TX. 78229

Sarah Nicolas  Counsel for Defendant B.F. Ascher & Company
Rodriguez Colvin & Chaney
1201 E. Van Buren St.
Brownsville, TX  78520

Charles Jason Rother  Counsel for Defendant SmithKline Beecham
Fulbright & Jaworski  Corporation d/b/a GlaxoSmithKline
1301 McKinney, Suite 5100
Houston, TX. 77010-3095

Philipa Remington  Counsel for Defendant Oralia T. Wells, M.D.
Stinnett Thiebaud & Remington, L.L.P.
4800 Fountain Place
1445 Ross Avenue
Dallas, TX. 75202

Sidney L. Murphy  Counsel for Eloisa T. Gonzalez, M.D.
Law Offices of Joel J. Steed, P.C.
5910 N. Central Expressway, Suite 650
Dallas, TX. 75206

John Cazale  Counsel for RPK Pharmaceuticals, Inc. d/b/a
Frilot, Partridge, Kohnke & Clements  Pharmediz
1100 Poydras Street
3600 Energy Centre
New Orleans, LA. 70163

2

**2.    List the cases related to this one that are pending in any state or federal court with the case number and court.**

The following cases pending in Texas are "related" in the sense that they involve alleged claims of vaccine-related injuries resulting from the administration of vaccines containing thimerosal:

Civil Action No. G-02-185; *Jessica Owens, et al. vs. American Home Products Corporation, et al.*; in the United States District Court for the Southern District of Texas, Galveston Division

Civil Action No. G-02-184; *Michael O'Connell and Eileen O'Connell, Individually and as Next Friend to Michael Joseph O'Connell vs. American Home Products Corporation, et al.*; In the United States District Court for the Southern District of Texas, Galveston Division

Civil Action No. G-02-179; *Jay Blackmon, et al. vs. American Home Products Corporation, et al.*; in the United States District Court for the Southern District of Texas, Galveston Division

No. 03-1267-E; *Joseph Counter vs. American Home Products Corporation*; In the 101st Judicial District Court of Dallas County, Texas

Cause No. 03-03511-K ; *Fred Anderson, et al. v. Aventis Pasteur, Inc., et al.*; in the 192nd Civil District Court of Dallas County, Texas

Cause No. 03-1174-J; *Stephen Pyburn et al. v. Aventis Pasteur, Inc., et al.*; In the 191st Judicial District Court of Dallas County, Texas

Cause No. 24481*RM 03; *Lundgren, Joseph et al. vs. Aventis Pasteur, et al.*; in the 149th Judicial District Court of Brazoria County, Texas

C.A. No. 9:02CV181; *Kirk Botter and Darla Botter, Individually and as Next Friend of Cody Wyatt Botter vs. Aventis Pasteur, Inc., Individually and as Successor-in-Interest to Connaught Laboratories, Inc., et al.*; In the United States District Court for the Eastern District of Texas, Lufkin Division

No. A-02-CA-395-SS; *Kevin Liu, et al. vs. Aventis Pasteur, Inc., et al.*; In the United States District Court for the Western District of Texas, Austin Division

No. A:03CV55-SS; *Daron Swafford, et al. v. Aventis Pasteur, Inc., et al.*; In the United States District Court for the Western District of Texas, Austin Division

C.A. A-02-CV-734-55; *Leslie Young and Laurie Young, Individually and as Next Friend of Leslie Martin Young v. American Home Products*; In the U.S. District Court for the Western District of Texas, Austin Division

No. A-02-CA-480-JN; *Ron Russak, et al. vs. Aventis Pasteur, Inc., et al.*; In the United States District Court for the Western District of Texas, Austin Division

No. 03-CV-155; *Veronica Ramirez vs. American Home Products;* In the United States District Court for the Southern District of Texas, McAllen Division

No. M-03-195; *Jesus G. Salinas, et al. vs. American Home Products Corporation, et al;* In the United States District Court for the Southern District of Texas, McAllen Division

No. 03-CV-362; *James W. Douglas, et al. vs. American Home Products Corporation*; In the United States District Court for the Southern District of Texas, El Paso Division

