IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
DEC 2 2 2003
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| VERONICA RAMIREZ, Individually and as Next Friend of Jeremiah Ramirez, a minor <br> Plaintiffs | § § § § § | |
| v. | § | C.A. No. B-03-155 |
| AMERICAN HOME PRODUCTS CORPORATION, ET AL. <br> Defendants | § § § § § | |

## ORDER OF STAY

BE IT REMEMBERED that on December 16, 2003, the Court **STAYED** this case until the Fifth Circuit has rendered a final mandate in the case of Collins v. American Home Prod. Corp., 343 F.3d 765 (5th Cir. 2003).

Currently pending before this Court is Plaintiffs' Motion to Remand [Dkt. No. 16] and several motions to dismiss filed collectively and individually by Defendants [Dkt. Nos. 5, 6, 23, & 48]. This case was originally filed in the 107th Judicial District Court of Cameron County, Texas on June 27, 2003. Defendants removed the case on September 3, 2003, on the basis of diversity jurisdiction. See 28 U.S.C. §§1332; 1441(a). Defendants argued in their Notice of Removal that two healthcare provider Defendants, Drs. Oralia T. Wells and Eloisa T. Gonzalez, were fraudulently joined for the purpose of defeating federal jurisdiction.

Plaintiffs argue that pursuant to a recent Fifth Circuit case, this Court must remand the case to state court. In a recent panel decision by the Fifth Circuit, which involved nearly identical facts and procedural background, the Court held when a so-called common defense applies to both diverse and non-diverse defendants, remand is the appropriate course for a district court to follow, rather than expanding a jurisdictional inquiry into one based on the merits. See Collins, 343 F.3d 765.

Collins has not become settled law because a petition for rehearing *en banc* has

been filed, and the Fifth Circuit has stayed the mandate pending resolution of the petition for rehearing. See Fed. R. App. P. 41(d). Because the common defense theory in the context of the Vaccine Act is at issue in this case, as it is in Collins, this Court will delay ruling on Plaintiffs' Motion to Remand until a mandate becomes final.[1] In this respect, this Court follows the reasoning and analysis employed in other district courts in the Southern and Eastern Districts of Texas. See Saile v. American Home Prod. Corp., cause no. C-03-336 (S.D. Tex. Oct. 20, 2003) (J. Janis Graham Jack, Order of Stay); Jones v. American Home Prod. Corp., cause no. 1: 03-657 (E.D. Tex. Nov. 24, 2003) (J. Ron Clark, Order of Stay).

Accordingly, it is **ORDERED** that all proceedings in the above captioned case are **STAYED** until the Fifth Circuit has issued a final mandate in the Collins case, or until further order of this Court.

DONE this 16th day of December, 2003, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge

---

[1] The Court is aware that Defendants have also argued that regardless of the common defense theory and the final outcome of the Collins case, there is no reasonable possibility of recovery against the healthcare provider defendants under Texas law. Nevertheless, the Court stream lines the process of reviewing Plaintiffs' and Defendants' motions by awaiting a final decision by the Fifth Circuit.