

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 2 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VERONICA RAMIREZ, | § | |
| INDIVIDUALLY and AS NEXT FRIEND OF | § | |
| JEREMIAH S. RAMIREZ, a minor. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-155 |
| | § | |
| AMERICAN HOME PRODUCTS CORP., | § | |
| ET AL | § | |

**DEFENDANT, AMERICAN INTERNATIONAL CHEMICAL, INC.'S,
BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
OR IN THE ALTERNATIVE MOTION TO ABATE**

Defendant, American International Chemical, Inc., by and through the undersigned counsel,
files this Brief in Support of its Motion to Dismiss or in the alternative its Motion to Abate, stating
grounds as follows:

### A. INTRODUCTION

1.    Plaintiff, Veronica Ramirez, Individually and as next Friend of Jeremiah S. Ramirez
("plaintiff") brings this action as a result of alleged neurological injuries suffered by the minor
plaintiff, Jeremiah S. Ramirez, as a result of inoculation with vaccines containing thimerosal. The
plaintiff brings suit against the defendants, including AIC for: (1)  strict liability for design defects;
(2) strict liability for marketing defects; (3) breach of implied warranties: (4) negligence; (5)
violations of the Texas Deceptive Trade Practices Act; and (6) assault.   This action is subject to
dismissal in whole or in part as follows: (1) the entire action is subject to dismissal because plaintiffs
have failed to exhaust their remedies under the Vaccine Act; (2) the complaint fails to state a cause
of action for loss of consortium; (3) the complaint fails to state a cause of action for the parents claim

1

for lost wages; and (4) the complaint fails to state a cause of action under the Texas Deceptive Trade Practices Act. Further the action is subject to abatement because the plaintiffs have failed to comply with the notice requirements of Tex. Bus. & Com. Code Ann. § 17.505.

### B.  FAILURE TO EXHAUST REMEDIES UNDER VACCINE ACT

2.      Congress created the National Childhood Vaccine Injury Act in 1986, noting that "[v]accination of children against deadly, disabling, but preventable infectious diseases has been one of the most spectacularly effective public health initiatives this country has ever undertaken." H.R. Rep. No. 99-908, at 4 (1986), reprinted in 1986 U.S.C.C.A.N. 6344, 6345. Congress found that the "[u]se of vaccines has prevented thousands of children's deaths each year and has substantially reduced the effects resulting from disease," thereby saving billions in medical costs. *Id.*   But Congress also recognized that the cost of litigation initiated on behalf of children claiming injuries temporally associated with vaccination had resulted in a significant reduction in the number of manufacturers willing to sell childhood vaccines. See *id.* And the cost of litigation, Congress feared, would discourage manufacturers from continued participation in the vaccine market generally. *Id.* at 6-7, reprinted in 1986 U.S.C.C.A.N. at 6347-48. In response to its "real concern about the future of Federal immunization initiatives," and to safeguard the national vaccine supply, Congress established the Vaccine Injury Compensation Program to provide claimants a just and efficient remedy while also protecting vaccine manufacturers from the costs of litigation. *Id.* at 4-5, reprinted in 1986 U.S.C.C.A.N. at 6345-46.

3.      The remedy provided by the Act is a federal cause of action that, in the first instance, may be brought exclusively in a federal forum. Someone allegedly injured by a vaccine must file a petition for compensation (i) under the Vaccine Compensation Program (ii) in the Vaccine Court (iii)

2

against the Secretary of the Department of Health and Human Services (iv) where the Department of Justice responds on behalf of the government, and (v) the case is heard by a federal special master who determines whether the Act covers the claim, whether a petitioner is entitled to compensation, and the amount of such compensation. 42 U.S.C. § 300 as-12(a) (1994). These exclusively federal proceedings are governed by substantive and procedural rules defined by the Vaccine Act.

4.      The Act does not obligate a claimant to accept the judgment of the special master, but does obligate him to complete the Act's process. After the special master's judgment has been entered, the plaintiff must file a written election to accept the judgment or to reject it and file a civil action. 42 U.S.C. § 300aa-21(a). As a general rule, only if a claimant timely elects to reject a judgment under the Vaccine Compensation Program may he file a civil action against a vaccine manufacturer, distributor or doctor. *Id.* Failure to file a petition or to exhaust the Act's procedural steps requires the dismissal of a civil action. 42 U.S.C. § 300aa-11(a)(2)(B).

