IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VERONICA RAMIREZ, Individually, and as Next Friend of JEREMIAH S. RAMIREZ, a minor, | § § § § | Civil Action No. B-03-0155 |
| *Plaintiff,* | § § | JURY DEMAND |
| VS. | § § | |
| AMERICAN HOME PRODUCTS CORPORATION d/b/a WYETH, ET AL, | § § § § | |
| *Defendants.* | § § | |

## VACCINE DEFENDANTS' STATUS REPORT CONCERNING DECISIONS OF THE COURT OF APPEALS BEARING UPON THE STAY OF THIS ACTION

The Vaccine Defendants[1] submit this memorandum of law to inform the Court of recent developments in the Fifth Circuit that bear upon the continued stay of all proceedings in this action.

On December 15, 2003, this Court stayed all proceedings pending issuance of a final mandate by the Fifth Circuit in *Collins* and *Stewart*. Although final mandates have not yet issued, the Vaccine Defendants provide this status report concerning decisions of the Fifth Circuit Court of Appeals that bear on the stay of this action.

On September 10, 2004, the Fifth Circuit issued a decision *en banc* in *Smallwood v. Illinois Central Railroad Co.*, __ F.3d __, No. 02-60782 (5th Cir. Sept. 10, 2004) (Exhibit 1). The *Smallwood* majority held that:

> when a nonresident defendant's showing that there is no reasonable basis for predicting that state law would allow recovery against an in-state defendant *equally disposes of all defendants*, there is no improper

---

[1] The "Vaccine Defendants" are Abbott Laboratories, Aventis Pasteur Inc., Baxter International, Inc., Merck & Co., Inc., SmithKline Beecham Corporation d/b/a GlaxoSmithKline (incorrectly named as GlaxoSmithKline, individually and as successor in interest to SmithKline Beecham Corp.), and Wyeth (incorrectly named as "American Home Products, dba Wyeth, Wyeth Laboratories, Wyeth-Ayerst, Wyeth-Ayerst Laboratories Company, and Wyeth Lederle").

1

> joinder of the in-state defendant [and,] in such a situation, the entire suit must be remanded.

*Smallwood v. Illinois Central Railroad Co.*, No. 02-60782, slip op. at 2 (5th Cir. Sept. 10, 2004) (emphasis added). Further, the majority held that the "common defense" rule:

> applies only in that limited range of cases where the allegation of improper joinder rests only on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant ***and that showing is equally dispositive of all defendants.***

*Smallwood,* No. 02-660782, slip op. at 12.

This case, and others in district courts in the Fifth Circuit with remand motions pending, were awaiting *Smallwood* for the guidance it might provide in applying the "common defense" doctrine to removed cases.[2]

The Fifth Circuit also recently decided an appeal involving a claim of injury allegedly attributable to the thimerosal preservative in FDA-approved vaccines, but not in the removal context, that affects the application of *Smallwood* here. In *Moss v. Merck & Co.*, __ F.3d __, No. 03-30958, (5th Cir. Aug. 16, 2004) (Exhibit 2), the Fifth Circuit held that Eli Lilly & Company, named as a defendant because it made thimerosal in the past and not because it made vaccines, was not a "vaccine manufacturer" and could not avail itself of the Vaccine Act jurisdictional defenses pleaded by the vaccine manufacturer defendants. Following *Moss*, the "common defense" rule would not defeat Vaccine Defendants' removal of a thimerosal case predicated on improper joinder, where Lilly or other defendants similarly situated could not rely on the Vaccine Act jurisdictional bar as a common defense with the Vaccine Defendants and in-state vaccine administrators.

Together, these two rulings show that this Court properly has jurisdiction over the removed action, and that the Court should deny plaintiffs' motion to remand when reached

---

[2] On September 17, 2004, the *Smallwood* defendants each moved to stay issuance of the mandate pending filing a petition for a writ of certiorari. The Fifth Circuit has not issued the mandate in *Smallwood*.

2

because the procedural defenses available to the Vaccine Defendants and the non-diverse healthcare defendants under the Act are not equally dispositive of the claims against Lilly, a defendant in this case. *See, e.g., McDonal, Mabel v. Abbott Laboratories*, No. 3:02-cv-78WS ("Order") (S.D. Miss. Sept. 28, 2004) (Exhibit 3). In *Mabel McDonal*, Judge Henry T. Wingate of the United States District Court for the Southern District of Mississippi determined that the Vaccine Act jurisdictional defense is not a "common defense" because it does not apply to the manufacturers of thimerosal, like, for example, Eli Lilly. Judge Wingate considered motions to dismiss virtually identical to those presented in the instant case, involving the same allegations about thimerosal used as a preservative in childhood vaccines, and involving the same types of defendants at issue here — non-diverse healthcare defendants, diverse manufacturers of thimerosal, and diverse manufacturers of vaccines. *Id.* at 12-13. Although the *Mabel McDonal* plaintiffs' claims against the diverse vaccine manufacturers are subject to the Vaccine Act, as are their claims against the non-diverse healthcare defendants, their remaining claims against the diverse defendants who manufacture thimerosal are not barred by the Vaccine Act: "*the defendants' showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant applies only to the vaccine manufacturers and administrators, not to the manufacturers of Thimerosal.*" *Id.* (emphasis added). Recognizing that the narrowly-articulated ruling in *Smallwood* does not apply to the case, Judge Wingate denied the plaintiffs' motion to remand and dismissed the plaintiffs' claims against the diverse vaccine manufacturers and the non-diverse healthcare defendants because these claims are barred by the Vaccine Act. *Id.* at 13.

