ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 4 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VERONICA RAMIREZ, INDIVIDUALLY and AS NEXT FRIEND OF JEREMIAH S. RAMIREZ, a minor, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. B-03-155 |
| AMERICAN HOME PRODUCTS CORPORATION d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETHER LEDERLE VACCINES and LEDERLE LABORATORIES, ET AL, | § § § § § § § | JURY |
| *Defendants.* | § | |

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

COMES NOW VERONICA RAMIREZ, INDIVIDUALLY AND AS NEXT FRIEND OF

JEREMIAH S. RAMIREZ, A MINOR, Plaintiff ("Plaintiff") in the above styled action and submit

this Notice of Supplemental Authority in support of her Motion to Remand and would show the

Court as follows:

I.      **Sitting En Banc, the United States Court of Appeals for the Fifth Circuit Recently Confirmed the Common Defense Rule in *Smallwood.***

On September 10, 2004, the United States Court of Appeals for the Fifth Circuit handed

down its long awaited decision in *Smallwood v. Illinois Central Railroad Co.,* Cause No. 02-

60782, 2004 WL 2047314 (5th Cir.  September 10, 2004) (a copy of which is attached hereto as

Exhibit "A").  The Court held that, when a nonresident defendants' showing that there is no

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**                    Page 1

reasonable basis for predicting that state law would allow recovery against an in-state defendant

equally disposes of all defendants, there is no improper joinder of the in-state defendant. *Id.* In

essence, the Court upheld the Common Defense Rule. *Id.*

## II.   Conclusion.

The same conclusion is warranted in this case for the reasons set forth in *Smallwood* -

Defendants have not met their high burden in establishing that the non-diverse physician

defendants were fraudulently joined.  As a result, this Court has no jurisdiction in this case.

Therefore, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Remand and

remand this cause to the Texas state court from which it was improvidently removed.

> Respectfully submitted,
>
> William F. Blankenship III
> State Bar No. 90001483
> **LAW OFFICES OF BEN C. MARTIN, LLP**
> 2100 McKinney Avenue, Suite 1975
> Dallas, Texas 75201
> (214) 761-6614 (telephone)
> (214) 744-7590 (facsimile)

Of counsel:
Ben C. Martin
State Bar No. 13052400
Edward W. Sampson
State Bar No. 90001985
**LAW OFFICES OF BEN C. MARTIN, LLP**
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201
(214) 761-6614 (telephone)
(214) 744-7590 (facsimile)

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**                      Page 2

Tim Goss
State Bar No. 08222660
**CAPSHAW, GOSS & BOWERS, LLP**
3031 Allen Street, Suite 200
Dallas, Texas 75204
(214) 761-6610 (telephone)
(214) 761-6611 (facsimile)

**CERTIFICATE OF SERVICE**

This is to certify that on this the ____ day of October, 2004, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

William F. Blankenship III

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**                                    Page 3