mined to abandon it.  Because our settled jurisprudence on fraudu-

lent joinder should be left alone, I respectfully dissent.

EDITH BROWN CLEMENT, Circuit Judge, Dissenting, Concurring in Judgment only:

For the reasons cited in Judge Jolly's dissent, I respectfully dissent from Part III of the majority opinion. *Cockrell* does not intimate the common-defense rule that the majority sets forth. Nevertheless, despite the majority's faulty common-defense rationale, the majority is correct in concluding that ICR do es not prevail on its fraudulent-joinder claim. ICR fails to show that it is *un*reasonable to construe FRSA as *not* applying to Smallwood's state-law claim of negligence against MDOT.        ICR attempts to prove fraudulent joinder by showing an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). ICR argues that Smallwood is unable to establish a cause of action against MDOT because under FRSA, the affirmative defense of preemption applies to Smallwood's claim of negligence in delaying installation of warning devices. To support its preemption claim, ICR cites decisions in other circuits that suggest that where federal funds were used to install railroad crossing devices, FRSA preempts claims of negligence in the delay of installation. *See Bock v. St. Louis Ry. Co.*, 181 F.3d 920, 923-24 (8th Cir. 1999); *Armijo v. Atchinson, Topeka & Santa Fe Ry. Co.*, 87 F.3d 1188, 1192 (10th Cir. 1996)).

Smallwood argues that FRSA does not preempt her negligence claim against MDOT. She first points out that this Circuit has not yet ruled on whether FRSA preempts claims of negligence in the delay of installation. Smallwood next points out that in applying the preemption doctrine under FRSA, this Court has stated that it "follow[s] the Supreme Court in eschewing broad categories such as 'railroad safety,' focusing instead on the specific subject matter contained in the federal regulation." *See Frank v. Delta Airlines Inc.*, 314 F.3d 195, 200 (5th Cir. 2002) (internal quotations omitted). This Court has further stated that "'FRSA preemption is even more disfavored than

42

preemption generally.'" *United Transp. Union v. Foster*, 205 F.3d 851, 860 (5th Cir. 2000) (quoting

*Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 515 (5th Cir.1999)). Against this backdrop of Fifth

Circuit precedent, Smallwood observes that the portion of FRSA that ICR cites as preemptive does

not actually set forth guidelines regarding the time within which warning devices must be installed.[35]

Lastly, Smallwood directs this Court to a federal district court decision that completely supports her

position, *Powers v. CSX Transportation Inc.*, 97 F. Supp. 2d 1297 (S.D. Ala. 2000). There, the

federal district court held that FRSA does not preempt state-law claims of negligence in the delay of

installing warning devices. *Id.* at 1305-09. The court opined that preemption of the state-law claim

would be contrary to the purpose of FRSA, reasoning:

> [I]f [FRSA] were construed to preempt negligent delay claims, railroads could
> indefinitely delay installation of additional warning devices approved by [a federal
> agency] with—as in this case—catastrophic effects on the very people Congress
> intended to protect. . . . [T]he Court cannot fathom any set of circumstances under
> which such a result could be consonant with Congress' purpose to "promote safety
> . . . and to reduce railroad-related accidents."

*Id.* at 1305-06 (quoting 49 U.S.C. § 20101). According to *Powers*, FRSA does not substantially

subsume the subject matter of timely installation. *Id.* Smallwood thus cites persuasive legal

authority, in an area of law that this Circuit has not yet decided, to support her argument that federal

preemption does not apply.

In the context of fraudulent joinder, this Court has not opined how courts should construe a

federal affirmative defense to a state-law claim where the federal law is not clearly defined. This

Court has, however, addressed the standard for construing unclear state law. Beginning with *Bobby*

---

[35]   FRSA does address a timeline for an *accelerated* project, but such a
project is not at issue here.  *See* 23 C.F.R. § 646.218.

