ORIGINAL

United States District Court
Southern District of Texas
FILED

NOV 0 1 2004

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| VERONICA RAMIREZ, INDIVIDUALLY | § | |
| and AS NEXT FRIEND OF | § | |
| JEREMIAH S. RAMIREZ, a minor, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | **CIVIL ACTION NO. B-03-155** |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION d/b/a WYETH, WYETH | § | **JURY** |
| LABORATORIES, WYETH-AYERST, | § | |
| WYETH-AYERST LABORATORIES, | § | |
| WYETH LEDERLE, WYETHER | § | |
| LEDERLE VACCINES and LEDERLE | § | |
| LABORATORIES, ET AL, | § | |
| | § | |
| *Defendants.* | § | |

<u>**PLAINTIFF'S RESPONSE TO VACCINE DEFENDANTS' STATUS REPORT**</u>

COMES NOW VERONICA RAMIREZ, INDIVIDUALLY AND AS NEXT FRIEND OF

JEREMIAH S. RAMIREZ, A MINOR, Plaintiff ("Plaintiff") and submits the following response to

the Status Report filed by Defendants Abbott Laboratories, SmithKline Beecham Corporation

d/b/a GlaxoSmithKline, Aventis Pasteur Inc., Merck & Co., Inc., and Wyeth ("Vaccine

Defendants"). Plaintiff files this response in order to respectfully show the Court that recent

Fifth Circuit authority still requires remand in this civil action.

**I.**

<u>**INTRODUCTION**</u>

The Fifth Circuit's en banc decision in *Smallwood* makes clear what the Vaccine

Defendants once disputed: that federal jurisdiction is lacking when the fraudulent joinder

<u>**PLAINTIFF'S RESPONSE TO VACCINE DEFENDANTS' STATUS REPORT**</u>    Page 1

allegation depends upon evaluation of claims and/or defenses that are common to both diverse and non-diverse parties (the "common defense rule").

Faced with the Fifth Circuit's clear acceptance of the common defense rule, the Vaccine Defendants now seize upon a case-specific reference to "all" defendants in order to alter the meaning of the rule. The Vaccine Defendants' argument is a mere attempt to somehow recast a defense that is indisputably asserted by both diverse and non-diverse defendants alike as somehow "uncommon." Unfortunately for the Vaccine Defendants, neither *Smallwood* nor *Moss* support denial of Plaintiff's Motion to Remand because (1) the Vaccine Act has been asserted by all parties, and (2) the dispositive issue is not the *number* of parties asserting the common defense but whether *both diverse and non-diverse* parties are relying upon it (which they are in this case).

Because the common defense rule applies, and because Plaintiffs have stated valid claims against the non-diverse Healthcare Defendants, Plaintiff's Motion to Remand must be granted.

## II.

## ARGUMENT AND AUTHORITIES

Vaccine Defendants' present position was taken in response to the Fifth Circuit's recent rulings in *Smallwood* and *Moss*. *See Smallwood v. Illinois Central Railroad Co.,* No. 02-60782, 2004 WL 2011408, *2-3 (5th Cir. Sept. 10, 2004)(en banc); *Moss v. Merck & Co.,* 381 F.3d 501, 503 (5th Cir. 2004). In *Smallwood,* the Fifth Circuit confirmed that federal jurisdiction could not be premised upon a finding that a defense common to diverse and non-diverse defendants alike precluded recovery against the non-diverse party. *Smallwood,* 2004 WL 2011408, *2-3. In *Moss,* the Fifth Circuit determined that, as a manufacturer of thimerosal, Eli Lilly & Co. did not

constitute a "vaccine manufacturer" and was not entitled to the protections of the Vaccine Act.

*Moss*, 381 F.2d at 503. Reading these two cases together, the Vaccine Defendants now contend

that (1) Eli Lilly and Co.'s ("Lilly") assertion of the same Vaccine Act defense they themselves

assert is without merit and (2) because the defense is without merit for Lilly it is not a common

defense. Vaccine Defendants are mistaken.

## A.    Lilly Has Undisputedly Asserted a Common Defense that Is Not Rendered Uncommon Based on a Perceived Lack of Merit.

Having advocated precisely the position taken by the Fifth Circuit, Plaintiff and her

counsel do not now dispute the correctness of the *Moss* decision. However, the ultimate

resolution of a defensive claim is not the key to identifying a non-common defense.

