IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VERONICA RAMIREZ, Individually, and as Next Friend of JEREMIAH S. RAMIREZ, a minor, | § § § § § § § § § § § § | Civil Action No. B-03-0155 |
| *Plaintiff,* | | JURY DEMAND |
| VS. | | |
| AMERICAN HOME PRODUCTS CORPORATION d/b/a WYETH, ET AL, | | |
| *Defendants.* | | |

**SUPPLEMENTAL STATUS REPORT
CONCERNING DECISIONS OF THE COURT OF APPEALS BEARING UPON
THE MOTION TO REMAND AND STAY OF THIS ACTION**

The Vaccine Defendants[1] submit this supplemental memorandum to inform the Court of further recent developments in the Fifth Circuit which bear upon the continued stay of all proceedings and Plaintiff's motion to remand in this action.

I.   **Recent Decision On Scope Of The "Common Defense" Rule**

In their last filing, the Vaccine Defendants advised the Court of the Fifth Circuit's decisions in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004) and *Moss v. Merck & Co.*, 381 F.3d 501 (5th Cir. 2004) and argued that the proper reading of these cases is that the "common defense" rule cannot defeat Vaccine Defendants' removal of a thimerosal case predicated on improper joinder. As the Vaccine Defendants explained, the *Smallwood* rule— which precludes improper joinder removals when the diverse and nondiverse defendants share a

---

[1] The "Vaccine Defendants" are Aventis Pasteur Inc., Baxter International, Inc., Merck & Co., Inc., SmithKline Beecham Corporation d/b/a GlaxoSmithKline (incorrectly named as GlaxoSmithKline, individually and as successor in interest to SmithKline Beecham Corp.), and Wyeth.

"common defense"—"applies only in that limited range of cases where the allegation of improper joinder rests only on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant *and that showing is equally dispositive of all defendants*." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc) (emphasis added). In *Moss*, the Fifth Circuit expressly held that manufacturers of thimerosal, the preservative used in some vaccines, were not subject to the Vaccine Act. *Moss v. Merck & Co.*, 381 F.3d 501 (5th Cir. 2004). As a result of *Moss*, defendant Eli Lilly cannot rely on the Vaccine Act's jurisdictional bar, and thus, the defense on which the fraudulent joinder in this case was predicated is not available to all defendants and thus not "common" as a matter of law.

On November 16, 2004, the Fifth Circuit issued a decision that confirms that this limitation on the application of *Smallwood* is correct and expressly holds that the "common defense" rule announced in *Smallwood* is only to be applied where the available defense is, in fact, "dispositive of *all* claims against *all* defendants." *Rainwater v. Lamar Life Ins. Co.*, Court of Appeals No. 03-60283 (5th Cir. Nov. 16, 2004) (per curiam) (emphasis in original) (Exhibit 1).

In *Rainwater*, the court of appeals remanded to district court a case that had been removed from a Mississippi state court on fraudulent joinder grounds. The removing defendant claimed that the statute of limitations barred any action against the Mississippi-resident defendants. The district court found that the resident defendants were fraudulently joined and denied the plaintiffs' motion to remand. On appeal, the non-resident defendant argued that the denial of remand to state court was proper, the "common defense" rule notwithstanding, because the limitations defense did not necessarily dispose of all claims made against it. The court of appeals remanded the case to the district court for a determination of whether the limitations defense would bar all claims against the non-resident defendant, directing that:

> If that court should determine that the limitations defense in question is dispositive of *all* claims against *all* defendants, then *Smallwood* would require remand to state court (where, presumably, the entire case would be dismissed). If, however, the district court should determine that the time bar defense is not dispositive of every claim against every defendant, it should continue to deny remand and proceed with the proper disposition of the case.

*Rainwater*, slip op. at 5 (emphasis in original).

Consistent with *Smallwood*, *Moss*, and *Rainwater*, this Court properly has jurisdiction over this action, and the Court should deny plaintiffs' motion to remand this action because the procedural defenses available to the Vaccine Defendants and the non-diverse healthcare defendants under the Act are not equally dispositive of the claims against all defendants.[2]

## II.  Other Recent Developments

The Fifth Circuit Court of Appeals has now issued its mandates in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004) and *Collins v. American Home Products Corp.*, 343 F.3d 765 (5th Cir. 2003). The Vaccine Defendants filed a petition for writ of certiorari in the Supreme Court of the United States in *Collins* on November 18, 2004.

---

[2] This result is further consistent with Judge Wingate's analysis in *Mabel Annette Hughes McDonal v. Abbott Laboratories*, C.A. No. 3:02-cv-78WS (S.D. Miss. Sept. 28, 2004) and *Robinson v. American Home Products Corp.*, No. 3:03-cv-1076WS (S.D. Miss. Sept. 30, 2004), attached as exhibits to the Vaccine Defendants' previous filing of supplemental authority.

Respectfully submitted,

*/s/ Richard Josephson*

Richard L. Josephson
Attorney-in-Charge
State Bar No. 11031500
Southern ID No. 04614
One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1460 (Telephone)
(713) 229-1522 (Facsimile)

OF COUNSEL:

BAKER & BOTTS, L.L.P.
Paul R. Elliott
State Bar No. 06547500
Southern ID No. 12867
Scott Janoe
State Bar No. 24012897
Southern ID No. 27577
One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1234 (Telephone)
(713) 229-1522 (Facsimile)

**ATTORNEYS FOR DEFENDANTS ABBOTT LABORATORIES AND MERCK & CO., INC.**

Filed on behalf of and with the permission of all Vaccine Defendants.

