ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 3 0 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VERONICA RAMIREZ, INDIVIDUALLY and AS NEXT FRIEND OF JEREMIAH S. RAMIREZ, a minor, <br><br> *Plaintiff,* <br><br> v. <br><br> AMERICAN HOME PRODUCTS CORPORATION d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETHER LEDERLE VACCINES and LEDERLE LABORATORIES, ET AL, <br><br> *Defendants.* | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. B-03-155 <br><br> JURY |

**PLAINTIFF'S RESPONSE TO VACCINE DEFENDANTS'
<u>RENEWED RULE 12(B) AND 12(C) MOTION TO DISMISS</u>**

COMES NOW VERONICA RAMIREZ, INDIVIDUALLY AND AS NEXT FRIEND OF JEREMIAH S. RAMIREZ, A MINOR, Plaintiff ("Plaintiff") in the above-styled action and files this her Response to the renewed motion to dismiss filed by Defendants Abbott Laboratories, Aventis Pasteur, Merck and Company, Inc., SmithKline Beacham Corporation *d/b/a* GlaxoSmithKline and Wyeth ("Vaccine Defendants"). In support of this Response, Plaintiff would respectfully show the Court the following:

**I.**

**<u>INTRODUCTION AND SUMMARY OF RESPONSE</u>**

The Vaccine Defendants renew their motion to dismiss on the primary ground that Plaintiff's claims are barred by the National Vaccine Injury Compensation Act ("Vaccine Act" or "Act").

However, this Court lacks subject matter jurisdiction to make the merit based determinations necessary to any motion to dismiss. This is true because the Vaccine Act's requirement that an award be determined by the Vaccine Court prior to institution of a civil proceeding does not, and cannot, apply to the Parent Plaintiff[1]. Specifically, the *parent* of a child who suffered vaccine-related injuries is not eligible to file a petition on his or her own behalf under the Vaccine Act. Parent Plaintiff has alleged individual damages which are entirely separate from the damages recoverable by her minor child under the Vaccine Act. Accordingly, Parent Plaintiff is not subject to the tort suit bar of the Vaccine Act and, as such, Defendants' reliance on same for their fraudulent joinder argument must fail. Finally, Plaintiff has a reasonable basis for establishing a cause of action against all Defendants, specifically including the local Defendants. For each of these reasons, and all other reasons discussed herein, the Vaccine Defendants' Renewed 12(b) and 12(c) Motion to Dismiss should be denied.

## II.

### ARGUMENT AND AUTHORITIES

**A.  This Court Lacks Subject Matter Jurisdiction To Issue An Order On Defendants' Motions to Dismiss.**

Federal jurisdiction is lacking in this case. As Plaintiff sets out in more detail below, no ruling should be made on Defendants' motions to dismiss until this Court has assured itself that is possesses federal jurisdiction.

The decision of the Court of Federal Claims in *Snowdon v. Secretary of HHS* makes it clear that this Court must first determine whether it possesses subject matter jurisdiction – prior to making

---

[1]  Claims of the minor child in this case are brought in a representative capacity by his parent as next friend. For ease of differentiating between the parent's individual claims and the representative claims brought on behalf of her son, this response will refer to the former as "Parent Plaintiff" and the latter as "Child Plaintiff."

a ruling on the applicability of the Vaccine Act in connection with a motion to dismiss. 27 Fed. Cl. 434 (1993) (holding that the effect of a settlement on applicability of the Vaccine Act was a decision on the merits rather than a jurisdictional determination). In *Snowdon,* the Court characterized the dismissal of Plaintiffs' claim for failure to satisfy Vaccine Act requirements as a ruling "on the merits," rather than one for lack of jurisdiction, saying:

> Where dismissal is reached by deciding an arguable question of law, the court has exercised its jurisdiction to make a decision on the merits.... In this case, the petitioners seek a holding that the Vaccine Act covers his claim. Such a determination is a determination of the merits of the case.

