United States District Court
Southern District of Texas
FILED

JUL 1 5 2005

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| VERONICA RAMIREZ, Individually and A/N/F of JEREMIAH S. RAMIREZ, a minor, Plaintiffs, | |
| v. | C.A. No. M-03-155 |
| AMERICAN HOME PRODUCTS CORPORATION, et al., Defendants. | |

### ELI LILLY AND COMPANY'S RENEWED MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Federal Rules of Civil Procedure 12(b) and 12(c), Defendant Eli Lilly and Company ("Lilly") files this Renewed Motion to Dismiss[1] the claims brought against it in this action and shows the Court the following:

### INTRODUCTION

Plaintiffs have sued Lilly for injuries claimed to have been sustained from the administration of childhood vaccines which contained thimerosal as a component part. Plaintiffs' Original Petition ("Petition") asserts that Lilly, along with the other Defendants, manufactured the vaccines and the component parts of the vaccines alleged to have caused injury. Vaccine-related claims, however, must first be brought pursuant to the National Childhood Vaccine Injury Act (42 U.S.C. §§ 300aa-1, *et seq.*) (the "Vaccine Act" or "Act"), which gives the U.S. Court of Federal Claims **exclusive** initial jurisdiction over such claims. Plaintiffs have not yet exhausted the administrative remedies required by the Act. This Court,

---

[1] This renewed motion to dismiss is being re-filed in accordance with this Court's December 6, 2003, and March 29, 2004, orders. Docket # 63, 71.

1701138v1

therefore, should dismiss Plaintiffs' claims for lack of subject matter jurisdiction. In further support of its Motion to Dismiss, Lilly adopts, incorporates, and hereby joins in the Vaccine Defendants' Renewed Rule 12(b) and 12 (c) Motion to Dismiss.

Should the Court determine to reach the merits of Plaintiffs' claims, the Court should dismiss those claims on substantive grounds. Plaintiffs have failed to allege any set of facts under which Lilly can be held liable for the Plaintiffs' alleged injuries under Texas law. Specifically, Plaintiffs have not alleged that Lilly is the manufacturer of any particular vaccine (or the thimerosal component thereof) which allegedly injured the minor Plaintiff. It is clear, therefore, that Plaintiffs' claims fail as a matter of law because no product made or sold by Lilly is alleged to have caused any injury to the minor Plaintiff. Moreover, Plaintiffs are not entitled to damages for loss of consortium or mental anguish under Texas law. For these reasons, should the Court determine it has jurisdiction over Plaintiffs' claims, all of their claims against Lilly must be dismissed.

## ARGUMENT

I. **ALL VACCINE-RELATED CLAIMS MUST BE DISMISSED FOR LACK OF JURISDICTION PURSUANT TO THE VACCINE ACT**

  A. <u>The Vaccine Act Bars This Civil Action</u>

Plaintiffs' Petition alleges that Lilly, along with the other Defendants, was responsible for manufacturing or marketing vaccines which allegedly injured the minor Plaintiff due to the inclusion of thimerosal as a preservative. *See* Petition, ¶¶ 3.11( alleging that Lilly "was engaged in the business of manufacturing and/or marketing vaccines and/or products that contained thimerosal), 5.01 (alleging risks associated with thimerosal used "in connection with his childhood vaccinations"), 6.01(g) ("Thimerosal was used in connection with the vaccination of the minor Plaintiff"), 7.02 ("The minor Plantff was administered [thimerosal] in his

-2-

childhood vaccinations"), 9.01 (same). Without differentiating between Defendants as vaccine manufacturers and non-vaccine manufacturers, Plaintiffs' Petition asserts that Lilly, like all the Defendants, is a vaccine manufacturer responsible for manufacturing and marketing vaccines which allegedly injured the minor Plaintiff due to the inclusion of thimerosal as a preservative. *See* Petition ¶ 3.

The Vaccine Act prohibits the filing of this type of civil lawsuit for "vaccine-related" claims prior to filing a petition in a specially-designated court of the U.S. Court of Federal Claims ("Vaccine Court"). 42 U.S.C. §§ 300aa-1, *et seq.* Where a plaintiff violates this prohibition by filing a civil action in state or federal court against a manufacturer, "the court shall dismiss the action." 42 U.S.C. § 300aa-11(a)(2)(B).[2] Plaintiffs, who assert that all Defendants are vaccine manufacturers, have failed to exhaust their administrative remedies prior to bringing this suit. Thus, the Court must dismiss the action for lack of jurisdiction.

