

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BENNETTA CHILES, ET AL., | § |
| | § |
| Plaintiffs, | § |
| | § |
| VS. | § NO. 4:03-CV-802-A |
| | § |
| AMERICAN HOME PRODUCTS | § |
| CORPORATION, ET AL., | § |
| | § |
| Defendants. | § |

### ORDER

Came on for consideration the motion of defendants Abbott Laboratories,[1] SmithKline Beecham Corporation, Aventis Pasteur, Inc., Merck & Co., Inc., and Wyeth[2] (collectively "vaccine defendants") and the motion of defendant Eli Lilly & Company ("Lilly") to dismiss. The court, having considered the motions, the response of plaintiffs, Bennetta Chiles, individually and as next friend of Toni Chiles, a minor; Holly Blackburn and Mark Blackburn, each individually and as next friends of Mitchell Reed Blackburn, a minor; Lori M. Reed, individually and as next friend

---

[1] Abbott Laboratories says that it was misnamed as "Abbott Laboratories, Inc."

[2] Wyeth says that it has been incorrectly named as Wyeth Laboratories, Wyeth-Ayerst, Wyeth-Ayerst Laboratories, Wyeth Lederle, Wyeth Lederle Vaccines, and Lederle Vaccines. Mot. to Dismiss at 1 n.1. The petition names American Home Products, doing business as Wyeth, Wyeth Laboratories, Wyeth-Ayerst, Wyeth-Ayerst Laboratories, Wyeth Lederle, Wyether Lederle, Wyether Lederle Vaccines, and Lederle Laboratories. Pls.' Original Pet. at 5, ¶ 3.05. The court considers Wyeth to be the intended defendant.

of Ryan Joseph Reed, a minor; and Krissy Fagan and Carl Fagan, each individually and as next friends of Bradley Kole Fagan, a minor, the replies, the record, and applicable authorities, finds that the motions should be granted as set forth herein.

On June 30, 2003, plaintiffs filed their original petition in the 96th Judicial District Court of Tarrant County, Texas. The action was removed by notice of removal filed July 21, 2003. Plaintiffs contend that they and their minor children were injured as a result of the children having received vaccines containing Thimerosal.[3] They identify causes of action for "strict liability--design defects," "strict liability--marketing defects," breach of common law implied warranties, negligence, violations of the Texas Deceptive Trade Practices--Consumer Protection Act, and assault.[4] They seek compensatory and punitive damages, including for the parent plaintiffs compensation for medical expenses, loss of earning capacity, loss of companionship and society, loss of consortium, and mental anguish.

Movants urge that plaintiffs' claims are barred under the National Childhood Vaccine Injury Compensation Act, 42 U.S.C.

---

[3] Plaintiffs' petition states: "The minor Plaintiffs were administered [Thimerosal] in their childhood vaccinations." Original Pet. at 15, ¶ 9.01.

[4] Contrary to the assertion in plaintiffs' brief, they have not pleaded a claim for fraud. Pls.' Br. at 19-20.

2

§§ 300aa-1 to 300aa-34 (the "Vaccine Act" or "Act"). They further argue that the claims of the parent plaintiffs are barred by state law.

Plaintiffs bring claims individually and on behalf of their minor children. Despite their contention otherwise, it is clear that all of the claims asserted on behalf of the minor plaintiffs are for "vaccine-related injury." Owens ex rel. Schafer v. Am. Home Prods., 203 F. Supp. 2d 748, 754-56 (S.D. Tex. 2002). Therefore, the claims of the minor children must be pursued in accordance with the Vaccine Act. 42 U.S.C. § 300aa-11(a)(2)(A). Plaintiffs admit that they have not yet met all the requirements of the Vaccine Act to pursue the minor plaintiffs' claims here.[5] Accordingly, the claims asserted on behalf of the minor plaintiffs must be dismissed. 42 U.S.C. § 300aa-11(a)(2)(B).

The court recognizes that parents are liable for medical expenses incurred during the minority of their children; thus, a cause of action for such expenses belongs to the parents. Walsh v. Hershey, 472 S.W.2d 954, 957-58 (Tex. Civ. App.--Fort Worth 1971, writ ref'd n.r.e.). However, because the Vaccine Act provides for payment of expenses incurred on the minor child's behalf, such as medical expenses, these claims must also be dismissed. See Strauss v. Am. Home Prods. Corp., 208 F. Supp. 2d

---

[5] Plaintiffs say only that certain child plaintiffs have exhausted their administrative remedies and are eligible to opt out of the vaccine court proceedings. Pls.' Br. at 9.

3

711, 715 n.8 (S.D. Tex. 2002); Benedict v. Sec'y of Dep't of Health & Human Servs., 29 Fed. Cl. 587, 591 (Fed. Cl. 1993).

The Vaccine Act does not otherwise prevent the parent plaintiffs from pursuing their other claims. Owens, 203 F. Supp. 2d at 756-57. The question is whether those claims are barred under Texas law. In this regard, movants urge that the parent plaintiffs have no cognizable claims for mental anguish, emotional distress, loss of consortium, or their own lost wages.

Texas law is clear that the parent plaintiffs do not qualify as bystanders for purposes of mental anguish or emotional distress claims. They were not in a "zone of danger" and did not perceive the type of shocking accident contemplated by the bystander theory of recovery. See United Servs. Auto. Ass'n v. Keith, 970 S.W.2d 540, 542 (Tex. 1998). "Rather, [the parent plaintiffs] witnessed the routine vaccination of their children and the children's subsequent medical problems that are allegedly linked to thimerosal." Owens, 203 F. Supp. 2d at 758. Thus, the bystander theory is inapplicable. Id. And, as for the loss of consortium claim, the Texas Supreme Court has ruled that such a claim does not exist. Roberts v. Williamson, 111 S.W.3d 113 (Tex. 2003). Finally, Texas does not provide for recovery of a parent's lost earnings as a result of caring for an injured child. See Gulf States Utils. Co. v. Reed, 659 S.W.2d 849, 853 (Tex. App.--Houston [14th Dist.] 1983, writ ref'd n.r.e.).

4

The court ORDERS that the motions to dismiss be, and are hereby, granted; that the claims of the minor plaintiffs, Toni Chiles, Mitchell Reed Blackburn, Ryan Joseph Reed, and Bradley Kole Fagan, as asserted through their respective next friends, against the vaccine defendants and Lilly, and the claims of Bennetta Chiles, Holly Blackburn, Mark Blackburn, Lori M. Reed, Krissy Fagan, and Carl Fagan ("adult plaintiffs"), individually, for recovery of medical expenses against the vaccine defendants and Lilly be, and are hereby, dismissed without prejudice; and, that all other claims asserted by the adult plaintiffs, individually, against the vaccine defendants and Lilly be, and are hereby, dismissed with prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the disposition of these claims.

SIGNED October 2, 2003.

JOHN McBRYDE
United States District Judge

5