IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2003 JA -6 PM 4:07
U.S. CLERK'S OFFICE
BY: _____

LESLIE YOUNG and LAURIE YOUNG,
Individually and Next Friend of Leslie Martin
Young,
          Plaintiffs,

-vs-                                            Case No. A-02-CA-734-SS

AVENTIS PASTEUR, INC., et al.,
          Defendants.

## ORDER

BE IT REMEMBERED on the 6th day of January 2003, the Court reviewed the file in the above-styled cause, specifically Defendant Eli Lilly and Company's Motion to Dismiss [#14] and Plaintiffs' response thereto [#20]; Defendant Sigma-Aldrich Corporation and Sigma-Aldrich, Inc.'s Motion to Dismiss [#4] and Alternative Motion to Stay [#5] and Plaintiffs' response thereto [#9]; the Vaccine Manufacturers' Motion to Dismiss or Alternatively to Stay [#6], Plaintiffs' response [#13] and Defendants' reply [#19]; Defendant Spectrum Laboratory Products, Inc.'s Motion to Dismiss [#7] and Plaintiffs' response thereto [#10]; and Defendant The Dow Chemical Company's Rule 12(b)(6) Motion to Dismiss and for Summary Judgment [#11] and Motion to Dismiss or, Alternatively, to Stay [#12] and Plaintiffs' Response thereto [#18]. Having considered the motions, responses, the case file as a whole and the applicable law, the Court enters the following opinion and orders.

23

### Factual and Procedural Background

The plaintiffs, Leslie and Laurie Young, are Texas residents and the parents of Leslie Martin Young, who is approximately four years old. *See* Petition, at ¶¶ 5, 23. They appear in this lawsuit as individuals and as next friend of Leslie Martin Young. *Id.* at ¶ 5. The plaintiffs contend their son suffered and continues to suffer neurological damage because he was poisoned by mercury contained in thimerosal, a preservative used in vaccines administered to him. *Id.* at ¶¶ 23-25. Leslie received the vaccines between September 15, 1998 and approximately September 10, 1999. *Id.* at ¶ 23.

On October 22, 2002, the plaintiffs filed this lawsuit in the 345th Judicial District Court of Travis County, Texas, Cause No. GN203822. The plaintiffs raise causes of actions for strict liability; negligence in the manufacture, marketing and/or sale of mercury contained in vaccine products; gross negligence; fraud and conspiracy; and negligence in the marketing, licensing, and design of thimerosal. *Id.* at ¶¶ 29-69. The plaintiffs seek compensatory damages for expenditures necessitated by Leslie Martin Young's injuries, Leslie Martin Young's pain and suffering, all plaintiffs' lost wages and income, all plaintiffs' emotional distress and loss of consortium, and the lost services the plaintiffs could have provided to each other. *Id.* at 17. The plaintiffs also seek punitive damages for certain causes of action. *Id.* Defendant Wyeth, formerly known as American Home Products Corporation, removed the case to this Court on November 15, 2002 after having obtained consent of all other defendants. *See* Notice of Removal [#1].

Defendants Aventis Pasteur Inc. ("Aventis"), Wyeth, SmithKline Beecham Corporation ("SmithKline"), and Merck & Co., Inc. ("Merck") (collectively, "the Vaccine Manufacturers") move to dismiss or, in the alternative, to stay because the plaintiffs did not first file an administrative claim in the Court of Federal Claims as required by the National Childhood Vaccine Injury Act, 42 U.S.C.

§ 300aa-11(a)(2)(A) [d]efendants Sigma-Aldrich Corporation, Si[gma-Aldrich], Inc., Spectrum Laboratory Products, Inc. ("Spectrum") and Eli Lilly and Company ("Eli Lilly") move to dismiss or alternatively to stay on the same basis. The Dow Chemical Company ("Dow") moves to dismiss and for summary judgment arguing it did not manufacture or sell the vaccines or thimerosal that caused Leslie Martin Young's injuries and, therefore, cannot be held liable. Dow has also filed a motion to dismiss or, alternatively, to stay based on the plaintiffs' failure to raise their claims first in the Court of Federal Claims.

