IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

03 FEB 27 AM 10:07

JIMMY CARR and SUSAN CARR, )
)
Plaintiffs, )
)
vs. ) CV 02-J-3096-NE
)
AVENTIS PASTEUR, INC., et al. )
)
Defendants. )
)

**ENTERED**
FEB 2 7 2003

## ORDER

Pending before the court are defendant Eli Lilly Company's motion to dismiss (doc. 9), defendant Sigma Aldrich Inc.'s motion to dismiss, or in the alternative, motion to stay (doc. 11), and defendants Aventis Pasteur Inc., SmithKline Beecham Corporation d/b/a GlaxoSmithKline, Merck & Co., Inc., and Wyeth's motion to dismiss (doc. 7).

Plaintiffs Jimmy and Susan Carr have brought this action to recover damages for loss of consortium and services on the basis of defendants' negligence, wantonness, fraud, conspiracy and a violation of the Alabama Extended Manufacturers Liability Doctrine (AEMLD), which plaintiffs allege caused injury to their child, Daniel Carr. Daniel Carr allegedly suffers from an autism-like disorder as a result of taking a childhood vaccine containing thimerosal, a chemical compound containing mercury, which is used as a preservative in vaccines thereby enabling the manufacturers to supply vaccines in multi-dose batches rather than in single units.

Defendants asserts that plaintiffs' claims are due to be dismissed pursuant to the

Vaccine Act. 42 U.S.C. § 300aa. The Vaccine Act provides a compensation system for injuries resulting from the administration of a childhood vaccine. *Id.* The intent behind this act was to limit litigation expenses for vaccine manufacturers thereby encouraging vaccine development. *Schafer v. American Cyanamid Co.*, 20 F.3d 1, 2 (1st Cir. 1994). Where an individual alleges vaccine related injuries he may bring a claim before a special master appointed by the United States Court of Federal Claims. An individual solely must prove that the vaccine caused his injuries in order to obtain a recovery. Subsequently, this individual may reject any recovery that he obtained and file a civil lawsuit against the manufacturers. 42 U.S.C. § 300aa-21.

Defendants assert that plaintiffs' claims are due to be dismissed because they have failed to first file a petition for relief before the special master/vaccine court. When an individual sustains vaccine-related injuries and files a civil lawsuit against a vaccine manufacturer alleging damages in excess of $1,000, he or she must first file a petition with the special master/vaccine court. 42 U.S.C. § 300aa-11(a)(2)(A); *Shalala v. Whitecotton*, 514 U.S. 268, 270, 115 S.Ct. 1477, 1478 (1995). The court is required to dismiss any action by a plaintiff who fails to file a petition before filing a civil lawsuit. 42 U.S.C. § 300aa-11(a)(2)(B). However, only the claims of individuals (or the legal representatives of those individuals) who have sustained vaccine-related injuries are barred by this requirement. 42 U.S.C. § 300aa-11a(9) and 11b(1)(A).

This action is not due to be dismissed on these grounds. Parents bringing a civil

2

action, on their own behalf, for damages to themselves, arising from injuries to their child, need not first file a petition before the vaccine court. *Schafer*, 20 F.3d at 6; *Owens v. American Home Products*, 203 F.Supp.2d 748, 756 (S.D. Tex. 2002). Parents, suing for their own injuries, are not even eligible to file a petition before the vaccine court. *Id.*; 42 U.S.C. § 300aa-11(a)(9).

The court finds that plaintiffs may have viable claims for fraud, conspiracy, loss of services of the child and AEMLD. Therefore, defendants' motions to dismiss those claims are **DENIED**. Plaintiffs' claim for negligence/wantonness merges into the claim for AEMLD as both are premised upon the same underlying allegations and theory. *Spain v. Brown & Williamson Tobacco Corp.*, 230 F.3d 1300, 1310 (11th Cir. 2000). In essence, under the facts here, plaintiffs' claim for negligence/wantonness is the same as that for AEMLD. *Id.* Defendants' motions as to plaintiffs' claim for negligence/wantonness are **GRANTED** and the claim is **DISMISSED WITH PREJUDICE**.

Plaintiffs' claim for loss of consortium is dismissed by this court as no cause of action exists under Alabama law for that type of claim. The Alabama Supreme Court has specifically found that the "loss of the society of a child...cannot form the element of recoverable damages." *Hannon v. Duncan*, 594 So.2d 85, 93 (Ala. 1992). Defendants' motions as to plaintiffs' claim for loss of consortium are **GRANTED** and that claim is **DISMISSED WITH PREJUDICE**.

A parent's claim for loss of services is derivative of the child's claim for personal

3

injury under Alabama law. *Owens v. Lucas*, 604 So.2d 389 (Ala. 1992). As this is a derivative claim, it may not proceed at this juncture because Daniel Carr's injury is currently being adjudicated in the Vaccine Court. Upon the disposition of the child's claim, the parents' claim for loss of services may proceed.

Additionally, plaintiffs may not recover any damages for their child's medical expenses resulting from the alleged injuries from the vaccine. Plaintiffs cannot make a double recovery for damages. Daniel Carr has already made a claim before the Vaccine Court for his medical expenses. Daniel Carr may file a civil action following the adjudication of his claims in Vaccine Court if he is unsatisfied with any recovery obtained. Plaintiffs' attempt to recover medical expenses through this action is nothing more than an attempt to circumvent the bar put in place by the Vaccine Act requiring a child to first seek recovery from the Vaccine Court for injuries related to a vaccine.

However, it is this court's opinion, that the plaintiffs' remaining claims before this court are due to be stayed. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166 (1936). However, the court's power to stay an action should not be abused and any stay should be narrowly tailored so as not to unduly prejudice the parties. *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co., Inc.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985).

4

There are several factors which support the imposition of a stay in this action. In order to recover on their claims, plaintiffs must establish that defendants caused the injuries sustained by their son. The general issue of whether thimerosal causes autism-like disorders is currently pending before the vaccine court. Autism General Order #1, United States Court of Federal Claims, Office of Special Masters, July 3, 2002. If it is found to cause autism or autism-like disorders, it will then be determined if this conclusion can be applied to individual cases before the Vaccine Court, including Daniel Carr's. *Id.* at 3. To reach this conclusion, a number of experts will be retained. In essence, the parties will be required "to conduct a parallel inquiry, on a different timetable, to determine plaintiffs' right to recover." *Case v. Merck & Company*, CV-02-1779, 2003 U.S. Dist. Lexis 770 (E.D. La. Jan. 17, 2003). This would be duplicative, wasteful and inefficient.

Finally, this court notes that the evidence does not demonstrate that a stay of limited duration will cause undue prejudice to the plaintiffs in this action. Therefore, a stay in this action is due to be granted in the interest of justice. In analogous situations to that present before this court, other courts have similarly ordered the implementation of stays. *Case v. Merck, et al.*, No. 02-1779, 2003 U.S. Dist. Lexis 770 (E.D. La. Jan. 17, 2003); *Russak v. Aventis Pasteur*, No. A-02-CA-480-SS, at 8 (W.D. Tex. Sept. 9, 2002); *Owens v. American Home Products Corporation*, No. G-02-185, at 1 (S.D. Tex. July 12, 2002).

Based upon the foregoing rationale, defendants' motion to stay is **GRANTED**. It is further **ORDERED** that plaintiffs shall file a status report with this court every six months from the date of this order informing the court of the status of Daniel Carr's petition in the vaccine court. This action is **STAYED** pending the outcome of the Vaccine Court proceedings.

**DONE and ORDERED** this the 27 day of February, 2003.

Inge P. Johnson
U.S. District Judge

6