FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DANIEL & LISA BORDENKIRCHER,
Individually and as Next Friend of Minor,
DYLAN BORDENKIRCHER,

Plaintiffs,

-vs-                                          Case No.  5:03-cv-443-Oc-10GRJ

AMERICAN HOME PRODUCTS, d/b/a
WYETH CO., WYETH-AYERST
LABORATORIES and LEDERLE
LABORATORIES, INC., AVENTIS
PATEUR, INC., Individually and as
Successor-in-Interest to CONNAUGHT
LABORATORIES, INC.;
GLAXOSMITHKLINE, Individually and as
Successor-in-Interest to SMITHKLINE
BEECHAM CORP.; MERCK & CO., INC.;
SIGMA-ALDRICH, INC.; SPECTRUM
LABORATORY PRODUCTS, INC.; ELI
LILLY AND COMPANY; JOHN DOE
CORPORATE DEFENDANTS 1-10; and E.
THOMNAS CARLSON, M.D.,

Defendants.

_____/

## O R D E R

This case is before the Court for consideration of the following motions: the Plaintiffs'

"Motion to Remand" (Doc. 17); a motion to dismiss (Doc. 3) filed by the Defendants Wyeth,[1]

Aventis Pasteur Incorporated, SmithKline Beecham Corporation d/b/a GlaxoSmithKline,[2]

---

[1]    Wyeth was formerly known as American Home Products.

[2]    The Defendant was mistakenly identified as "GlaxoSmithKline, Individually and as
Successor-in-Interest to SmithKline Beecham Corporation" in the Complaint (Doc. 2).

and Merck & Company Incorporated; and, separate motions to dismiss filed by the Defendants Eli Lilly & Company (Doc. 6), Spectrum Laboratory Products Incorporated (Doc. 10) and Sigma-Aldrich Incorporated (Doc. 15). A response has been filed with respect to each of these motions, which are now ripe for decision.

### Background

The facts, as set forth in the Plaintiffs' Complaint (Doc. 2), are as follows. During the first three years of his life, Dylan Bordenkircher, the minor child of Daniel and Lisa Bordenkircher, received childhood vaccinations. The vaccines contained thimerosal, a mercury-based preservative, which caused Dylan Bordenkircher to suffer neurological damage. In addition to the injuries suffered by their child, Daniel and Lisa Bordenkircher individually seek damages for loss of child services, medical expenses, negligent infliction of emotional distress, and intentional infliction of emotional distress (see Doc. 2).

The Plaintiffs assert that the Defendants Wyeth, Aventis Pasteur Incorporated, SmithKline Beecham Corporation, Merck & Company Incorporated, and Eli Lilly & Company are the manufacturers of the vaccines and that the Defendants Spectrum Laboratory Products Incorporated and Sigma-Aldrich Incorporated are the manufacturers of the thimerosal. The vaccinations were administered by Dylan Bordenkircher's pediatrician, the Defendant Dr. E. Thomas Carlson.

2

## Discussion

### 1. Motion to Remand

On December 24, 2003 the Plaintiffs filed a motion to remand (Doc. 17) this action to the Circuit Court for the Fifth Judicial Circuit in and for Lake County, Florida, on the basis that the presence of the Defendant Carlson caused a lack of complete diversity of citizenship.[3] On January 26, 2004 the United States Magistrate Judge issued a report (Doc. 37) recommending that the Plaintiffs' motion to remand be denied because the Defendant Carlson was fraudulently joined. On February 9, 2004 the Plaintiffs filed a "Notice of Voluntary Dismissal" (Doc. 46) as to the Defendant Carlson; thus, pursuant to Federal Rule of Civil Procedure 41(a)(1)(i), this action is dismissed without prejudice as to the Defendant Carlson.[4]

Because Carlson is no longer a party to this action, the basis for the Plaintiffs' motion to remand is moot.[5] Accordingly, the Plaintiffs' motion to remand is due to be denied.

### 2. Motions to Dismiss

The Defendants contend that the Plaintiffs' claims for injuries suffered by Dylan Bordenkircher are due to be dismissed because the Plaintiffs did not first exhaust their remedies pursuant to the National Childhood Vaccine Injury Compensation Act, 42 U.S.C. § 300aa-1 *et seq.*

---

[3]   The Defendant Carlson and the Plaintiffs are both citizens of Florida.

