|  |  |
|---|---|
| ROBERT and THOKO ALLEMAN Individually and as Parents and Next Friends of DEXTER and DOMINIC, Minors, et al. | * IN THE |
|  | * CIRCUIT COURT |
|  | * FOR |
| Plaintiffs | * BALTIMORE CITY |
| v. | * Case No: 24-C-03-009646 |
| SIGMA-ALDRICH, INC., et al. | * |
| Defendants | * |
|  | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The Plaintiffs' case joins a series of cases filed in this Court. See Agebaku, et al. v. Sigma-Aldrich, Inc., et al. (Case No. 24-C-02-004243); Hanson, et al. v. Sigma Aldrich, Inc., et al. (Case No.: 24-C-03-001262); and Jeanette Price v. Sigma-Aldrich, Inc., et al. (Case No.: 24-C-04-001520). The gravamen of the plaintiffs' claims in this and other related cases is that certain companies that manufacture and/or use thimerosal (a mercury-containing preservative commonly found in vaccines) injured the plaintiffs' minor children through the administration of childhood vaccines and exposure to other thimerosal-laden products.[1]

## STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a cause of action pursuant to Md. Rule 2-322(b)(2), a trial court

---

[1] The plaintiffs also allege that power generating facilities owned and/or operated by Baltimore Gas & Electric Company emit mercury into the atmosphere and that exposure to mercury emissions contributed to the harm previously suffered by their children. Baltimore Gas & Electric Company has filed a Motion to Dismiss that is presently pending before this Court.

must assume the truth of all well-pleaded relevant material facts in the Complaint and all inferences reasonably drawn therefrom. Bobo v. State, 346 Md. 706, 708 (1997); Bd. of Education of Montgomery County v. Browning, 333 Md. 281, 286 (1994) (["the court] must accept as true all well-pleaded facts and allegations in the complaint"); Stone v. Chicago Title Ins. Co., 330 Md. 329, 333 (1993); Bennett Heating & Air Conditioning v. Nationsbank, 103 Md. App. 749, 757 (1998), rev'd on other grounds, 342 Md. 169 (1996).

Dismissal is proper if the facts alleged in the initial pleadings fail to state a cause of action. Lubore v. RPM Assocs., 109 Md. App. 312, 322, cert. denied sub nom RPM Assocs. v. Lubore, 343 Md. 565 (1996). Alternatively, the motion to dismiss must be denied when the facts, if proven, would entitle Plaintiff to relief. Morris v. Osmose Wood Preserving, 340 Md. 519, 531 (1995); see also Stone v. Chicago Title Ins. Co. of MD., 330 Md. 329 (1993). When moving to dismiss, a defendant is asserting that even if the allegations of the Complaint are true, Plaintiff is not entitled to relief as a matter of law. Lubore, supra, 109 Md. App. at 322.

## SUBJECT MATTER JURISDICTION

A.  **Vaccine Defendants[2]**

Defendants argue that the Plaintiff's injuries are governed by what is commonly referred to as the Vaccine Act. Specifically, 42 U.S.C.S. § 300aa-11(a)(2)(A), provides that:

> No person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount against a vaccine administrator or manufacturer in a State or Federal court for damages arising from a vaccine-related injury or death associated with the administration of a vaccine after the effective date of this part, and no such court may award damages in an amount greater than $1,000 in a civil action for damages for such a vaccine-related injury or death, unless a petition has been filed, in accordance with 42 U.S.C.S. § 300aa-16, for compensation under the Program for such injury or death.

Further, Defendants contend that Plaintiff's Complaint must be dismissed because Plaintiffs failed to exhaust any and all remedies provided by the Vaccine Act's no-fault compensation program before they filed a civil Complaint. Defendants maintain that before filing a Complaint against manufacturers and distributors of a vaccine, Plaintiffs must first file a petition for compensation in a specially constituted court of special masters that is part of the United States Court of Federal Claims (hereinafter the "Vaccine Court").

