Westlaw.

Not Reported in F.Supp.2d                                                                                                         Page 1
2003 WL 203067 (N.D.Tex.), Prod.Liab.Rep. (CCH) P 16,525
(Cite as: 2003 WL 203067 (N.D.Tex.))

H

**Motions, Pleadings and Filings**

United States District Court,
N.D. Texas, Dallas Division.
Randall BLOCK, Plaintiff,
v.
WYETH, INC., et al., Defendants.
No. Civ.A. 3:02-CV-1077-.

Jan. 28, 2003.

*MEMORANDUM OPINION AND ORDER*

GODBEY, J.

*1 Before the Court is the motion to dismiss for failure to state a claim of defendant Wyeth, formerly known as American Home Products, individually and as successor in interest to A.H. Robins Company ("Wyeth"). For the reasons stated below, that motion is granted.

Wyeth developed Reglan, a brand name of the drug metoclompramide, and obtained FDA approval for its sale. In conjunction with that process, Wyeth developed package labeling and a product description for inclusion in the *Physician's Desk Reference*, a reference book commonly used by physicians as a source of information regarding medications. Other vendors subsequently manufactured and sold generic forms of metoclompramide, copying the labeling Wyeth formulated for Reglan, pursuant to 21 U.S.C. § 355(j)(2)(A)(v). [FN1] Plaintiff Block alleges that the labeling and PDR description Wyeth formulated were inadequate; as a consequence of that inadequacy, Block took generic metoclompramide, *not manufactured by Wyeth*, and was injured. Block alleges that his injury was a foreseeable consequence of Wyeth's inadequate warnings. Although Block now concedes he has no strict liability claim against Wyeth, he argues that Wyeth nonetheless can be held liable for its conduct in creating the labeling and description, if not its product, under theories of negligence, negligent misrepresentation, fraud, conspiracy, and malice.

> FN1. A manufacturer of a generic drug may alter a drug's labeling "[t]o add or strengthen a contraindication, warning, precaution or adverse reaction" or "[t]o delete false, misleading or unsupported indications for use or claims for effectiveness" without prior FDA approval. 21 C.F.R. §§ 314.70(c)(2), 314.97.

The question before the Court is whether a name brand drug manufacturer owes a legal duty to consumers of a generic equivalent arising out of the content of product labeling and descriptions formulated for the name brand drug. In determining that question, this Court applies Texas law, and absent clear precedent must make an "*Erie* guess" as to how the Texas Supreme Court would decide the issue. *Herrmann Holdings, Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552, 558 (5th Cir.2002) . The existence of a legal duty is a question of law for the Court. *Seagram & Sons, Inc. v. McGuire,* 814 S.W.2d 385, 387 (Tex.1991).

In the context of strict liability, the Texas Supreme Court has stated: "A manufacturer does not have a duty to warn or instruct about another manufacturer's products, though those products might be used in connection with the manufacturer's own products." *Firestone Steel Products Co v. Barajas,* 927 S.W.2d 608, 616 (Tex.1996). Block attempts to limit the holding in *Barajas* to strict liability, but the case is not so limited; the plaintiff in *Barajas* also brought negligence and conspiracy claims. In rejecting the negligence claims, the Texas Supreme Court stated: "Firestone conclusively showed it did not design, manufacture or sell the wheel in question. Accordingly, *Firestone owed no duty to the Barajases."* *Id.* at 615 (emphasis added). Likewise, in rejecting the conspiracy claim, the court stated: "Firestone proved it had no duty to the Barajases. Accordingly, Firestone negated the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.