United States District Court
Southern District of Texas
FILED

JUL 2 8 2005

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VERONICA RAMIREZ, INDIVIDUALLY and AS NEXT FRIEND OF JEREMIAH S. RAMIREZ, a minor, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No: B03155 |
| AMERICAN HOME PRODUCTS CORPORATION d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETHER LEDERLE VACCINES AND LEDERLE LABORATORIES; ABBOTT LABORATORIES, INC.; AMERICAN INTERNATIONAL CHEMICAL, INC.; AVENTIS PASTEUR, INC., INDIVICUALLY and AS SUCCESSOR IN INTEREST TO CONNAUGHT LABORATORIES, INC.,  PASTEUR MERIEUX AND PASTEUR MERIEUX CONNAUGHT; B.F. ASCHER & COMPANY, INC.; EVANS MEDICAL LIMITED; MERCK AND CO., INC.; RPK PHARMACEUTICALS, INC.; DOLDER; ELI LILLY AND COMPANY; SMITHKLINE BEECHAM CORPORATION; ORALIA T. WELLS, M.D., ELOISA T. GONZALEZ, M.D.; and JOHN DOES #1-200, WHO ARE INDIVIDUALS, PROPRIETORSHIPS, CORPORATIONS OR OTHER ENTITIES WHOSE NAMES AND IDENTITIES ARE OTHERWISE UNKNOWN TO PLAINTIFFS, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § § | |

## BRIEF IN SUPPORT OF DEFENDANT ORALIA T. WELLS, M.D.'S RENEWED MOTION TO DISMISS
## UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b) AND (c)

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ............................................................................................4

I.    INTRODUCTION .................................................................................................6

II.   PLAINTIFFS' CLAIMS ON BEHALF OF PLAINTIFF
      JEREMIAH RAMIREZ ARE BARRED BY THE VACCINE ACT .....................7

III.  PLAINTIFFS DO NOT HAVE A COGNIZABLE CLAIM
      AGAINST DEFENDANT FOR STRICT LIABILITY-DESIGN DEFECT
      AND/OR MARKETING DEFECT CLAIM UNDER TEXAS LAW ....................9

IV.   PLAINTIFFS DO NOT HAVE A COGNIZABLE CLAIM
      AGAINST DEFENDANT FOR BREACH OF IMPLIED
      WARRANTY UNDER TEXAS LAW ................................................................10

V.    PLAINTIFFS DO NOT HAVE A COGNIZABLE CLAIM
      AGAINST DEFENDANT FOR NEGLIGENCE IN
      FAILING TO CONFORM TO PHARMACEUTICAL
      INDUSTRY STANDARDS UNDER TEXAS LAW ..........................................11

VI.   PLAINTIFFS DO NOT HAVE A COGNIZABLE
      CLAIM AGAINST DEFENDANT UNDER THE
      TEXAS DECEPTIVE TRADE PRACTICES ACT .............................................12

VII.  PLAINTIFFS DO NOT HAVE A COGNIZABLE
      CLAIM AGAINST DEFENDANT FOR ASSAULT
      UNDER TEXAS LAW .......................................................................................13

VIII. PLAINTIFFS'S CLAIMS DAMAGES FOR PLAINTIFF
      JEREMIAH RAMIREZ ARE BARRED BY THE
      VACCINE ACT ..................................................................................................14

IX.   PLAINTIFFS DO NOT HAVE A COGNIZABLE CLAIM FOR
      LOSS OF COMPANIONSHIP, LOSS OF SOCIETY, AND
      LOSS OF CONSORTIUM DAMAGES FOR PLAINTIFF
      JEREMIAH RAMIREZ UNDER TEXAS LAW ................................................15

X.    PLAINTIFFS DO NOT HAVE A COGNIZABLE
      CLAIM FOR MENTAL ANGUISH, EMOTIONAL
      DISTRESS, LOSS OF CONSORTIUM, MEDICAL
      EXPENSES, OR LOST WAGES UNDER TEXAS LAW ...................................15

XI.   CONCLUSION ..................................................................................................18

PRAYER .................................................................................................................19

CERTIFICATE OF SERVICE ....................................................................................20

**BRIEF IN SUPPORT OF DEFENDANT ORALIA T. WELLS, M.D.'S RENEWED MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b) AND (c) – PAGE 3**

