IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| VERONICA RAMIREZ, INDIVIDUALLY § <br> and AS NEXT FRIEND OF § <br> JEREMIAH S. RAMIREZ, a minor, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> AMERICAN HOME PRODUCTS § <br> CORPORATION d/b/a WYETH, WYETH § <br> LABORATORIES, WYETH-AYERST, § <br> WYETH-AYERST LABORATORIES, § <br> WYETH LEDERLE, WYETHER § <br> LEDERLE VACCINES and LEDERLE § <br> LABORATORIES, ET AL, § <br> § <br> *Defendants.* § | CIVIL ACTION NO. B-03-155 <br><br> JURY |

**PLAINTIFF'S RESPONSE TO ELI LILLY AND COMPANY'S RENEWED MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW VERONICA RAMIREZ, INDIVIDUALLY AND AS NEXT FRIEND OF JEREMIAH S. RAMIREZ, A MINOR, Plaintiff ("Plaintiff") in the above-styled action and files this her Response to Eli Lilly and Company's Renewed Motion to Dismiss and Memorandum in Support Thereof. In support of this Response, Plaintiff would respectfully show the Court the following:

I.

INTRODUCTION AND SUMMARY OF RESPONSE

Eli Lilly and Company ("Eli Lilly") renew their motion to dismiss on the primary ground that Plaintiff's claims are barred by the National Vaccine Injury Compensation Act ("Vaccine Act" or

PLAINTIFF'S RESPONSE TO ELI LILLY AND COMPANY'S RENEWED MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF                                                                                                                    Page 1

"Act"). However, this Court lacks subject matter jurisdiction to make the merit based determinations necessary to any motion to dismiss. This is true because the Vaccine Act's requirement that an award be determined by the Vaccine Court prior to institution of a civil proceeding does not, and cannot, apply to the Parent Plaintiff[1]. Specifically, the *parent* of a child who suffered vaccine-related injuries is not eligible to file a petition on his or her own behalf under the Vaccine Act. Parent Plaintiff has alleged individual damages which are entirely separate from the damages recoverable by her minor child under the Vaccine Act. Accordingly, Parent Plaintiff is not subject to the tort suit bar of the Vaccine Act and, as such, Defendants' reliance on same for their fraudulent joinder argument must fail. Finally, Plaintiff has a reasonable basis for establishing a cause of action against all Defendants, specifically including the local Defendants. For each of these reasons, and all other reasons discussed herein, the Vaccine Defendants' Renewed 12(b) and 12(c) Motion to Dismiss should be denied.

## II.

### ARGUMENT AND AUTHORITIES

**A.   This Court Lacks Subject Matter Jurisdiction To Issue An Order On Defendants' Motions to Dismiss.**

Federal jurisdiction is lacking in this case. As Plaintiff sets out in more detail below, no ruling should be made on any motion to dismiss until this Court has assured itself that is possesses federal jurisdiction.

The decision of the Court of Federal Claims in *Snowdon v. Secretary of HHS* makes it clear

---

[1]   Claims of the minor child in this case are brought in a representative capacity by his parent as next friend. For ease of differentiating between the parent's individual claims and the representative claims brought on behalf of her son, this response will refer to the former as "Parent Plaintiff" and the latter as "Child Plaintiff."

that this Court must first determine whether it possesses subject matter jurisdiction – prior to making a ruling on the applicability of the Vaccine Act in connection with a motion to dismiss. 27 Fed. Cl. 434 (1993) (holding that the effect of a settlement on applicability of the Vaccine Act was a decision on the merits rather than a jurisdictional determination). In *Snowdon,* the Court characterized the dismissal of Plaintiffs' claim for failure to satisfy Vaccine Act requirements as a ruling "on the merits," rather than one for lack of jurisdiction, saying:

> Where dismissal is reached by deciding an arguable question of law, the court has exercised its jurisdiction to make a decision on the merits.... In this case, the petitioners seek a holding that the Vaccine Act covers his claim. Such a determination is a determination of the merits of the case.

*Snowdon,* supra, at 435. Questions of law, like issues of fact can only "be decided after and not before the court has assumed jurisdiction. . ." *Ralston Steel Corp. v. United States,* 340 F.2d 663, 667 (1965). Here, Plaintiff has filed a motion to remand alleging that federal jurisdiction is lacking. This Court should stay ruling on the present motions to dismiss until such time as it has considered and ruled upon Plaintiff's remand motion.

