United States District Court
Southern District of Texas
FILED
SEP 3 0 2004
Michael N. Milby, Clerk
Laredo Division

United States District Court
Southern District of Texas
ENTERED
SEP 3 0 2004
Michael N. Milby, Clerk
Laredo Division

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| GUADALUPE VASQUEZ AND JOANN VASQUEZ, EACH INDIVIDUALLY AND AS NEXT FRIENDS OF GUADALUPE VASQUEZ, JR., ET AL., §§§§§§§ Plaintiffs, § § v. § § AMERICAN HOME PRODUCTS, ET AL., §§§§ Defendants. § | CIVIL ACTION L-03-128 |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion to Remand. (Docket No. 16.) Plaintiffs filed their Original Petition in the 111th Judicial District of Texas, Webb County, on June 30, 2003. Defendant Wyeth removed the case to federal court on August 29, 2003, asserting that Defendants The Children's Clinic f/k/a ABC Children's Clinic; Roman D. Alvarez, M.D.; Avelino C. Alvarez, M.D.; Mercy Hospital of Laredo d/b/a Mercy Regional Medical Center and Mercy Health Systems of Texas, Inc.; Emanuel E. Martinez, M.D.; Diego F. Menchaca, M.D.; and Antonio C. Rodriguez, M.D. (collectively "Healthcare Defendants") were improperly joined. Defendant Wyeth argues two grounds for improper joinder: (1) that

1

Plaintiffs' claims against the Healthcare Defendants are barred by the National Childhood Vaccine Injury Act of 1986 (the "Vaccine Act"), and (2) that Plaintiff's Original Petition fails to state a claim against any of the Healthcare Defendants.

In this case, there are two sets of Plaintiffs, the children and their parents (hereinafter referred to "Parent Plaintiffs" or "Parents"). Each purport to have separate causes of action against Defendants.

## Legal Standard

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003). Only the second way is before this Court, and the test for fraudulent joinder under that approach is whether the Defendant has demonstrated that there is no reasonable basis for the district court to predict that the Plaintiffs might be able to recover against the in-state defendants. Smallwood v. Ill. Cent. R.R. Co., --F.3d-- 2004 WL 2047314, *2 (5th Cir. 2004) (en banc).

## Vaccine Act

Defendants argue that the Healthcare Defendants are improperly joined because Plaintiffs have not complied with the Vaccine Act, that is, Plaintiffs have not filed a petition in the Vaccine Court.

2

However, Parent Plaintiffs assert that they have claims separate and apart from the claims of their children, and thus the Court should remand this case because the Vaccine Act does not apply to their individual claims.

As the Fifth Circuit recently stated, parents are ineligible to a file a petition with the Vaccine Court, and the Vaccine Act's restriction on the filing of tort suits does not apply to them.[1] Moss v. Merck & Co., --F.3d--, 2004 WL 1814082 (5th Cir. 2004). In other words, because the Vaccine Act neither provides a mechanism for their recovery on derivative actions, nor openly bars their right to pursue remedies afforded by state tort law, the Parent Plaintiffs may pursue their claims outside of the Vaccine Court. Id.

### Parental Loss of Wages

Defendants assert that Parent Plaintiff's claims may not proceed under Texas law because Texas does not recognize an element of damages plead by Parent Plaintiffs, namely loss of wages and loss of consortium. The Texas Supreme Court has refused to recognize a parent's cause of action for loss of consortium with a

---

[1] Of course since these cases concern minor children, their parents may sue in the Vaccine Court on behalf of the children as their legal representatives, but only to seek redress for the child's injury. See Moss v. Merck & Co., -F.3d-, 2004 WL 1814082, n.4 (5th Cir. 2004).

3

non-fatally injured child. <u>Roberts v. Williamson</u>, 111 S.W.3d 113 (Tex. 2003). Thus, Parent Plaintiffs would not be able to succeed in a Texas court under this theory.

It is unclear whether the Parents could prevail on a loss of wages (or loss of earning capacity) claim in Texas. In the first place, the pleadings do not explain what this element is supposed to cover. Presumably it claims lost wages to Parents because of time spent caring for injured children. The Defendant cites two cases which "squarely hold" that Plaintiffs cannot recover such damages. Neither is pertinent. In <u>Pressey v. Patterson</u>, 898 F.2d 1018 (5th Cir. 1990), the court held that the value of nursing services provided by a parent to a child should be calculated only on the basis of reasonable hours worked by her and at a rate for unlicensed medical caregivers.

The case of <u>Gulf States Utilities Co. v. Reed</u>, 659 S.W.2d 849, 853 (Tex. App.-Houston [14th Dist.] 1983, writ ref'd n.r.e) was brought under the wrongful death statute, and a mother sought to recover medical expenses and lost income resulting from her own suffering after the death of her son.

Accordingly, Defendant has not met its heavy burden of showing that there is no possibility that Plaintiffs will be able to recover these damages against the non-diverse defendants in state court.

