UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| VERONICA RAMIREZ, Individually and A/N/F of JEREMIAH S. RAMIREZ, a minor,<br>           Plaintiffs,<br><br>v.<br><br>AMERICAN HOME PRODUCTS CORPORATION, et al.,<br>           Defendants. | C.A. No. M-03-155 |

**DEFENDANT ELI LILLY AND COMPANY'S**
**REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS**

COMES NOW Defendant Eli Lilly and Company (hereinafter "Lilly"), by and through undersigned counsel, and submits this reply in support of its Renewed Motion to Dismiss. In support of its Renewed Motion to Dismiss Lilly states as follows:

**I.      INTRODUCTION**

Plaintiffs allege that the Minor Plaintiff, Jeremiah S. Ramirez, suffers injuries allegedly caused by vaccines containing the preservative thimerosal. Plaintiffs have sued a variety of defendants, including Lilly, who, Plaintiffs assert, manufactured the thimerosal-containing vaccines that were allegedly administered to the Minor Plaintiff. Because Plaintiffs did not properly exhaust their administrative remedies under the National Childhood Vaccine Injury Compensation Act, (hereinafter "Vaccine Act"), 42 U.S.C. §§ 30011-1 *et seq.*, their claims must be dismissed. Even if Plaintiffs' claims were not barred by the Vaccine Act, they should be dismissed because they are not cognizable under Texas law.

## II.    LILLY IS ENTITLED TO THE PROTECTIONS OF THE VACCINE ACT

Plaintiffs have sued Lilly as the manufacturer of vaccines. Specifically Plaintiffs allege that "[a]t all times relevant hereto ELI LILLY AND COMPANY was engaged in the business of manufacturing and/or marketing vaccines and/or products that contain Thimerosal." Plaintiffs' Original Petition at 3.11. Plaintiffs also allege that "at all times relevant hereto, [Lilly] developed, manufactured, marketed, and/or sold the aforementioned *vaccines* and/or products." *Id.* (emphasis added). Because Plaintiffs have sued Lilly as a manufacturer of vaccines, Lilly is entitled to any and every defense that a vaccine manufacturer may bring under the Vaccine Act and Plaintiffs may not bring a claim against Lilly without first bringing them in a specially designated court of the United States Court of Federal Claims (hereinafter "Vaccine Court").

In response to Lilly's Renewed Motion to Dismiss and Memorandum in Support Thereof, Plaintiffs have attempted to recast their claims. In Plaintiffs' Original Petition, Lilly is grouped with the Vaccine Defendants, which are collectively referred to as the "Manufacturer Defendants." Plaintiffs' Original Petition at 3.12. Now, in their Response to Eli Lilly and Company's Renewed Motion to Dismiss, inconsistent with their allegations in their Petition, Plaintiffs attempt to recharacterize Lilly as a "Thimerosal Manufacturer." Plaintiffs then argue that Lilly is not entitled to assert the defenses of the Vaccine Act because of the Fifth Circuit's decision in *Moss v. Merck & Company*, 381 F.3d 501 (5th Cir. 2004). While Plaintiffs are generally correct that the *Moss* court held that the Vaccine Act does not apply to a thimerosal manufacturer and that Plaintiffs may sue a thimerosal manufacturer without first bringing a petition in the Vaccine Court, Plaintiffs ignore the fact that they have sued Lilly as a vaccine manufacturer. Accordingly, *Moss* does not apply to this case.

Plaintiffs' attempt, in their Response to Eli Lilly and Company's Renewed Motion to Dismiss, to recast their claims against Lilly must be rejected. When deciding a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure, a Court must accept as true all the facts <u>as pled by the plaintiff</u> and then decide whether the plaintiffs have stated a claim based on the alleged facts and the applicable law. *Bonton v. Archer Chrysler Plymouth, Inc.*, 889 F. Supp. 995, 1000 (S. D. Tex. 1995) ("For purposes of this motion, the court accepts the facts alleged in the first amended original petition as true."). Whether the plaintiff would ultimately be able to prove those facts and whether the plaintiff could plead different facts to support different claims are irrelevant; the allegations of the complaint bind the defendant, the plaintiff and the Court. Here, Plaintiffs have alleged that Lilly manufactured "vaccines and/or products that contain Thimerosal." Plaintiffs' Original Petition at 3.11. Plaintiffs have <u>not</u> alleged that Lilly manufactured thimerosal. *See generally* Plaintiffs' Original Petition. Significantly, Plaintiffs have made no allegations against Lilly that they have not made against the remaining manufacturer defendants, all of whom Plaintiffs admit they are suing as vaccine manufacturers.[1] In deciding Lilly's Renewed Motion to Dismiss, the Court must accept as true Plaintiffs' allegation that Lilly is a vaccine manufacturer.