Cause No. 03-CV-657; *Michael L. Jones, et al. vs. American Home Products Corporation;* In the United States District Court for the Eastern District of Texas, Beaumont Division

Cause No. DR-03-CA-079; *Joel Salas, Sr. et al. vs. American Home Products Corporation;* In the United States District Court for the Western District of Texas, Del Rio Division

Cause No. C-03-336; *Amanda W. Saile vs. American Home Products Corporation*; In the United States District Court for the Southern District of Texas, Corpus Christi Division

Civil Action No. EP-03-CA-0279-KC; *Lilly Martinez Davila, et al. vs. American Home Products Corporation d/b/a Wyeth, et al.*; In the United States District Court for the Western District of Texas, El Paso Division

Civil Action No. 3:03-CV-1640-L; *Manuel Zepeda and Maria Zepeda, Each Individually, and as Next Friends of Manuel A. Zepeda and Marco Zepeda, minors vs. American Home Products Corporation, et al;* In the United States District Court for the

3.     **Specify the allegation of federal jurisdiction.**

The defendants allege that federal diversity jurisdiction exists under 28 U.S.C. § 1332.

More specifically, the defendants contend that the plaintiffs have fraudulently joined in-state

defendants Oralia T. Wells, M.D. and Eloisa T. Gonzalez, M.D.

4.     **Name the parties who disagree and the reasons.**

The plaintiffs contest the existence of diversity jurisdiction, contending that the in-state

medical defendants have been properly joined.

5.     **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None anticipated at this time.

6.     **List anticipated interventions.**

None anticipated at this time.

7.     **Describe class-action issues.**

None.

8.     **State whether each party represents that it has made the initial disclosure required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

No party has made the initial disclosures required by Rule 26(a).  The parties believe that

the exchange of initial disclosures would be premature in light of the threshold issues of law

presented by the defendants' motions to dismiss and plaintiffs' motion to remand.

The defendants object to making initial disclosures for the reasons set forth in their

motions to dismiss.  As explained in those motions, the defendants contend that the plaintiffs'

lawsuit was prematurely filed and that all of the plaintiffs' claims must be dismissed pursuant to

the Vaccine Act.  Because no trial court—state or federal—can exercise jurisdiction over the

plaintiffs' claims until the plaintiffs have exhausted the procedures of the Vaccine Act, the

defendants believe that conducting any discovery at this time would be premature.  The

defendants further contend that requiring the parties to proceed with discovery at this time would defeat one of the primary purposes of the Vaccine Act—"reducing insurance and litigation costs for manufacturers." *Schafer v. American Cyanamid Co.*, 20 F.3d 1, 2 (1st Cir. 1994); *see also Liu v. Aventis Pasteur, Inc.*, 219 F.Supp.2d 762, 767 (W.D. Tex. 2002) ("[A]llow[ing] the plaintiffs to conduct discovery . . . during pendency of the minor's claims under the Vaccine Act . . . would be wholly inconsistent with Congress's goal of minimizing litigation costs . . . .").

In addition, because the plaintiffs have failed to plead or otherwise identify the products (*i.e.*, vaccines) manufactured or supplied by the defendants and given to the minor plaintiff which allegedly caused the plaintiff's injuries, all the defendants object to making any initial disclosures until such time as plaintiffs have provided medical records or other documentation identifying the defendants' products—including the vaccine type, its manufacturer, lot number, and the date of administration—allegedly administered to the minor plaintiff.

For these reasons, the defendants object to making any initial disclosures until such time as it has been determined that plaintiffs have exhausted their administrative remedies under the Vaccine Act and have identified the FDA-approved vaccines or products manufactured or supplied by the defendants and given to the minor plaintiff.

9.      **Describe the proposed agreed discovery plan, including:**

A.      **Responses to all the matters raised in Rule 26(f).**

   i.      **State changes that should be made in the timing, form, or requirement for initial disclosures.**

The parties believe that the exchange of initial disclosures would be premature in light of the issues of law presented in plaintiffs' motion to remand and by various defendants' motions to dismiss. Defendants also believe that the exchange of initial disclosures would be premature in light of the threshold discovery issues discussed in item 9. A. ii. below.