5.      The Secretary of Health and Human Services has indicated that thimerosal is covered by the Act. The position of the Secretary of Health & Human Services is posted on the website of the Health Resources and Services Administration. It lists eighteen "Commonly Asked Questions About the National Vaccine Injury Compensation Program," the last of which is: "If I believe that the thimerosal (mercury) in a vaccine caused an injury or death, can I file a claim with the VICP?" The Secretary's answer is that for vaccines covered under the VICP, individuals alleging that the thimerosal in a vaccine caused an injury or death must first file a claim with the VICP before any civil litigation can be pursued:

> According to section 2133 of the Public Health Service Act (42 U.S.C. 300aa-33(5)), a "vaccine-related injury or death" eligible for compensation under the VICP does not include an injury or death associated with an adulterant or

3

contaminant intentionally added to a vaccine. ***Components, such as thimerosal, that are added to microorganisms to create vaccines cannot and should not be considered adulterants or contaminants. Instead, preservatives and components such as thimerosal should be considered one of several elements that comprise vaccines....***

Because thimerosal is not an adulterant to or a contaminant of vaccines, individuals who have claims relating to thimerosal in vaccines covered under the VICP are not statutorily barred from filing claims with the VICP. Thus, ***the Department believes individuals interested in filing such a claim must first file the claim with the VICP before pursuing any other civil litigation.***

(Emphasis added.) Furthermore, in *Geppert v. Sec, of HHS*, No. 00-0286V, slip op. (Ct. Cl. Oct. 12, 2001), a case involving thimerosal related injuries, the Special Master accepted jurisdiction after initially raising a question as to whether he had subject matter jurisdiction.

6.    The plaintiff contends that the Act encompasses only the minor plaintiff's claims, and not those of the parents on their own behalf. As for the parent's claims to recover her child's medical expenses, those claims come within the exclusive jurisdiction of the Vaccine Act. Plaintiff does not contest that the medical expenses are recoverable by the minor plaintiff himself under the Act. Moreover, section 300aa-11(b) of the Act defines the parents as "Petitioners," for that term includes "any person who has sustained a vaccine-related injury, the legal representative of such person if such person is a minor or is disabled, or the legal representative of any person who died as the result of the administration of a vaccine ..." Congress did not devise an optional system for compensating vaccine-related injuries; it required all such claims to begin in the Vaccine Court. If parents could pursue recovery of the child's medical expenses outside the Vaccine Act procedure, the Act would be effectively gutted. Thus, plaintiff's attempt in this litigation to collect compensation for such expenses must fail as a matter of law, and this action should be dismissed due to plaintiff's failure to comply with the requirements of the Vaccine Act.

4

## C. LOSS OF CONSORTIUM

7.       Veronica Ramirez has brought a claim for loss of consortium arising out of the injuries that she has alleged on behalf of her child. In *Roberts v. Williamson*, —S.W.3d—, 46 Tex. Sup. Ct. J. 944, 2002 WL 32126137 (Tex. 2003) the Texas Supreme Court refused to recognize a parent's cause of action for loss of consortium arising out of non fatal injuries to a child. Therefore the plaintiff has failed to state a claim with regard to loss of consortium and those claims must be dismissed.

## D. LOST WAGES

8.       Veronica Ramirez has brought a claim for lost wages arising out of the injuries that she has alleged on behalf of her child. Texas law provides no basis for the recovery of such damages, therefore the plaintiff has failed to state a claim with regard to lost wages on which relief can be granted.

## E. DECEPTIVE TRADE PRACTICES

9.       Plaintiff fails to state a cause of action under the Texas Deceptive Trade Practices Act. Plaintiff's claims amounts to claims for bodily injury, for which there is no recovery under the Texas Deceptive Trade Practices Act. See Tex. Bus. & Com. Code Ann. § 17.49(e).

10.       To the extent that plaintiff has stated a claim under the Texas Deceptive Trade Practices Act, plaintiff has failed to comply with the notice requirements of Tex. Bus. & Com. Code Ann. § 17.505.

11.       Tex. Bus. & Com. Code Ann. § 17.505(a) provides, in pertinent part:

**As a prerequisite to filing a suit seeking damages under Subdivision (1) of Subsection (b) of Section 17.50 of this subchapter against any person, a consumer shall give written notice to the person at least 60 days before filing the**

> suit advising the person in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.

Plaintiff filed this suit without giving to AIC, "at least 60 days before filing the suit" pre-suit written notice of their "specific complaint" against AIC, and the amount of any economic damages, damages for mental anguish, and expenses alleged to be attributable to AIC.

12.    Plaintiff has not asserted any basis for their failure to give the type of notice required by the DTPA.

13.    As plaintiff has failed to give the notice required by Tex. Bus. & Com. Code Ann. § 17.505, Defendant AIC is entitled to an abatement or stay of plaintiff's suit until proper notice has been given and AIC has had the requisite sixty-day period to decide whether to make a tender of settlement. This motion is timely. *See* Tex. Bus. & Com. Code Ann. § 17.505(c).

Therefore, considering the above, American International Chemical, Inc., prays that this Court grant its Motion to Dismiss or in the alternative its Motion to Abate against the plaintiff, Veronica Ramirez, Individually and as next Friend of Jeremiah S. Ramirez, and that AIC be awarded its costs, attorneys fees and such other damages to which it may show itself justly entitled.