Judge Wingate also recently denied a motion to remand in a nearly identical case alleging vaccine-related injury, and dismissed the claims against the vaccine manufacturers and the non-diverse healthcare defendants for the exact same reason as he did so in *McDonal*. *See Robinson*

3

*v. American Home Products Corp.*, No. 3:03-cv-1076WS ("Order") (S.D. Miss. Sept. 30, 2004) (Exhibit 4).

Signaling that the "common defense" rule will not dictate the jurisdictional outcome of vaccine-related injury cases, a panel of the Fifth Circuit has recently requested supplemental briefing on the applicability of *Smallwood* in the context of a Vaccine Act removal. *McDonal, Jamielee v. Abbott Laboratories*, No. 02-60773 (September 27, 2004 Letter Requesting Briefing) (5th Cir.) (Exhibit 5). The Fifth Circuit's call for supplemental briefing in *Jamielee McDonal* indicates that at least one panel of the Fifth Circuit is seeking to have the common defense issue further addressed in cases that raise *Smallwood* jurisdictional issues in an identical Vaccine Act context as that presented here.

Another panel of the Fifth Circuit has handled the *Smallwood* jurisdictional issue differently from the *Jamielee McDonal* panel, but that was because they failed to account for the *Moss* decision that affirmatively held that thimerosal manufacturers are not vaccine manufacturers under the Vaccine Act. *See Collins v. American Home Products Corp.*, 343 F.3d 765, 768-9 (5th Cir. 2003) (consolidated with *Stewart v. American Home Products Corp.*, No. 02-607644) (Exhibit 6). That panel's approach does not control here because it does not reflect any consideration of *Moss*. In *Collins* and *Stewart*, the Fifth Circuit considered the common defense issue in two removed thimerosal cases and, *in 2003*, issued its decision that the cases should be remanded based on the original panel decision in *Smallwood*. A petition for rehearing and rehearing *en banc* was filed, and the Fifth Circuit stayed issuance of the mandate in *Collins* and *Stewart* pending the *en banc* decision in *Smallwood*. Plainly, the *Collins* and *Stewart* ruling did not consider the impact of *Moss* – which was decided in *August 2004*.

4

On October 4, 2004, the Fifth Circuit denied the pending petitions for rehearing in *Collins* and *Stewart*.[3] Nothing in the Court's action, however, suggests that it gave any consideration to *Moss*.[4] Contrastingly, Judge Wingate's *Mabel McDonal* and *Robinson* orders, discussed above, relied upon the same reasoned arguments *Moss* provided when he denied the motions to remand and dismissed the claims against the vaccine manufacturers. It remains open for the *Jamielee McDonal* panel of the Fifth Circuit, which has specifically asked for supplemental briefing, to address the interaction of *Moss* and *Smallwood* and provide further guidance to the district courts.

Pending the final outcome of the *Smallwood, Collins, Stewart* and *Jamielee McDonal* cases, until the final mandates issue in all of those matters, and these important questions of federal court jurisdiction are resolved, the Vaccine Defendants submit that the stay of this action should remain in place.

---

[3] On October 6, 2004, the Vaccine Defendants in *Collins* and *Stewart* moved under Fed. R. App. P. 41 for a stay of the mandate pending the filing of a petition for certiorari. The Fifth Circuit has not issued the mandate in *Collins* and *Stewart*.

[4] The Vaccine Defendants in *Collins* submitted a supplemental authority letter, pursuant to Fed. R. App. P. 28(j), to bring the *Moss* ruling specifically to the attention of the *Collins* panel. The order denying the pending petitions apparently issued before the Vaccine Defendants' letter was received by the panel.

Respectfully submitted,

*/s/ Richard L. Josephson by permission*
Richard L. Josephson
Attorney-in-Charge
State Bar No. 11031500
Southern ID No. 04614
One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1460 (Telephone)
(713) 229-1522 (Facsimile)

OF COUNSEL:

BAKER & BOTTS, L.L.P.
Paul R. Elliott
State Bar No. 06547500
Southern ID No. 12867
Scott Janoe
State Bar No. 24012897
One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1460 (Telephone)
(713) 229-1522 (Facsimile)

ATTORNEYS FOR DEFENDANTS ABBOTT LABORATORIES AND MERCK & CO., INC.

Filed on behalf of and with the permission of all Vaccine Defendants.

*/s/ Paul R. Elliott by permission*
Paul R. Elliott

6

## CERTIFICATE OF SERVICE

    I certify that on October _____, 2004, a copy of the foregoing document was served on all counsel of record via facsimile, certified mail, return receipt requested, or first class mail.

_____
Paul R. Elliott