43

*Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968), this Court stated the

standard as follows:

> [T]he question is whether there is arguably a reasonable basis for predicting that the
> state law might impose liability on the facts involved. If that possibility exists, a good
> faith assertion of such an expectancy in a state court is not a sham, is not colorable
> and is not fraudulent in fact or in law.

Recently, in *Travis v. Irby*, this Court thoroughly discussed the issue and concluded that a defendant

must demonstrate the absence of a "reasonable basis for predicting that the state law might impose

liability on the facts involved . . . ." 326 F.3d 644, 647-48 (5th Cir. 2003) (quoting *Great Plains*

*Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)); *accord Griggs*

*v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) ("[W]e must determine whether there is any

reasonable basis for predicting that [the plaintiff] might be able to establish [the defendant's] liability

on the pleaded claims in state court."). The principle underlying this Court's construction of

uncertain state law is, in the words of the majority, to discover "whether the defendant has

demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant . .

. ." *Smallwood v. Ill. Cent. R.R. Co.*, __ F.3d __, __, Maj. Op. at 6 (5th Cir. 2004).

This principle—that a defendant must demonstrate that there is no possibility of recovery by

the plaintiff—suggests that courts should construe an unclear federal affirmative defense to a state-

law claim in the plaintiff's favor, just as the principle requires courts to construe state law in favor

of the plaintiff. To prevail on a fraudulent-joinder claim, then, a defendant must show that no

reasonable basis exists for construing a federal affirmative defense as not applying. By showing that

the affirmative defense *must* apply, a defendant will have shown that the "joinder is without right and

made in bad faith." *See Cockrell*, 232 U.S. at 152. In contrast, where the affirmative defense can

44

reasonably be interpreted as not applying, the defendant has not shown that the joinder was made in bad faith. Thus, a joinder does not appear to be "made in bad faith" if there is at least a non-frivolous, reasonable basis for construing the federal affirmative defense so that it does not apply to the state-law cause of action.

This rule implies that where an issue of whether a federal affirmative defense applies is *res nova*, and there is a non-frivolous, reasonable basis for construing the federal affirmative defense as not applying, a defendant cannot show fraudulent joinder. Under those circumstances, the resolution of that *res nova* issue is improper. Although a federal court can decide such a *res nova* federal question when it is properly before the court, the court should refrain from deciding it in the fraudulent-joinder context if a reasonable, non-frivolous basis exists for interpreting the issue in favor of the plaintiff: the reasonable basis is sufficient to determine the ultimate jurisdictional question of fraudulent joinder.

Applying this principle to the instant case reveals that ICR must show that a non-frivolous, reasonable basis does not exist for construing FRSA as not preempting Smallwood's state-law claim of negligence in the delay of installation. As stated above, ICR attempts to satisfy this burden by citing persuasive authority from the Eighth and Tenth Circuits, *Bock* and *Armijo*, which hold that FRSA preempts that claim. In the face of this authority, it is unquestionable that ICR has raised a strong argument for construing FRSA as applying. But the strength of ICR's argument falls short of showing that it is *un*reasonable to construe FRSA as *not* applying. Given that (1) this Court construes narrowly the doctrine of federal preemption (especially with respect to FRSA), (2) FRSA does not specify a time period for installing warning-devices, and most importantly, (3) persuasive

authority has held that FRSA does not preempt the same state-law claim, a non-frivolous, reasonable basis does exist for Smallwood's assertion that FRSA does not preempt her state-law claim.

It should be emphasized that this conclusion does *not* imply that FRSA does not preempt Smallwood's negligence claim. The fraudulent-joinder context of the preemption issue before this Court only requires that this Court determine whether Smallwood argued in bad faith that FRSA does not apply. Because a non-frivolous, reasonable basis exists supporting Smallwood's argument, the district court should not have reached that preemption issue to determine jurisdiction. ICR has not shown fraudulent joinder. Remand is appropriate.

46