It is undisputed that Eli Lilly, like the Vaccine Defendants, has *asserted* the defense of the

Vaccine Act and the Act's tort bar. "Where there are colorable claims or defenses *asserted*

against or by diverse and non-diverse defendants alike, the court may not find that the

non-diverse parties were fraudulently joined based on its view of the merits of those claims or

defenses." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, (3rd Cir. 1990)(emphasis added), *cited*

*with approval by, Smallwood*, 2004 WL 2047314 at *4. Whether or not Lilly's reliance on the

Vaccine Act defense (shared with all other non-diverse Defendants) will ultimately be

meritorious is another question.[1] But the question at this stage is simply whether a common

defense has been asserted by all defendants. The answer to that question is undisputedly

---

[1]    While Plaintiff maintains that the *Moss* decision was correctly decided and should govern application of the Vaccine Act to the claims against Eli Lilly in this case, Vaccine Defendants' own representation that the Fifth Circuit has requested supplemental briefing regarding Vaccine Act removals, Lilly's continued assertion of the Vaccine Act and Lilly's likely appeal of the *Moss* ruling all make the continued viability of Lilly's defense "colorable" at the present time.

<u>**PLAINTIFF'S RESPONSE TO VACCINE DEFENDANTS' STATUS REPORT**</u>                    Page 3

affirmative. Accordingly, the merits of the common defense asserted by all Defendants must be determined by the trial court.

**B.    The Vaccine Act is a Common Defense Because, Even if It Does Not Apply to Eli Lilly, It Still Applies to Both Diverse and Non-Diverse Parties.**

Vaccine Defendants ignore the meaning and purpose of the common defense rule while seizing upon case specific language from *Smallwood* to suggest that a defense admittedly common to both diverse and non-diverse defendants can somehow be deemed "uncommon" if it lacks merit as asserted by any single defendant. That reading conflicts with the purpose and rationale of the *Smallwood* opinion and should be rejected by this court.

**1.    The references to "all" defendants contained in *Smallwood* derive from the specific facts of that case and do not alter the common defense rule's central purpose of preventing merit determinations under the guise of a jurisdictional inquiry.**

Vaccine Defendants seize upon selective language from the *Smallwood* opinion to imply that improper joinder does not exist when a showing of no reasonable basis for recovery is "equally dispositive of all defendants." *Id.* at *4. However, vaccine Defendants omit the rest of their quoted passage which makes clear that the reference to "all" defendants was made in the context of discussing a specific case involving only one other non-diverse defendant. *Id.* at *4. That is, the quoted portion of the *Smallwood* opinion occurs in the context of a discussion of the Supreme Court holding in *Cockrell.* In *Cockrell,* the Plaintiff had sued a single diverse railroad and two non-diverse railroad employees. *Chesapeake & Ohio Ry. v. Cockrell,* 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914). Hence, the *Cockrell* opinion referred to the common defenses' as applying to "all" employees because that reference matched the factual context of the case. Nevertheless, the *Cockrell* court did note that it was the fact that the defense did not apply to the

"in-state defendants alone" that made a fraudulent joinder finding improper.

Like *Cockrell,* the *Smallwood* case also involved only a single non-diverse defendant. That is, in *Smallwood*, Kelli Smallwood was injured when a train struck her car. *Smallwood v. Illinois Central Railroad Co.,* No. 02-60782, 2004 WL 2011408, *2-3 (5th Cir. Sept. 10, 2004)(en banc). Smallwood filed suit against the diverse train operator, Illinois Central, and the non-diverse Mississippi Department of Transportation ("MDOT") which was in charge of the railroad crossing. *Id.* Under these facts, the court unsurprisingly referred to the common preemption defense as having to apply to "all" defendants – because there were only two defendants in the case.

2.   **The dispositive inquiry under *Smallwood* is whether a common claim or defense is shared by <u>diverse</u> vs. <u>non-diverse</u> defendants, not whether it applies to <u>all</u> vs. <u>some</u> of the diverse defendants.**

Simply because the *Smallwood* court referred to "all" defendants in a case involving just two defendants does not mean that the number of affected parties is the dispositive jurisdictional issue. The true dispositive inquiry is not the *number* of non-diverse parties sharing a defense with the diverse parties but the *fact* of such a shared defense.