*/s/ Paul R. Elliott*

Paul R. Elliott

## CERTIFICATE OF SERVICE

I certify that on November 24, 2004, a copy of the foregoing document was served on all counsel of record via facsimile, regular mail, and/or certified mail, return receipt requested.

*[signature: Paul R. Ellis]*

United States Court of Appeals
Fifth Circuit
**FILED**
November 16, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60283

---

RICHARD C. RAINWATER and ANNA D. RAINWATER,

Plaintiffs-Appellants,

versus

LAMAR LIFE INSURANCE CO., CONSECO LIFE INSURANCE CO., THOMAS STROO and JAMES PAYTON,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Mississippi

---

Before HIGGINBOTHAM, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Richard and Anna Rainwater (the "Rainwaters") appeal the district court's denial of their motion to remand this action to Mississippi state court. Specifically, the Rainwaters bring this interlocutory appeal to contest the district court's ruling that Defendants-Appellees Thomas Stroo and James Payton, who are Mississippi residents, were "improperly" joined because of the Rainwaters' inability to establish a cause of action against them. The district court's ruling was based on its conclusion that any claims that the Rainwaters may have had against Stroo and Payton were time-barred under the applicable Mississippi statute of limitations.[1] The district court nevertheless certified its order pursuant to 28 U.S.C. § 1292(b) to allow the Rainwaters

1

to pursue this interlocutory appeal on the question of fraudulent concealment, which the district court determined was a controlling question of law in this action. The district court's principal concern was that Mississippi state law on the fraudulent concealment doctrine was ambiguous or one where "there is substantial ground for difference of opinion."[2]

We granted permission to the Rainwaters to pursue this interlocutory appeal. On August 29, 2003, after the parties' appellate briefs were filed, however, we decided Ross v. CitiFinancial, Inc.[3] Our decision in Ross resolved any remaining doubts that the district court may have had about a substantial ground for a difference of opinion on the doctrine of fraudulent concealment. This does not, however, resolve the remand issue in this case.

While this interlocutory appeal was winding its way through our court, another Mississippi case involving removal and remand was being reheard en banc so that this court could consider whether cases removed from state court on grounds of diversity of citizenship under a claim then labeled "fraudulent" joinder must be remanded if the legal basis for determining that there is no reasonable probability for recovery against the in-state defendants would constitute a common defense that eschews any reasonable probability of recovery against all out-of-state defendants as well. The en banc opinion in that case, Smallwood v. Illinois Central Railroad,[4] was filed on September 10, 2004, and its holding casts a new and different doubt on the remand issue of the instant case.

Specifically, if the statute of limitations that we now know from the holding in

---

[1] See Rainwater v. Lamar Life Ins. Co., 246 F. Supp. 2d 546, 552-53 (S.D. Miss. 2003).
[2] Id. at 553.
[3] 244 F.3d 458 (5th Cir. 2003).
[4] 385 F.3d 568 (5th Cir. 2004).

2

Ross precludes any recovery by the Rainwaters against in-state defendants Stroo and Payton, also precludes recovery against all defendants, resident and diverse, then under Smallwood such a determination would go "to the entire case" rather than to the appropriateness of the joinder.[5] Thus it would follow under Smallwood that, if the statute of limitations in question does bar recovery against all defendants, the joinder of Stroo and Payton would not necessarily be "improper" and the entire case would have to be remanded to state court.

This case turns, therefore, on whether the limitations defense that disposes of all claims against in-state defendants in fact disposes of all claims against all defendants, as the principle of Smallwood is triggered only when all defendants are reached. Lamar Life insists that, even assuming that the time bar in play in this case goes to the fraud-related claims against all defendants, this bar does not dispose of all claims against Lamar Life. This defendant reads the complaint as alleging additional violations of Mississippi law, viz., improperly setting interest rates and improperly charging particular fees, that are not necessarily disposed of by the limitations defense.

If plaintiffs' complaint were pellucid and Lamar Life's reading of it could be verified beyond cavil, the inclusion of such claims against Lamar Life would mean that the statute of limitations that disposes of all claims against the in-state defendants would not constitute a "common defense." That in turn would preclude remand under the rule of Smallwood. Unfortunately, however, we have considerable difficulty discerning the distinct theories of recovery advanced and causes of actions alleged in the plaintiff's complaint; and the parties have not fully clarified this question for us. Whether by design or inadvertence, the plaintiffs have nebulously drafted their complaint. Its only reference to improper fees is a description of the benefits realized

---

[5] Id. at 574.

3

by Lamar Life, as distinguished from its in-state agents, as a result of the alleged fraud.

Even though application of <u>Smallwood</u>'s common defense rule is truly a question of law and thus an issue that we could dispose of on appeal, prudence dictates that, under these circumstances, the district court is likely better positioned to make that call in the first place, given the benefit of its background knowledge of Mississippi law and its opportunity to hold hearings on those questions about the complaint that remain in doubt.  We therefore remand this case to the district court for further consistent proceedings in light of both <u>Ross</u> and <u>Smallwood</u>.  If that court should determine that the limitations defense in question is dispositive of <u>all</u> claims against <u>all</u> defendants, then <u>Smallwood</u> would require remand to state court (where, presumably, the entire case would be dismissed).  If, however, the district court should determine that the time bar defense is not dispositive of every claim against every defendant, it should continue to deny remand and proceed with the proper disposition of the case.  Under these circumstances, the interlocutory appeal that we previously granted under § 1292(b) must be dismissed and the case remanded to the district court for further proceedings consistent with this opinion.

APPEAL DISMISSED; CASE REMANDED with instructions.