*Snowdon,* supra, at 435. Questions of law, like issues of fact can only "be decided after and not before the court has assumed jurisdiction. . ." *Ralston Steel Corp. v. United States,* 340 F.2d 663, 667 (1965). Here, Plaintiff has filed a motion to remand alleging that federal jurisdiction is lacking. This Court should stay ruling on the present motions to dismiss until such time as it has considered and ruled upon Plaintiff's remand motion.

**B.　Defendants Have Not Carried Their Burden to Prove Fraudulent Joinder.**

The assertion of this Court's diversity jurisdiction hinges on the contention that Plaintiff has fraudulently joined non-diverse medical care providers ("Healthcare Defendants"). To establish that a particular joinder is fraudulent, the removing party bears the burden of showing: 1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant; or 2) there has been outright fraud on the plaintiff's pleading of the jurisdictional facts. *B. Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir. 1981); *Keating v. Shell Chemical Co.,* 610 F.2d 328 (5th Cir. 1980); *Bobby Jones Garden Apartments v. Suleski,* 391 F.2d 172, 177 (5th Cir. 1968); *Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir. 1964), *cert denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964); *Burden v. General Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir.1995);

*Lejene v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992)). Merck (the removing party) has not, and cannot, meet its burden of proving fraudulent joinder in this case. Here, Merck alleges no outright fraud on the Plaintiff's pleadings and maintains only that Plaintiff can establish no cause of action against the non-diverse Healthcare Defendants due to the bar of the Vaccine Act.

As the party seeking to establish removal jurisdiction, Merck bears the heavy burden of establishing such jurisdiction. *B. Inc*, 663 F.2d at 549; *Carriere v. Sears, Roebuck & Co.*, 898 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). When asserting fraudulent joinder, the defendant must show by *clear and convincing* evidence that there is no possibility that state law might impose liability on the defendants. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 3, 37, 66 L.Ed. 144 (1921)*(emphasis added); Rogers v. Modern Woodmen of America,* 1997 WL 206757, *2 (N.D. Miss. 1997).

When considering whether Merck carried its burden to prove Plaintiff has no possibility of success on her claims against the non-diverse Healthcare Defendants, all disputed questions of fact and all ambiguities in controlling state law are to be resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck & Co.*, 898 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). "It is not required of this Court to reach the merits of whether such a cause of action will actually, or even probably, prevail. Rather, this Court need only decide whether it is possible that a state court find a cause of action." *See Burden v. General Dynamics Corp.*, 60 F.2d 213, 217 (5th Cir. 1995). If there is even a possibility that the state court would find a cause of action stated against one of the in-state defendants on the facts alleged by the Plaintiff, then the federal court must find that the in-state defendants are properly joined, that there is incomplete diversity, and the case must be remanded to the state court. *B. Inc*, 663 F.2d at 549.

C. **There Is a Reasonable Possibility that Plaintiff Can Establish a Cause of Action Against the Local Healthcare Defendants.**

The Vaccine Act's bar on civil actions prior to the filing of a petition in Vaccine Court does not apply to Parent Plaintiff. That is, the bar of the Vaccine Act applies only to a person who has "sustained a vaccine-related injury or death and who is qualified to file a petition for compensation under the [Vaccine Act]." 42 U.S.C. § 300aa-11a(9). Parent Plaintiff does not meet this definition.

A person "is qualified to file a petition" only if that person suffered a relevant injury or death after he or she "received a vaccine . . . or contracted polio from another person who received an oral polio vaccine." *id.* § 300aa-11(c)(1)(A). That is to say, the Vaccine Act is limited to petitioners who "received" a vaccine and were injured by it. *See* 42 U.S.C. § 300aa-11(b)(1)(A)-(c)(1)(A) (setting out that the petitioner must have "received" a vaccine listed on the Vaccine Injury Table to qualify under the Vaccine Act). Unless a person "received a vaccine" (or is filing as the legal representative of such a person), he or she cannot file a petition. *See, e.g. Head v. Secretary of Health and Human Servs*, 26 Cl. Ct. 546, 547 n.1 (1992) (parent of injured child cannot petition except in representative capacity, (*aff'd*, 996 F.2d 318 (Fed. Cir. 1993). If an individual cannot file a petition with the Vaccine Court, (as Parent Plaintiff cannot), the tort suit ban does not apply to him or her.