Plaintiffs make three attempts to avoid this result. The first is to claim simply that "there is no claim for personal injuries arising from or associated with the administration of a vaccine." Petition, ¶ 2.01. Plaintiffs' unsupported bold allegation is demonstrably wrong. As noted above, the Petition itself alleges that it was the inclusion of thimerosal in vaccines which allegedly caused the injuries. Furthermore, as discussed below, every court to rule on the issue, including the Vaccine Court, has held that claims for alleged injuries from thimerosal in vaccines are "vaccine-related." Plaintiffs' second attempt to avoid the application of the Act is to represent to the Court that they have already exhausted "all administrative remedies" under the

---

[2] The Vaccine Act "is jurisdictional in nature because it defines the jurisdiction of state and federal courts with respect to civil actions against a vaccine administrator or manufacturer for vaccine-related injuries." *Gilbert v. Secretary of HHS*, 31 Fed. Cl. 379, 381 (Fed. Cl. 1994). *See also Brown v. Secretary of HHS*, 874 F. Supp. 238, 241 (S.D. Ind. 1994) ("[t]his Court's jurisdiction over a claim for compensation for a vaccine-related injury or death is determined by the [Vaccine Act]."). This Court need only recognize that

1701138v1

Act. Petition, ¶ 2.02. Again, Plaintiffs' allegation is simply wrong. Upon information and belief, minor Plaintiff Jeremiah S. Ramirez did not file a petition under the Vaccine Act before Plaintiffs filed this action. Plaintiffs' final attempt to avoid the application of the Vaccine Act to their claims is to use the phrase "products that contained thimerosal" in place of "vaccines" at various points in their Petition. *See, e.g.*, Petition, ¶¶ 4.05-4.09. But it is apparent on the face of the Petition that this phrase is clearly code for "vaccines." Plaintiffs undeniably allege that Defendants have manufactured "vaccines," not any other unidentified "over-the-counter products." Petition, ¶ 4.02. Therefore, as Plaintiffs' Petition claims injuries as an alleged result from the use of thimerosal in childhood vaccines, all vaccine-related claims must be dismissed to proceed in Vaccine Court, as mandated by the Vaccine Act.

The Honorable Hayden Head, Chief Judge of the Southern District of Texas, recently addressed four cases virtually identical to this one, filed by the same plaintiffs' counsel, in which the petitions also framed their claims generally against all defendants. The court held that all defendants "fall under a generalized allegation that they . . . are vaccine manufacturers," and thus dismissed <u>all</u> vaccine-related representative claims against <u>all</u> defendants. *Cassidy v. American Home Products*, Civil Action No. C-03-573, Order (S.D. Tex. Oct. 27, 2004) (**Exhibit A**); *Lucio v. American Home Products*, Civil Action No. C-03-520, Order (S.D. Tex. Oct. 27, 2004) (**Exhibit B**); *Mast v. American Home Products*, Civil Action No. C-03-516, Order (S.D. Tex. June 18, 2004) (**Exhibit C**); *Perez v. American Home Products*, Civil Action No. C-03-519, Order (S.D. Tex. June 18, 2004) (**Exhibit D**). Like the plaintiffs in *Cassidy, Lucio, Mast* and

---

the Vaccine Act applies to this case to determine that dismissal of Plaintiffs' vaccine-related claims is appropriate.

*Perez*, Plaintiffs in this case have not exhausted their administrative remedies, and their claims must be dismissed.

B. **The Chief Special Master of the Vaccine Court Has Recognized That Claims for Injuries Resulting From Thimerosal in Vaccines are Covered by the Vaccine Act**

The Chief Special Master of the Vaccine Court has concluded that claims (like Plaintiffs') for alleged injuries from thimerosal are vaccine-related and are covered by the Vaccine Act. *See Leroy v. Secretary of HHS*, No. 02-392V, 2002 WL 31730680 (Fed. Cl. Oct. 11, 2002) (**Exhibit E**). In *Leroy*, petitioners alleged that thimerosal-containing vaccines caused developmental problems within the diagnosis of autism spectrum disorder. Their claims were similar to numerous other cases filed under the Vaccine Act. *Leroy*, 2002 WL 31730680 at *1.[3] At issue was whether the Vaccine Court had jurisdiction over those claims. *Id.* The Chief Special Master conclusively held that "petitioners alleging injury from the thimerosal preservative in vaccines are statutorily obligated to file their claim . . . in the Court of Federal Claims, *in the first instance.*" *Id.* at *17. (emphasis in original). The Chief Special Master held that "an injury or death arising from the thimerosal component is encompassed within the statutory definition of 'vaccine-related injury or death,' thereby granting jurisdiction over such claims" to the Vaccine Court. *Id.* at *17. As noted above, Plaintiffs have alleged injuries from "vaccines manufactured and distributed by Defendants." Petition, p. 2. Thus, the claims stated in Plaintiffs' Petition against Lilly are vaccine-related as defined by the Act, and must be first brought in Vaccine Court.

---

[3] The Vaccine Court is currently exercising jurisdiction over approximately 4600 cases involving similar allegations that vaccines or the vaccine component thimerosal allegedly caused autism. *See* Autism Update and Order – February 24, 2005, *In re: Claims for Vaccine Injuries Resulting in Autism Spectrum Disorder or a Similar Neurodevelopmental Disorder* (Fed. Cl. Feb. 24, 2005) (**Exhibit F**).