## Analysis

**I.     The Vaccine Act's Requirements**

The defendants move to dismiss or, in the alternative, to stay the case because the plaintiffs did not first file a petition in the United States Court of Federal Claims. The National Childhood Vaccine Injury Act of 1986 ("the Vaccine Act") sets forth a scheme for compensation for vaccine-related injuries or death. 42 U.S.C. § 300aa-11. Congress enacted the Vaccine Act to streamline the process of seeking compensation for vaccine-related injuries and to avoid the inconsistency, expense and unpredictability of the tort system. *Shalala v. Whitecotton*, 514 U.S. 268, 270, 115 S.Ct. 1477, 1478 (1995) ("For injuries and death traceable to vaccinations, the Act establishes a scheme of recovery designed to work faster and with greater ease than the civil tort system."); H.R. Rep. No. 99-908 (1986), *reprinted in* 1986 U.S.C.C.A.N. 6344, 6347 (noting for those injured by vaccines, "the opportunities for redress and restitution are limited, time-consuming, expensive, and often unanswered."). The Vaccine Act prevents plaintiffs from initiating lawsuits against vaccine administrators or manufacturers in state or federal court for unspecified amounts of damages resulting from vaccine-related injuries unless they first file a timely petition in the Court of Federal

-3-

Claims for compensation under the Vaccine Act. 42 U.S.C. § 300aa-11(a)(2)(A); *see also Shalala*, 514 U.S. at 270, 115 S.Ct. at 1478. Petitions filed in the Court of Federal Claims are assigned to a special master familiar with Vaccine Act claims. 42 U.S.C. §§ 300aa-11(a)(1) & 300aa-12(d). The statute directs courts to dismiss such causes of action that were not first filed in the Court of Federal Claims. 42 U.S.C. § 300aa-11(a)(2)(B).

The plaintiffs have not filed a petition in the Court of Federal Claims. They contend the Vaccine Act does not require them to do so, because Leslie Martin Young's injuries are not vaccine-related. The Vaccine Act defines a "vaccine-related injury" as "an illness, injury, condition, or death associated with one or more of the vaccines set forth in the Vaccine Injury Table, except that the term does not include an illness, injury, condition, or death associated with an adulterant or contaminant intentionally added to such vaccine." 42 U.S.C. § 300aa-33(5). The plaintiffs contend Leslie's injuries are not "vaccine-related" because they were caused not by the vaccines themselves but by the thimerosal added to the vaccines as a preservative to deter microbial and fungal growth—an "adulterant . . . intentionally added to such vaccine." 42 U.S.C. § 300aa-33(5). The terms "adulterant" and "contaminant" are not defined in the Vaccine Act.

The plaintiffs are unable to provide the Court any legal authority for their interpretation of the Vaccine Act as applied to thimerosal. On the contrary, it appears every federal court to have ruled on the issue, including this one, has held injuries resulting from thimerosal contained in vaccines are vaccine-related under the meaning of the Vaccine Act. *E.g., Strauss v. American Home Prod. Corp., et al*, Cause No. G-02-226 (S.D. Tex. June 11, 2002) (finding injuries from thimerosal are "vaccine-related" under the Vaccine Act); *Blackmon, et al v. American Home Prod. Corp.*, Cause No. G-02-179 (S.D. Tex. May 8, 2002) (same); *Owens v. American Home Prod. Corp.*, 203

-4-

F.Supp.2d 748 (S.D. Tex. 2002) (same). Additionally, the Department of Health and Human Services ("HHS") has taken the position that thimerosal is not an adulterant or contaminant of vaccines.[1] Indeed, the HHS's determination that thimerosal is a component of vaccines,[2] not an adulterant, comports with common sense, since at the time Leslie Martin Young received the vaccines it was impossible to get the vaccines without thimerosal.

Moreover, the special masters in the Court of Federal Claims are experienced in Vaccine Act claims and are better equipped to handle thimerosal cases. The Court of Federal Claims has been inundated with cases alleging the thimerosal contained in vaccines caused neurodevelopmental disorders such as autism. *See* Vaccine Manufacturers' Motion to Dismiss, Ex. 3 ("Autism General Order #1"), at 1-2. The plaintiffs' claims are identical to hundreds of those already before the Court of Federal Claims. The Office of Special Masters within that court recently established procedures to accommodate the thousands of thimerosal cases it expects to receive. *Id.* While the Court of Federal Claims' acceptance of jurisdiction and creation of procedures is not binding on this Court, it indicates the entity with the most experience applying the Vaccine Act finds thimerosal cases within the statute's definition of a "vaccine-related injury" and is prepared and willing to handle such cases. *See also Collins vs. American Home Prod. Corp.*, Cause No. 3:01-CV-979LN (S.D. Miss. Aug. 1, 2002) (dismissing thimerosal claims because Autism Order #1 "foreclose[d] any

---

[1] While the HHS's position is official, in that it is posted on the HHS web site and HHS has taken the position in court papers, it is not a regulation or other agency action entitled to judicial deference under the *Chevron* doctrine. *Chevron U.S.A., Inc. v. Natural Res. Defense Council, Inc.*, 467 U.S. 837 (1984). However, the HHS's official position holds persuasive authority.