[4]   The Defendant Carlson's motion to dismiss (Doc. 29) is due to be denied as moot.

[5]   The Court notes that the Defendant SmithKline Beecham Corporation has filed a "Suggestion of Mootness" as to this issue, to which the Plaintiffs have consented (Doc. 47).

3

The Vaccine Act, 42 U.S.C. § 300aa-10, established the "National Vaccine Injury Compensation Program to be administered by the Secretary [of Heath and Human Services] under which compensation may be paid for a vaccine-related injury or death." Pursuant to 42 U.S.C. § 300aa-11, a proceeding for compensation under the program must be initiated by service upon the Secretary and the filing of a petition with the United States Court of Federal Claims by any person who has sustained a vaccine-related injury or the legal representative of such person if that person is a minor. Further, section 300aa-11(2)(A) provides that no person may bring a civil action in State or Federal court for damages arising from a vaccine-related injury against a vaccine administrator or manufacturer unless a petition has been filed with the Court of Federal Claims and either (1) the Court has issued a judgment on the petition and the person filing the petition elects to file a civil action pursuant to section 300aa-21(a) or (2) the petition is withdrawn after 240 days of inactivity in accordance with the specific provisions set forth in section 300aa-21(b). If the provisions of section 300aa-11(2)(A) are not satisfied and a civil action is filed in State or Federal court, then pursuant to 42 U.S.C. § 300aa-11(2)(B) "the court shall dismiss the action."

Section 300aa-33(5) provides that the term "'vaccine-related injury' means an illness, injury, condition, or death associated with one or more of the vaccines set forth in the Vaccine Injury Table, except that the term does not include an illness, injury, condition, or

4

death associated with an adulterant or contaminant intentionally added to such a vaccine."[6] The Plaintiffs contend that they need not exhaust the remedies provided in the Vaccine Act because thimerosal is an adulterant or contaminant (see Docs. 2 & 18). The Plaintiffs' argument is unavailing. Courts have consistently held that "neither the plain meaning of 'adulterant' nor 'contaminant' applies to thimerosal when, as here, it is purposefully used as an ingredient in the approved formulation of a vaccine."[7] Indeed, the Court of Federal Claims has recognized that thimerosal – as a preservative – is a constituent part or component of the vaccine itself; "[c]onsequently, based upon the plain meaning of the statutory terms, any injury arising from the thimerosal preservative in vaccines is encompassed within the statutory definition of 'vaccine-related injury.'"[8]

---

[6]    The Vaccine Injury Table, 42 U.S.C. § 300aa-14, is a table of vaccines. Although the Plaintiffs do not set forth which vaccines Dylan Bordenkircher received, there appears to be no dispute that he received vaccines which are listed on the Vaccine Injury Table.

[7]    Owens v. American Home Products, 203 F. Supp. 2d 748, 755 (S.D. Tex. 2002). See also Laughter v. Aventis Pasteur, Inc., 291 F. Supp. 2d 406, 410 (M.D. N.C. 2003) (stating that the weight of authority is contrary to the Plaintiffs' position that thimerosal is an adulterant or contaminant); Murphy v. Aventis Pasteur, Inc., 270 F. Supp. 2d 1368, 1375 (N.D. Ga. 2003) (stating that "[t]himerosal is not an adulterant or contaminant as those terms are used in the statute."); Liu v. Aventis Pasteur, Inc., 219 F. Supp. 2d 762, 766 (W.D. Tex. 2002) (recognizing that "it appears every federal court to have ruled on the issue [of whether thimerosal is an adulterant or contaminant] has held injuries resulting from thimerosal contained in vaccines are vaccine related under the meaning of the Vaccine Act.").

[8]    Leroy v. Secretary of the Department of Health and Human Services, 2002 U.S. Claims LEXIS 284, * 18 (Fed. Cl. October 11, 2002).