---

[2] There are several categories of Defendants who, for ease of reference, are described as the "Vaccine Defendants," the "Thimerosal Defendants" and the "Power Plant Defendants". The Vaccine Defendants include: (1) Aventis Pasteur, Inc. (hereinafter "Aventis"); (2) Baxter Healthcare Corporation (hereinafter "Baxter"); (3) Merck & Co., Inc. (hereinafter "Merck"); (4) SmithKline Beecham Corporation d/b/a GlaxoSmithKline (hereinafter "GSK"); and (5) Wyeth (formerly known as American Home Products Corporation).

-3-

The Plaintiffs contend that: (1) the vaccine defendants' motion to dismiss involves questions of fact (see plaintiffs' Opposition at 5-7); (2) the Vaccine Act is unconstitutional under Article I of the United States Constitution because Congress did not enact it pursuant to one of its enumerated powers (see plaintiffs' Opposition at 7-8, 11-12, 16-20 and 25-26); (3) that one of those enumerated powers cannot be the Commerce Clause because the Vaccine Act exceeds the scope of Congress' authority under that provision (see plaintiffs' Opposition at 11-16); (4) the Act violates the Tenth Amendment (see plaintiffs' Opposition at 8-11); and (5) the Act violates Article III of the United States.

## DECISION

Initially, this Court determines that the questions presented in the motion to dismiss are not questions of fact but questions of law. Indeed, this Court has not been presented with nor has it unearthed any authority supporting plaintiffs' contention that the motion involves questions of fact. Accordingly, this Court must determine - - as a matter of law - - whether the thimerosal preservative in vaccines is an 'adulterant' or 'contaminant' as defined in the Vaccine Act. If the thimerosal preservative is an 'adulterant' or 'contaminant,' the Plaintiffs are exempt from filing a claim in the Vaccine Court. The Vaccine Act defines broadly the term 'vaccine related injury' as "an illness, injury, condition, or death associated with" vaccines listed in the Act,

-4-

but not a condition "associated with an adulterant or contaminant intentionally added to such a vaccine." 42 U.S.C. § 300aa-33(5).

Numerous courts have ruled on this issue and have held, as a matter of law, that thimerosal is **not** an adulterant or contaminant and have dismissed claims, identical to those brought here by Plaintiffs, for lack of subject-matter jurisdiction.[3] Significantly, a Texas court held that the "language of the Vaccine Act unambiguously and specifically indicates that injuries caused by vaccine preservatives (i.e., thimerosal) are within its scope...it is clear that Congress has spoken to the precise question at issue." Owens v. Am. Home Prods. Corp., 203 F. Supp. 2d 748, 756 n. 11 (S.D. Tex. 2002).

Clearly, case law issued after the Vaccine Act and rules of statutory interpretation support the conclusion that injuries allegedly caused by the thimerosal preservative constitute vaccine-

---

[3] See Laughter v. Aventis Pasteur, Inc., 291 F. Supp. 2d 406 (M.D.N.C. 2003); Liu v. Aventis Pasteur, Inc. 219 F. Supp. 2d 762 (W.D. Tex. 2002); Owens v. Am. Home Prods. Corp., 203 F. Supp. 2d 748 (S.D. Tex. 2002); O'Connell v. Am. Home Prods. Corp., No. G-02-184 (S.D. Tex. May 7, 2002); Blackmon v. Am. Home Prods. Corp., No. G-02-179 (S.D. Tex. May 8, 2002); Collins v. Am. Home Prods. Corp., No. 3:01CV979LN (S.D. Miss. Aug. 2, 2002); McDonald v. Abbott Labs, Inc.,3:02CV77LN (S.D. Miss. Aug. 2, 2002); Stewart v. Am. Home Prods. Corp., No. 3:02CV427LN (S.D. Miss. Aug. 2, 2002); Greene v. Aventis Pasteur, Inc., No. L-1228-012 (N.J. Super. Ct. Aug. 8, 2002); Colson v. Aventis Pasteur, Inc., No. L-1351-02 (N.J. Super. Ct. Aug. 8, 2002); Russak v. Aventis Pasteur, Inc., No. A-02-CA-480-SS (W.D. Tex. Sept. 9, 2002); Carabine v. Aventis Pasteur, Inc., No. A-02-CA-501-SS (W.D. Tex. Oct. 8, 2002); Holder v. Abbott Labs., No. 4:02-CV-148LN (S.D. Miss. Oct. 15, 2002); Max v. Aventis Pasteur, Inc., No. CV 02-2018 (JBW)(E.D.N.Y. Oct. 28, 2002); Mead v. Aventis Pasteur, Inc., No. 0107-07136 (Or. Cir. Ct. Nov. 6, 2002); Radulovic v. Am. Home Prods. Corp., No. 02-05033 (Fl. Cir. Ct. Nov. 19, 2002); Cheskiewicz v. Aventis Pasteur, Inc., No. 0952 (Pa. C. Dec. 16, 2002); Young v. Aventis Pasteur, Inc., No. A-02-CA-734-SS (W.D. Tex. Jan. 6, 2003); Botter v. Aventis Pasteur, Inc., No. 9:02-CV-181 (E.D. Tex. Jan. 13, 2003); Shanaughy v. Wyeth, No. 02-1517 CAWS (Fl. Cir. Ct. Jan. 17, 2003); Murphy v. Aventis Pasteur, Inc., No. 1:02-CV-2257-CAP (N.D. Ga. Feb. 25, 2003).