## INDEX OF AUTHORITIES

**UNITED STATES CODE**

National Childhood Vaccine Injury Compensation Act,
  42 U.S.C.A, §§ 300aa-1, *et seq.* ................................................................................passim

**FEDERAL COURT CASES**

*Brown v. Secretary of HHS,*
  874 F.Supp. 238 (N.D. Ind. 1994), *aff'd,* 61 F.3d 905 (7th Cir. 1995) ..............................8

*Gilbert v. Secretary of HHS,*
  31 Fed. Cl. 379, 381 (Fed. Cl. 1994), *aff'd,* 51 F.3d 254 (Fed. Cir. 1995) ......................8

*Leroy v. Sec'y, Dept. of Health & Human Services,*
  2002 U.S. Claims LEXIS 284 (Fed. Cl. 2002) ................................................................9

*Liu v. Aventis Pasteur, Inc.,*
  219 F.Supp.2d 762 (W.D. Texas 2002) ...........................................................................9

*Murphy v. Aventis Pasteur, Inc.,*
  270 F. Supp. 2d 1368 (N.D. Ga. 2002) ...........................................................................9

*Owens v. American Home Prods. Corp.,*
  203 F. Supp. 2d 748 (S.D. Tex. 2002) ................................................................7, 8, 9, 17

*Schafer v. American Cyanamid Co.,*
  20 F.3d 1 (1st Cir. 1994) .................................................................................................7

*Strauss v. American Home Prods. Corp.,*
  208 F. Supp. 2d 711 (S.D. Tex. 2002) ...........................................................................14

*Valdiviez v. U.S.,*
  884 F. 2d 196 (5th Cir. 1989) ........................................................................................13

**TEXAS SUPREME COURT CASES**

*Dennis v. Allison,*
  698 S.W.2d 94 (Tex. 1985) ............................................................................................10

*Edinburgh Hosp. Auth. v. Trevino,*
  941 S.W.2d 76 (Tex. 1997) ............................................................................................16

*Murphy v. Campbell*,
   964 S.W.2d 265 (Tex. 1997) ..................................................................................... 10

*Reagan v. Vaughn*,
   804 S.W.2d 463 (Tex. 1991) ..................................................................................... 15

*Roberts v. Williamson*,
   111 S.W.3d 113 (Tex. 2003) ................................................................................ 16, 17

*United Services Automobile Assoc. v. Keith*,
   970 S.W.2d 540 (Tex. 1998) ..................................................................................... 16

**TEXAS COURT OF APPEALS CASES**

*Easterly v. HSP of Texas, Inc.*,
   772 S.W.2d 211 (Tex. App. – Dallas 1989, no writ)..................................................9, 10

*Greene v. Thiet*,
   846 S.W.2d 26 (Tex. App. – San Antonio 1992, writ denied) ......................................... 13

*Gulf States Utils. v. Reed*,
   659 S.W.2d 849 (Tex. App. – Houston [14th Dist.] 1983, writ ref'd n.r.e.)..................... 18

*Hickson v. Martinez*,
   707 S.W.2d 919 (Tex. App. – Dallas  1985, writ ref'd)................................................... 11

*Neveauex v. Park Place Hospital*,
   656 S.W.2d 923 (Tex. App. – Beaumont 1989, writ ref'd n.r.e.) ..................................9, 10

*Ngyuen v. Kim*,
   3 S.W.3d 146 (Tex. App. – Houston [14th Dist.] 1999, no writ) ..................................... 12

**TEXAS STATUTORY PROVISIONS**

TEX. BUS. & COM. CODE, §17.49(e) (Vernon 200) ........................................................... 12
TEX. REV. CIV. STAT. ANN. Art. 4590i, §1.03(a)(1) (Vernon Supp. 2003) ....................... 10
TEX. REV. CIV. STAT. ANN. Art. 4590i, §1.03(a)(3) (Vernon Supp. 2003) ....................... 11
TEX. REV. CIV. STAT. ANN. Art. 4590i, §1.03(a)(8) (Vernon Supp. 2003) ...................6, 11
TEX. REV. CIV. STAT. ANN. Art. 4590i, §6.02 (Vernon Supp. 2003).................................. 13
TEX. REV. CIV. STAT. ANN. Art. 4590i, §12.01(a) (Vernon Supp. 2003) ........................... 12

**FEDERAL RULES**

FED. R. CIV. P. 12(b) .................................................................................................passim
FED. R. CIV. P. 12(c) .................................................................................................passim