**B.   Defendants Have Not Carried Their Burden to Prove Fraudulent Joinder.**

The assertion of this Court's diversity jurisdiction hinges on the contention that Plaintiff has fraudulently joined non-diverse medical care providers ("Healthcare Defendants"). To establish that a particular joinder is fraudulent, the removing party bears the burden of showing: 1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant; or 2) there has been outright fraud on the plaintiff's pleading of the jurisdictional facts. *B. Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir. 1981); *Keating v. Shell Chemical Co.,* 610 F.2d 328 (5th Cir. 1980); *Bobby Jones Garden Apartments v. Suleski,* 391 F.2d 172, 177 (5th Cir. 1968);

*Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir. 1964), *cert denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964); *Burden v. General Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir.1995); *Lejene v. Shell Oil Co.,* 950 F.2d 267, 271 (5th Cir. 1992)). Merck (the removing party) has not, and cannot, meet its burden of proving fraudulent joinder in this case. Here, Merck alleges no outright fraud on the Plaintiff's pleadings and maintains only that Plaintiff can establish no cause of action against the non-diverse Healthcare Defendants due to the bar of the Vaccine Act.

As the party seeking to establish removal jurisdiction, Merck bears the heavy burden of establishing such jurisdiction. *B. Inc,* 663 F.2d at 549; *Carriere v. Sears, Roebuck & Co.,* 898 F.2d 98, 100 (5th Cir.), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). When asserting fraudulent joinder, the defendant must show by *clear and convincing* evidence that there is no possibility that state law might impose liability on the defendants. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 3, 37, 66 L.Ed. 144 (1921)*(emphasis added); Rogers v. Modern Woodmen of America,* 1997 WL 206757, *2 (N.D. Miss. 1997).

When considering whether Merck carried its burden to prove Plaintiff has no possibility of success on her claims against the non-diverse Healthcare Defendants, all disputed questions of fact and all ambiguities in controlling state law are to be resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck & Co.,* 898 F.2d 98, 100 (5th Cir.), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). "It is not required of this Court to reach the merits of whether such a cause of action will actually, or even probably, prevail. Rather, this Court need only decide whether it is possible that a state court find a cause of action." *See Burden v. General Dynamics Corp.,* 60 F.2d 213, 217 (5th Cir. 1995). If there is even a possibility that the state court would find a cause of action stated against one of the in-state defendants on the facts alleged by the Plaintiff, then the

federal court must find that the in-state defendants are properly joined, that there is incomplete diversity, and the case must be remanded to the state court. *B. Inc*, 663 F.2d at 549.

C. **There Is a Reasonable Possibility that Plaintiff Can Establish a Cause of Action Against the Local Healthcare Defendants.**

The Vaccine Act's bar on civil actions prior to the filing of a petition in Vaccine Court does not apply to Parent Plaintiff. That is, the bar of the Vaccine Act applies only to a person who has "sustained a vaccine-related injury or death and who is qualified to file a petition for compensation under the [Vaccine Act]." 42 U.S.C. § 300aa-11a(9). Parent Plaintiff does not meet this definition.

A person "is qualified to file a petition" only if that person suffered a relevant injury or death after he or she "received a vaccine . . . or contracted polio from another person who received an oral polio vaccine." *id.* § 300aa-11(c)(1)(A). That is to say, the Vaccine Act is limited to petitioners who "received" a vaccine and were injured by it. *See* 42 U.S.C. § 300aa-11(b)(1)(A)-(c)(1)(A) (setting out that the petitioner must have "received" a vaccine listed on the Vaccine Injury Table to qualify under the Vaccine Act). Unless a person "received a vaccine" (or is filing as the legal representative of such a person), he or she cannot file a petition. *See, e.g. Head v. Secretary of Health and Human Servs*, 26 Cl. Ct. 546, 547 n.1 (1992) (parent of injured child cannot petition except in representative capacity, (*aff'd*, 996 F.2d 318 (Fed. Cir. 1993). If an individual cannot file a petition with the Vaccine Court, (as Parent Plaintiff cannot), the tort suit ban does not apply to him or her.

The United States Court of Appeals for the Fifth Circuit recently addressed this very issue in *Moss v. Merck & Company, et al.* and unequivocally agreed that parent plaintiffs are not subject to the Vaccine Act. *See Moss v. Merck & Company, et al.*, 381 F.3d 501 (5th Cir. 2004). Specifically, the Court held "that much is plain on the face of the statute, but the lack of statutory

ambiguity does not stop the Vaccine Defendants from arguing that a literal application of the regulatory scheme 'will thwart the intent and purpose of the Act, and interfere with its operation." *Id.* at 505. Needless to say, the Court didn't find merit in Merck's argument. *Id.*

Similarly, in a case involving Plaintiff's counsel and nearly identical pleadings as the case at bar, the Honorable George P. Kazen of the Laredo Division of this Court held that the Defendants had not met their heavy burden of showing there is no reasonably possibility that Parent Plaintiffs would be able to recover damages for their own lost wages against the non-diverse medical defendants.[2] *See Guadalupe Vasquez, et al. v. American Home Products, et al.*, <u>Memorandum and Order</u>, Civil Action No. L-03-128 (S.D. Tex. Sep. 30, 2004) (A copy of which is attached hereto as Exhibit "A" and incorporated fully by reference).[3] In so holding, Judge Kazen analyzed the two cases cited by Defendants to disallow such claims and determined that "neither is pertinent." *Id.* at page 4.