4

## Medical Liability and Insurance Improvement Act

Defendant maintains that any viable claim against the Healthcare Defendants is barred by the Medical Liability and Insurance Improvement Act ("MLIIA"), which provides the sole cause of action against physicians and healthcare providers. Tex Civ. Prac. & Rem. Code Ann. § 74.001 et seq. Regardless of what label is attached to an asserted claim, if a claim is "predicated on a departure from the accepted standards of medical care" then the MLIIA provisions apply. See MacGregor Med. Ass'n v. Campbell, 985 S.W.2d 38, 41 (Tex. 1998). This principle would include an assault and battery claim. Williams v. Walker, 995 S.W.2d 740 (Tex. App.-- Eastland 1999, no pet.). When filing a healthcare liability claim, Plaintiffs must give written notice to each physician and health care provider against whom the claim is being made at least 60 days before the filing of a suit. Tex. Civ. Prac. & Rem. Code Ann. § 74.051(a).

Plaintiffs have not complied with the notice requirements of the MLIIA. Defendant contends that this noncompliance is fatal and, therefore, the Court should find that Plaintiffs have not stated a claim against the Healthcare Defendants and find them fraudulently joined. However, a Texas court faced with this contention would only abate the proceedings for 60 days to allow Plaintiff time to file the requisite notice, but would not dismiss

the Plaintiffs' claims. See Schepps v. Presbyterian Hospital of Dallas, 652 S.W.2d 934 (Tex. 1983)(holding it was error for the trial court to dismiss plaintiff's claims for failure to give notice). This procedural defect would not prevent Plaintiffs from recovering in state court. Therefore, fraudulent joinder cannot be established on this basis.

### Failure to Plead a Viable Claim

Defendant also argues that Plaintiffs have failed to specify any facts which support a potentially viable claim against them. Defendants assert that the Plaintiffs' claims are too vague as there is no allegation of any negligent conduct attributable to the Healthcare Defendants.

A defendant will be found to be fraudulently joined if the pleadings describe conduct that in no way can be attributed to them. See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999). Plaintiff's Original Petition alleges that each of the Healthcare Defendants are engaged in the "business of marketing, distributing and/or selling vaccines and/or products containing Thimerosal." In section X of the Petition, they also charege the "Defendants" with intentionally causing bodily injury and in section XI allege:

> The Healthcare Defendants are liable for their own distinct tortious conduct, separate and apart from the conduct of the Manufacturer Defendants, although they

6

acted in concert with them.

The Court agrees that the allegations are distressingly and inexplicably vague. However, Plaintiffs have now provided affidavits stating that the Healthcare Defendants provided routine childhood examinations for the children and administered vaccinations containing Thimerosal. (Docket No. 67.) The Court may consider Plaintiffs' subsequent affidavits "to the extent that the factual allegations in [the] affidavit clarify or amplify the claims actually alleged" in the petition. Id. at 700. Therefore, construing the Petition in conjunction with the affidavits, the Court finds that the Plaintiffs have at least a reasonable basis for establishing a cause of action against the in-state Defendants, namely the Healthcare Defendants.

Accordingly, Plaintiff's Motion to Remand is GRANTED. This Order will moot the following pending motions:

1. Motion to Dismiss by Eli Lilly and Company (Docket No. 7);
2. Motion to Dismiss by Vaccine Defendants (Docket No. 10);
3. Motion to Dismiss by Mercy Hospital (Docket No. 20);
4. Motion to Dismiss by Antonio Rodriguez (Docket No. 21);
5. Motion to Dismiss by Diego F. Menchaca, Emanuel Martinez (Docket No. 29);
6. Motion to Dismiss by Aventis Pasteur, Inc. (Docket No.

33);

7. Motion to Dismiss by Merck and Company (Docket No. 36);

8. Motion to Dismiss by Abbott Laboratories (Docket No. 37);

9. Motion to Dismiss by American International (Docket No. 43).

DONE at Laredo, Texas, this 30th day of September, 2004.

George P. Kazen
United States District Judge

United States District Court
Southern District of Texas
FILED
SEP 3 0 2004
Michael N. Milby, Clerk
Laredo Division

United States District Court
Southern District of Texas
ENTERED
SEP 3 0 2004
Michael N. Milby, Clerk
Laredo Division

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| GUADALUPE VASQUEZ AND JOANN VASQUEZ, EACH INDIVIDUALLY AND AS NEXT FRIENDS OF GUADALUPE VASQUEZ, JR., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN HOME PRODUCTS, ET AL., <br><br> Defendants. | § § § § § § § § § § § § § § § § CIVIL ACTION L-03-128 |

## ORDER OF REMAND

Pending before the Court is Plaintiffs' Motion to Remand. (Docket No. 16.) By Order of this date, the Court has GRANTED that motion. Accordingly, this case is REMANDED to the 111th Judicial District Court of Webb County, Texas. Costs of the removal are taxed against the parties incurring same. 28 U.S.C. § 1447(c). A certified copy of this order shall be mailed to the Clerk of the state court.

Done at Laredo, Texas, this 30th day of September, 2004.

George P. Kazen
United States District Judge