The Honorable Hayden Head, Chief Judge of the Southern District of Texas, recently addressed four cases virtually identical to this one in which the petitions also framed their claims generally against all defendants. The court held that all defendants "fall under a

---

[1] Plaintiffs' Original Petition is full of allegations that defendants generally engaged in conduct relating to "products containing thimerosal." See Plaintiffs Original Petition at 4.07 ("The Manufacturer Defendants falsely and fraudulently kept relevant information from potential users and minimized user concern regarding the safety of the products that contained thimerosal.); 4.08 ("The Manufacturer Defendants falsely misrepresented a number of facts regarding those products including, but not limited to, the presence of adequate testing of Thimerosal and the presence of adequate testing of any combination of Thimerosal-containing products."); and 4.09 ("The Plaintiff is a victim of the Defendants' decision to manufacture, market, promote, design, distribute and/or sell these unreasonably dangerous and defective Thimerosal-containing products.).

generalized allegation that they . . . are vaccine manufacturers," and thus dismissed all vaccine-related representative claims against all defendants, including Lilly. *Cassidy v. American Home Products*, Civil Action No. C-03-573, Order (S.D. Tex. Oct. 27, 2004) (**Exhibit A**); *Lucio v. American Home Products*, Civil Action No. C-03-520, Order (S.D. Tex. Oct. 27, 2004) (**Exhibit B**); *Mast v. American Home Products*, Civil Action No. C-03-516, Order (S.D. Tex. June 18, 2004) (**Exhibit C**); *Perez v. American Home Products*, Civil Action No. C-03-519, Order (S.D. Tex. June 18, 2004) (**Exhibit D**). Like the plaintiffs in *Cassidy, Lucio, Mast* and *Perez*, Plaintiffs in this case have not exhausted their administrative remedies, and their claims must be dismissed.

Plaintiffs allege that Lilly is a vaccine manufacturer and sue Lilly for its role in manufacturing and selling vaccines that contain thimerosal. As discussed in more detail in the Vaccine Defendants' Renewed Rule 12(b) and 12(c) Motion to Dismiss[2] and the Vaccine Defendants' Reply to Plaintiffs' Response to Vaccine Defendant's Renewed 12(b) and 12(c) Motion to Dismiss, under the Vaccine Act, Plaintiffs cannot sue any vaccine manufacturer in tort without first pursuing their administrative remedies under the Vaccine Act by filing a petition in Vaccine Court. Accordingly, for the reasons stated in more detail in the Vaccine Defendants' Renewed Rule 12(b) and 12(c) Motion to Dismiss and the Vaccine Defendants' Reply to Plaintiffs' Response to Vaccine Defendant's Renewed 12(b) and 12(c) Motion to Dismiss, which Lilly adopts and incorporates by reference here, Plaintiffs' claims against Lilly must be dismissed.[3]

---

[2] While defendants Abbott Laboratories, SmithKline Beecham Corporation d/b/a GlaxoSmithKline, Aventis Pasteur Inc., Merck & Co., Inc., and Wyeth have filed this motion to dismiss referring to themselves collectively as the Vaccine Defendants, as explained above, Lilly is also sued as a vaccine manufacturer.

[3] The fact that plaintiffs have sued Lilly as vaccine manufacturer so that Lilly is entitled to the protections of the Vaccine Act does not bring this case under the common defense rule set forth in *Smallwood v. Ill. Cent.*

### III. PLAINTIFFS FAIL TO STATE A CLAIM UNDER TEXAS LAW

As discussed in detail in Lilly's Renewed Motion to Dismiss and Memorandum in Support Thereof, the Vaccine Defendants' Renewed Rule 12(b) and 12(c) Motion to Dismiss and the Vaccine Defendants' Reply to Plaintiffs' Response to Vaccine Defendant's Renewed 12(b) and 12(c) Motion to Dismiss, Plaintiffs' complaint should be dismissed because it fails to state a claim under Texas law.

### IV. CONCLUSION

For the reasons stated above as well as the reasons stated in Lilly's Renewed Motion to Dismiss and Memorandum in Support Thereof, the Vaccine Defendants' Renewed Rule 12(b) and 12(c) Motion to Dismiss and the Vaccine Defendants' Reply to Plaintiffs' Response to Vaccine Defendant's Renewed 12(b) and 12(c) Motion to Dismiss, Plaintiffs' claims against Lilly must be dismissed because Plaintiffs sued Lilly, as a vaccine manufacturer, without first filing a petition in Vaccine Court. In the alternative, as stated in Lilly's Renewed Motion to Dismiss and Memorandum in Support Thereof, the Vaccine Defendants' Renewed Rule 12(b) and 12(c) Motion to Dismiss, and the Vaccine Defendants' Reply to Plaintiffs' Response to Vaccine Defendant's Renewed 12(b) and 12(c) Motion to Dismiss, Plaintiffs' complaint must be dismissed because it fails to state a claim under Texas law. Therefore, Lilly requests that the Court enter an ORDER dismissing Plaintiffs' claims *with prejudice*.