6

ii.  **State the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

Defendants believe that discovery initially, following the Court's ruling on the defendants' motions to dismiss, should be conducted in phases limited to or focused upon particular discovery.  Defendants request that plaintiffs first produce documentation establishing compliance with the Act, which documentation should include a copy of the petition filed in Vaccine Court in accordance with 42 U.S.C. § 300aa-16, any judgment issued by the Vaccine Court under 42 U.S.C. §300aa-12, any election filed by plaintiffs pursuant to 42 U.S.C. §300aa-21, and all other documents and/or materials relating to plaintiffs' claims under the Vaccine Act.

In addition, defendants believe that because the plaintiffs have not yet identified the products (*i.e.*, FDA-approved vaccines) manufactured or supplied by the defendants that were given to the minor plaintiff that allegedly caused the plaintiffs' injuries, the next phase of discovery should be limited to plaintiffs providing medical records or other documentation identifying which defendants' FDA-approved vaccines and products (if any)—including the vaccine type, its manufacturer, lot number, and the date of administration—were allegedly administered to the minor plaintiff.

Defendants anticipate that discovery then will be needed concerning the nature and extent of the minor plaintiff's alleged exposure to FDA-approved thimerosal-containing products manufactured, marketed, distributed or sold by the defendants; and fact witness testimony as to the nature and extent of plaintiffs' injuries.  The defendants estimate that such fact based discovery can be completed within 12 months of the completion of initial discovery as set forth above.  At that time, the defendants request that the court convene a scheduling conference to set specific dates for the designation of plaintiffs' and defendants' experts and the production of such experts' reports pursuant to Rule 26(a)(2)(B).  If the Court does not implement phases of

discovery, the defendants estimate that discovery can be completed within 21 months following the Court's ruling on the defendants' motions to dismiss.

Plaintiffs are opposed to the phasing of discovery as defendants request.  If the Court were to adopt defendants' proposal, defendants would be the only ones able to conduct discovery during the initial phases.  Plaintiffs are not opposed to an initial fact discovery period as long as both sides are allowed the same opportunity to conduct discovery during said period.  During such fact based discovery,  plaintiffs anticipate that full discovery will be needed concerning the information known to defendants regarding the dangers of thimerosal and the underlying reasons for its placement in defendants' products.  Plaintiffs believe that discovery can be completed within 21 months following the Court's ruling on the plaintiffs' motion to remand and/or defendants' motions to dismiss.

     **iii.**    **State what changes should be made on the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and whether the limitations should be imposed.**

The parties believe there should be no limitations imposed at this time on the number of depositions.  In addition, the defendants believe that no such changes should be made at this time, subject to the completion of initial discovery as set forth  above.

     **iv.**    **State any other orders that should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c).**

Plaintiffs believe that no other orders should be entered by the Court at this time.

The defendants believe that the parties should, following the Court's ruling on defendants' motions to dismiss, attempt to agree on a stipulation or agreed order of confidentiality pursuant to Rule 26(c) of the Federal Rules of Civil Procedure governing the defendants' production of documents. If the parties are unable to agree to such a stipulation or order, the defendants will request the court to enter such an order.

If the Court implements phases of discovery, the defendants estimate that fact based discovery can be completed within 12 months of the completion of initial discovery as set forth above. At that time, the defendants request that the court convene a scheduling conference under Rule 16 to set a specific schedule for the designation of plaintiffs' and defendants' experts, the production of such experts' reports pursuant to Rule 26(a)(2)(B), and the depositions of such experts.

### B.    When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiffs anticipate that they may send their first set of interrogatories to the defendants no later than 30 days following the Court's ruling on the plaintiffs' motion to remand and/or defendants' motion to dismiss.

### C.    When and to whom the defendant anticipates it may send interrogatories.

If the Court implements phases of discovery, defendants anticipate that they may send their first set of interrogatories to the plaintiffs no later than 30 days following the completion of initial discovery outlined above. If phases of discovery are not implemented, defendants anticipate that they may send their first set of interrogatories to the plaintiffs no later than 30 days following the Court's ruling on the defendants' motions to dismiss.