Respectfully submitted,

By: _James S. Ray / KDG by permission_
James L. Ray;
TBN: 16604250
Attorney-in-Charge for American International
Chemical, Inc.
Coastal Banc Plaza
5718 Westheimer, Suite 1750
Houston, TX 77057
(713) 266-3121
(713) 266-3188 FAX

6

OF COUNSEL:

Daw & Ray
A Professional Corporation
Kyle D. Giacco
TBN: 07839150

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all known counsel of record by CM/RRR and regular mail on this the 17th day of December, 2003.

## CERTIFIED MAIL RETURN RECEIPT REQUEST(CM/RRR) DELIVERY

*Via CM/RRR 7003 1680 0002 3595 6472*
Eduardo Robert Rodriguez
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522

*Via CM/RRR 7003 1680 0002 3595 6489*
Ben C. Martin
Edward W. Sampson
William F. Blankenship, III
LAW OFFICES OF BEN C. MARTIN
2100 McKinney Ave., Suite 1975
Dallas, Texas 75204

## REGULAR MAIL DELIVERY

| | | |
|---|---|---|
| Mr. Michael R. Klatt<br>CLARK, THOMAS & WINTERS<br>300 West 6th Street, 15th Floor<br>Austin Texas 78707 | Mr. Mitchell C. Chaney<br>RODRIGUEZ COLVIN & CHANEY<br>1201 E. Van Buren St.<br>Brownsville, Texas 78520 | Mr. Peter C. Neger<br>BINGHAM MCCUTCHEN, L.L.P<br>399 Park Avenue<br>New York, New York 10022 |
| Mr. Daniel J. Thomasch/Ms.<br>Lauren J. Elliot<br>Ms. Holly Dellenbaugh<br>ORRICK, HERRINGTON &<br>SUTCLIFFE, L.L.P.<br>666 Fifth Avenue<br>New York, New York, 10103 | Ms. Amy DePippo/Mr. Timothy<br>Stephens<br>BINGHAM MCCUTCHEN, L.L.P.<br>885 Third Avuen<br>New York, New York 10022 | Mr. Bradley S. Wolfe<br>SWIFT, CURRIE, MCGHEE &<br>HIERS1355 Peachtree Street, N.E.,<br>Suite 300<br>Atlanta, Georgia 30309-3231 |
| Mr. R. Jo Reser<br>DAVIDSON & TROILO, P.C.<br>7750 W. IH-10, Suite 800<br>San Antonio, Texas 78229 | Mr. Mike Wise<br>Miguel D. Wise, P.C.<br>134 W. 5th Street<br>Weslaco, TX 78596 | Dr. Robert Koller<br>Doldler<br>Immengasse 9<br>4004 Basel Switzerland |
| Mr. M. Scott Michelman<br>SHOOK, HARDY & BACON, L.L.P.<br>600 Travis Street, Suite 1600<br>Houston, Texas 77002-2911 | Ms. Jennifer G. Jackson<br>Mr. Bryan Haynes<br>LOCKE LIDDELL & SAPP, L.L.P.<br>2200 Ross Avenue, Suite 2200<br>Dallas, Texas 75201 | Ms. Deborah A. Moeller<br>Mr. Jeffrey A. Kruse<br>SHOOK, HARDY & BACON, L.L.P.<br>One Kansas City Place<br>1200 Main Street<br>Kansas City, Missouri 64105-2118 |

8

Mr. Jeffrey S. Wolff
Mr. Barclay A. Manley
Mr. Charles Jason Rother
FULBRIGHT & JAWORSKI
1301 McKinney, Suite 5100
Houston, Texas 77010-5100

Ms. Stephanie Smith
Ms. Stacey A. Martinez
FULBRIGHT & JAWORSKI
600 Congress Avenue, Suite 2400
Austin, Texas 78701-3271

Mr. Vincent S. Walkowiak
FULBRIGHT & JAWORSKI
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784

Mr. Richard L. Josephson
Mr. Paul R. Elliott
Mr. Douglas B. Roberson
BAKER BOTTS, L. L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002-4995

Mr. Michael Losasso
3001 Aloma Avenue, Suite 220
Winter Park, Florida 32792

ELOISA T. GONZALES M.D.
825 Lakeside Drive
Brownsville, Texas 78520

ORALIA T. WELL, M.D.
825 Lakeside Drive
Brownsville, Texas 78520

Mr. Edmundo O. Ramirez
Ellis Koeneke & Ramirez
1101 Chicago
McAllen, Texas 78501-4822

Mr. Thomas P. Sullivan
STINNETT THIEBAUD &
REMINGTON, L.L.P.
4800 Fountain Place
1445 Ross Avenue
Dallas Texas 75202

James L. Ray/Kyle D Giacco

9