> [W]here there are colorable claims or defenses asserted against or by <u>diverse and non-diverse defendants alike</u>, the court may not find that the non- diverse parties were fraudulently joined based on its view of the merits of those claims or defenses.  <u>Instead, that is a merits determination which must be made by the state court.</u>

*Collins ex rel. Collins v. American Home Products Corp.,* 2003 WL 21998574, *2 (5th Cir.(Miss. August 29, 2003)),(emphasis added).  Likewise,

> [W]hen, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the <u>in-state defendant</u> necessarily

> compels the same result for the <u>nonresident defendant</u>, there is no
> improper joinder; <u>there is only a lawsuit lacking in merit.</u> In such
> cases it makes little sense to single out the in-state defendants as
> "sham" defendants and call their joinder improper. In such
> circumstances, the allegation of improper joinder is actually an attack
> on the <u>merits</u> of plaintiffs' case as such.

*Smallwood,* 2004 WL 2047314 (emphasis added).

Stated another way, the crux of the common defense rule is whether or not it implicates

both diverse and non-diverse parties and whether it would be necessary for the Court to rule on

the merits of a claim or defense affecting a diverse party simply to determine whether a non-

diverse party was properly joined.

In arguing that each and every non-diverse party must be affected in the same way by their

shared defense assertions, Vaccine Defendants have lost site of the purpose of the common

defense rule. The purpose of the common defense rule is to prevent a backdoor attack on the

merits of a claim before a court which may or may not have jurisdiction to address those merits.

That is, to prove fraudulent joinder of a non-diverse party, the removing party must show that

there is no reasonable basis for recovery against the non-diverse defendant. But, when the

removing party attempts to make this showing on the basis of a defense equally available to

diverse parties as well, the Court is thrust into the position of having to address not the limited

issue of jurisdiction – but the merits of Plaintiff's case as a whole. In effect, the in-state party has

been singled out as a "sham" when the real "sham" is the Plaintiff's claim. The inquiry is no less

"merits-based" and the in-state defendants are no less "singled out," simply because there exists

one out-of-state defendant to whom the defense might not apply. Thus, when a defense applies to

both a non-diverse party and a diverse party – whether that diverse party is the sole diverse party

(as was the case in *Cockrell* and *Smallwood*) or one of multiple diverse parties – the effect is the same. A common defense cannot support a finding of fraudulent joinder.

### 3. *McDonal* does not stand for the proposition that the Vaccine Act is not a "common defense."

Vaccine Defendants point to an opinion out of the Southern District of Mississippi as precedent for finding that "the Vaccine Act jurisdictional defense is not a 'common defense' because it does not apply to the manufacturers of thimerosal (i.e. Eli Lilly). *McDonal v. Abbott Laboratories*, C.A. , No. 3:02-cv-78ws (S.D. Miss. Sept. 28, 2004) [*See* Vaccine Defendants Motion to Reconsider and Vacate Order Granting Remand at p. 7]. In actuality, *McDonal* stands for no such thing. First, the *McDonal* opinion fails to consider the facts or objectives of the common defense rule as set forth in *Smallwood.* Second, even if the purposes of the common defense rule were furthered by requiring each and every diverse defendant to assert the exact same defense (which it does not), the Defendants in this case would meet that requirement whereas the *McDonal* defendants did not. That is, the *McDonal* opinion notes that only the hospital, the doctors and the vaccine manufacturers (not Eli Lilly) asserted that the Vaccine Act governed their claims. *Id.* at 4. Thus, the *McDonal* opinion is distinguishable from the present case.

## III.

## CONCLUSION AND PRAYER

For each of the reasons stated in Plaintiff's Motion to Remand along with the reasons stated herein, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Remand and remand this cause to the Texas state court from which it was improvidently removed. In addition, Plaintiff requests all other and further relief to which she may be justly entitled.

Respectfully submitted,

William F. Blankenship III
Attorney-In-Charge
State Bar No. 90001483
**LAW OFFICES OF BEN C. MARTIN, LLP**
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201
(214) 761-6614 (telephone)
(214) 744-7590 (facsimile)

Of counsel:
Ben C. Martin
State Bar No. 13052400
Edward W. Sampson
State Bar No. 90001985
**LAW OFFICES OF BEN C. MARTIN, LLP**
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201
(214) 761-6614 (telephone)
(214) 744-7590 (facsimile)

Tim Goss
State Bar No. 08222660
**CAPSHAW, GOSS & BOWERS, LLP**
3031 Allen Street, Suite 200
Dallas, Texas 75204
(214) 761-6610 (telephone)
(214) 761-6611 (facsimile)

## CERTIFICATE OF SERVICE

   This is to certify that on this the 29th day of October, 2004, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

William F. Blankenship III

**PLAINTIFF'S RESPONSE TO VACCINE DEFENDANTS' STATUS REPORT**                    Page 8