The United States Court of Appeals for the Fifth Circuit recently addressed this very issue in *Moss v. Merck & Company, et al.* and unequivocally agreed that parent plaintiffs are not subject to the Vaccine Act. *See Moss v. Merck & Company, et al.*, 381 F.3d 501 (5th Cir. 2004). Specifically, the Court held "that much is plain on the face of the statute, but the lack of statutory ambiguity does not stop the Vaccine Defendants from arguing that a literal application of the regulatory scheme 'will thwart the intent and purpose of the Act, and interfere with its operation." *Id.* at 505. Needless to say, the Court didn't find merit in Merck's argument. *Id.*

Similarly, in a case involving Plaintiff's counsel and nearly identical pleadings as the case at bar, the Honorable George P. Kazen of the Laredo Division of this Court held that the Defendants had not met their heavy burden of showing there is no reasonably possibility that Parent Plaintiffs would be able to recover damages for their own lost wages against the non-diverse medical defendants. *See Guadalupe Vasquez, et al. v. American Home Products, et al.,* Memorandum and Order, Civil Action No. L-03-128 (S.D. Tex. Sep. 30, 2004) (A copy of which is attached hereto as Exhibit "A" and incorporated fully by reference).[2] In so holding, Judge Kazen analyzed the two cases cited by Defendants to disallow such claims and determined that "neither is pertinent." *Id.* at page 4.

In accordance with *Moss* and *Vasquez*, this Court should conclude that the Vaccine Act does not apply to Parent Plaintiff. Accordingly, a reasonable possibility exists that Plaintiff will prevail on her claims against the local Healthcare Defendants and, as such, this case should be remanded to the proper state court forum from which it was improvidently removed.

**D.     Should This Court Exercise Jurisdiction (Which It Should Not), the Motions to Dismiss Must Be Denied If Plaintiff Can Prove Any Facts Which Would Entitle Her to Relief.**

In a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to plaintiff. *See Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.,* 949 F.2d 1384, 1386 (5th Cir. 1991). The Court must

---

[2] The Vaccine Defendants filed a Motion to Reconsider and Vacate Order Granting Remand which was denied by Judge Kazen on November 11, 2004. *See Guadalupe Vasquez, et al. v. American Home Products, et al.,* Memorandum and Order, Civil Action No. L-03-128 (S.D. Tex. Nov. 11, 2004) (A copy of which is attached hereto as Exhibit "B" and incorporated fully by reference).

resolve doubts as to the sufficiency of the claim in plaintiff's favor. *Vulcan Materials Company v. City of Tehuacana,* 238 F.3d 382, 387 (5th Cir. 2001). Dismissal is warranted only if it appears certain that plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. *Id.; Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (*quoting Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). None of the respective movants have satisfied their burden in this case.

1. **Plaintiff's Claims are Not Barred by the Vaccine Act.**

If this Court chooses to consider the applicability or inapplicability of the Vaccine Act (which it should not), it is important to distinguish between each group of plaintiffs and each category of defendants. For simplicity, the present action can be divided into four groups of claims: (1) claims by Parent Plaintiff against the Eli Lilly and Company ("Thimerosal Manufacturer"), the manufacturer of Thimerosal; (2) claims by Child Plaintiff against the Thimerosal Manufacturer; (3) claims by Parent Plaintiff against the Vaccine Defendants; and (4) claims by Child Plaintiff against the Vaccine Defendants. Although the Vaccine Act does not support dismissal of any of the Plaintiff's claims, the reason varies according to the Plaintiffs and Defendants at issue.