-5-

C.  **Multiple Courts Across the Country Have Held that the Vaccine Act Covers Claims Attributed to Thimerosal in Childhood Vaccines**

A wealth of federal- and state-court decisions agree that the Plaintiffs' claims for injuries allegedly caused by the thimerosal component of vaccines are precisely the type of "vaccine-related" claims that must first be adjudicated by the Vaccine Court. *See, e.g., Chiles v. Am. Home Prods. Corp.*, No. 4:03-CV-802-A, 2003 WL 22287527 (N.D. Tex. Oct. 2, 2003) (**Exhibit G**); *Laughter v. Aventis Pasteur Inc.*, 291 F. Supp. 2d 406 (M.D.N.C. 2003); *Murphy v. Aventis Pasteur, Inc.*, 270 F. Supp. 2d 1368 (N.D. Ga. 2003); *Swafford v. Aventis Pasteur, Inc.*, No. A-03-CA-055-SS (W.D. Tex. Mar. 10, 2003) (**Exhibit H**); *Young v. Aventis Pasteur, Inc.*, No. A-02-CA-734-SS (W.D. Tex. Jan. 6, 2003) (**Exhibit I**); *Blackmon v. American Home Prods. Corp.*, 267 F. Supp. 2d 667 (S.D. Tex. 2002); *Carabine v. Aventis Pasteur, Inc.*, No. A-02-CA-501-SS (W.D. Tex. Oct. 8, 2002) (**Exhibit J**); *Russak v. Aventis Pasteur, Inc.*, No. A-02-CA-480-SS (W.D. Tex. Sept. 9, 2002) (**Exhibit K**); *Wax v. Aventis Pasteur Inc.*, 240 F. Supp. 2d 191, 196 (E.D.N.Y. 2002) (dismissing on ground that Vaccine Court "can and should determine whether it has jurisdiction"); *Liu v. Aventis Pasteur, Inc.*, 219 F. Supp. 2d 762 (W.D. Tex. 2002); *Owens v. American Home Prods. Corp.*, 203 F. Supp. 2d 748 (S.D. Tex. 2002); *O'Connell v. American Home Prods. Corp.*, Civil Action No. G-02-184, 2002 WL 31455729 (S.D. Tex. May 7, 2002) (**Exhibit L**); *Strauss v. American Home Prods. Corp.*, 208 F. Supp. 2d 711 (S.D. Tex. 2002; *Ashton v. Aventis Pasteur, Inc.*, 851 A.2d 908 (Pa. Super. Ct. 2004), *affirming* No. 04026, 2003 WL 21361355 (Pa. Ct. Comm. Pleas May 22, 2003); *Cheskiewicz v. Aventis Pasteur, Inc.*, 843 A.2d 1258 (Pa. Super. Ct. 2004) *affirming* No. 0952 (Pa. Ct. Comm. Pleas. Dec. 16, 2002).

Plaintiffs are suing Lilly and the other defendants claiming they manufactured vaccines that allegedly caused the minor Plaintiff's vaccine-related injuries. The above-

described rulings, as well as the instructive opinions issued by the Vaccine Court,[4] dispel any doubt that Plaintiffs' claims for alleged injuries from the administration of vaccines are indeed "vaccine-related" claims and must first be pursued in Vaccine Court. The plain language of the Vaccine Act precludes this Court from exercising jurisdiction over such claims until Plaintiffs have exhausted their administrative remedies in Vaccine Court.

### D.  Multiple Provisions of the Vaccine Act Require Dismissal

Dismissal of Plaintiffs' vaccine-related claims against Lilly is further mandated by the provisions of the Vaccine Act that bar a claimant from seeking compensation in the Vaccine Court if a civil claim for the same "vaccine-related injury or death" remains pending against any entity. Specifically, § 300aa-11(a)(5)(B) provides that "[i]f a Plaintiff has pending a **civil action** for damages for a vaccine-related injury or death, such person may not file a petition under subsection (b) of this section for such injury or death." (emphasis added). Section 300aa-11(a)(5)(B) mandates that Plaintiffs cannot maintain a civil suit for vaccine-related damages in state or federal court and at the same time pursue vaccine-related claims in Vaccine Court. Section 300aa-11(a)(5)(B) furthers Congress's intent that claims be pursued first in Vaccine Court.

According to § 300aa-11(a)(5)(B), Plaintiffs are not entitled to have two actions pending for vaccine-related injuries, regardless of the types of claims alleged. Nor may Plaintiffs elect to bypass Vaccine Court to proceed first in state or federal court. Instead, the Vaccine Act requires that Plaintiffs first bring their claims in Vaccine Court, free of co-pending litigation in another forum. As Plaintiffs are bringing suit against Lilly claiming it manufactured vaccines

---

[4]  *See* Autism General Order # 1, *In re: Claims for Vaccine Injuries Resulting in Autism Spectrum Disorder or a Similar Neurodevelopmental Disorder*, 2002 WL 31696785 (Fed. Cl. July 3, 2002) (**Exhibit M**); *Leroy*, 2002 WL 31730680 (**Exhibit E**); *Stewart v. Secretary of HHS*, 2002 WL 31965743 (Fed. Cl. Dec. 30, 2002) (**Exhibit N**).

that allegedly caused injuries, this case must be dismissed so Plaintiffs can file a petition in Vaccine Court and exhaust their administrative remedies.

### E. The Act Requires Dismissal Of The Parent's Claims Brought On Behalf Of The Minor Plaintiff For Medical Expenses, Loss Of Earning Capacity and Pain and Suffering

As noted above, the minor Plaintiff cannot pursue his civil claims because he has failed to exhaust his administrative remedies under the Vaccine Act. To the extent the parent Plaintiff's alleged damages can also be recovered under the Vaccine Act, the parent Plaintiff too must exhaust administrative remedies before pursuing her civil claims.