[2] The HHS regulation for general biological products standards includes "preservatives" in the category of "constituent materials," indicating the agency's view that preservatives are components of vaccines, not adulterants. 21 C.F.R. § 610.15.

-5-

reasonable possibility that the plaintiffs have stated a currently cognizable claim against the resident defendants."). The Court holds thimerosal is not an adulterant or contaminant under the Vaccine Act and, thus, Leslie Martin Young's alleged injuries are vaccine-related.[3] Accordingly, the Vaccine Act requires the Court to dismiss the parents' claims brought on behalf of Leslie Martin Young without prejudice to refiling after they have exhausted the requirements of the Vaccine Act.

II.   **Claims against Non-Vaccine-Manufacturers**

Dow moves to dismiss the plaintiffs' claims against it for failure to state a claim upon which relief can be granted and moves for summary judgment because it did not manufacture or sell the thimerosal or vaccines that allegedly caused Leslie Martin Young's injuries. Dow contends it has not had a license to manufacture vaccines since 1978.

Dow asks this Court to adjudicate the merits of the plaintiffs' claims against it despite the Court's need to dismiss or stay the plaintiffs' claims against the vaccine manufacturers until the plaintiffs follow the exhaustion requirements of the Vaccine Act. The plaintiffs raise the same claims against Dow as against the vaccine manufacturer defendants. To rule on the merits of Dow's substantive defenses would require a period of discovery allowing the plaintiffs to investigate its contentions. In fact, the plaintiffs have moved for a continuance to allow them to conduct discovery

---

[3] Eli Lilly also relies on the Homeland Security Act of 2002 Congress recently passed, which amends the definition of "manufacturer" in the Vaccine Act to include manufacturers of "any component or ingredient" of any vaccine, and the definition of "vaccine" to include "a preparation or suspension containing an attenuated or inactive microorganism or subunit thereof or toxin" and "all components and ingredients listed in the vaccines's [sic] product license application and product label." H.R. 5005 (attached as Ex. D to Eli Lilly's Motion to Dismiss). The Homeland Security Act states it applies to all actions pending on the date of its adoption on November 19, 2002. Because these amendments are quite new and the Court has relied in its previous thimerosal rulings on more established authorities, the Court need not interpret these amendments in this Order. However, the Court does not preclude the defendants from raising the Homeland Security Act in future motions.

before the Court rules on the summary judgment motion. The Court will not allow the plaintiffs to conduct discovery on one defendant during the pendency of the minor's claims under the Vaccine Act against the other defendants. To do so would be wholly inconsistent with Congress's goal of minimizing litigation costs and, therefore, the Court will not allow any discovery until the plaintiffs have complied with the Vaccine Act. *See* H.R. Rep. No. 99-908 (1986), *reprinted in* 1986 U.S.C.C.A.N. 6344, 6347 ("Lawsuits and settlement negotiations can take months or even years to complete. Transaction costs – including attorneys' fees and court payments – are very high. And in the end, no recovery may be available."). Accordingly, the Court will dismiss Leslie Martin Young's claims against all defendants rather than allow discovery on Dow.

### III. Leslie Young and Laurie Young's Individual Claims

Leslie and Laurie Young bring claims individually and as next friend of Leslie Martin Young. Individually, they seek recovery for all past and future costs associated with their son's injuries, lost wages and income, emotional distress, loss of consortium and loss of services. *See* Petition, at 17. Under the Vaccine Act, "any person who has sustained a vaccine-related injury" or "the legal representative of such person if such person is a minor or is disabled" may file a petition for compensation in the Court of Federal Claims. 42 U.S.C. § 300aa-11(b)(1)(A). An individual may only file a petition on his own behalf if he received a vaccine and alleges a resulting injury. 42 U.S.C. §§ 300aa-11(b)(1)(A) & 300aa-11(c)(1)(A). Thus, Leslie and Laurie Young can only bring their claims as next friend of Leslie, not their individual claims, in the Court of Federal Claims.