The Plaintiffs' claims as to Dylan Bordenkircher's injuries, allegedly caused by his exposure to thimerosal, are "vaccine-related injuries."[9]  The Plaintiffs have not alleged exhaustion in accordance with the explicit provisions of the Vaccine Act.  Accordingly, the claims alleged in this civil action by Daniel and Lisa Bordenkircher on behalf of their minor child, Dylan Bordenkircher, are due to be dismissed without prejudice.

Daniel and Lisa Bordenkircher's individual capacity claims – for loss of child services, medical expenses, negligent infliction of emotional distress, and intentional infliction of emotional distress – stem from Dylan Bordenkircher's vaccine-related injury claims. Concerns for judicial economy, consistency, and efficiency require that these derivative claims be stayed.[10]  Accordingly, the Defendants' motions to stay are due to be granted.[11]

### Conclusion

Upon due consideration, and for the foregoing reasons, it is ordered that:

(1) This action is dismissed without prejudice as to the Defendant Dr. E. Thomnas Carlson and the Defendant Carlson's motion to dismiss (Doc. 29) is DENIED as moot.

(2) The Plaintiffs' motion to remand (Doc. 17) is DENIED.

---

[9]    See, e.g., Laughter, 291 F. Supp. 2d at 410; Murphy, 270 F. Supp. 2d at 1375; Liu, 219 F. Supp. 2d at 766; Owens, 203 F. Supp. 2d at 755.

[10]    The Court notes that the Defendant SmithKline Beechem Corporation has filed six separate orders issued by Judge Bucklew for this Court in cases that are similar or identical to this action where the Court stayed the plaintiffs' derivative individual capacity claims. See Doc. 44.

[11]    With respect to the Plaintiffs' individual capacity claims, the Defendants moved to dismiss these claims on the merits, or in the alternative, to stay the proceedings.

6

(3) The Defendants' motions to dismiss (Docs. 3, 6, 10, & 15) are GRANTED in part and the Plaintiffs' claims as to Dylan Bordenkircher's injuries are DISMISSED without prejudice.[12] The Clerk is directed to enter judgment to that effect.

(4) The Defendants' motions to stay (Docs. 3, 6, 10, & 15) are GRANTED and Daniel Bordenkircher's and Lisa Bordenkircher's individual capacity claims are STAYED.

(5) Since the action will be dormant while stayed, the Clerk is directed to administratively close the file subject to the right of any party to move at any time in the future to reopen the action for good cause shown.


IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this ___25th___ day of March, 2004.

UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record
              Maurya McSheehy, Courtroom Deputy

---

[12]    Leave to amend would be fruitless since it appears from the Plaintiffs' papers that no proceeding has previously been instituted under the Act.

7

F I L E   C O P Y

Date Printed: 03/26/2004

Notice sent to:

____ L.H. Steven Savola, Esq.
Ferraro & Associates, P.A.
4000 Ponce de Leon Blvd., Suite 700
Miami, FL  33146

5:03-cv-00443    lmf

____ Jeffrey S. Respler, Esq.
Ferraro & Associates, P.A.
4000 Ponce de Leon Blvd., Suite 700
Miami, FL  33146

5:03-cv-00443    lmf

____ William E. Lawton, Esq.
Dean, Ringers, Morgan and Lawton, P.A.
201 E. Pine St., Suite 1200
P.O. Box 2928
Orlando, FL  32802-2928

5:03-cv-00443    lmf

____ Daniel J. Thomasch, Esq.
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY  10103

5:03-cv-00443    lmf

____ Lauren Elliot, Esq.
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY  10103

5:03-cv-00443    lmf

____ Richard Mark, Esq.
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY  10103

5:03-cv-00443    lmf

____ Sean Shields, Esq.
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY  10103

5:03-cv-00443    lmf

James P. Murray, Esq.
Fowler White Burnett, P.A.
Bank of America Tower
100 S.E. 2nd St., 17th Floor
Miami, FL  33131-1101

5:03-cv-00443    lmf

Stephanie Smith, Esq.
Fulbright & Jaworski, L.L.P.
600 Congress Ave., Suite 2400
Austin, TX  78701-3271

5:03-cv-00443    lmf

Marcy Greer, Esq.
Fulbright & Jaworski, L.L.P.
600 Congress Ave., Suite 2400
Austin, TX  78701-3271