related injuries. Accordingly, this Court finds that the Plaintiffs' injuries caused by the thimerosal preservative indeed constitute vaccine-related injuries.[4]

The Vaccine Act provides that:

> No person may bring a civil action for damages in an amount greater than $1,000...against a vaccine administrator or manufacturer in a State or Federal court for damages arising from a vaccine-related injury...unless a petition has been filed, in accordance with section 300aa-16 of this title, for compensation under the Program for such injury...

42 U.S.C. § 300aa-11(a)(2)(A). It is well settled that the Court must look at the plain language of the statute when determining its meaning. Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 475 (1992). As long as the language of the statute is clear, the function of the court is to enforce it according to its terms. United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242 (1989).

However, if the plain language is ambiguous, the Court must look to the legislative history of the statute. The Vaccine Act expressly provides that: "[n]o person may bring a civil action for

---

[4] Plaintiffs argue that the Act does not apply to their claims because of the adulterant/contaminant exception of 42 U.S.C. § 300aa-33(5). Although the terms 'adulterant' and 'contaminant' are not defined in the Act, established principles of statutory construction mandate the conclusion thimerosal, when used as a preservative in licensed vaccines, is a constituent ingredient of the vaccines and not an adulterant or contaminant. In addition, both the Vaccine Court and the Secretary of the Health and Human Services have determined that thimerosal-related claims are included within the statutory definition of "vaccine related injury" because thimerosal is not an 'adulterant' or 'contaminant.' Amendola v. Secretary of HHS, 989 F.2d 1180, 1186 (Fed. Cir. 1993); Leroy v. Secretary of HHS, No. 02-392V (Fed. Cl. Oct. 11, 2002).

damages in an amount greater than $1,000" for damages incurred from a vaccine-related injury unless a petition has been filed in the Vaccine Court. 42 U.S.C. § 300aa-11(a)(2)(A). As virtually all of the Courts interpreting the Vaccine Act have held, this Court finds that the language in the Vaccine Act is clear and unambiguous. See, e.g., Owens v. An. Home. Prods. Corp., supra, 203 F. Supp. at 756; O'Connell v. Am. Home Prods. Corp., No. G-02-184 (S.D. Tex. May 7, 2002); Blackmon v. Am. Home Prods. Corp., No. G-02-179 (S.D. Tex. May 8, 2002).

Although this Court need not look to the legislative history in interpreting the Act, a review of the legislative history solidifies the Act's plain meaning: "All individuals injured by a vaccine administered after the date of enactment of the legislation are required to go through the compensation program ... before other remedies may be pursued." H.R. Rep. No. 99-908, at 3, reprinted in 1986 U.S.C.C.A.N. at 6344. It is only after a claimant has exhausted the no-fault compensation system that the claimant may elect to refuse any award or compensation and file a civil action. 42 U.S.C. § 300aa-21(a). This Court finds that Plaintiffs' injuries from the thimerosal preservative constitute vaccine-related injuries within the contemplation of the Vaccine Act. Accordingly, Plaintiffs failed to exhaust their remedies in the Vaccine Court before filing their action in this Court.