**BRIEF IN SUPPORT OF DEFENDANT ORALIA T. WELLS, M.D.'S RENEWED MOTION TO
DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b) AND (c) – PAGE 5**

**BRIEF IN SUPPORT OF DEFENDANT ORALIA T. WELLS, M.D.'S
RENEWED MOTION TO DISMISS
UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b) AND (c)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Oralia T. Wells, M.D., and files this Brief in Support of her Motion to Dismiss Under Federal Rules of Civil Procedure 12(b) and (c) and would show the Court as follows:

## I.
### Introduction

In their Original Petition, Plaintiffs Veronica Ramirez, Individually and as Next Friend of Jeremiah S. Ramirez, a minor, assert claims against Oralia T. Wells, M.D. (*See* Plaintiffs' Original Petition at page 8, ¶ III 3.13). Defendant is a physician as defined by the former Article 4590i of the Texas Revised Civil Statutes Annotated. (*See* Plaintiffs' Original Petition at page 8, ¶ III 3.13); *see also* TEX. REV. CIV. STAT. ANN. Art. 4590i, §1.03(a)(8) (Vernon Supp. 2003).[1] Plaintiffs' claims against Defendant center on the administration of vaccines alleged to contain the ingredient Thimerosal. (*See* Plaintiffs' Original Petition at page 8, ¶ III 3.13). In connection with the alleged administration of such vaccines, Plaintiffs allege causes of action against Defendant for strict liability (design defects and marketing defects), breach of implied warranties, negligence in failing to conform to pharmaceutical industry standards, violations of the Texas Deceptive Trade Practices Act, and assault.

---

[1] Healthcare liability claims filed in Texas before September 1, 2003 were governed by Article 4590i of the Texas Revised Civil Statutes. *See* TEX. REV. CIV. STAT. ANN. ART. 4590i (Vernon Supp. 2003) Healthcare liability claims filed in Texas on or after September 1, 2003 are governed by Chapter 74 of the Texas Civil Practices and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §74.001, *et seq.* (Vernon 2005). Plaintiffs filed their Original Petition in the 107th Judicial District Court of Cameron County, Texas on June 27, 2003. (*See* Plaintiffs' Original Petition). Accordingly, their state law claims against Defendant are governed by the former Article 4590i.

Defendant respectfully requests that the Court dismiss all claims asserted by or on behalf of Plaintiff Jeremiah Ramirez against Defendant because the claims asserted and the damages sought all relate to a "vaccine-related injury," as that term is defined within, and covered by, the National Childhood Vaccine Injury Compensation Act ("Vaccine Act"), as set forth in 42 U.S.C.A., §§ 300aa-1 *et seq.* Accordingly, this Court does not have jurisdiction over these claims.

In addition, Plaintiffs' claims for strict liability (design defect and marketing defect), breach of implied warranty, negligence, violations of the Texas Deceptive Trade Practices Act, and assault should be dismissed because they are not actionable claims against a healthcare provider such as Defendant under Texas law. Plaintiff Veronica Ramirez's claims for loss of consortium and loss of earning capacity because of increased care for her injured child are not recognized or actionable under Texas law. Finally, Plaintiff Veronica Ramirez's bystander claims are not recognized or actionable under Texas law. Accordingly, these claims should be dismissed.

## II.
## Plaintiffs' Claims on Behalf of Plaintiff Jeremiah Ramirez Are Barred by the Vaccine Act

Plaintiffs' claims for injuries and damages on behalf of Plaintiff Jeremiah Ramirez related to Thimerosal exposure are covered by the Vaccine Act. *See* 42 U.S.C.A., §§ 300aa-1 *et seq.*; *see also Owens v. Am. Home Prods. Corp.*, 203 F.Supp.2d 748, 755 (S.D. Texas 2002). The Vaccine Act also applies to Plaintiffs' claims against Defendant as the alleged administrator of the vaccines at issue. *See* 42 U.S.C.A., §§ 300aa-11(a)(2)(A), (a)(2)(B) & 300aa-33(1). The Vaccine Act exists to provide compensation to patients who are harmed by vaccines outside of the framework of

traditional tort law. *See Schafer v. American Cyanamid Co.,* 20 F.3d 1, 2 (1st Cir. 1994). To attain this end, the Act mandates that all claims for vaccine-related injuries be initially heard by special masters in the United States Court of Federal Claims (Vaccine Court). *See* 42 U.S.C.A., §§ 300aa-11(a)(1); *see also Owens*, 203 F.Supp.2d at 752.