In accordance with *Moss* and *Vasquez*, this Court should conclude that the Vaccine Act does not apply to Parent Plaintiff. Accordingly, a reasonable possibility exists that Plaintiff will prevail on her claims against the local Healthcare Defendants and, as such, this case should be remanded to the proper state court forum from which it was improvidently removed.

---

[2] Eli Lilly's assertion that the cases addressed by the Honorable Hayden Head were filed by the same plaintiffs' counsel is misleading. While it is true that all four cases addressed by Judge Head were filed by the same attorneys, none involve the undersigned or identical pleadings filed by the undersigned in this case. Further, Eli Lilly's reliance on Judge Head's opinions is misplaced. In each of the referenced cases, Judge Head only dismissed Parent claims related to loss of consortium type damages and stayed the remaining claims until after the Child Plaintiff had exhausted administrative remedies. Plaintiff respectfully asserts that, faced with a motion to remand and identical facts as in the case at bar, Judge Head's reasoning dictates that the instant case should be remanded.

[3] The Vaccine Defendants filed a Motion to Reconsider and Vacate Order Granting Remand which was denied by Judge Kazen on November 11, 2004. *See Guadalupe Vasquez, et al. v. American Home Products, et al.*, <u>Memorandum and Order</u>, Civil Action No. L-03-128 (S.D. Tex. Nov. 11, 2004) (A copy of which is attached hereto as Exhibit "B" and incorporated fully by reference).

D. **Should This Court Exercise Jurisdiction (Which It Should Not), Eli Lilly's Motion to Dismiss Must Be Denied If Plaintiff Can Prove Any Facts Which Would Entitle Her to Relief.**

In a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to plaintiff. *See Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.,* 949 F.2d 1384, 1386 (5th Cir. 1991). The Court must resolve doubts as to the sufficiency of the claim in plaintiff's favor. *Vulcan Materials Company v. City of Tehuacana,* 238 F.3d 382, 387 (5th Cir. 2001). Dismissal is warranted only if it appears certain that plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. *Id.; Piotrowski v. City of Houston,* 51 F.3d 512, 514 (5th Cir. 1995) (*quoting Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 524 (5th Cir. 1994). None of the respective movants have satisfied their burden in this case.

  1. **The Vaccine Act does not require Parent Plaintiffs or Child Plaintiffs to file their claims in Vaccine Court against a non-vaccine manufacturer, such as Eli Lilly.**

Eli Lilly devotes four pages of its Renewed Motion to Dismiss arguing that the Vaccine Act requires dismissal of Plaintiff's claims against it. **Yet, the Fifth Circuit has unequivocally held that the Vaccine Act does not apply to claims against Thimerosal manufacturers, such as Eli Lilly herein.** *See Moss v. Merck & Company, et al.,* 381 F.3d 501 (5th Cir. 2004). As such, there is no administrative bar to Plaintiff's claims against Eli Lilly, regardless of the capacity in which they are brought.

  2. **Plaintiff has satisfied the pleading requirements for her claims of strict liability, design defect, marketing defect, and negligence against Defendants.**

Eli Lilly essentially attacks the sufficiency of Plaintiff's pleading on the basis of an alleged failure to specifically identify which defendant manufacturer was responsible for which vaccines. More specifically, Eli Lilly contends that Plaintiff's pleadings are deficient because they lack the allegation that Eli Lilly manufactured the Thimerosal that caused the Child Plaintiff's injuries. Not so. Plaintiff's Original Petition clearly states, "At all times relevant hereto, Eli Lilly and Company was engaged in the business of manufacturing and marketing vaccines and/or products that contain Thimerosal." *See* Plaintiff's Original Petition on file in this Cause at page 7. Plaintiff goes on to allege that Lilly "developed, manufactured, marketed, and or sold" Thimerosal products. *Id*. Furthermore, as a result of receiving said Thimerosal containing products, Plaintiff alleges that she has suffered harm, injuries, and other damages. *Id.* at page 10.