---

*R.R. Co.*, 385 F.3d 568 (5th Cir.2004) (en banc) *cert. denied* --- U.S. ----, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005). As expressed in Vaccine Defendants' Reply To Plaintiffs' Response To Vaccine Defendants' Renewed Rule 12(b) and 12(c) Motion To Dismiss, the non diverse Healthcare Defendants have defenses against plaintiffs claims that none of the defendants share. Specifically, the Healthcare Defendants are protected by the Texas Medical Liability and Insurance Improvement Act and the Texas Family Code. Because the Texas Medical Liability and Insurance Improvement Act and the Texas Family Code are not common defenses that dispose of claims against the Vaccine Manufacturers (including the claims against Lilly), *Smallwood* does not apply. *See Boone v. Citigroup, Inc.*, --- F.3d ---, 2005 WL 1581091 at *5 (5th Cir. July 7, 2005) (Smallwood applies "'only' where the showing that there is no reasonable basis for predicting state law would allow the plaintiff to recover against the resident defendant is such that the *same* showing 'equally' and 'necessarily' 'compels' the conclusion that recovery is precluded against 'all' non-resident defendants.").

Respectfully submitted,


By: **/s/ M. Scott Michelman**
GENE M. WILLIAMS
Attorney-in-Charge
SBN: 21535300
So. Dist. of TX ID No. 1328
E-Mail: gwilliams@shb.com
M. SCOTT MICHELMAN
SBN: 00797075
So. Dist. of TX ID No. 20802
E-Mail: mmichelman@shb.com
SHOOK, HARDY & BACON L.L.P.
600 Travis, Suite 1600
Houston, TX  77002-2911
Telephone:  713/227-8008
Telefax:  713/227-9508

ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY

OF COUNSEL:

DEBORAH A. MOELLER
MO State Bar No. 15193
E-Mail: dmoeller@shb.com
JEFFERY A. KRUSE
MO State Bar No. 45482
E-Mail: jkruse@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO  64108
Telephone:  816/474-6550
Telefax:  816/421-5547

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 24th day of August, 2005.

Ben C. Martin/Edward W. Sampson
William F. Blankenship, III
Law Office of Ben C. Martin
2100 McKinney Avenue, Suite 1975
Dallas, TX  75201
*and*
Tim K. Goss
Capshaw, Goss & Bowers
3031 Allen Street, Suite 200
Dallas, TX  75204
*Attorneys for Plaintiffs*

Peter C. Neger/Amy DePippo
Bingham McCutchen
399 Park Avenue
New York, NY  10022
*Attorneys for Defendant, Evans Medical Limited*

Mitchell C. Chaney
Rodriguez, Colvin & Chaney
1201 E. Van Buren Street
Brownsville, TX  78520
*Attorneys for Defendant,, B.F. Ascher & Company, Inc.*

Michael R. Klatt
Clark, Thomas & Winters
Post Office Box 1148
Austin, TX  78767-1148
*Attorneys for Defendant Wyeth (f/k/a American Home Products)*

James L. Ray
Daw & Ray
5718 Westheimer, Suite 1750
Houston, TX  77057
*Authorized Representative for Defendant, American International Chemical, Inc.*

Bradley S. Wolff/M. Diane Owens
Swift, Currie, McGhee & Hiers
1355 Peachtree Street, NE, Site 300
Atlanta, GA  30309-3238
*and*
R. Jo Reser
Davidson & Troilo
7550 IH-10 West, Suite 800
San Antonio, TX  78229-5818

*and*
Miguel D. Wise
Miguel D. Wise, P.C.
134 West 5th Street
Weslaco, TX  78596
*Attorneys for Defendant Aventis Pasteur Inc., f/k/a Connaught Laboratories, Inc. f/d/b/a Pasteur Merieux Connaught*

Jeffrey S. Wolff
Fulbright & Jaworski LLP
1301 McKinney, Suite 5100
Houston, TX  77010-3095
*and*
Stephanie A. Smith/Stacey A. Martinez
Fulbright & Jaworski LLP
600 Congress Avenue, Suite 2400
Austin, TX  78701
*Attorneys for Defendant, Smithkline Beecham Corporation d/b/a Glazosmithkline*

Richard L. Josephson/Paul R. Elliott/Douglas B. Roberson
Baker Botts LLP
910 Louisiana, Suite 3000
Houston, TX  77002
*Attorneys for Defendant, Abbott Laboratories*

Michael Losasso
3001 Aloma Avenue, Suite 220
Winter Park, FL  32792
*Authorized Representative for Defendant RPK Pharmaceuticals, Inc.*

Phillipa M. Remington/Thomas P. Sullivan
Russell G. Thornton
Stinnett Thiebaud & Remington L.L.P.
1445 Ross Avenue, Suite 4800
Dallas, TX  75202-2702
*Attorneys for Defendant, Oralia T. Wells, M.D.*

Joel J. Steed/Sidney L. Murphy
Steed Flagg L.L.P.
One Horizon Ridge
1010 W. Ralph Hall Parkway, 2nd Floor
Rockwall, TX  75032
*Attorney for Defendant, Eloisa T. Gonzalez, M.D.*

/s/ M. Scott Michelman
M. SCOTT MICHELMAN