**D.    Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiffs anticipate taking oral depositions of defendants' corporate representatives and/or employees, current or former, with knowledge regarding the dangers of thimerosal and the underlying reasons for its placement in defendants' products within 12 months following the Court's ruling on the plaintiffs' motion to remand and/or defendants' motion to dismiss.

**E.    Of whom and by when the defendant anticipates taking oral depositions.**

If the Court implements phases of discovery, defendants anticipate taking oral depositions of the plaintiffs, the plaintiffs' family members, the plaintiffs' health care providers, and the plaintiffs' non-expert witnesses once initial discovery as outlined above is completed. Defendants anticipate taking the depositions of plaintiffs' experts after they are designated and produce their reports pursuant to Rule 26(a)(2)(B).  If phases of discovery are not implemented, defendants anticipate taking these depositions within 12 months following the Court's ruling on the defendants' motions to dismiss.

**F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs propose that all parties designate their experts within 15 months following the Court's ruling on plaintiffs' motion to remand.  Plaintiffs further propose that the designation of responsive experts be completed within 90 days following the parties designation of their experts.

Defendants request that initial discovery, following the Court's ruling on defendants' motion to dismiss, be conducted as set forth in items 9. A. ii. and iv, above.  The defendants anticipate being able to designate responsive experts and provide their reports within 90 days following the plaintiffs' designations of their experts.

10

G.    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Plaintiffs anticipate taking depositions of the defendants' experts and completing them within 90 days following the designation of experts, including their reports.

H.    **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Defendants anticipate taking depositions of the plaintiffs' experts and completing them within 90 days following the plaintiffs' designations of their experts, including their reports.

10.    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Except as otherwise specifically addressed, not applicable.

11.    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None at this time.

12.    **State the date the planned discovery can be reasonably completed.**

The plaintiffs anticipate that planned discovery will reasonably be completed within 21 months following the Court's ruling on plaintiffs' motion to remand and/or defendants' motions to dismiss.

Assuming the Court implements phases of discovery, the defendants anticipate that planned discovery will reasonably be completed within 12 months following the completion of initial discovery as set forth above. In the event phases of discovery are not implemented, defendants anticipate that planned discovery will reasonably be completed within 21 months following the Court's ruling on plaintiffs' motion to remand and/or defendants' motions to dismiss.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties believe that it is premature to try to obtain a prompt settlement or resolution of this case.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties discussed and agreed that it was not productive at this time to try to resolve or mediate this case.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

The parties believe that it is premature to determine appropriate alternative dispute resolution techniques at this time.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties are opposed to trying this case before a Magistrate Judge.

17. **State whether a jury demand has been made and if it was made on time.**

The parties agree that a jury demand has been made on a timely basis.

18. **Specify the number of hours it will take to present the evidence in this case.**

Plaintiffs believe it will take 40 hours for them to present evidence in this case. Depending upon the number of defendants remaining in the case and the nature of plaintiffs' claims and injuries, defendants estimate that they will require 80 hours for them to present evidence in this case.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Plaintiffs' Motion to Remand

The Vaccine Defendants (Abbott Laboratories, Aventis Pasteur Inc., Merck & Company Inc., SmithKline Beecham d/b/a GlaxoSmithKline, and Wyeth) have filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b) and 12(c).

Defendant Eli Lilly has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b).

Defendant Oralia T. Wells, M.D. has filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b) and 12(c).

Defendant American International Chemical, Inc. has filed a Motion to Dismiss or in the Alterative Motion to Abate.

**20.    List other motions pending.**

None.

**21.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

(a)    Plaintiffs believe the Court should address defendants' wrongful assertion of federal jurisdiction in this matter, which is more specifically set forth in Plaintiffs' Motion to Remand.