    a. **The Vaccine Act does not require Parent Plaintiffs or Child Plaintiffs to file their claims in Vaccine Court against a non-vaccine manufacturer, such as Eli Lilly and Company.**

The Fifth Circuit has unequivocally held that the Vaccine Act does not apply to claims against Thimerosal manufacturers, such as Eli Lilly and Company herein. *See Moss v. Merck & Company, et al.*, 381 F.3d 501 (5th Cir. 2004). As such, there is no administrative bar to Plaintiff's claims against Thimerosal Manufacturer herein.

    b. **Parent Plaintiff's individual claims against a vaccine manufacturer are not barred by the Vaccine Act.**

1. **Parent Plaintiff is entitled to recover for her own injuries and damages.**

As stated previously, the *Moss* Court also held that the Vaccine Act does not bar the Parent Plaintiff's individual claims. *Id.* Alternatively, Defendants now contend that the Parent Plaintiff is not entitled to damages under Texas law. Not so. Parent Plaintiff seeks to recover for her own damages incurred as a result of the mercury poisoning of her minor child. The claims asserted by Parent Plaintiff are not representative claims on behalf of her child. And she does not seek a double recovery of any expense compensable to her child under the Vaccine Act.

2. **Parent Plaintiff is entitled to recover her lost wages.**

Other courts looking at this precise issue have found that lost wage claims by parents fall outside of the Vaccine Act, so as to prevent the Vaccine Act from barring such claims. *Case v. Merck & Co.*, 2002 WL 31478219, *2 (E.D. La. 2002). The *Case* court noted that the Vaccine Act provides a lengthy list of the compensation that may be provided to individuals who sustain vaccine-related injuries. This list includes the costs of "diagnosis, medical or other remedial care ..., residential and custodial care and services expenses, special equipment, related travel expenses, and facilities determined to be reasonably necessary." 42 U.S.C. § 300aa-15a(1). Noticeably, the list does not include losses, like lost wages, incurred by parents. Indeed, to the contrary, the Act expressly prohibits compensation "for other than the health, education or welfare of the person who suffered the vaccine-related injury with respect to which the compensation is paid." 42 U.S.C. § 300aa-15d(2).

The Federal Claims Court itself interprets the above provision to mean that compensation is allowed only when it directly benefits the victim. *Schafer*, 20 F.3d at 5; *Neese v. Secretary of Health and Human Services*, 1990 WL 541394, at *9 (Cl. Ct. Aug. 10, 1990). For this reason, the

Federal Claims Court has held that the Act does not cover compensation for parents' lost wages. *Marston v. Secretary of Health and Human Services,* 1998 WL 719493, at *10 (Cl. Ct. Sept. 29, 1998). Defendants cite no authority to the contrary.

Moreover, there is no Texas authority precluding a parent from seeking lost wages attributable to a child's injury. Contrary to Defendants' representation, *Gulf States Utils. Co. v. Reed,* does not stand for the proposition that a parent may not recover his or her lost earnings due to the needs of an injured child. 659 S.W.2d 849, 853 (Tex. App.–Houston [14th Dist.] 1983, writ ref'd n.r.e.). Indeed, *Reed* cannot stand for that proposition because the minor child in that case died immediately and the only lost earnings at issue were those of the mother in attending to her own grief-related injuries. *Id.*

Nor does Defendants' other cited case, *Pressey v. Patterson,* prohibit a parent from recovering lost wages. *Pressey* merely holds that nursing services provided by a parent to a child should be valued on the basis of the reasonable value of the services not what the parent could have earned in other employment. 898 F.2d 1018 (5th Cir. 1990). That holding does not categorically prohibit a parents' recovery of lost wages. That is because it does not address the myriad circumstances in which a parent of an injured child necessarily loses wage earning opportunities because of an injured child's needs – other than times when the parent is providing traditional medical-type care.