The parent Plaintiff seeks damages for "medical expenses in the past and future," "loss of earning capacity in the past and future," and "mental anguish in the past and future." Petition ¶ 12.01. To the extent these alleged damages are brought on behalf of the minor Plaintiff, they are undeniably recoverable under the Act. 42 U.S.C. § 300aa-15(a)(1)(A) provides that a petitioner under § 300aa-11 for a vaccine-related injury is entitled to compensation for expenses that "have been or will be incurred by or on behalf of the person who suffered such injury." Furthermore, § 300aa-15(a)(3)(A) provides for compensation for impaired earning capacity, and § 300aa-15(a)(4) provides for "actual and projected pain and suffering." As these damages for vaccine-related injuries are specifically recoverable under the Act, Plaintiffs must first proceed with these claims in Vaccine Court. *See Blackmon*, Civil Action No. g-02-179, at 15; *Owens* 203 F.Supp.2d at 748; *O'Connell*, Civil Action No. G-02-184, at 15 (dismissing all parent's representative claims against vaccine manufacturers except for loss or consortium to proceed in Vaccine Court[5]).

---

[5] As discussed in the subsequent section, loss of consortium claims have since been rejected by the Texas Supreme Court.

The fact that these claims are brought by the parent is of no consequence. As the United States District Court for the Northern District of Alabama noted in a similar case, parent Plaintiffs' effort "to recover medical expenses through this action is nothing more than an attempt to circumvent the bar put in place by the Vaccine Act requiring a child to first seek recovery from the Vaccine Court for injuries related to a vaccine." *Carr v. Aventis Pasteur, Inc.*, CV 02-J-3096-NE at 4 (N.D. Al. Feb. 27, 2003) **(Exhibit O)**. *See also Strauss v. American Home Prods. Corp.*, 208 F. Supp. 2d 711, 715 n.8 (S.D. Tex. June 11, 2002) (stating that allowing claims compensable under the Act to go forward in a juridical forum – simply because they are alleged by the parent rather than the child – "would clearly undermine the stated objectives of the Vaccine Act"); *Cheskiewicz v. Aventis Pasteur, Inc. et al.*, May Term 2002, No. 0952, at 4 (Ct. Common Pleas of Phila Cty, Pa. Dec. 16, 2002) **(Exhibit P)** (the "Act permits reimbursement for medical bills incurred by or on behalf of a minor."). Plaintiffs' claims for medical expenses, loss of earning capacity and pain and suffering brought by or on behalf of the minor Plaintiff must be dismissed and pursued in Vaccine Court.

## II. SHOULD THE COURT DETERMINE THAT IT HAS JURISDICTION OVER ANY OF PLAINTIFFS' CLAIMS, THE COURT SHOULD DISMISS PLAINTIFFS' PETITION, AND EACH CAUSE OF ACTION THEREIN, FOR FAILURE TO STATE A CLAIM

Should the Court determine that it has jurisdiction over any of Plaintiffs' claims, those claims should be dismissed for failing to state a claim against Lilly. Courts across the country have dismissed claims against Lilly in similar vaccine-related cases. For example, as discussed above, on October 27, 2004, in cases virtually identical to the present case, Judge Head dismissed all representative claims brought by the parent Plaintiffs on behalf of their children, and dismissed with prejudice the parent Plaintiffs' individual damages claims for loss of consortium, loss of companionship, loss of services, emotional distress and mental anguish.

*Cassidy v. American Home Products Corp.*, Civil Action No. C-03-573, Order (S.D. Tex. Oct. 27, 2004) (**Exhibit A**); *Lucio v. American Home Products*, Civil Action No. C-03-520, Order (S.D. Tex. Oct. 27, 2004) (**Exhibit B**); *Mast v. American Home Products*, Civil Action No. C-03-516, Order (S.D. Tex. June 18, 2004) (**Exhibit C**); *Perez v. American Home Products*, Civil Action No. C-03-519, Order (S.D. Tex. June 18, 2004) (**Exhibit D**). *See also Jones v. American Home Products*, Civil Action No. 1:03-CV-657, Order (E.D. Tex. Jan. 20, 2005) (**Exhibit Q**); *Bordenkircher v. American Home Products*, No. 5:03-cv-443-Oc-10GRJ (M.D. Fla. Mar. 25, 2004); *amended by* No. 5:-cv-443-Oc-10GRJ (M.D. Fla. Apr. 27, 2004) (both orders attached as **Exhibit R**); *Alleman v. Sigma Aldrich, Inc.*, No. 24-C-03-009646 (M.D. Cir. Ct. July 19, 2004) (**Exhibit S**); *Cheskiewicz v. Aventis Pasteur*, 843 A.2d 1258, 2004 PA. Super. 40 (Pa. Super. Ct. 2004). In the present case, Plaintiffs have not alleged that any specific product manufactured or sold by Lilly caused any injury to the minor Plaintiff. Plaintiffs have thus failed to state a claim against Lilly as a matter of Texas law, and their claims against Lilly should be dismissed.