The defendants move to dismiss Leslie and Laurie Young's individual claims for damages because they are derivative of Leslie's claims, are duplicative of damages available under the Vaccine Act, or are not cognizable under Texas law. However, if the Court dismissed the parents'

-7-

claims, their statutes of limitations could expire while the parents are representing their son's claims in the Court of Federal Claims.[4] TEX. CIV. PRAC. & REM. CODE § 16.003 (two-year statute of limitations in personal injury cases). The Court has discretion to stay proceedings. *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 649 (5th Cir. 2000). Courts often stay proceedings to avoid interference with related proceedings in another forum and to avoid the waste of duplication. *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985) ("The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."). The parents' claims brought on behalf of their minor son must first be heard in the Court of Federal Claims. Dismissing the parents' individual claims during the pendency of that court's jurisdiction might preclude the parents from bringing their claims in any forum. Accordingly, the Court will stay all proceedings in Leslie and Laurie Young's individual causes of action against all defendants until their son's claims have been administered in the Court of Federal Claims under the Vaccine Act.

In accordance with the foregoing:

IT IS ORDERED that the Vaccine Manufacturers' Motion to Dismiss [#6] is GRANTED IN PART as to the claims of Leslie Martin Young to be presented in the Court of Federal Claims, and

---

[4] The Vaccine Act does not toll the statute of limitations for the parents' claims while they are representing their child in the Court of Federal Claims. The Vaccine Act does, however, toll the statute of limitations for the minor's state law claims while his petition is pending before the court. 42 U.S.C. § 300aa-16(c). For the child's claims against the defendants who do not manufacture vaccines, the statute of limitations will not begin to run until he reaches the age of majority. *See* TEX. CIV. PRAC. & REM. CODE § 16.001.

-8-

their Alternative Motion to Stay [#6] is GRANTED IN PART as to Leslie and Laurie Young's individual causes of action;

IT IS FURTHER ORDERED that Sigma-Aldrich Corporation and Sigma Aldrich, Inc.'s Motion to Dismiss [#4] is GRANTED IN PART as to the claims of Leslie Martin Young to be presented in the Court of Federal Claims, and their Alternative Motion to Stay Proceedings [#5] is GRANTED IN PART as to Leslie and Laurie Young's individual causes of action;

IT IS FURTHER ORDERED that Eli Lilly and Company's Motion to Dismiss [#14] is GRANTED IN PART as to the claims of Leslie Martin Young to be presented in the Court of Federal Claims, and DENIED IN PART as to Leslie and Laura Young's individual causes of action;

IT IS FURTHER ORDERED that Spectrum Laboratory Products, Inc.'s Motion to Dismiss [#7] is GRANTED IN PART as to the claims of Leslie Martin Young to be presented in the Court of Federal Claims, and DENIED IN PART as to Leslie and Laura Young's individual causes of action;

IT IS FURTHER ORDERED that Defendant The Dow Chemical Company's Motion to Dismiss [#12] is GRANTED IN PART as to the claims of Leslie Martin Young to be presented in the Court of Federal Claims, and its Alternative Motion to Stay [#12] is GRANTED IN PART as to Leslie and Laura Young's individual causes of action;

IT IS FURTHER ORDERED that Defendant The Dow Chemical Company's 12(b)(6) Motion to Dismiss and Motion for Summary Judgment [#11] are DENIED without prejudice to refiling;

IT IS FURTHER ORDERED that Plaintiffs' Motion for Continuance [#18] is DENIED;

IT IS FURTHER ORDERED that Sigma-Aldrich Corporation's Motion for Leave to File Supplemental Memorandum in Support of Their Motion to Dismiss [#16] is GRANTED;

IT IS FURTHER ORDERED that plaintiffs' claims brought as next friend of Leslie Martin Young against all defendants are DISMISSED without prejudice to refiling;

IT IS FURTHER ORDERED that plaintiffs' claims brought in their individual capacities are STAYED pending further order of this Court;

IT IS FINALLY ORDERED that the plaintiffs SHALL FILE a status report with this Court on September 8, 2003 informing the Court of the status of their petition, if any, filed on behalf of Leslie Martin Young in the Court of Federal Claims.

SIGNED this the 6th day of January 2003.

SAM SPARKS
UNITED STATES DISTRICT JUDGE