5:03-cv-00443    lmf

Mary Hogan Greer, Esq.
Fulbright & Jaworski, L.L.P.
600 Congress Ave., Suite 2400
Austin, TX  78701-3271

5:03-cv-00443    lmf

Barclay A. Manley, Esq.
Fulbright & Jaworski LLP
1301 McKinney, Suite 1500
Houston, TX  77010-3095

5:03-cv-00443    lmf

Barbara Ehrich Locke, Esq.
Holland & Knight LLP
701 Brickell Ave., Suite 3000
P.O. Box 015441
Miami, FL  33131-5441

5:03-cv-00443    lmf

G. Calvin Hayes, Esq.
Holland & Knight, LLP
100 N. Tampa St., Suite 4100
P.O. Box 1288
Tampa, FL  33601-1288

5:03-cv-00443    lmf

Brett J. Preston, Esq.
Hill, Ward & Henderson, P.A.
101 E. Kennedy Blvd., Suite 3700
P.O. Box 2231
Tampa, FL  33601

5:03-cv-00443    lmf

___ Richard Josephson, Esq.
Baker & Botts, L.L.P.
One Shell Plaza
910 Louisiana
Houston, TX  77002

5:03-cv-00443    lmf

___ Douglas Roberson, Esq.
Baker & Botts, L.L.P.
One Shell Plaza
910 Louisiana
Houston, TX  77002

5:03-cv-00443    lmf

___ Paul Elliott, Esq.
Baker & Botts, L.L.P.
One Shell Plaza
910 Louisiana
Houston, TX  77002

5:03-cv-00443    lmf

___ Hugh J. Turner Jr., Esq.
Akerman Senterfitt
350 E. Las Olas Blvd., Suite 1600
Ft. Lauderdale, FL  33301-2229

5:03-cv-00443    lmf

___ Pamela M.M. Holcombe, Esq.
Akerman Senterfitt
350 E. Las Olas Blvd., Suite 1600
Ft. Lauderdale, FL  33301-2229

5:03-cv-00443    lmf

___ Amy S. Harris, Esq.
McCauley, Macdonald & Devin
3800 Renaissance Tower
1201 Elm St.
Dallas, TX  75270

5:03-cv-00443    lmf

___ Lawrence D. Smith Jr., Esq.
Walton, Lantaff, Schroeder & Carson
9350 S. Dixie Highway, 10th Floor
Miami, FL  33156

5:03-cv-00443    lmf

___ Natasha Talib, Esq.
Walton, Lantaff, Schroeder & Carson
9350 S. Dixie Highway, 10th Floor
Miami, FL  33156

5:03-cv-00443    lmf

____ Christopher Bayuk, Esq.
Bayuk & Associates, P.A.
610 W. Ash St., Suite 1800
San Diego, CA  92101

5:03-cv-00443   lmf

____ Hildy Herrera Sastre, Esq.
Shook, Hardy & Bacon, L.L.P.
Miami Center, Suite 2400
201 S. Biscayne Blvd.
Miami, FL  33131-4332

5:03-cv-00443   lmf

____ Deborah A. Moeller, Esq.
Shook, Hardy & Bacon, L.L.P.
One Kansas City Place
2555 Grand Blvd.
Kansas City, MO  64108-2613

5:03-cv-00443   lmf

____ Terrence J. Sexton, Esq.
Shook, Hardy & Bacon, L.L.P.
One Kansas City Place
2555 Grand Blvd.
Kansas City, MO  64108-2613

5:03-cv-00443   lmf

____ Matt Crimmins, Esq.
Shook, Hardy & Bacon, L.L.P.
One Kansas City Place
2555 Grand Blvd.
Kansas City, MO  64108-2613

5:03-cv-00443   lmf

____ David Christopher Banker, Esq.
Shook, Hardy & Bacon, L.L.P.
100 N. Tampa St., Suite 2900
P.O. Box 898
Tampa, FL  33602-5810

5:03-cv-00443   lmf

____ Nancy Jean Stewig, Esq.
Shook, Hardy & Bacon, L.L.P.
100 N. Tampa St., Suite 2900
P.O. Box 898
Tampa, FL  33602-5810