Further, the express terms of the Act are instructive.

-7-

Section 42 U.S.C. § 300aa-11(a)(2)(B) expressly provides that: "If a civil action which is barred under [§ 300aa-11(a)(2)] is filed in a State or Federal court, the court shall dismiss the action." Furthermore, state and federal courts have dismissed such cases for lack of subject-matter jurisdiction to decide the merits of vaccine-related injury claims. See <u>Brown v. Secretary of HHS</u>, 874 F. Supp. 238, 241 (S.D. Ind. 1994)(granting motion to dismiss for lack of subject-matter jurisdiction on this basis), aff'd mem., 61 F.3d 905 (7th Cir. 1995), 1995 WL 395753; <u>Greene v. Aventis Pasteur & Colson v. Aventis Pasteur</u>, Nos. L-1288-02, L-1351-02, slip op. at 5 (N.J. Super. Ct. Aug. 8, 2002)(dismissing thimerosal-related claims because "Plaintiffs' alleged injuries are vaccine-related and this Court lacks jurisdiction in these matters"). Accordingly, inasmuch as Plaintiffs' filed their claim in State court without first exhausting their remedies in the Vaccine Court, this Court must dismiss the vaccine-related injury claims for lack of subject-matter jurisdiction.

In sum, this Court finds - - as a matter of law - - that injuries related to the preservative thimerosal are encompassed within the definition of "vaccine-related injuries" in the Vaccine Act. As a result, Plaintiffs must first file their claim with the Vaccine Court. Inasmuch as this Court lacks subject-matter jurisdiction to preside over Plaintiffs' primary claims for vaccine-related injuries against the Vaccine Defendants, it must

-8-

dismiss such claims for vaccine-related injuries.[5]

B.  **Thimerosal Defendants**[6]

The Thimerosal Defendants have adopted and incorporated the Vaccine Defendants' arguments regarding this Court's lack of subject-matter jurisdiction. For reasons stated previously (see discussion at pp. 3 - 8), this Court finds that the causes of action arising out of vaccines containing thimerosal are vaccine-related. Further, this Court holds, as the Vaccine Court held in Leroy v. Secretary of the Dept. of Health & Human Servs., No. 02-382V (Fed. Cl. Oct. 11, 2002), that the preservative thimerosal is not an adulterant or contaminant because a "preservative is not an intentionally added ingredient of the vaccine meant to make impure, inferior, or contaminate the vaccine end product." Id. at 6 -7. Rather, as a vaccine preservative, thimerosal is a constituent part or component part of the vaccine, thereby further buttressing this Court's decision that thimerosal-related injuries fall within the ambit of vaccine-related injuries.

---

[5] Plaintiffs also allege that they are exempt from filing their claim in Vaccine Court because they are not qualified to do so, as they are beyond the 36-month statute of limitation time period to file a claim. This Court finds such reasoning illogical. Plaintiffs' argument, if considered valid, would allow all future vaccine-related injured plaintiffs to simply "sit on their hands" and wait for the 36-month statute of limitations to pass in order to bypass the no-fault compensation program in the Vaccine Court and go straight to state or federal court. Such an approach is "counter to the intent of Congress." See McDonald v. Lederle Labs, 775 A.2d 528, 532 (N.J. Super. Ct. App. Div. 2001).

[6] In their Complaint, Plaintiffs have alleged that the Thimerosal Defendants manufactured and marketed thimerosal. The Thimerosal Defendants include: (1) Sigma-Aldrich, Inc.; (2) American International Chemical, Inc.; (3) Spectrum Laboratory Products, Inc. and (4) Eli Lilly and Company.