The Vaccine Act bars all civil actions unless the claimant first exhausts the administrative remedy provided for by the Act, namely, a proceeding in the Vaccine Court. *See id.* at § 300aa-1(a)(2)(B). A claimant must exhaust the Act's statutory remedies before a state or federal court can have subject matter jurisdiction to hear a claimant's claim for a vaccine-related injury. *See Gilbert v. Secretary of HHS,* 31 Fed. Cl. 379, 381 (Fed. Cl. 1994), *aff'd,* 51 F.3d 254 (Fed. Cir. 1995); *see also Brown v. Secretary of HHS*, 874 F.Supp. 238, 241 (N.D. Ind. 1994); aff'd, 61 F.3d 905 (7th Cir. 1995). Further, a vaccine administrator, such as Defendant, cannot be joined in any civil action until after the claimant has completed a compensation proceeding in the Vaccine Court. *See* 42 U.S.C.A., § 300aa-11(a)(3). If a civil action barred by the Vaccine Act is filed in state or federal court, the court *shall* dismiss the action. *See id.* at § 300aa-11(a)(2)(B) *(emphasis added)*. Plaintiffs did not exhaust their administrative remedies under the Vaccine Act before filing suit against Defendant and others. Accordingly, the plain language of the Act mandates dismissal of Plaintiffs' claims on behalf of Plaintiff Jeremiah Ramirez.

Plaintiffs assert the Vaccine Act does not apply to their claims because they are related solely to the preservative Thimerosal, and not the vaccines themselves. (*See* Plaintiffs' Original Petition at page 2, ¶ II 2.01, page 12, ¶ IV 4.01). This contention is without merit. Every court that has addressed this question, including the United States

District Court for the Southern District of Texas, has rejected Plaintiffs' arguments and held the Vaccine Act applies to Thimerosal claims. *See eg. Owens*, 203 F.Supp.2d at 755; *Liu v. Aventis Pasteur, Inc.*, 219 F.Supp.2d 762, 767 (W.D. Texas 2002); *Murphy v. Avenits Pasteur, Inc.*, 270 F.Supp.2d 1368, (N.D. Ga. 2002).

Plaintiffs filed their Original Petition in the 107th Judicial District Court of Cameron County, Texas several months before they filed a petition in the Vaccine Court. Under the plain language of the Vaccine Act, the Court must therefore dismiss Plaintiffs' claims. *See* 42 U.S.C.A., §§ 300aa-11(a)(3) and 11(a)(2)(B). Resolution of the claims asserted by Plaintiffs on behalf of Plaintiff Jeremiah Ramirez is under the exclusive jurisdiction of the Vaccine Court. *See Leroy v. Sec'y, Dept. of Health & Human Services*, 2002 U.S. Claims LEXIS 284, *9 (Fed. Cl. 2002). Given this statutory mandate and legal precedent, this Court does not have jurisdiction. Plaintiffs' claims against Defendant must be dismissed.

### III.
### Plaintiffs Do Not Have A Cognizable Claim Against Defendant for Strict Liability-Design Defect and/or Marketing Defect Under Texas Law

Plaintiffs allege Defendant is strictly liable for design and marketing defects related to the vaccines at issue. (*See* Plaintiffs' Original Petition at page 11, ¶ V 5.01-5.02, pages 12-13, ¶ VI 6.01-6.02). Under Texas law, however, there is no strict liability claim for a design or marketing defect against healthcare providers such as Defendant in connection with the rendition of medical services to a patient. *See eg., Easterly v. HSP of Texas, Inc.*, 772 S.W.2d 211, 213 (Tex. App.—Dallas 1989, no writ) (holding that hospitals cannot be held strictly liable for defective services); *Neveaux v. Park Place Hospital*, 656 S.W.2d 923, 925 (Tex. App.—Beaumont 1983, writ ref'd n.r.e.) (holding

hospital and physician were not strictly liable for improper administration of cobalt radiation to cancer patient because strict liability does not apply to services). In the present case, Defendant's administration of vaccines to Plaintiff Jeremiah Ramirez was clearly a service rendered. *Compare Easterly*, 772 S.W.2d at 213; *Neveauex*, 656 S.W.2d at 925. Accordingly, under Texas law Defendant cannot be held strictly liable for design and marketing defects of the vaccines in question. Plaintiffs' strict liability claims against Defendant for design and marketing defects are not actionable and should be dismissed.