Similar allegations have withstood a substantively similar motion to dismiss in a Louisiana thimerosal case. *Case v. Merck & Co.*, 2002 WL 31478219, *5 (E.D. La. 2002). There, the plaintiffs asserted that Lilly supplied thimerosal for use in vaccines made by other defendants. *Id.* Defendants challenged this pleading as an attempt to rely on market share liability. *Id.* However, the court reject that contention noting that the plaintiffs had alleged that a contributory cause of plaintiffs' injuries was the thimerosal manufactured, supplied and sold by each of the defendants, including Lilly. "The Court finds that the specificity of plaintiffs' allegations to be sufficient to state a claim. . . " *Id.* The same result should be found here.[4]

3. **Plaintiff has satisfied the pleading requirements for her claim for breach of warranty.**

---

[4] If Defendants' Motions to Dismiss are not denied outright (as they should be), Plaintiff should be granted time to obtain discovery on issues relevant to the dismissal motion. *See Case v. Merck & Co.,* 2002 WL 31478219, *5 (E.D. La. 2002).

Contrary to the Eli Lilly's contention, Plaintiff has alleged that Thimerosal was defective at the time it left their possession. After setting forth the unreasonable dangers and defects of Thimerosal, Plaintiff alleges "such defective condition existed when thimerosal was sold by the Defendants." *See* Plaintiff's Original Petition on file in this Cause at page 13. And, as previously stated, Plaintiff sufficiently alleges that the injuries to the Child Plaintiff were caused by the Thimerosal elsewhere alleged to have been manufactured, supplied and sold by each of the defendants, including Eli Lilly. *Id.* at page 10.

4. **Plaintiff has stated a valid claim under the Texas Deceptive Trade Practices Act.**

Eli Lilly alleges two deficiencies in Plaintiff's DTPA claim. First, Eli Lilly claims that Plaintiff failed to allege entering into a transaction with a particular product. Again, for the reasons state above, it is sufficient at this stage that Plaintiff alleges Eli Lilly to be the manufacturer of Thimerosal added to vaccines causing their injuries. *Case v. Merck & Co.,* 2002 WL 31478219, *5 (E.D. La. 2002). Second, Eli Lilly claims that Plaintiff did not allege that notice was given prior to filing of the DTPA claim. Even if the second contention were true, it would not support the dismissal of Plaintiff's claims. If a plaintiff files an action for damages under the DTPA without first giving the required notice (and a defendant so requests), the proper remedy is an abatement of the action for a period of 60 days. Tex. Bus. & Com.Code art. 17.505(a); *Hines v. Hash,* 843 S.W.2d 464 (Tex. 1992), *citing, The Moving Co. v. Whitten,* 717 S.W.2d 117, 123 (Tex. App.--Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Sunshine Datsun, Inc. v. Ramsey,* 680 S.W.2d 652, 654-55 (Tex. App.– Amarillo 1984, no writ). It is not necessary, however to dismiss a plaintiff's action merely because notice was not alleged to have been given. *See Pool Co. v. Salt Grass Exploration, Inc.,* 681 S.W.2d 216, 219 (Tex. App.–Houston [1st Dist.] 1984, no writ); *Sunshine Datsun,* 680 S.W.2d at

654-55; *Whitten*, 717 S.W.2d at 123-24.

### 5. Plaintiff has stated a valid claim for assault and battery.

A person commits an offense under Texas Penal Code § 22.01 et seq. if he or she intentionally, knowingly, or recklessly causes bodily injury to another. TX PENAL Code § 22.01. Plaintiff alleges that it was the intentional, knowing and/or reckless conduct of Defendants in selling and distributing a knowingly injurious product that resulted in her injuries. *See* Plaintiff's Original Petition on file in this Cause at page 14. Accordingly, Plaintiff has stated a valid claim for assault and battery.

## III.

### CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Eli Lilly and Company's Renewed Motion to Dismiss. Plaintiff further requests any and all other relief to which she may be justly entitled.

Respectfully Submitted,

Ben C. Martin
Texas Bar No. 13052400
Federal I.D. No. 34150
**LAW OFFICES OF BEN C. MARTIN, L.L.P.**
2100 McKinney Avenue, Suite 1975
Dallas, Texas 75201
(214) 761-6614  Telephone
(214) 744-7590  Facsimile

Of counsel:
William F. Blankenship III
Texas Bar No. 90001483
Federal I.D. No. 34097
**WILLIAM F. BLANKENSHIP III, P.C.**
8117 Preston Road, Suite 300
Dallas, Texas 75225
(214) 706-9220 Telephone
(214) 706-9221 Facsimile

Tim Goss
Texas Bar No. 08222660
Federal I.D. No. 14730
**CAPSHAW, GOSS & BOWERS, L.L.P.**
3031 Allen Street, Suite 200
Dallas, Texas 75204
(214) 761-6610  Telephone
(214) 744-6611  Facsimile

## CERTIFICATE OF SERVICE

This is to certify that on this the <u>4th</u> day of August, 2005, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

_____
Ben C. Martin