(b)    Defendants believe the following issues deserve the special attention of this Court:

> (1)    The Vaccine Defendants' and Eli Lilly's Motions to Dismiss.
>
> (2)    Plaintiffs have failed to exhaust their remedies pursuant to the Vaccine Act.
>
> (3)    Plaintiffs have failed to identify any particular product manufactured or supplied by defendants (*i.e.,* the vaccine type, its manufacturer, lot number, and the date of administration) which

was allegedly given to minor plaintiffs and which caused the

plaintiffs' alleged injuries.

(c)    Defendants also request that initial discovery, following the Court's ruling on

defendants' motion to dismiss, be conducted as set forth in items 9. A. ii. and iv, above, to first

determine as a threshold issue whether plaintiffs have exhausted their remedies pursuant to the

Vaccine Act and then to identify the particular FDA-approved vaccines manufactured or

supplied by defendants (*i.e.*, the vaccine type, its manufacturer, lot number, and the date of

administration), if any, that were allegedly given to the minor plaintiff and that allegedly caused

the plaintiff's medical condition, so they can determine whether their vaccines or products are

involved in this case.  Plaintiffs oppose phasing discovery.

**22.    List the names, bar numbers, addresses and telephone numbers of all counsel.**

Ben C. Martin                          Counsel for Plaintiffs
State Bar No. 13052400
Federal ID No. 34150
Edward W. Sampson
State Bar No. 90001985
Federal ID No. 34096
William F. Blankenship, III
State Bar No. 90001483
Federal ID No. 34097
LAW OFFICES OF BEN C. MARTIN
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201
(214) 761-6614
(214) 744-7590 (fax)


Tim Gross                              Counsel for Plaintiffs
State Bar No. 08222660
CAPSHAW, GOSS & BOWERS
3031 Allen Street, Suite 200
Dallas, Texas 75204
(214) 761-6610
(214) 744-6611 (fax)

14

Michael R. Klatt                     Counsel for Defendant Wyeth
State Bar No. 11554200
Federal ID No. 13004
Susan E. Burnett
State Bar No. 20648050
Federal ID No. 18604
Jeffrey R. Lilly
State Bar No. 00787905
Federal ID No. 25873
Randall L. Christian
State Bar No. 00783826
Federal ID No. 15935
CLARK, THOMAS, & WINTERS
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 (fax)

Richard L. Josephson         Counsel for Defendants Merck & Company, Inc.
State Bar No. 11031500       and Abbott Laboratories
Federal ID No. 04614
Paul R. Elliott
State Bar No. 06547500
Doug Roberson
State Bar No. 24013409
Federal ID No. 32159
Baker & Botts
One Shell Plaza
910 Louisiana
Houston, TX 77002
(713) 229-1460
(713) 229-1522 (fax)

M. Scott Michelman          Counsel for Defendant Eli Lilly and Company
State Bar No. 00797075
Federal ID No. 20802
Shook, Hardy & Bacon
JP Morgan Chase Tower
600 Travis, Suite 1600
Houston, TX 77002-2911
(713) 227-8008
(713) 227-9508 (fax)

James Ray                                     Counsel for Defendant American International
State Bar No. 16604250                        Chemical, Inc.
Kyle D. Giacco
State Bar No. 07839150
Daw & Ray
5718 Westheimer, Suite 1750
Houston, TX  77057
(713) 266-3121
(713) 266-3188 (fax)

Bradley S. Wolff                              Counsel for Defendant Aventis Pasteur Inc.,
Georgia State Bar No. 773388                  Individually and as Successor in Interest to
M. Diane Owens                                Connaught Laboratories, Inc., f/d/b/a
Georgia State Bar No.557490                   Pasteur Merieux Connaught
Swift, Currie, McGhee & Heiers, LLP
The Peachtree Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA  30309-3238
(404) 874-8800
(404) 888-6199 (fax)

R. Jo Reser                                   Counsel for Defendant Aventis Pasteur Inc.,
State Bar No. 16789500                         Individually and as Successor in Interest to
Federal ID No. 10309                          Connaught Laboratories, Inc., f/d/b/a
Davidson & Trolio                             Pasteur Merieux Connaught
7550  W. IH-10, Suite 800
San Antonio, TX. 78229
(210) 349-6484
(210) 349-0041 (fax)