As Judge Kazen determined in *Vasquez,* Defendants have failed to show that Parent Plaintiff is not entitled to her own lost wages. *See Guadalupe Vasquez, et al. v. American Home Products, et al.,* <u>Memorandum and Order</u>, Civil Action No. L-03-128 (S.D. Tex. Sep. 30, 2004) (A copy of which is attached hereto as Exhibit "A" and incorporated fully by reference). Accordingly, this

Court should find that the Parent Plaintiff's damage claims for lost wages are not barred by the Vaccine Act and deny Defendants' motions to dismiss on this ground.

### 2. Defendants have not met their burden with respect to Plaintiff's claim under the DTPA.

Vaccine Defendants argue that personal injury claims have been excluded from DTPA coverage. In support they cite to the "clear" language of the statute and an unpublished Texas Court of Appeals decision. *See* Tex. Bus. & Com. Code § 17.49 (e) (Vernon 2002) and *Davis v. Mazda Motor Corp.*, 1999 WL 1037916 (Tex.App. - San Antonio, Nov. 17, 1999, pet. denied). As set forth below, they have not met their burden on this issue.

In this case it is undisputed that Parent Plaintiff purchased vaccines containing Thimerosal for her minor child. While Plaintiff has sustained damages therefrom, it is axiomatic that Parent Plaintiff herself has not suffered bodily injury or death. *See* Tex. Bus. & Com. Code § 17.49 (e) (Vernon). Further, although the referenced section of the DTPA excludes mental anguish damages, the section must be read as a whole to exclude such damages only if the purchaser has suffered bodily injury or death. This is apparent by looking to § 17.50 (a), which "clearly" states:

> A consumer may maintain an action where any of the following constitute a producing cause of economic damages or *damages for mental anguish*...

Id. at §§ 17.50 (a) (emphasis added). Additionally, a plaintiff may recover mental anguish damages:

> If the trier of fact finds that the conduct of the defendant was committed knowingly, the consumer may recover *damages for mental anguish*...; or if trier of fact finds that the conduct of the defendant was committed intentionally, the consumer may recover *damages for mental anguish*...

Id. at §§ 17.50 (b)(1) (emphasis added).

Further, Defendants' reliance on *Davis* is disingenuous at best. *Davis v. Mazda Motor Corp.*, 1999 WL 1037916 (Tex.App. - San Antonio, Nov. 17, 1999, pet. denied). In *Davis*, the San Antonio

Court of Appeals affirmed a trial court's directed verdict because appellant had not preserved the issue for appeal. *Davis* does not stand for what Defendants argue. As such, a reasonable possibility exists that Parent Plaintiff can prove and recover damages, including those for mental anguish, under the DTPA.

## III.

### CONCLUSION

Plaintiff respectfully requests that the Court deny Vaccine Defendants' Renewed Rule 12(b) and 12(c) Motion to Dismiss. Plaintiff further requests any and all other relief to which she may be justly entitled.

                                             Respectfully Submitted,

                                             William F. Blankenship III
                                             Texas Bar No. 90001483
                                             Federal I.D. No. 34097
                                             Attorney In Charge
                                             **WILLIAM F. BLANKENSHIP III, P.C.**
                                             2100 McKinney Avenue, Suite 1975
                                             Dallas, Texas 75201
                                             (214) 761-6614 Telephone
                                             (214) 744-7590 Facsimile

Of counsel:
Ben C. Martin
Texas Bar No. 13052400
Federal I.D. No. 34150
**LAW OFFICES OF BEN C. MARTIN, L.L.P.**
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201
(214) 761-6614 Telephone
(214) 744-7590 Facsimile

Tim Goss
Texas Bar No. 08222660
Federal I.D. No. 14730
**CAPSHAW, GOSS & BOWERS, L.L.P.**
3031 Allen Street, Suite 200
Dallas, Texas 75204
(214) 761-6610  Telephone
(214) 744-6611  Facsimile

### CERTIFICATE OF SERVICE

This is to certify that on this the 29th day of June, 2005, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

_____
William F. Blankenship III