A. **Plaintiffs Fail to Allege That Any Product Sold or Manufactured by Lilly Caused the Minor Plaintiff's Alleged Injuries**

Plaintiffs appear to have had difficulty determining which manufacturers were responsible for the minor Plaintiff's alleged injuries. Their solution was to adopt a scattergun approach to pleading, dispensing with individualized claims in favor of general allegations against an ambiguous group of "Defendants." For example, while Plaintiffs assert that the minor Plaintiff's alleged injuries were caused by the "Defendants' decision to manufacture, market, promote, design, distribute and/or sell these unreasonably dangerous and defective Thimerosal-containing products," they did not allege which vaccines (or other "products") the minor Plaintiff actually received, which of those vaccines actually contained thimerosal, and which Defendants were allegedly responsible. Petition, ¶ 4.09. The best Plaintiffs can do is allege that "[m]ost

-10-

1701138v1

vaccines routinely administered to **children** contained thimerosal." Petition, ¶ 4.02 (emphasis added), but they never allege **which vaccines** were administered to **this child**. Plaintiffs also assert that the ambiguous group of "Defendants" collectively "designed, manufactured, produced, labeled, advertised, tested, inspected, shipped, distributed, and/or sold" thimerosal (*See, e.g.*, Petition, ¶ 7.01) but do not allege **which Defendant** in particular performed what function in this exhaustive list with regard to **which vaccines** the minor Plaintiff received. Most importantly, Plaintiffs never allege they received any Lilly product, let alone that they were injured by the same. While Texas law only requires "notice pleading," it has not extended the concept as far as allowing pleadings against "Defendants" generally without noting some facts or circumstances that demonstrate a particular Defendant's involvement. *See Castellanos v. Bridgestone Corp.*, 215 F. Supp. 2d 862, 864 (S.D. Tex. 2002).

In Texas, it is a "fundamental principle of traditional products liability law . . . that the plaintiffs must prove that the defendant supplied the product which caused the injury." *In re Fibreboard Corp.*, 893 F.2d 706, 711 (5th Cir. 1990) (quoting *Gaulding v. Celotex Corp.*, 772 S.W.2d 66 (Tex. 1989)). Texas courts "have not adopted the theories of alternative liability, concert of action, enterprise liability, or market share liability." *Hicks v. Pfizer & Co.*, 2005 WL 1077554 at *7 (E.D. Tex. March 8, 2005). A plaintiff's proof, therefore, must necessarily "focus on individuals, not groups." *Id; see also Cimino v. Raymark Indus.*, 151 F.3d 297, 313 (5th Cir. 1998). Without a specific claim against Lilly, but only a claim against "Defendants" generally for their involvement in allegedly manufacturing vaccines, Plaintiffs' claims against Lilly fail as a matter of Texas law.

Additionally, under Texas law, a manufacturer has no duty to injured consumers if it did not design, manufacture or sell the particular product "in question." *Firestone Steel*

*Products Co. v. Barajas*, 927 S.W.2d 608, 615 (Tex. 1996); *see also Hicks*, 2005 WL 1077554 at *7 (holding that, in a polio vaccine case, to establish defendant's liability plaintiff "must adduce evidence that [the defendant] actually supplied the [polio vaccine] that [plaintiff] ingested and which allegedly caused her injury"). As Plaintiffs do not allege the minor Plaintiff received or was injured by <u>any</u> Lilly product, let alone the product "in question" in this case, they cannot make out a claim under Texas law. *See Block v. Wyeth, Inc.*, No. 3:02-CV-1077, 2003 WL 203067, *2 (N.D. Tex. 2003) (**Exhibit T**) (noting that if a defendant did not manufacture the product which allegedly caused the injury, the *Barajas* case indicates Texas would find no duty under any "common law tort theory").

  **B.** **Plaintiffs' Claims for Strict Liability – Design and Marketing Defects - Fail as a Matter Of Law**

  To succeed on a claim of strict liability, a plaintiff "must prove the defendant supplied the product that caused the injury." *Firestone Steel*, 927 S.W.2d at 614. Furthermore, section § 402A of the Restatement (Second) of Torts, which has been adopted in Texas, only subjects a party to liability if the party "**is engaged in the business of selling such a product, and . . . [the product] is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.**" *Id.* at 613 (quoting Rest. 2d Torts § 402A (1965)) (emphasis added). While Plaintiffs' Petition alleges that thimerosal of which they complain was a "defective product," nowhere is it alleged that Lilly actually manufactured or sold said thimerosal to the minor Plaintiff. Petition, ¶¶ 5.01, 6.01. Rather, Lilly is lumped together with all other Defendants which **collectively** are allegedly responsible for the minor Plaintiff's alleged injuries. The claims against Lilly as to strict liability fail as a matter of law, as there are no allegations that Lilly manufactured or distributed a product which allegedly was defective.