5:03-cv-00443   lmf

____ William Peter Martin, Esq.
Dennis, Bowman, Jackson, Martin & Fontela, P.A.
2367 Centerville Rd.
P.O. Box 15589
Tallahassee, FL  32317-5589

5:03-cv-00443    lmf

Craig A. Dennis, Esq.
Dennis, Bowman, Jackson, Martin & Fontela, P.A.
2367 Centerville Rd.
P.O. Box 15589
Tallahassee, FL  32317-5589

5:03-cv-00443    lmf

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DANIEL & LISA BORDENKIRCHER,
Individually and as Next Friend of Minor,
DYLAN BORDENKIRCHER,

Plaintiffs,

-vs-                                        Case No.  5:03-cv-443-Oc-10GRJ

AMERICAN HOME PRODUCTS, d/b/a
WYETH CO., WYETH-AYERST
LABORATORIES and LEDERLE
LABORATORIES, INC., AVENTIS
PATEUR, INC., Individually and as
Successor-in-Interest to CONNAUGHT
LABORATORIES, INC.;
GLAXOSMITHKLINE, Individually and as
Successor-in-Interest to SMITHKLINE
BEECHAM CORP.; MERCK & CO., INC.;
SIGMA-ALDRICH, INC.; SPECTRUM
LABORATORY PRODUCTS, INC.; ELI
LILLY AND COMPANY; JOHN DOE
CORPORATE DEFENDANTS 1-10; and E.
THOMNAS CARLSON, M.D.,

Defendants.
_____/

## O R D E R

On March 25, 2004 the Court entered an Order (Doc. 51) dismissing the Plaintiffs'

claims as to Dylan Bordenkircher's injuries, which were allegedly caused by his exposure

to thimerosal, a mercury-based preservative contained in vaccines that he received during

the first three years of his life.  The Court stayed Daniel and Lisa Bordenkircher's individual

capacity claims – for loss of child services, medical expenses, negligent infliction of



emotional distress, and intentional infliction of emotional distress – as derivative of Dylan Bordenkircher's vaccine-related injury claims (see Doc. 51). Judgment was entered accordingly (Doc. 52).

The Defendants have filed a "Motion for Partial Reconsideration" (Doc. 53) as to Daniel and Lisa Bordenkircher's individual capacity claim for medical expenses. In Count I of the Plaintiffs' complaint (Doc. 2) Daniel and Lisa Bordenkircher seek damages against the Defendants for the medical expenses that they "have incurred, and continue to incur . . . for treatment of the injuries suffered by the minor, Dylan Bordenkircher." The Defendants contend that such a claim should have been dismissed, as opposed to stayed, because the remedies available pursuant to the National Childhood Vaccine Injury Compensation Act, 42 U.S.C. § 300aa-1 *et seq.*, were not first exhausted. The Court agrees with the Defendants.

The Vaccine Act, 42 U.S.C. § 300aa-10, established the "National Vaccine Injury Compensation Program to be administered by the Secretary [of Heath and Human Services] under which compensation may be paid for a vaccine-related injury or death."[1] Pursuant to 42 U.S.C. § 300aa-15(a)(1)(A)(i)-(iii)(I), the Vaccine Act allows compensation under the program for "[a]ctual unreimbursable expenses incurred from the date of the judgment awarding such expenses and reasonable projected expenses which (i) result

---

[1] Section 300aa-33(5) provides that the term "'vaccine-related injury' means an illness, injury, condition, or death associated with one or more of the vaccines set forth in the Vaccine Injury Table, except that the term does not include an illness, injury, condition, or death associated with an adulterant or contaminant intentionally added to such a vaccine."

2

from the vaccine-related injury for which the petitioner seeks compensation, (ii) have been or will be incurred by or on behalf of the person who suffered such injury, and (iii)(I) have been or will be for diagnosis and medical or other remedial care determined to be reasonably necessary."