Accordingly, Plaintiffs must first exhaust all administrative remedies in Vaccine Court before filing a civil action in this Court. Because Plaintiffs failed to file their claims in the Vaccine Court "in the first instance", this Court must dismiss the action against the Thimerosal Defendants for lack of subject-matter jurisdiction.

## CONSTITUTIONAL CHALLENGES

Plaintiffs raise several constitutional challenges including, but not limited to: (1) the Vaccine Act was not enacted pursuant to a constitutionally enumerated power and violates numerous provisions of the Constitution including the Fourth Amendment; (2) the Vaccine Act is not properly enacted by the Federal Legislature under a constitutionally enumerated power; and (3) the Vaccine Act is not constitutionally enumerated pursuant to Article I or Article III and violates the limitations of both Articles.

Indeed, most if not all, of the entire thrust of the Plaintiffs' Opposition to the Vaccine Defendants' Motions to Dismiss is premised on their argument addressing the constitutional challenges to the Vaccine Act. This Court holds that these constitutional challenges are not ripe for review because Plaintiffs must first present those challenges in the Vaccine Court. See e.g. Thetford Properties IV Ltd. v. United States Department of Housing, 907 F.2d 445, 448 (4th Cir. 1990) (Court dismissed civil action alleging due process violations because

plaintiffs had not raised the issue before the agency, and rejecting the "argument that, as a general rule, exhaustion is not necessary where administrative litigants raise constitutional challenges").

Although there does not appear to be any authority in the Vaccine Act for Special Masters to consider constitutional issues, a petitioner is certainly able to present constitutional challenges on appeal from any decision of a special master to the United States Court of Appeals for the Federal Circuit. See 42 U.S.C. § 300aa - 12 (f). Indeed, the Federal Appeals court may consider constitutional challenges to the Vaccine Act. See Terran v. Secretary of HHS, 195 F.3d 1302 (Fed. Cir. 1999) (holding that the Vaccine Act does not violate the presentment clause).

In that context, this Court find instructive the holding of Cheskiewicz v. Aventis Pasteur, Inc., Pa. Super. Ct. 40 (February 23, 2004) at 2004 WL 326693. In Cheskiewicz, as in this case, the parents alleged that their son "was injured by exposure to the mercury contained in thimerosal, a preservative found in childhood vaccines." The trial court dismissed plaintiffs' claims pursuant to the Vaccine Act. On appeal, a three judge panel of the Superior Court of Pennsylvania refused to consider the constitutional challenges to the Act. The Court in Cheskiewicz held that:

> Parents also level a constitutional challenge to the [statute of] limitations provision of the Vaccine Act arguing that the statute violates the equal protection clause, infringes on due process rights and denies the right to a jury trial. We have

-11-

already determined that parents do not have a right to bring an action in state court until they have exhausted their administrative remedies. Therefore, <u>it would be judicially imprudent at this juncture to discuss the constitutionality of the Vaccine Act</u>. As parents must litigate their claim on [their child's] behalf before the Vaccine Court, that is the appropriate forum in which to raise constitutional issues.

[Emphasis added].

Further and significantly, appellate decisions are legion holding that trial courts are instructed not to decide unnecessary constitutional questions if they are not ripe for review. See <u>Hickory Point Partnership v. Anne Arundel County</u>, 316 Md. 118, 130 (1989) ("To address issue which are non-justiciable because they are not ripe 'would place courts in the position of rendering purely advisory opinions, a long forbidden practice in this State.'" Accordingly, for the foregoing reasons, this Court declines to accept plaintiffs' overture to address their constitutional challenges at this time.

### STATE LAW CAUSES OF ACTION - VACCINE AND THIMEROSAL DEFENDANTS

Both the vaccine defendants and the thimerosal defendants have requested that this Court address the parents' state law causes of action. It is arguable that the parent plaintiffs' individual claims cannot be brought in Vaccine Court and are therefore not prohibited by the Vaccine Act's requirement that claims first be filed in the Vaccine Court. In <u>In Re: Certain Thimerosal Litigation</u>, the State Court of Fulton County, Georgia (Master Civil Action No.: 2003 V5043520F, Judge Susan B. Forsling presiding)