## IV.
### Plaintiffs Do Not Have A Cognizable Claim For
### Breach of Implied Warranty Against Defendant Under Texas Law

Plaintiffs allege Defendant is liable for breach of implied warranties in connection with the administration of vaccines. (*See* Plaintiffs' Original Petition at page 13, ¶ VII 7.01-7.04). It is undisputed, however, that Defendant is a physician. (*See* Plaintiffs' Original Petition at page 8, ¶ III 3.13). The alleged administration of vaccines to Plaintiffs clearly falls within the Texas definition of healthcare. *See* TEX. REV. CIV. STAT. ANN. ART. 4590i, §1.03(a)(1) (Vernon Supp. 2003).[2] The Texas Supreme Court has directly held that a claim for breach of implied warranty does not exist against a healthcare provider in connection with the rendition of healthcare to a patient. *See Dennis v. Allison,* 698 S.W.2d 94, 96 (Tex. 1985); *see also Murphy v. Campbell*, 964 S.W.2d 265, 269 (Tex. 1997). Given the clear and unequivocal Texas Supreme Court

---

[2] Section 1.03(a)(1) defines "health care" as any act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement. *See* TEX. REV. CIV. STAT. ANN. Art. 4590i, §1.03(a)(1) (Vernon Supp. 2003).

**BRIEF IN SUPPORT OF DEFENDANT ORALIA T. WELLS, M.D.'S RENEWED MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b) AND (c) – PAGE 10**

authority on this issue, Plaintiffs' breach of implied warranty claim against Defendant is clearly not cognizable under Texas law and must be dismissed.

## V.
### Plaintiffs Do Not Have A Cognizable Claim Against Defendant for Negligence in Failing to Conform to Pharmaceutical Industry Standards Under Texas Law

Plaintiffs' cause of action against Defendant for "negligence" in failing to "conform to pharmaceutical industry standards" is likewise improper and should be dismissed. In this allegation, Plaintiffs seek to impose on Defendant a "legal responsibility and duty to conform to pharmaceutical industry standards, to possess the knowledge of an expert in the industry, and to foresee the risks inherent with their products as other members of the industry." Plaintiffs also allege they suffered damages as a result of Defendant's breach of this duty. (*See* Plaintiffs' Original Petition at pages 13-14, ¶ VIII 8.01-8.02).

As set forth above, Defendant is a physician and the allegations against her relate to the delivery of health care services to Plaintiff Jeremiah Ramirez. Under Texas law, Defendant has a legal duty to act as a *reasonable and prudent physician* would act under the same or similar circumstances. *See Hickson v. Martinez*, 707 S.W.2d 919, 925 (Tex. App. – Dallas 1985, writ. ref'd). Further, from a causation standpoint, a physician such as Defendant is judged by what is foreseeable to a similar practitioner in the same or similar circumstances. No Texas court has ever imposed a duty on a physician rendering health care services to act as a reasonable and prudent member of the pharmaceutical industry. In addition, the definitions of "physician" and "health care provider" contained in Article 4590i do not include a pharmaceutical company or other member of the

**BRIEF IN SUPPORT OF DEFENDANT ORALIA T. WELLS, M.D.'S RENEWED MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b) AND (e) – PAGE 11**

pharmaceutical industry. *See* TEX. REV. CIV. STAT. ANN. Art. 4590i, §1.03(a)(3)&(8) (Vernon Supp. 2003).

Plaintiffs' attempt to impose a duty on Defendant to act as a reasonable and prudent member of the pharmaceutical industry and to foresee what members of the pharmaceutical industry would foresee is improper and not recognized under Texas law. Accordingly, Plaintiffs' negligence claims against Defendant should be dismissed.