Mitchell C. Chaney                            Counsel for Defendant B.F. Ascher & Company, Inc.
State Bar No. 04107500
Federal ID No. 1918
Sarah A. Nicolas
State Bar No. 24013543
Federal ID No. 32122
Rodriguez Colvin & Chaney
1201 E. Van Buren St.
Brownsville, TX  78520
(956) 542-7441
(956) 541-2170 (fax)

James R. Silverstein                          Counsel for RPK Pharmaceuticals, Inc
Louisiana State Bar No. 18357650              d/b/a Pharmedix
Frilot, Partridge, Kohnke & Clements
1100 Poydras Street
3600 Energy Centre
New Orleans, LA. 70163
(504) 599-8000
(504) 599-8100 (fax)


Dr. Robert Koller                             Authorized Representative for Dolder
Dolder
Immengasse 9
4004 Basel Switzerland
011-41-61-326-6600
011-41-61-326-6770 (fax)


Jeffrey S. Wolff                              Counsel for SmithKline Beecham Corp.
State Bar No. 21865900                        d/b/a GlaxoSmithKline
Federal ID No. 1392
Charles Jason Rother
State Bar No. 24013423
Federal ID No. 25742
Fulbright & Jaworski
1301 McKinney, Suite 5100
Houston, TX. 77010-3095
(713) 651-5151
(713) 651-5246 (fax)


Stephanie A. Smith                            Counsel for SmithKline Beecham Corp.
State Bar No. 18684200                        d/b/a GlaxoSmithKline
Federal ID No. 20008
Fulbright & Jaworski
600 Congress Avenue, Suite 2400
Austin, TX  78701
(512) 474-5201
(512) 536-4598 (fax)


Philipa M. Remington                          Counsel for Defendant Oralia T. Wells, M.D.
State Bar No. 16766100
Thomas P. Sullivan
State Bar No. 19497500
Stinnett Thiebaud & Remington, L.L.P.
4800 Fountain Place
1445 Ross Avenue
Dallas, TX. 75202
(214) 954-2200
(214) 754-0999 (fax)

Sidney L. Murphy          Counsel for Defendant Eloisa T. Gonzalez, M.D.
State Bar No. 07944034
Law Offices of Joel J. Steed, P.C.
5910 N. Central Expressway, Suite 650
Dallas, TX. 75206
(214) 691-0643
(214) 696-1509 (fax)

Respectfully submitted,

*Ben Martin by permission/JRC*

Ben C. Martin
State Bar No. 13052400
Federal ID No. 34150
Edward W. Sampson
State Bar No. 90001985
Federal ID No. 34096
William F. Blankenship, III
State Bar No. 90001483
Federal ID No. 34097
LAW OFFICES OF BEN C. MARTIN
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201
(214) 761-6614
(214) 744-7590 (fax)

And

Tim Gross
State Bar No. 08222660
CAPSHAW, GOSS & BOWERS
3031 Allen Street, Suite 200
Dallas, Texas 75204
(214) 761-6610
(214) 744-6611 (fax)

**COUNSEL FOR PLAINTIFFS**

_____
Michael R. Klatt
State Bar No. 11554200
Southern ID No. 13004
Susan E. Burnett
State Bar No. 20648050
Southern ID No. 18604
Jeffrey R. Lilly
State Bar No. 00787905
Southern ID No. 25873
Randall L. Christian
State Bar No. 00783826
Southern ID No. 15935
CLARK, THOMAS, & WINTERS
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 (fax)

**COUNSEL FOR DEFENDANT WYETH**

_____ by permission/ JRC
Richard L. Josephson
State Bar No. 11031500
Federal ID No. 04614
Paul R. Elliott
State Bar No. 06547500
Doug Roberson
State Bar No. 24013409
Baker & Botts
One Shell Plaza
910 Louisiana
Houston, TX  77002
(713) 229-1460
(713) 229-1522 (fax)

**COUNSEL FOR DEFENDANTS MERCK & COMPANY  INC.
AND ABBOTT LABORATORIES**

_M Scott Michelms by permission/ JRL_

M. Scott Michelman
State Bar No. 00797075
Southern ID No. 20802
SHOOK, HARDY & BACON, LLP
JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston, Texas 77002-2911
(713) 227-8008
(713) 227-9508 (fax)