1701138v1

C.  **Plaintiffs' Claims for Negligence Fail as a Matter of Law**

Under Texas law, to succeed on a claim of negligence, a plaintiff must show "(1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Firestone Steel*, 927 S.W.2d at 613. There is "no duty to take action to prevent harm to others absent certain special relationships or circumstances." *McLennan v. American Eurocopters Corp. Inc.*, F.3d 403, 452 (5th Cir. 2001); *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838 (Tex. 2000) (noting that a broad-form negligence instruction is insufficient in cases where a plaintiff seeks to "impose a duty on another to take protective action based on special circumstances or the relationship between the parties"). While Plaintiffs allege the legal conclusion that all "Defendants," including Lilly, had a "legal responsibility and duty" to Plaintiffs, they fail to allege the basis for the imposition of such a duty on Lilly or any other particular Defendant. Petition, ¶¶ 8.01-8.02. Once again, Plaintiffs fail to plead that the minor Plaintiff received any product manufactured by Lilly. In fact, the only allegations regarding negligence are that the "Defendants" breached their duty "to conform to pharmaceutical industry standards" and as a result of that breach the minor Plaintiff was injured. Petition, ¶¶ 8.01-8.02. However, simply alleging that the Defendants collectively failed to "conform" to some unspecified industry standard is not sufficient to plead negligence as a matter of law. Plaintiffs do not even allege that they received a product manufactured by any particular Defendant. It does not matter how negligent Plaintiffs *believe* the Defendants were. Plaintiffs have no claim if the Defendants did not manufacture the product which allegedly caused the harm (i.e., the product "in question"). *Firestone Steel*, 927 S.W.2d at 615; *Block*, 2003 WL 203067 at *2 (**Exhibit T**). As Plaintiffs have failed to plead any duty as to Lilly with regard to the minor Plaintiff's alleged injuries, Plaintiffs' negligence claim against Lilly fails as a matter of law.

D.  **Plaintiffs' Claim for Breach of Common Law Implied Warranties Fail as a Matter of Law**

A plaintiff cannot recover for a breach of implied warranty unless that plaintiff demonstrates "that the good complained of was defective at the time it left the manufacturer's or seller's possession." *Rodriguez v. Hyundai Motor Co.*, 944 S.W.2d 757, 771 (Tex. App. 1997). Plaintiffs do not allege that the goods by which they were allegedly injured were defective when they left any Defendant's possession. In fact, they do not even allege that any particular Defendant ever had possession of a product which allegedly caused them injury. Therefore, without some connection with the alleged injury-producing product, Lilly cannot be held liable for breach of implied warranties as to that product's uses or fitness.

Additionally, a claim for breach of warranty requires a showing of proximate cause. *Minnesota Mining and Mfg. Co. v. Atterbury*, 978 S.W.2d 183, 197 (Tex. App.— Texarkana 1998). Even when a claim is reviewed under the lesser standard of "producing cause," the "plaintiffs must establish by a reasonable medical probability that each of them has suffered or will suffer injuries or illnesses as a result of the [product] manufactured by [Defendant]." *Id.* Plaintiffs do not allege that the product which allegedly injured the minor Plaintiff was manufactured by any particular Defendant. In fact, they do not even allege that any particular Defendant ever had possession of a product which allegedly caused them injury. Without some connection with the alleged injury-producing product, there is no showing of proximate or even producing cause, and Lilly cannot be held liable for breach of warranty.

E.  **Plaintiffs' Claims For Deceptive Trade Practices Fail As A Matter Of Law**

Under Texas' Deceptive Trade Practices Act, a plaintiff may bring a claim against the seller of a good or service for alleged violations of certain enumerated offenses if that plaintiff has first provided proper notice of the alleged violation to the seller. *See* Tex. Bus. &

-14-

1701138v1

Com. Code §§ 17.46, 17.505. Plaintiffs' Petition fails to properly allege a DTPA claim against Lilly for two reasons. First, Plaintiffs fail to specify exactly which Defendants are responsible for which specific violations of the Act. To make out a proper claim under the DTPA, Plaintiffs must demonstrate that the Defendants' alleged failures to disclose information regarding the products which allegedly injured Plaintiffs was intended to induce them to enter into a transaction which they would not otherwise have entered into. *Parker v. Carnahan*, 772 S.W.2d 151, 159 (Tex. App. 1989). Plaintiffs do not plead this to be the case. Moreover, as Plaintiffs do not even allege that they entered into a transaction with regard to any particular Defendant's product, it stands contrary to reason that a Defendant would seek to induce Plaintiffs to purchase products manufactured by others.

The second reason why Plaintiffs' DTPA claim fails against Lilly is because Plaintiffs have failed to provide Lilly with any notice of any alleged violations prior to filing suit. Prior to filing a civil suit, Plaintiffs are required to provide notice to a Defendant to allow the defendant the opportunity to avoid litigation altogether. Tex. Bus. & Com. Code § 17.505. The burden is on Plaintiffs to plead proper notice. *Hines v. Hash*, 843 S.W.2d 464, 467 (Tex. 1992). As they have not done so, their claim fails against Lilly as a matter of law.

F.      **Plaintiffs' Claims For Assault Fail As A Matter Of Law**

Under Texas law, the common law elements of assault and battery are combined in the Tex. Pen. Code § 22.01. The elements of a civil tort for assault and battery are the same as outlined in the elements outlined in the penal code. *Baribeau v. Gustafson*, 107 S.W.3d 52, 60-61 (Tex. App. 2003). As a matter of law, a party can not be held liable for assault based on the "sale" and "distribution" of a product, as Plaintiffs' allege. Petition, ¶ 10.01. When a tort is based on intentional harm caused by another, the proper tort theory is that of battery. The tort of battery "is premised upon an injurious contact between the parties." *Baribeau*, 107 S.W.3d at

61. Here, Plaintiffs do not, and can not plead any contact occurred between any Defendant and the Plaintiffs. As such, Plaintiffs have failed to make out a claim for assault and battery as a matter of Texas law.