The medical expenses sought by Daniel and Lisa Bordenkircher are clearly damages incurred by, or on behalf of, Dylan Bordenkircher for his vaccine-related injuries. There is no dispute that the Plaintiffs have not exhausted the remedies available under the Vaccine Act. Thus, because the Vaccine Act provides for the payment of the medical expenses sought by the Plaintiffs, and because the remedies available under the Act have not been exhausted, whether the claim is characterized as an individual capacity claim or a derivative claim, it is due to be dismissed.[2]

Upon due consideration and for the foregoing reasons it is ordered that:

(1) the Defendants' motion for reconsideration (Doc. 53) is GRANTED and Daniel and Lisa Bordenkircher's claim for medical expenses is DISMISSED without prejudice; and,

---

[2]    See, e.g., Strauss v. American Home Products Corp., 208 F. Supp. 2d 711, 715 n.8 (S.D. Tex. 2002) (recognizing that because the Vaccine Act provides compensation for medical expenses incurred by or on behalf of the minor child, the child's parents could not assert individual claims for such expenses unless and until the procedures provided by the Vaccine Act had been exhausted); Chiles v. American Home Products Corp., 2003 WL 22287527 (N.D. Tex. October 2, 2003) (stating that because the Vaccine Act provides for the payment of expenses incurred on the minor child's behalf, the child's parents' claims for such expenses must be dismissed); Lane v. American Home Products Corp., Case No. 03-62000-CV-HUCK/Turnoff (S.D. Fla. March 16, 2004) (J. Huck) (Doc. 53, Exhibit 2) (stating that because the Vaccine Act provides for the medical expenses sought by the minor child's parents, the parents' medical expenses claim is barred until the remedy available in the Vaccine Court has been exhausted).

3

(2) the Clerk is directed to amend the judgment entered on March 25, 2004 (Doc. 52) to include that Daniel and Lisa Bordenkircher's claim for medical expenses is dismissed without prejudice.


IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this ___27 th___ day of April, 2004.


_____
UNITED STATES DISTRICT JUDGE

Copiess to:  Counsel of Record

4

**FILE COPY**

Date Printed: 04/28/2004

Notice sent to:

    \_\_\_   L.H. Steven Savola, Esq.
           Ferraro & Associates, P.A.
           4000 Ponce de Leon Blvd., Suite 700
           Miami, FL  33146

           5:03-cv-00443    ail

    \_\_\_   Jeffrey S. Respler, Esq.
           Ferraro & Associates, P.A.
           4000 Ponce de Leon Blvd., Suite 700
           Miami, FL  33146

           5:03-cv-00443    ail

    \_\_\_   William E. Lawton, Esq.
           Dean, Ringers, Morgan and Lawton, P.A.
           201 E. Pine St., Suite 1200
           P.O. Box 2928
           Orlando, FL  32802-2928

           5:03-cv-00443    ail

    \_\_\_   Daniel J. Thomasch, Esq.
           Orrick, Herrington & Sutcliffe LLP
           666 Fifth Avenue
           New York, NY  10103

           5:03-cv-00443    ail

    \_\_\_   Lauren Elliot, Esq.
           Orrick, Herrington & Sutcliffe LLP
           666 Fifth Avenue
           New York, NY  10103

           5:03-cv-00443    ail

    \_\_\_   Richard Mark, Esq.
           Orrick, Herrington & Sutcliffe LLP
           666 Fifth Avenue
           New York, NY  10103

           5:03-cv-00443    ail

    \_\_\_   Sean Shields, Esq.
           Orrick, Herrington & Sutcliffe LLP
           666 Fifth Avenue
           New York, NY  10103

           5:03-cv-00443    ail

Fowle: ____le Burnett, P.A.
Bank ( )merica Tower
100 S.E. 2nd St., 17th Floor
Miami, FL  33131-1101

5:03-cv-00443   ail

Stephanie Smith, Esq.
Fulbright & Jaworski, L.L.P.
600 Congress Ave., Suite 2400
Austin, TX  78701-3271

5:03-cv-00443   ail

Marcy Greer, Esq.
Fulbright & Jaworski, L.L.P.
600 Congress Ave., Suite 2400
Austin, TX  78701-3271

5:03-cv-00443   ail

Mary Hogan Greer, Esq.
Fulbright & Jaworski, L.L.P.
600 Congress Ave., Suite 2400
Austin, TX  78701-3271

5:03-cv-00443   ail

Barclay A. Manley, Esq.
Fulbright & Jaworski LLP
1301 McKinney, Suite 1500
Houston, TX - 77010-3095