## VI.
### Plaintiffs Do Not Have A Cognizable Claim Against Defendant
### Under the Texas Deceptive Trade Practices Act

Plaintiffs' claim that Defendant is liable for violations of the Texas Deceptive Trade Practices Act ("DTPA"). (*See* Plaintiffs' Original Petition at page 14, ¶ IX 9.01-9.04). As are Plaintiffs' other claims against Defendant, this allegation is improper and should be dismissed. Generally, DTPA claims against healthcare providers are barred under Article 4590i. *See* TEX. REV. CIV. STAT. ANN. Art. 4590i, §12.01(a) (Vernon Supp. 2003).[3] DTPA claims are clearly barred under the facts alleged by Plaintiffs because the claims against Defendant stem from her provision of healthcare services to Plaintiff Jeremiah Ramirez. *See Ngyuen v. Kim*, 3 S.W.3d 146 (Tex. App.—Houston [14th Dist.] 1999, no writ) (holding DTPA claim related to a physician's performance of a medical procedure was "precisely the type of DTPA claim the Medical Liability Act . . . prohibit(s)").

---

[3] Section 12.01(a) provides, "Notwithstanding any other law, no provisions of Sections 17.41-17.63, Business & Commerce Code, shall apply to physicians or health care providers as defined in Section 1.03(3) of this Act, with respect to claims for damages for personal injury or death resulting or alleged to have resulted, from negligence on the part of any physician or health care provider." *See* TEX. REV. CIV. STAT. ANN. Art. 4590i, §12.01(a) (Vernon Supp. 2003).

**BRIEF IN SUPPORT OF DEFENDANT ORALIA T. WELLS, M.D.'S RENEWED MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b) AND (c) – PAGE 12**

In addition, Plaintiffs' DTPA claims are invalid because the Texas DTPA does not apply to cases involving bodily injury. *See* TEX. BUS. & COM. CODE §17.49(e) (Vernon 2002). Plaintiffs' DTPA cause of action is premised on the "severe and permanent injuries" allegedly suffered by Plaintiff Jeremiah Ramirez as a result of Thimerosal exposure. (*See* Plaintiffs' Original Petition at page 14, ¶ IX 9.04). Accordingly, Plaintiffs' DTPA claims against Defendant are not cognizable under Texas law and should be dismissed.

### VII.
### Plaintiffs Do Not Have a Cognizable Claim Against Defendant
### For Assault Under Texas Law

Plaintiffs' claim against Defendant for assault is based on the allegation that Plaintiffs were not warned about the risks of vaccines they received and were injured from vaccines administered by Defendant. (*See* Plaintiffs' Original Petition at page 15, ¶ X 10.01, page 13, ¶ VI 6.02). Under these circumstances, the only claim available to Plaintiffs against Defendant is a negligence claim for lack of informed consent. *See* TEX. REV. CIV. STAT. ANN. Art. 4590i, §6.02 (Vernon Supp. 2003)[4]; *see also Valdiviez v. U.S.,* 884 F. 2d 196 (5th Cir. 1989); *Greene v. Thiet,* 846 S.W.2d 26 (Tex. App.—San Antonio 1992, writ denied). Pursuant to the plain language of Article 4590i, Plaintiffs cannot recover under a theory of assault against Defendant for allegedly failing to disclose the risks of Thimerosal. Plaintiffs' claim of assault against Defendant is not cognizable under Texas law and should be dismissed.

---

[4] Section 6.02 provides, "In a suit against a physician or health care provider involving a health care liability claim that is based on the failure of the physician or health care provider to disclose or adequately to disclose the risks and hazards involved in the medical care or surgical procedure rendered by the physician or health care provider, *the only theory on which recovery may be obtained* is that of negligence in failing to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent." *See* TEX. REV. CIV. STAT. ANN. Art. 4590i, §6.02 (Vernon Supp. 2003) (*emphasis added*)

**BRIEF IN SUPPORT OF DEFENDANT ORALIA T. WELLS, M.D.'S RENEWED MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b) AND (c) – PAGE 13**

## VIII.
### Plaintiffs' Claims for Damages for Plaintiff Jeremiah Ramirez
### are Barred by the Vaccine Act

#### A.    *Claims for Medical Expenses and Loss of Earnings Capacity*

As part of their damages claims, Plaintiffs seek recovery for Plaintiff Jeremiah Ramirez's alleged medical expenses and loss of earning capacity. (*See* Plaintiffs' Original Petition, page 16, paragraph XII, 12.01(b)(1) and (2)). These elements of damages, sought on behalf of the child Plaintiff who was allegedly injured by the administration of vaccines, are recoverable under the Vaccine Act. *See* 42 U.S.C., §§ 300aa-15(a)(3)(B), 300aa-15(a); *see also Strauss* v. American Home Prods. Corp., 208 F.Supp.2d 711, 715 n.8 (S.D. Texas 2002). Because Plaintiffs did not exhaust their administrative remedies under the Vaccine act before filing suit, this Court does not have jurisdiction over these claims. Accordingly, Plaintiffs' claims for these alleged injuries must be handled under the scheme provided for in the Vaccine Act, and must be dismissed from this Court under the plain language of the Act. *See* 42 U.S.C., §§ 300aa-15(a)(3)(B), 300aa-15(a), 300aa-11(a)(2)(B).