**COUNSEL FOR ELI LILLY & COMPANY**

_James Roy by permission/ JRL_

James Ray
State Bar No. 16604250
Kyle Giacco
State Bar No. 07839150
Federal ID No. 15058
DAW & RAY
5718 Westheimer, Suite 1750
Houston, Texas 77057
(713) 266-3121

**COUNSEL FOR DEFENDANT AMERICAN INTERNATIONAL CHEMICAL AND COMPANY**

_R. Jo Reser by permission / JRC_

R. Jo Reser
State Bar No. 16789500
Southern I.D. No. 10309
Davidson & Troilo
7550 W. IH 10, Suite 800
San Antonio, Texas 78229
(210) 349-6484

And

M. Diane Owens
Georgia State Bar No.557490
Bradley S. Wolff
Georgia Bar No. 773388
Swift, Currie, McGhee & Hiers
1355 Peachtree Street, Suite 300
Atlanta, GA  30309
(404) 874-8800

**COUNSEL FOR DEFENDANT AVENTIS PASTEUR INC.
F/K/A CONNAUGHT LABORATORIES, INC., FORMERLY
DOING BUSINESS AS PASTEUR MERIEUX CONNAUGHT**

_Mitchell C. Chaney by permission / JRC_

Mitchell C. Chaney
State Bar No. 04107500
Federal ID No. 1918
Sarah A. Nicolas
State Bar No. 24013543
Federal ID No. 32122
Rodriguez Colvin & Chaney
1201 E. Van Buren St.
Brownsville, TX  78520
(956) 542-7441

**COUNSEL FOR DEFENDANT B.F. ASCHER & COMPANY, INC.**

_Jeffrey S. Wolff_ (signature) By permission /JRL

Jeffrey S. Wolff
State Bar No. 21865900
Federal ID No. 1392
Charles Jason Rother
State Bar No. 24013423
Federal ID No. 25742
Fulbright & Jaworski
1301 McKinney, Suite 5100
Houston, TX. 77010-3095
(713) 651-5151
(713) 651-5246 (fax)

And

Stephanie A. Smith
State Bar No. 18684200
Federal ID No. 20008
Fulbright & Jaworski
600 Congress Avenue, Suite 2400
Austin, TX  78701
(512) 474-5201
(512) 536-4598 (fax)

**COUNSEL FOR DEFENDANT SMITHKLINE BEECHAM
CORPORATION D/B/A GLAXOSMITHKLINE**

_Philipa M. Remington_ (signature) by permission /JRL

Philipa M. Remington
State Bar No. 16766100
Southern District ID. No. 31521
Russell G. Thornton
State Bar No. 19982850
Thomas P. Sullivan
State Bar No. 19497500
Stinnett Thiebaud & Remington, L.L.P.
4800 Fountain Place
1445 Ross Avenue
Dallas, TX. 75202
(214) 954-2200
(214) 754-0999 (fax)

**COUNSEL FOR DEFENDANT ORALIA T. WELLS, M.D.**

Sidney L. Murphy *By Permission / JRL*

Sidney L. Murphy
State Bar No. 07944034
Law Offices of Joel J. Steed, P.C.
5910 N. Central Expressway, Suite 650
Dallas, TX. 75206
(214) 691-0643
(214) 696-1509 (fax)

**COUNSEL FOR ELOISA T. GONZALEZ, M.D.**

James R. Silverstein *by permission / JRL*

James R. Silverstein
Louisiana State Bar No. 18357650
Frilot, Partridge, Kohnke & Clements
1100 Poydras Street
3600 Energy Centre
New Orleans, LA. 70163
(504) 599-8000
(504) 599-8100 (fax)

**COUNSEL FOR RPK PHARMACEUTICALS, INC. D/B/A PHARMEDIX**

### Certificate of Service

I certify that on this 26th day of November, 2003, I forwarded a true and correct copy of the foregoing document on all counsel of record via first class mail, return receipt requested, or regular U.S. mail.