### III. THE PARENT PLAINTIFF HAS NO COGNIZABLE CLAIM FOR LOSS OF CONSORTIUM, SERVICES AND COMPANIONSHIP, OR FOR MENTAL ANGUISH

As set forth above, Plaintiffs have failed to state a claim against Lilly under Texas law. Even if this Court were to find that Plaintiffs have stated a claim against Lilly, however, Veronica Ramirez (the parent Plaintiff) may not recover for loss of consortium or mental anguish under Texas law.

#### A. Texas Law Requires Dismissal of the Parent Plaintiffs' Claims for Loss of Consortium, Services and Companionship

The parent Plaintiff seeks damages for "loss of consortium, loss of services, [and] loss of companionship," based on allegedly serious injuries to her minor child. Petition, p. 10. The Texas Supreme Court, however, has "decline[d] to extend a claim for loss of consortium to parents of children who have been seriously injured." *Roberts v. Williamson*, 111 S.W.3d 113, 119 (Tex. 2003). The court determined that "no compelling social policy impels us to recognize a parent's right to damages for the loss of filial consortium," and held that "the common law is best served" by denying such claims. *Id.* at 120.

In similar cases involving FDA-approved vaccines, courts have dismissed with prejudice the plaintiff parents' claims for loss of consortium because such claims are barred under Texas law. *Jones v. American Home* Products, Civil Action No. 1:03-CV-657, Order (E.D. Tex. Jan. 20, 2006) (**Exhibit Q**); *Cassidy v. American Home Products*, Civil Action No. C-03-573, Order (S.D. Tex. Oct. 27, 204); (**Exhibit A**); *Lucio v. American Home Products*, Civil Action No. C-03-520, Order (S.D. Tex. Oct. 27, 2004) (**Exhibit B**); *Mast v. American Home*

-16-

*Products*, Civil Action No. C-03-516, Order (S.D. Tex. June 18, 2004) (**Exhibit C**); *Perez v. American Home Products*, Civil Action No. C-03-519, Order (S.D. Tex. June 18, 2004) (**Exhibit D**). The parent Plaintiff's claim for loss of consortium in this case must likewise be dismissed.

Furthermore, Plaintiffs' "loss of services" claim also fails because the Texas Supreme Court has explicitly rejected "the antiquated concept of the child as an economic asset." *Sanchez v. Schindler*, 651 S.W.2d 249, 251 (Tex. 1983) (abolishing pecuniary loss rule). Therefore, parent Plaintiff's claims for loss of consortium and loss of services due to the alleged injuries to the minor Plaintiff must be dismissed for failing to state a claim as a matter of Texas law.

**B.    The Parent Plaintiff's Claim for Mental Anguish Must be Dismissed Under Texas Law**

The parent Plaintiff's claim of mental anguish also fails under Texas law. For such "bystander claims" to exist, the parent had to be directly impacted by a "sensory and contemporaneous observance" of the traumatic event. *United Servs. Auto Ass'n v. Keith*, 970 S.W.2d 540, 542 (Tex. 1998) (per curiam). Here, the parent Plaintiff does not qualify as a "bystander" under Texas law for purposes of a mental anguish claim because she does not allege that she witnessed a shocking accident. Rather, the alleged injury occurred over time, and Ms. Ramirez necessarily learned of her child's alleged injury from others (presumably physicians) well after their child's vaccines were administered. *See Id.* (requiring that bystander plaintiff "suffer shock as a result of a direct emotional impact . . . from a sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence").

Considering parental emotional distress claims in an identical situation, United States District Judge Samuel Kent observed that "[parent] Plaintiffs clearly did not witness and

1701138v1

perceive the type of shocking accident contemplated by the bystander theory of recovery... and, consequently, the bystander theory is inapplicable to the fact of this case, as a matter of Texas law." *Owens*, 203 F. Supp. 2d at 757-58. *See also Jones v. American Home Products*, Civil Action No. 1:03-CV-657, Order (E.D. Tex. Jan. 20, 2006) (**Exhibit Q**); *Cassidy v. American Home Products Corp.*, Civil Action No. C-03-573, Order (S.D. Tex. Oct. 27, 2004) (**Exhibit A**); *Lucio v. American Home Products*, Civil Action No. C-03-520, Order (S.D. Tex. Oct. 27, 2004) (**Exhibit B**); *Mast v. American Home Products*, Civil Action No. C-03-516, Order (S.D. Tex. June 18, 2004) (**Exhibit C**); *Perez v. American Home Products*, Civil Action No. C-03-519, Order (S.D. Tex. June 18, 2004) (**Exhibit D**).

Moreover, even if Ms. Ramirez was a "bystander" for purposes of such a claim, she could not recover unless her injured child could also recover. *See Edinburg Hosp. Auth. v. Trevino*, 941 S.W.2d 76, 79 (Tex. 1997). As previously set forth, the minor Plaintiff has failed to state a claim against Lilly, thus, *all claim* for damages for mental anguish must be dismissed.