5:03-cv-00443   ail

Barbara Ehrich Locke, Esq.
Holland & Knight LLP
701 Brickell Ave., Suite 3000
P.O. Box 015441
Miami, FL  33131-5441

5:03-cv-00443   ail

G. Calvin Hayes, Esq.
Holland & Knight, LLP
100 N. Tampa St., Suite 4100
P.O. Box 1288
Tampa, FL  33601-1288

5:03-cv-00443   ail

Brett J. Preston, Esq.
Hill, Ward & Henderson, P.A.
101 E. Kennedy Blvd., Suite 3700
P.O. Box 2231
Tampa, FL  33601

5:03-cv-00443   ail

Baker _____ ts, L.L.P.
One Sh___ Plaza
910 Lou___iana
Houston, TX  77002

5:03-cv-00443   ail

Douglas Roberson, Esq.
Baker & Botts, L.L.P.
One Shell Plaza
910 Louisiana
Houston, TX  77002

5:03-cv-00443   ail

Paul Elliott, Esq.
Baker & Botts, L.L.P.
One Shell Plaza
910 Louisiana
Houston, TX  77002

5:03-cv-00443   ail

Hugh J. Turner Jr., Esq.
Akerman Senterfitt
350 E. Las Olas Blvd., Suite 1600
Ft. Lauderdale, FL  33301-2229

5:03-cv-00443   ail

Pamela M.M. Holcombe, Esq.
Akerman Senterfitt
350 E. Las Olas Blvd., Suite 1600
Ft. Lauderdale, FL  33301-2229

5:03-cv-00443   ail

Amy S. Harris, Esq.
McCauley, Macdonald & Devin
3800 Renaissance Tower
1201 Elm St.
Dallas, TX  75270

5:03-cv-00443   ail

Lawrence D. Smith Jr., Esq.
Walton, Lantaff, Schroeder & Carson
9350 S. Dixie Highway, 10th Floor
Miami, FL  33156

5:03-cv-00443   ail

Natasha Talib, Esq.
Walton, Lantaff, Schroeder & Carson
9350 S. Dixie Highway, 10th Floor
Miami, FL  33156

5:03-cv-00443   ail

Bayuk Associates, P.A.
610 W. Ash St., Suite 1800
San Diego, CA  92101

5:03-cv-00443   ail

Hildy Herrera Sastre, Esq.
Shook, Hardy & Bacon, L.L.P.
Miami Center, Suite 2400
201 S. Biscayne Blvd.
Miami, FL  33131-4332

5:03-cv-00443   ail

Deborah A. Moeller, Esq.
Shook, Hardy & Bacon, L.L.P.
One Kansas City Place
2555 Grand Blvd.
Kansas City, MO  64108-2613

5:03-cv-00443   ail

Terrence J. Sexton, Esq.
Shook, Hardy & Bacon, L.L.P.
One Kansas City Place
2555 Grand Blvd.
Kansas City, MO  64108-2613

5:03-cv-00443   ail

Matt Crimmins, Esq.
Shook, Hardy & Bacon, L.L.P.
One Kansas City Place
2555 Grand Blvd.
Kansas City, MO  64108-2613

5:03-cv-00443   ail

David Christopher Banker, Esq.
Shook, Hardy & Bacon, L.L.P.
100 N. Tampa St., Suite 2900
P.O. Box 898
Tampa, FL  33602-5810

5:03-cv-00443   ail

Nancy Jean Stewig, Esq.
Shook, Hardy & Bacon, L.L.P.
100 N. Tampa St., Suite 2900
P.O. Box 898
Tampa, FL  33602-5810

5:03-cv-00443   ail

William Peter Martin, Esq.
Dennis, Bowman, Jackson, Martin & Fontela, P.A.
2367 Centerville Rd.
P.O. Box 15589
Tallahassee, FL  32317-5589

5:03-      43     ail

Craig ... Dennis, Esq.
Dennis, Bowman, Jackson, Martin & Fontela, P.A.
2367 Centerville Rd.
P.O. Box 15589
Tallahassee, FL  32317-5589

5:03-cv-00443    ail