#### B.    *Claims for Pain and Suffering, Mental Anguish, Physical Impairment, and Disfigurement*

In addition, the clear intent of the Vaccine Act is to prevent a vaccine manufacturer or administrator from being made a party to *any* vaccine-related civil action brought by a person allegedly injured by a vaccine before that person has completed a compensation proceeding. *See* 42 U.S.C.A. § 300aa-11(a)(3). As such, Plaintiffs' failure to exhaust their administrative remedies under the Vaccine Act before filing suit against Defendant mandates dismissal of all damages claims made on behalf of Plaintiff Jeremiah

Ramirez, including the claims for pain and suffering, mental anguish, physical

impairment, and disfigurement.

## IX.
### Plaintiffs' Do Not Have a Cognizable Claim for Loss of Companionship, Loss of Society, and Loss of Consortium for Plaintiff Jeremiah Ramirez Under Texas Law

Plaintiffs contend Plaintiff Jeremiah Ramirez is entitled to recover for loss of

companionship, loss of society, and loss of consortium.  Regardless of how they are

styled, all these claims actually amount to a claim for loss of consortium.  *See Reagan v.

Vaughn*, 804 S.W.2d 463 (Tex. 1991) (holding that "love, affection, protection, emotional

support, services, companionship, care, and society" are encompassed by a child's claim

for loss of parental consortium).

Texas law only permits a child's cause of action for loss of parental consortium in

cases where a third party causes serious, permanent, and disabling injuries to the child's

parents.  *See Reagan*, 804 S.W.2d at 467.  That is clearly not the case here.  Plaintiffs'

claims stem from alleged injuries to the child; Plaintiffs have not made any claims related

to serious, permanent, or disabling injuries inflicted on the parent.  Accordingly,

Plaintiffs' claim for loss of companionship, loss of society, and loss of consortium for

Plaintiff Jeremiah Ramirez is not cognizable under Texas law and should be dismissed.

## X.
### Plaintiff Veronica Ramirez Does Not Have a Cognizable Claim for Mental Anguish, Emotional Distress, Loss of Consortium, Medical Expenses, or Lost Wages Under Texas Law

Plaintiff Veronica Ramirez alleges she is entitled to recover damages for her own

mental anguish, emotional distress, loss of consortium and lost wages.  (*See* Plaintiffs'

Original Petition, pages 16, ¶ XII, 12.01(a)).  These damage claims are not cognizable

under Texas law and must also be dismissed.

**BRIEF IN SUPPORT OF DEFENDANT ORALIA T. WELLS, M.D.'S RENEWED MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b) AND (c) – PAGE 15**

### A.    *Plaintiff Veronica Ramirez Cannot Recover as a Bystander*

Family members of a non-fatally injured plaintiff can only recover mental anguish as a result of being "bystanders" to the occurrence of a traumatic event. *See Roberts v. Williamson,* 111 S.W.3d 113, 120 (Tex. 2003). Under Texas law, however, there is no claim for mental anguish and emotional distress for a bystander in a healthcare liability claim such as that alleged against Defendant. *See Edinburgh Hosp. Auth. v. Trevino,* 941 S.W.2d 76, 79 (Tex. 1997). In *Trevino*, Plaintiffs, a husband and wife, sued the defendant hospital, claiming the negligence of the hospital's employees resulted in the stillbirth of their child. *Id.* at 78. The Plaintiff husband claimed mental anguish damages as a bystander who witnessed alleged negligent medical care of his wife. *Id.* On review, The Supreme Court held that bystander recovery is not permitted in medical malpractice cases. *Id.* at 81. Accordingly, Plaintiff Veronica Ramirez's claims for her own mental anguish and emotional distress based on allegedly negligent health care provided to her son are not cognizable under Texas law and should be dismissed.