## IV. CONCLUSION

Plaintiffs' Petition asserts generally that Defendants, including Lilly, designed, manufactured and marketed vaccines that allegedly caused vaccine-related injuries. Such claims must be dismissed for lack of jurisdiction because Plaintiffs must first exhaust their administrative remedies by bringing these claims in Vaccine Court. Alternatively, each cause of action against Lilly should be dismissed for failure to state a claim under Texas law.

For all of the reasons set forth above, Lilly respectfully requests that the Court dismiss Plaintiffs' vaccine-related claims to proceed first in the Court of Federal Claims as provided by the Vaccine Act. Should the Court determine that any of Plaintiffs' claims survive such a dismissal, Lilly requests that those claims be dismissed with prejudice for failure to state a claim under Texas law. Any claims not dismissed should be stayed.

1701138v1

Respectfully submitted,

By:_____
GENE M. WILLIAMS
Attorney-in-Charge
SBN: 21535300
So. Dist. of TX ID No. 1328
M. SCOTT MICHELMAN
SBN: 00797075
So. Dist. of TX ID No. 20802
SHOOK, HARDY & BACON L.L.P.
600 Travis, Suite 1600
Houston, TX   77002-2911
Telephone:   713/227-8008
Telefax:      713/227-9508

ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY

OF COUNSEL:

DEBORAH A. MOELLER
MO State Bar No. 15193
JEFFERY A. KRUSE
MO State Bar No. 45482
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO   64108
Telephone:   816/474-6550
Telefax:      816/421-5547

1701138v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Eli Lilly and Company's Renewed Motion to Dismiss and Memorandum in Support Thereof was served on all counsel of record listed on the attached List of All Counsel of Record on this the ___ day of July, 2005. Due to the voluminous nature of the exhibits attached to Lilly's Motion, a copy of the exhibits is being provided only to the Court and to Plaintiffs' counsel. Should other counsel require a copy of the exhibits, Lilly will provide them upon request.

Ben C. Martin/Edward W. Sampson
William F. Blankenship, III
Law Office of Ben C. Martin
2100 McKinney Avenue, Suite 1975
Dallas, TX   75201
and
Tim K. Goss
Capshaw, Goss & Bowers
3031 Allen Street, Suite 200
Dallas, TX   75204
*Attorneys for Plaintiffs*

Peter C. Neger/Amy DePippo
Bingham McCutchen
399 Park Avenue
New York, NY   10022
*Attorneys for Defendant, Evans Medical Limited*

Mitchell C. Chaney
Rodriguez, Colvin & Chaney
1201 E. Van Buren Street
Brownsville, TX   78520
*Attorneys for Defendant, B.F. Ascher & Company, Inc.*

Michael R. Klatt
Clark, Thomas & Winters
Post Office Box 1148
Austin, TX   78767-1148
*Attorneys for Defendant Wyeth (f/k/a American Home Products)*

James L. Ray
Daw & Ray
5718 Westheimer, Suite 1750
Houston, TX   77057
*Authorized Representative for Defendant, American International Chemical, Inc.*

Bradley S. Wolff/M. Diane Owens
Swift, Currie, McGhee & Hiers
1355 Peachtree Street, NE, Site 300
Atlanta, GA   30309-3238
and
R. Jo Reser
Davidson & Troilo
7550 IH-10 West, Suite 800
San Antonio, TX   78229-5818

and
Miguel D. Wise
Miguel D. Wise, P.C.
134 West 5th Street
Weslaco, TX   78596
*Attorneys for Defendant Aventis Pasteur Inc., f/k/a Connaught Laboratories, Inc. f/d/b/a Pasteur Merieux Connaught*

Jeffrey S. Wolff
Fulbright & Jaworski LLP
1301 McKinney, Suite 5100
Houston, TX   77010-3095
and
Stephanie A. Smith/Stacey A. Martinez
Fulbright & Jaworski LLP
600 Congress Avenue, Suite 2400
Austin, TX   78701
*Attorneys for Defendant, Smithkline Beecham Corporation d/b/a Glaxosmithkline*

Richard L. Josephson/Paul R. Elliott/Douglas B. Roberson
Baker Botts LLP
910 Louisiana, Suite 3000
Houston, TX   77002
*Attorneys for Defendant, Abbott Laboratories*

Michael Losasso
3001 Aloma Avenue, Suite 220
Winter Park, FL   32792
*Authorized Representative for Defendant RPK Pharmaceuticals, Inc.*

Phillipa M. Remington/Thomas P. Sullivan
Russell G. Thornton
Stinnett Thiebaud & Remington L.L.P.
1445 Ross Avenue, Suite 4800
Dallas, TX   75202-2702
*Attorneys for Defendant, Oralia T. Wells, M.D.*

Joel J. Steed/Sidney L. Murphy
Steed Flagg L.L.P.
One Horizon Ridge
1010 W. Ralph Hall Parkway, 2nd Floor
Rockwall, TX   75032
*Attorney for Defendant, Eloisa T. Gonzalez, M.D.*

_____
M. SCOTT MICHELMAN

1701138v1