Even if bystander claims did exist for medical malpractice cases in Texas, Plaintiff Veronica Ramirez clearly does not qualify as a "bystander." To recover as a bystander, a plaintiff must show that: (1) the plaintiff was located near the scene of the accident, as contrasted with one who was a distance away from it; (2) the plaintiff suffered a shock as a result of a direct emotional impact upon the plaintiff from a sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and (3) the plaintiff and the victim were closely related. *See United Services Automobile Assoc. v. Keith*, 970 S.W.2d 540, 541-542 (Tex. 1998).

The very nature of Plaintiffs' claims preclude Plaintiff Veronica Ramirez from legitimately claiming "bystander" status. This very issue in the context of a vaccine case was previously addressed in *Owens v. American Home Products Corporation.* *See Owens,* 203 F.Supp.2d at 758. In rejecting Plaintiffs' claims regarding the parent's "bystander status," United States District Judge Samuel Kent noted:

> Here, Plaintiffs clearly did not witness and perceive the type of shocking accident contemplated by the bystander theory of recovery. Rather, Plaintiffs witnesses the routine vaccination of their children and the children's subsequent medical problems that are allegedly linked to thimerosal. Moreover, Plaintiffs did not even learn of the child's alleged mercury poisoning until the child's neurological problems were diagnosed by a physician, well after the suspect vaccines were administered. However anguishing these belated circumstances may have been, the bystander theory is inapplicable to the facts of this case, as a matter of Texas law.

*See id.* Similarly, Plaintiff Veronica Ramirez clearly does not qualify as a "bystander" for purposes of recovery. Accordingly, her claims for mental anguish and emotional distress should be dismissed.

**B.      *Plaintiff Veronica Ramirez Cannot Recover for Loss of Consortium***

Texas likewise does not recognize a cause of action for a minor Plaintiff's parent for loss of consortium with a non-fatally injured child. *See Williamson,* 111 S.W.3d at 119. (expressly declining to extend a cause of action for loss of consortium to parents of children who have been seriously injured). It is undisputed that, whatever injuries Plaintiff Jeremiah Ramirez may have sustained, his injuries were non-fatal. Plaintiff Veronica Ramirez therefore cannot recover for loss of consortium and her claim should be dismissed.

**C.    *Plaintiff Veronica Ramirez Cannot Recover for Lost Wages or Loss of Earnings Capacity***

In addition, under Texas law the child Plaintiff's parent cannot recover for lost wages or loss of earning capacity because she provided care for her injured child. *See Gulf States Utils. v. Reed,* 659 S.W.2d 849, 853 (Tex. App.—Houston [14[th] Dist.] 1983, writ ref'd n.r.e.) (holding parent's claim for her own past and future medical expenses, lost earnings, and lost earnings capacity related to the death of her child are not recoverable elements of damages).    Accordingly, these damages claims should be dismissed.

## XI.
## Conclusion

The arguments and authorities set forth above clearly show that Defendant is entitled to dismissal of Plaintiffs' claims against her under Rules 12(b) and (c) of the Federal Rules of Civil Procedure.  This Court does not have jurisdiction over this matter, since jurisdiction for this dispute is vested with the Vaccine Court by statute. Additionally, Plaintiffs' claims of strict liability, breach of implied warranty, negligence, DTPA violations and assault are not actionable claims under Texas law against healthcare providers such as this Defendant under the facts alleged and must be dismissed.  The damages sought by the minor Plaintiff are within the exclusive jurisdiction of the Vaccine Court.  This Court does not have jurisdiction over these claims.  Lastly, the damages sought by the adult Plaintiff are not recoverable under Texas law and must be dismissed.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, Oralia T. Wells, M.D. respectfully requests that her Renewed Motion to Dismiss be granted, that Plaintiffs' claims against her be dismissed under Rules 12(b) and (c) of the Federal Rules of Civil Procedure, and for such other and further relief, both at law and in equity, to which she may show herself justly entitled to receive.

Respectfully Submitted,

STINNETT THIEBAUD & REMINGTON L.L.P.

By: _____
PHILIPA M. REMINGTON
State Bar No. 16766100
RUSSELL G. THORNTON
State Bar No. 19982850

2500 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202
(214) 954-2200
(214) 754-0999 (Fax)

**ATTORNEYS FOR DEFENDANT
ORALIA T. WELLS, M.D.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded on this the 27th day of July, 2005 to all known counsel of record as shown on the attached Service List.

PHILIPA M. REMINGTON